IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS URBANA DIVISION

| | |
|---|---|
| Edith McCurry, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cv-02273-CSB-EIL |
| ) | |
| v. ) | Judge Colin Stirling Bruce |
| ) | Magistrate Judge Eric I. Long |
| ) | |
| Kenco Logistic Services, LLC, ) | |
| *a Tennessee Limited Liability Company,* ) | FILED |
| Mars, Inc., Kelvin Walsh, Mike Manzello, ) | OCT 24 2016 |
| David Jabaley, Tammi Fowler and Mario Lopez ) | |
| ) | CLERK OF THE COURT |
| Defendants. | U.S. DISTRICT COURT |
| | CENTRAL DISTRICT OF ILLINOIS |
| | URBANA, ILLINOIS |

**OBJECTION TO DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD**

NOW COMES Plaintiff, Edith McCurry ("Plaintiff') pro se, objects to the contextual factors of the **MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD** and for his good cause shown in support of his motion Plaintiff states the following; THAT:

1. Plaintiff filed this matter to preserve her rights following the issuance of Right to Sue letter from the Equal Employment Opportunity Commission.

2. Plaintiff believes DEFENDANT MARS INCORPORATED is liable just as DEFENDANT KENCO LOGISTIC SERVICES, LLC is.

3. DEFENDANT MARS INCORPORATED hired KENCO LOGISTIC SERVICES, LLC to manage its Mars-Manteno facility and its employees in 2013.

4. Plaintiff filed the original complaint on August 29, 2016 against Defendants Kenco Logistic Services, LLC, *a Tennessee Limited Liability Company*, Mars, Inc., Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler and Mario Lopez at the United States District Court: Central District of Illinois Clerk's Office.

5. Plaintiff was issued five (5) USM 285 forms on August 29, 2016 by the Clerk's Office to be filled out for the Defendants.

6. Plaintiff completed the forms for Kenco Logistic Services, LLC, *a Tennessee Limited Liability Company*, Mars, Inc., Kelvin Walsh, Lori Varvel, David Jabaley, and Tammi Fowler.

7. Plaintiff returned the completed USM 285 forms by mail the same day on August 29, 2016.

8. On September 7, 2016, The Court ordered summons issued as to:

    a. Kenco Logistic Services, LLC.
    b. Mars, Inc.
    c. Tammi Fowler
    d. Kelvin Walsh
    e. David Jabaley

9. These Court ordered summons were forwarded to the US Marshal for service. (See Exhibit 1)

10. On September 7, 2016, The Court also directed Plaintiff to submit completed summons and USM-285 forms for Defendants Mike Manzello and Mario Lopez within 14 days. (See Exhibit 2)

11. On or about September 27, 2016, Defendants legal counsel, Julia Argentieri, from Jackson and Lewis initially contacted Plaintiff by phone.

12. On September 28, 2016, Plaintiff spoke with Ms. Argentieri regarding an extension of time to respond to Plaintiff's complaint.

   a. Ms. Argentieri indicated that her goal was to consolidate all of the defendants together to respond at one time.

   b. That the consolidated date to respond was in November of 2016.

13. Plaintiff indicated that she would consider what the Defendants counsel had proposed and would contact her with an answer.

14. Plaintiff subsequently asked Defendants counsel for a draft of the proposed motion to be emailed to Plaintiff for review.

15. Defendants counsel emailed the draft of the proposed motion for Plaintiff to review. (See Exhibit 3)

16. Plaintiff learned while reviewing the draft that the motion referenced the Waiver of Service for Kelvin Walsh.

17. Plaintiff emailed Defendants counsel requesting that the corresponding "Exhibit A" referenced in the motion be emailed to Plaintiff for review. (See Exhibit 4)

18. Defendants counsel emailed the proposed "Exhibit A" to Plaintiff. (See Exhibit 5)

19. "Exhibit A" was a Waiver of Service of Summons signed on Walsh's behalf by Defendant's counsel Ms. Argentieri and dated September 23, 2016.

20. On October 13, 2016, Plaintiff received notice from the court that an electronic filing had occurred on October 10, 2016.

21. Plaintiff subsequently learned that Plaintiff nor the Court with regard to this matter requested or directed a Request for Waiver of Service for Walsh or any other Defendant.

22. Plaintiff contacted Defendants counsel by email requesting that that the request to waive service of summons that should have accompanied the waiver of service of summons be forwarded to Plaintiff. (See Exhibit 6)

23. On October 14, 2016, Plaintiff received from Defendants counsel a file stamped copy Defendants motion.

24. Defendants counsel forwarded the email request to Plaintiff that requested that Walsh waive service of Summons on September 15, 2016. (See Exhibit 7)

25. The email request to Walsh regarding McCurry v Kenco Logistic Services, LLC, et al the stated the following:

> "If you could, please fill out the bottom of this Waiver of Service, scan and email it back to accept the service, or you can email back stating that you accept the Waiver of Service for these cases. Please feel free to contact me with any questions or issues. Thank you."

26. Plaintiff did not generate this request to Defendant nor did Plaintiff authorize any person at any time to issue such a request in lieu of service.

27. Upon information and belief, according to the Waiver of Service of Summons, Plaintiff would have had to be in the initiator, as well as, two (2) copies of the Waiver

of Service of Summons and a copy of the complaint was to be served upon Defendant at the time the request was issued along with a means to return the Waiver of Service of Summons to Plaintiff at no cost to Defendant. (See Exhibit 5)

28. According to the US Marshal's website "Service is effected by the U.S. Marshal only when specifically ordered by the court. In general, such court-ordered service will be limited to cases where the plaintiff is authorized by the court to proceed in forma pauperis, under 28 USC 1915, or as a seaman, under 28 USC 1916." (See Exhibit 8)

29. The US Marshal's website goes on to say:

**"Waiver of Service: Pauper and Seaman Cases:**

Although the U.S. Marshal is required to serve a summons and complaint on behalf of paupers and seamen, waiver of service is not actual service of summons and complaint. Consequently, the U.S. Marshal may not be required to prepare and send the notice of lawsuit and request for waiver forms, along with the complaint, to the defendant. This may be done by the pauper and seaman plaintiff or the clerk of court. The waiver, however, is optional for a plaintiff; thus, the pauper or seaman plaintiff cannot be compelled to initiate the waiver process. (See Exhibit 9)

30. Upon information and belief Defendant Walsh's Request of Waiver of The Service and Summons (the ao398 form) was not effectuated according to the Standard Operating Procedures of the Court or the US Marshal. (See Exhibit 10)

31. Upon information and belief, the (ao399 form) Waiver of The Service and Summons was to have been completed and returned on September 15, 2016 according to Exhibit 6.

32. Plaintiff received the signed ao399 form-Waiver of The Service and Summons dated September 23, 2016, on September 28, 2016 by email, which was supposedly sent to Walsh on September 15, 2016 according to Exhibit 6. (See Exhibit 4)

33. Plaintiff believes that Walsh did not receive the complaint on September 15, 2016, the date the request for the Waiver of Service and Summons was to have been issued.

34. Upon information and belief Federal Civil Rule of Procedure 4 references Summons and correlates to the US Marshal's website. (Exhibit 11)

35. Upon information and belief, the Urbana's Marshal's Office stated that Walsh was served by the Marshal on September 28, 2016.

36. Upon information and belief the Urbana's Marshal's and Clerk's Office have no record of a Wavier of Summons and Service being issued to Walsh or the other Defendants.

37. Plaintiff believes that this alleged Request to Waive Service of Summons is a deviation from the Court's order and that Standard Operating Procedure of the US Marshal.

38. Plaintiff believes that someone acted on her behalf without her authorization to initiate and effectuate the Request of Waiver of The Service and Summons (the ao398 form).

39. Plaintiff believes that no other Defendant on the docket was served a Request to Waive Service of Summons.

40. Plaintiff believes that Defendants counsel knew that this was improper, as Defendants counsel signed the Waiver of The Service and Summons (the ao399 form) and dated it September 23, 2016.

41. Plaintiff believes that Defendants counsel read the form before signing and dating it.

42. Plaintiff believes that Defendants counsel understood the contents and the information thereof contained on the Waiver of The Service and Summons (the ao399 form).

43. Plaintiff believes that Defendants counsel is familiar with the Waiver of The Service and Summons (the ao399 form).

44. Plaintiff believes that Defendants counsel is familiar with the Notice of Lawsuit and Request to Waive Service and Summons (the ao398 form).

45. Plaintiff believes that Defendants counsel knew the governing Federal Civil Rule of Procedures.

46. Plaintiff believes that Defendants counsel knew that the request had not come from Plaintiff.

47. Defendant knew that no one had the authority to change a Court directive, except that Court or a higher Court.

48. Plaintiff believes that Defendants counsel contrived or capitalized on this situation to garner more time to answer or otherwise plead to Plaintiff's compliant.

49. Upon information and belief according to Federal Civil Rule of Procedure 12 the general time to answer or otherwise plead an initial complaint is twenty-one (21) days.

50. Plaintiff believes that this course of action profited Defendant an additional thirty-nine (39) days to answer or otherwise plead, without any extension of time.

51. Plaintiff believes that conjoining the other Defendants to Walsh's timetable in this matter afforded the remaining Defendants the benefits garnered by Walsh under the guise of the Wavier of Service of Summons.

52. Plaintiff also believes that according to the Federal Civil Rule of Procedure that it is permissible to request an extension of time prior to the expiration of the time to answer or otherwise plead.

53. Plaintiff also believes that it is customary and usual for the Court to grant extensions of time.

54. Plaintiff also believes that the Court has provisions to even allow extensions of time out of the customary guidelines for various causes.

55. Plaintiff also believes that Defendants counsel has access to the Court's electronic filing system.

56. Plaintiff believes that this has to be some contrived scheme or a capitalization of an opportunity that would somehow greatly benefit the Defendants.

57. Plaintiff believes that there is/are some motivating factor(s) unbeknownst to Plaintiff other than an extension of time that drove Defendants to engage and follow through on submitting to Plaintiff and the Court a fraudulent document on October 11, 2016. (See Exhibit 12)

58. Plaintiff believes that Defendants intentionally and willfully knew that it was submitting a fraudulent document to the court on behalf of Plaintiff.

59. Plaintiff believes that somehow these actions are to her detriment.

60. Plaintiff was not opposed to agreeing to an extension of time.

61. However, Plaintiff is in opposition to the contextual factors used to establish the parameters of the extension of time.

62. Plaintiff believes Defendants are in continuum of the spirit of their behaviour to create, purport, postulate and produce fraudulent and disingenuous information and

documentation to its then and former employees, regulatory agencies and now this Court that continue to violate various public policies.

## MEMORANDUM

Be it known as a matter of concern, Plaintiff was initially apprised by Defendants Counsel this was a request for an agreed extension of time. (See Exhibit 3)

Until Plaintiff was able to gather information from the Clerk's and US Marshal's Office, Plaintiff was unaware that the form that Defendants counsel presented as a basis of the contextual factor for the unopposed motion's timeframe was not the form Plaintiff had tendered to the court nor was it a tangential or related form of the USM 285 form.

It is inconceivable, to believe, that at the least Defendant's counsel was oblivious and unaware that this Request to Waive Service was not effectuated properly, as well as, that some non-altruistic motive did not exist that lead Defendant and Defendants counsel into either the contrivance of a scheme or participating in scheme that asserted that Plaintiff initiated a Waiver of Service and Summons to Walsh, when Defendant's counsel provided Plaintiff with the request to Walsh from someone other than the Plaintiff; specifically, when the forms, ao 398 and 399, the Notice of Lawsuit and Request to Waive Service and Summons and the Waiver of Service and Summons clearly are between a Plaintiff or Plaintiff's attorney and the defendant.

Defendants counsel are licensed, subject matter experts, practitioners of the law and officers of the court that should readily be able to analyze, comprehend, and interpret the law, its procedures, protocols, forms and the like with precision, accuracy, integrity, ethics and morals; furthermore, the form seems to be styled in a self-explanatory since and somewhat user friendly to non-legal technocrats; therefore, it is incomprehensible to believe that Defendants counsel did not know that this document was not generated by Plaintiff and essentially illegitimate, as the Notice of Lawsuit and Request to Waiver of Service and Summons requires the Plaintiff's or Plaintiff Attorney's signature.

Simultaneously, the Waiver of Service and Summons clearly states that the form is directed to the Plaintiff or Plaintiff's Attorney, that Defendant received a copy of Plaintiff's request along with the complaint. Consequently, there is no ambiguity or confusion as to the chain of command regarding the execution of the request and the waiver of service and summons. Furthermore, based upon the request that was sent to Defendant Walsh, it appears that the complaint was not served with the request as required. When questioned, the Urbana U.S. Marshal and the Clerk's offices were unaware of any Notice of Lawsuit and Request to Waiver of Service and Summons issued to Walsh.

## CONCLUSION

Agreeing to a request for an extension of time would have been and is a reasonable request and would have been viewed as such by Plaintiff. Furthermore, Plaintiff realizes the breadth and depth of the allegations set forth and any reasonable person would have expected that a third (3rd)

party, with no firsthand knowledge, representing a number of persons, with a plethora of allegations would have to assess, vett and control the situation as a reasonable part of their fiduciary obligation and due diligence to their client.

Plaintiff has no idea or knowledge of what the underbelly or the rub of the Defendant and Defendants' counsel motives are regarding the unopposed motion for an extension of time inclusive of or constructed on the basis of the Waiver of Service and Summons. Seemingly what this begs is a question of integrity, ethics and the like or the lack thereof, as there is no reason Plaintiff could think of that would have precluded Defendants counsel from merely asking for an extension of time, without this stipulation.

Plaintiff has firsthand knowledge, as well as, it being documented that Defendants and Defendants legal representatives have postulated themselves and others as having firsthand and relevant knowledge that they did not have during the course of the administration of justice, as it relates to matters before this court and in other forums; In addition, Defendants have presented false and fraudulent written documentation to the same effect, as well as, intentionally and willfully omitting and spoiling documentation and witnesses with firsthand knowledge.

Consequently, because of Defendants history of intentional and willful deception, subversion and a blatant disregard for the law, Plaintiff would be remised in not bring this oddity to the Court's attention; especially in view that Defendant and Defendants counsel, so early on, have begun to again make materially false misrepresentations, to the Court, subverting the administration of justice that could possibly have some irreparable harm to Plaintiff and others.

**WHEREFORE**, Plaintiff, **Edith McCurry** prays to the Honorable Court for the following requests:

a. That any further extensions of time to Defendant regarding answering or otherwise pleading be restricted to a bare minimum as Defendant has taken the liberty of garnering an initial sixty (60) days, as opposed to the initial twenty-one (21) days to answer or otherwise plead.

b. That Plaintiff reserves the right to preserve any rights afforded to Plaintiff through the continued administration of justice that may have been compromised, encroached upon and or waived as a direct or indirect consequence of Defendant Kelvin Walsh not being served and or the filing of the Waiver of Service and Summons (ao399) with the Court on October 10, 2016 that may arise immediately and/or sometime thereafter in the future.

c. That the Court permanently stricken the Waiver of Summons filed by Defendant due to its fraudulent nature.

d. That the Court takes judicial notice of the willful and intentional behaviours, actions, and blatant disregard for the administration of justice by Defendants and Defendants counsel.

e. That if appropriate, the Court reprimand Defendants and Defendants counsel for such egregious behaviours.

Respectfully Submitted,

*Edith McCurry*
Edith McCurry
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

## CERTIFICATE OF SERVICE

Please take notice that on October 24, 2016 I, Edith McCurry, hereby, certify that I did file an OBJECTION TO DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 16-cv-02273CSB-EIL and have served the persons identified on the docket's service list and have served the persons identified on the docket's service list through Notice of Electronic Filing generated by the Court's CM/ECF system on this.

*Edith McCurry*
Edith McCurry
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281