E-FILED
Monday, 24 October, 2016  02:53:52 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

**Service of Process:**
2:16-cv-02273-CSB-EIL McCurry
v. Kenco Logistic Services LLC et
al

21,25,PROSE,REFER

## U.S. District Court

## CENTRAL DISTRICT OF ILLINOIS

## Notice of Electronic Filing

The following transaction was entered on 9/7/2016 at 1:30 PM CDT and filed on 9/7/2016
**Case Name:**      McCurry v. Kenco Logistic Services LLC et al
**Case Number:**    2:16-cv-02273-CSB-EIL
**Filer:**
**Document Number:** 5

**Docket Text:**
**Summons issued as to Kenco Logistic Services LLC and forwarded to the US Marshal
for service. (SKR, ilcd)**

**2:16-cv-02273-CSB-EIL Notice has been electronically mailed to:**

**2:16-cv-02273-CSB-EIL Notice has been delivered by other means to:**

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=9/7/2016] [FileNumber=2742656-0]
[5785836d5d82f386a3a0c4d6322e78e599d8c518350aa1ddcab940334ae747eec920
ef08c6204a2c649f18e4e48006516dbebdcd096677aaa8b2c52c1cea8d12]]

MIME-Version:1.0
From:ECF_Returns@ilcd.uscourts.gov
To:ECF_Notices
Bcc:
--Case Participants: Judge Colin Stirling Bruce (chambers.bruce@ilcd.uscourts.gov),
Magistrate Judge Eric I. Long (chambers.long@ilcd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<2742667@ilcd.uscourts.gov>
Subject:Activity in Case 2:16-cv-02273-CSB-EIL McCurry v. Kenco Logistic Services
LLC et al Summons Issued
Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.

U.S. District Court

CENTRAL DISTRICT OF ILLINOIS

**Notice of Electronic Filing**

The following transaction was entered on 9/7/2016 at 1:31 PM CDT and filed on 9/7/2016
**Case Name:**        McCurry v. Kenco Logistic Services LLC et al
**Case Number:**    2:16-cv-02273-CSB-EIL
**Filer:**
**Document Number:** 7

**Docket Text:**
**Summons Issued as to Kelvin Walsh and forwarded to the US Marshal for service. (SKR, ilcd)**

**2:16-cv-02273-CSB-EIL Notice has been electronically mailed to:**

**2:16-cv-02273-CSB-EIL Notice has been delivered by other means to:**

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=9/7/2016] [FileNumber=2742665-0]
[9b3e909cd3c2d0ccd632ef3b69c8cb8944a8b9d2a4561a066d874f8e498f28c64b59
a0d27f9f102320efc912107463901e1c662cfb7dd360611433a5da62dad1]]

MIME-Version:1.0
From:ECF_Returns@ilcd.uscourts.gov
To:ECF_Notices
Bcc:
--Case Participants: Judge Colin Stirling Bruce (chambers.bruce@ilcd.uscourts.gov),
Magistrate Judge Eric I. Long (chambers.long@ilcd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<2742670@ilcd.uscourts.gov>
Subject:Activity in Case 2:16-cv-02273-CSB-EIL McCurry v. Kenco Logistic Services
LLC et al Summons Issued
Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.

## U.S. District Court

## CENTRAL DISTRICT OF ILLINOIS

### Notice of Electronic Filing

The following transaction was entered on 9/7/2016 at 1:32 PM CDT and filed on 9/7/2016

**Case Name:**      McCurry v. Kenco Logistic Services LLC et al
**Case Number:**    2:16-cv-02273-CSB-EIL
**Filer:**
**Document Number:** 8

**Docket Text:**
**Summons Issued as to David Jabaley and forwarded to the US Marshal for service.
(SKR, ilcd)**

**2:16-cv-02273-CSB-EIL Notice has been electronically mailed to:**

**2:16-cv-02273-CSB-EIL Notice has been delivered by other means to:**

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=9/7/2016] [FileNumber=2742668-0]
[8a28797f31c0d6a3e114965fe1a6c17cf0616c756c83caee086ef00f4551905b1317
7f9ed6c3f06c73e8366514ba1c713dd87983a1988c7e91186ee1180b3092]]

**Service of Process:**
2:16-cv-02273-CSB-EIL McCurry
v. Kenco Logistic Services LLC et
al

21,25,PROSE,REFER

## U.S. District Court

## CENTRAL DISTRICT OF ILLINOIS

### Notice of Electronic Filing

The following transaction was entered on 9/7/2016 at 1:33 PM CDT and filed on 9/7/2016
**Case Name:** McCurry v. Kenco Logistic Services LLC et al
**Case Number:** 2:16-cv-02273-CSB-EIL
**Filer:**
**Document Number:** 9

**Docket Text:**
**Summons Issued as to Tammi Fowler and forwarded to the US Marshal for service. (SKR, ilcd)**

**2:16-cv-02273-CSB-EIL Notice has been electronically mailed to:**

**2:16-cv-02273-CSB-EIL Notice has been delivered by other means to:**

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=9/7/2016] [FileNumber=2742671-0]
[866edf210681e340b0de94486106fb88304a5f39b64eaae60c45e83c214396c9b764
ebb94da85e30c38fa53d601e55a18c9c2892cccf4bcb3c64ecf8b77de133]]

**Service of Process:**
2:16-cv-02273-CSB-EIL McCurry
v. Kenco Logistic Services LLC et
al

21,25,PROSE,REFER

## U.S. District Court

## CENTRAL DISTRICT OF ILLINOIS

### Notice of Electronic Filing

The following transaction was entered on 9/7/2016 at 1:30 PM CDT and filed on 9/7/2016
**Case Name:**        McCurry v. Kenco Logistic Services LLC et al
**Case Number:**      2:16-cv-02273-CSB-EIL
**Filer:**
**Document Number:** 6

**Docket Text:**
**Summons Issued as to Mars Inc and forwarded to the US Marshal for service. (SKR, ilcd)**

**2:16-cv-02273-CSB-EIL Notice has been electronically mailed to:**

**2:16-cv-02273-CSB-EIL Notice has been delivered by other means to:**

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=9/7/2016] [FileNumber=2742662-0]
[51980ace7d6d5f123ee14d5e604ac0b43169b86682af84981adc86d77b6760bfdd76
1b14d2ab7e413388405be3a83fdcbb49b90a162a2812831302b48b810959]]

# EXHIBIT 2

ELECTRONIC FILING SYSTEM - U.S. District Court ILCD                    Page 1 of 1

**Other Orders/Judgments**
2:16-cv-02273-CSB-EIL McCurry
v. Kenco Logistic Services LLC et
al

21,25,PROSE,REFER

## U.S. District Court

### CENTRAL DISTRICT OF ILLINOIS

**Notice of Electronic Filing**

The following transaction was entered on 9/7/2016 at 1:37 PM CDT and filed on 9/7/2016
**Case Name:**      McCurry v. Kenco Logistic Services LLC et al
**Case Number:**      2:16-cv-02273-CSB-EIL
**Filer:**
**Document Number:** No document attached

**Docket Text:**
TEXT ORDER Entered by Magistrate Judge Eric I. Long on 9/7/16. Pursuant to the
Courts Order on September 7, 2016, Plaintiff submitted completed summons and USM-
285 forms for most Defendants, but failed to provide the summons and USM forms for
Defendants Mike Manzello and Mario Lopez. The Court directs Plaintiff to submit
completed summons and USM-285 forms for Defendants Mike Manzello and Mario
Lopez within 14 days. ( Miscellaneous Deadline 9/21/2016 set for summons/USM 285
forms) (SKR, ilcd)


**2:16-cv-02273-CSB-EIL Notice has been electronically mailed to:**

**2:16-cv-02273-CSB-EIL Notice has been delivered by other means to:**

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL 60958

# EXHIBIT 3

 **Edith Mccurry <emccurry1@gmail.com>**

## McCurry v. Kenco et. al. Defendants' Motion

**Argentieri, Julia P. (Chicago)** <Julia.Argentieri@jacksonlewis.com>                    Wed, Sep 28, 2016 at 6:13 PM

To: "emccurry1@gmail.com" <emccurry1@gmail.com>
Cc: "Moran, Jody Wilner (Chicago)" <MoranJ@jacksonlewis.com>

Ms. McCurry-

In follow up to our phone conversation today, attached is Defendants' proposed motion for an extension based on our request to have one responsive pleading date for all of the Kenco defendants (Kenco, Walsh, Jabaley, Lopez, Manzello and Fowler). Please let us know if you have any opposition to this motion. If we do not hear otherwise, we will plan to file this motion sometime next week as drafted.


Regards,

Julie


Julia P. Argentieri

Attorney at Law

Jackson Lewis P.C.

150 N. Michigan Avenue, Suite 2500

Chicago, IL 60601


312.803.2533|Direct

312.787.4949|Main

312.787.4995|Fax


julia.argentieri@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**


Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the

https://mail.google.com/mail/u/2/?ui=2&ik=a57e16f619&view=pt&search=inbox&msg=...    10/20/2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS (URBANA)**

| | | |
|---|---|---|
| Edith McCurry, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:16-cv-02273-CSB-EIL |
| | ) | |
| v. | ) | Judge Colin Stirling Bruce |
| | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Kenco Logistic Services, LLC, | ) | |
| *a Tennessee Limited Liability Company,* | ) | |
| Mars, Inc., Kelvin Walsh, Mike Manzello, | ) | |
| David Jabaley, Tammi Fowler and Mario Lopez | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendants, Kenco Logistic Services, LLC ("Kenco"), Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler and Mario Lopez, by and through their attorneys, Jody Wilner Moran and Julia Pearce Argentieri of Jackson Lewis, P.C., hereby move for an extension of time to answer or otherwise plead in response to Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 6(b). In support thereof, Defendants state as follows:

1.      Plaintiff Edith McCurry filed an employment discrimination complaint against Defendants alleging a variety of claims.

2.      Defendant Walsh received and returned a waiver of service to the Court and Walsh's responsive pleading is currently due on November 14, 2016.

3.      A copy of the waiver, indicating that Walsh's responsive pleading is due 60 days from September 15, 2016 is attached as *Exhibit A*.

1

4.      On information and belief some, but not all, of the other defendants have also been served. Defendants are willing to waive service for any of the additional Defendants who have not already been served.

5.      Counsel for Defendants would prefer to file one responsive pleading on behalf of all Kenco defendants, including Kenco, Walsh, Manzello, Jabaley, Fowler and Lopez.

6.      Counsel at Jackson Lewis, P.C., was just retained to represent Defendant on this matter and therefore requires time to thoroughly review the allegations in the complaint and complete a proper investigation of all facts alleged.

7.      Due to counsel being just recently retained as well as the significant length of Plaintiff's complaint, and the efficiency of Defendants filing one responsive pleading rather than multiple similar responsive pleadings on different dates, Defendant has good cause for requesting a brief extension of time in order to perform a thorough inquiry into all statements contained in the complaint and formulate a unified response.

8.      Accordingly, counsel for Defendants requests an extension until November 14, 2016 (the current date by which Walsh must answer or otherwise plead) for Defendants Kenco, Walsh, Manzello, Jabaley, Fowler and Lopez to answer or otherwise plead in order that Defendants may respond in a concise manner and avoid duplicative pleadings.

9.      In accordance with Local Rule 6.1, Counsel for Defendant has contacted Plaintiff to discuss this request and Plaintiff does not object. Specifically, Counsel for Defendant called Plaintiff on September 28, 2016 and discussed the Motion with her over the telephone and Plaintiff reviewed a copy of this motion and indicated that she did not object.

10.     This motion is being brought in good faith and for judicial economy to avoid the need for multiple responsive pleadings, and not for purposes of delay.

WHEREFORE, for all the reasons stated above, Defendants respectfully request that this Court grant Defendants' Unopposed Motion for Extension of time to Answer or Otherwise Plead to Plaintiff's Complaint and enter an order extending the deadline for Defendants: Kenco, Walsh, Jabaley, Manzello, Fowler, and Lopez to respond to the complaint until November 14, 2016.

Dated: September 28, 2016

Respectfully submitted,

**KENCO LOGISTICS SERVICES,
KELVIN WALSH, MIKE MANZELLO,
MARIO LOPEZ, DAVID JABALEY, AND
TAMMI FOWLER**

By:/s/ Jody Wilner Moran
                    One of their Attorneys

Jody Wilner Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

4847-5294-0857, v. 1

3

Gmail - McCurry v. Kenco et. al. Defendants' Motion                    Page 2 of 2

individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

McCurry v. Kenco Motion for Extension of Time to Answer or Otherwise Ple....docx
24K

Quick Notes Page 3

# EXHIBIT 4

Gmail - McCurry v. Kenco et. al. Defendants' Motion                    Page 1 of 1

 Gmail                              **Edith Mccurry <emccurry1@gmail.com>**

## McCurry v. Kenco et. al. Defendants' Motion

**Edith Mccurry** <emccurry1@gmail.com>                    Wed, Sep 28, 2016 at 6:51 PM
To: "Argentieri, Julia P. (Chicago)" <Julia.Argentieri@jacksonlewis.com>

Ms Argentieri,

Could you please send the Exhibit A you refer to in the 'Defendants proposed motion for an extension'(#3).

Sincerely,
Edith McCurry

[Quoted text hidden]

# EXHIBIT 5

NOTE: When the print dialogue box
appears, be sure to uncheck the
Annotations option.

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

## Waiver of Service of Summons

TO: _____Edith McCurry_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, ___Kelvin Walsh_____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of ___Edith McCurry v Kenco Logistic Services LLC,___
et al
(CAPTION OF ACTION)

which is case number _____16-2273_____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit
by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the
manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service
of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if

an answer or motion under Rule 12 is not served upon you within 60 days after ___09/15/16___,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

___9/23/16___                    ___Julia P Argentieri___
(DATE)                              (SIGNATURE)

Printed/Typed Name: ___Julia Pearce Argentieri___

As ___attorney___ of ___Kelvin Walsh___
(TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the
summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located
in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown
for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been
brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.
A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service
of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or
unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or
motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed
more time to answer than if the summons had been actually served when the request for waiver of service was received.

Gmail - McCurry v. Kenco et. al. Defendants' Motion                    Page 1 of 2

 Gmail                                 **Edith Mccurry <emccurry1@gmail.com>**

## McCurry v. Kenco et. al. Defendants' Motion

**Argentieri, Julia P. (Chicago)** <Julia.Argentieri@jacksonlewis.com>        Wed, Sep 28, 2016 at 9:56 PM
To: Edith Mccurry <emccurry1@gmail.com>

Please see attached.


Regards,

Julie


Julia P. Argentieri

Attorney at Law

Jackson Lewis P.C.

150 N. Michigan Avenue, Suite 2500

Chicago, IL 60601


312.803.2533 | Direct

312.787.4949 | Main

312.787.4995 | Fax


julia.argentieri@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**


**From:** Edith Mccurry [mailto:emccurry1@gmail.com]
**Sent:** Wednesday, September 28, 2016 6:52 PM
**To:** Argentieri, Julia P. (Chicago)
**Subject:** Re: McCurry v. Kenco et. al. Defendants' Motion

[Quoted text hidden]

https://mail.google.com/mail/u/2/?ui=2&ik=a57e16f619&view=pt&search=inbox&msg=...    10/20/2016

Gmail - McCurry v. Kenco et. al. Defendants' Motion

**McCurry v. Kenco - Walsh Waiver 092316.pdf**
74K

# EXHIBIT 6

Gmail - McCurry v. Kenco et. al. Defendants' Motion                    Page 1 of 1

 Gmail                              **Edith Mccurry <emccurry1@gmail.com>**

## McCurry v. Kenco et. al. Defendants' Motion

**Edith Mccurry** <emccurry1@gmail.com>                    Thu, Oct 13, 2016 at 3:49 PM
To: "Argentieri, Julia P. (Chicago)" <Julia.Argentieri@jacksonlewis.com>

Ms Argentieri,

Could you send the Request to waive service of Summons that would have accompanied the waiver of
service of summons that you sent to me.

Edith McCurry
[Quoted text hidden]

# EXHIBIT 7

Gmail - McCurry v. Kenco et. al. Defendants' Motion                    Page 1 of 2

 **Edith Mccurry <emccurry1@gmail.com>**

## McCurry v. Kenco et. al. Defendants' Motion

**Argentieri, Julia P. (Chicago)** <Julia.Argentieri@jacksonlewis.com>         Thu, Oct 13, 2016 at 3:58 PM
To: Edith Mccurry <emccurry1@gmail.com>
Cc: "Moran, Jody Wilner (Chicago)" <MoranJ@jacksonlewis.com>

Ms. McCurry-

Please see attached.


Regards,

Julie


Julia P. Argentieri

Attorney at Law

Jackson Lewis P.C.

150 N. Michigan Avenue, Suite 2500

Chicago, IL 60601


312.803.2533 | Direct

312.787.4949 | Main

312.787.4995 | Fax


julia.argentieri@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**


**From:** Edith Mccurry [mailto:emccurry1@gmail.com]
**Sent:** Thursday, October 13, 2016 3:50 PM

[Quoted text hidden]


https://mail.google.com/mail/u/2/?ui=2&ik=a57e16f619&view=pt&search=inbox&msg=...    10/20/2016

Gmail - McCurry v. Kenco et. al. Defendants' Motion

[Quoted text hidden]

**Walsh waiver request.pdf**
31K

From: **Dittoe, Peter (USMS)** <Peter.Dittoe@usdoj.gov>
Date: Thursday, September 15, 2016
Subject: McCurry v Kenco Logistic Services, LLC, et al
To: "KelvinJWalsh@gmail.com" <KelvinJWalsh@gmail.com>

Sir,

If you could, please fill out the bottom of this Waiver of Service, scan and email it back to accept the service, or you can email back stating that you accept the Waiver of Service for these cases. Please feel free to contact me with any questions or issues. Thank you.

Peter Dittoe

(312) 886-0379 Office

Contractor

United States Marshals Service

219 S. Dearborn St. Suite 2444

Chicago, IL 60604

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**From:** Edith Mccurry [mailto:emccurry1@gmail.com]
**Sent:** Thursday, October 13, 2016 3:50 PM

[Quoted text hidden]

[Quoted text hidden]

🗎 **Walsh waiver request.pdf**
    31K

# EXHIBIT 8

Gmail - Emailing: U.S. Marshals Service, Service of Process, Summons and Complaint        Page 1 of 2

M Gmail                                                    Edith Mccurry <emccurry1@gmail.com>

**Emailing: U.S. Marshals Service, Service of Process, Summons and Complaint**
1 message

                                                              Thu, Oct 13, 2016 at 9:20 PM

                                          Search [Go]

                        See Map | Contacts | U.S. Department of Justice


Skip to Content



- Home
- Contact
  - General Contacts
  - Leadership
  - District Contacts
- Fact Sheets
- History
  - Historical Records Assistance
  - Time Line
  - Roll Call of Honor
  - U.S. Marshals Badges and Seal
  - Broad Range of Authority
  - Fact Sheets
- News Room
- Business Opportunities
  - General Information
  - Procurement at a Glance
  - Business Contacts
  - Priorities
  - Products Services Utilized
  - Definitions
  - Helpful Websites
  - Use of Marshals Name / Insignia
- Career Opportunities

**Service of Process**


https://mail.google.com/mail/u/2/?ui=2&ik=a57e16f619&view=pt&search=inbox&th=15...   10/20/2016

Gmail - Emailing: U.S. Marshals Service, Service of Process, Summons and Complaint          Page 2 of 2

**Summons and Complaint**

**Summons:** Civil summons is a written notification to a party named in a lawsuit directing the party to appear and defend or answer before the issuing court prior to a specified time. Failure to appear or answer may allow judgment to be entered against the non-responsive party in favor of the plaintiff.

**Complaint:** A complaint is a statement of the jurisdiction of the court, the allegations constituting the cause of action, and a demand for judgment. This is the first or initial pleading on the part of the plaintiff.

**Territorial Limits:** Service of a summons and complaint may be effected within any judicial district in the United States subject to constitutional and statutory restraints.

**Issued By:** Upon presentation by the plaintiff, the summons is signed by the clerk of the court and issued to the plaintiff.

**Served By:** The summons and complaint may be served by any person who is not a party and is at least 18 years old. Service is effected by the U.S. Marshal only when specifically ordered by the court. In general, such court-ordered service will be limited to cases where the plaintiff is authorized by the court to proceed in forma pauperis, under 28 USC 1915, or as a seaman, under 28 USC 1916. However, in any case, the court has discretion to order service by the U.S. Marshal.

**Service in Cases Brought by the United States:** When the party seeking service is the United States, the U.S. Marshal is no longer required to effect service. The United States, like other civil litigants, is expected to use individuals who are at least 18 years old and not parties to serve its summons and complaints. Because service by the U.S. Marshal may continue to be appropriate in certain cases, the Marshal will normally consult with the U.S. attorney about whether the former should continue to effect service of a summons and complaint on behalf of the United States.

**Waiver of Service:** It is the responsibility of the defendant to avoid the unnecessary costs of serving a summons and complaint; therefore, he or she may waive formal service of process by the plaintiff. If the defendant fails to waive formal service, he or she may have to pay the costs of obtaining formal service of process on him or her.

For a waiver, the plaintiff must send to the defendant two copies of a *Notice of Lawsuit and Request for Waiver of Service of Summons* form along with a copy of a *Waiver of Summons* form, the complaint, and a self-addressed, stamped envelope for the return of the *Waiver of Summons.* The plaintiff may obtain the forms from the clerk of the court and may send the notice of waiver, request for waiver form, and complaint to the defendant by any reliable means, including mail, messenger or fax. The defendant is allowed a reasonable time to return the waiver--at least 30 days from the date on which the request for waiver is sent. If the defendant returns the waiver in a timely fashion (within 30 days if addressed within the United States, 60 days if addressed abroad), he or she is not required to answer the complaint until 60 days (90 days if addressed abroad) after the date on which the plaintiff sent the request for waiver and complaint. If the defendant waives service of a summons, he or she still preserves the right to object to venue or personal jurisdiction. If the defendant fails to return the request for waiver in a timely fashion, the plaintiff must request the issuance of a summons and effect formal service on the defendant. The costs incurred in effecting formal service will be charged to the defendant unless the defendant demonstrates good cause for his or her failure to waive service. The waiver provision does not apply to several classes of defendants, and these defendants are not expected to waive service of a summons. The defendants are infants and incompetent persons; foreign, state and local governments; and the United States, its agencies, corporations and officers. Consequently, these defendants must be served with the summons and complaint.

**Note:** The information related to the service of court process that is contained on this web site is general information and not intended to be an exhaustive or definitive explanation or depiction of Federal rules of procedures for the service of process. Readers are directed to the Federal Rules of Criminal and Civil Procedure; personal legal counsel; the United States Code, Titles 18 and 28; their local U.S. Attorney's Office and District Court for specific, authoritative guidance.

Download Adobe Flash Player

Contacts: General Inquiries | Information or Inquiries on Fugitives | Freedom of Information Inquiries

For Information: Accessibility | Freedom of Information | Privacy Policy | No Fear Act | usa.gov | eRulemaking | ready.gov | Linking Policy for this web site and legal disclaimers

usmarshals.gov is an official site of the U.S. Federal Government, U.S. Department of Justice

**Process**

**Civil Process**

- Admiralty
- Foreign Process
- Hague Convention on the Service Abroad
- Injunctions / Temporary Restraining Orders
- Juror Summons
- Methods of Service on Individuals by State
- Sales
- Subpoena
- Subpoena Duces Tecum
- Summons and Complaint Methods of Service by State
- Waiver of Service: Pauper and Seaman Cases
- Warrant of Arrest in Rem
- Writ of Attachment
- Writ of Assistance
- Writ of Body Attachment
- Writ of Execution
- Writ of Garnishment
- Writ of Sequestration
- Writ of Replevin

# EXHIBIT 9

Gmail - Emailing: U.S. Marshals Service, Service of Process, Waiver of Service Pauper a...    Page 1 of 2

 Gmail

Edith Mccurry <emccurry1@gmail.com>

**Emailing: U.S. Marshals Service, Service of Process, Waiver of Service Pauper and Seaman Cases**
2 messages

Thu, Oct 13, 2016 at 9:20 PM

Skip to Content

Search [Go]

Site Map | Contacts | U.S. Department of Justice



- Home
- Contact
- General Contacts
- Leadership
- District Contacts
- Fact Sheets
- History
- Historical Records Assistance
- Time Line
- Roll Call of Honor
- U.S. Marshals Badges and Seal
- Broad Range of Authority
- Fact Sheets
- News Room
- Business Opportunities
- General Information
- Procurement at a Glance
- Business Contacts
- Priorities
- Products Services Utilized
- Definitions
- Helpful Websites
- Use of Marshals Name / Insignia
- Career Opportunities

https://mail.google.com/mail/u/2/?ui=2&ik=a57e16f619&view=pt&search=inbox&th=15...    10/20/2016

Gmail - Emailing: U.S. Marshals Service, Service of Process, Waiver of Service Pauper a...    Page 2 of 2

## Service of Process

**Waiver of Service: Pauper and Seaman Cases:**

Although the U.S. Marshal is required to serve a summons and complaint on behalf of paupers and seamen, waiver of service is not actual service of summons and complaint. Consequently, the U.S. Marshal may not be required to prepare and send the notice of lawsuit and request for waiver forms, along with the complaint, to the defendant. This may be done by the pauper and seaman plaintiff or the clerk of court. The waiver, however, is optional for a plaintiff; thus, the pauper or seaman plaintiff cannot be compelled to initiate the waiver process.

**Manner of Service:** (See Methods of Service by State) The summons and complaint must be served together as a single piece of process. Service on individuals and corporations may be effected in any manner permitted under the law of the state where the district court is located or under the law of the state where the summons is to be served. In most states, the only method of appropriate service is by delivering a copy of the summons and complaint to the defendant personally, or to a person of suitable age and discretion residing at the defendant's usual place of abode, or to an agent authorized to receive process for the defendant. Some states provide for certified mail service as an alternative to personal service. Several other states provide for service by either personal, certified mail, or first-class mail service. A brief list of state law methods of service on individuals appears in Methods of Service by State.

**Note:** The information related to the service of court process that is contained on this web site is general information and not intended to be an exhaustive or definitive explanation or depiction of Federal rules of procedures for the service of process. Readers are directed to the Federal Rules of Criminal and Civil Procedure; personal legal counsel; the United States Code, Titles 18 and 28; their local U.S. Attorney's Office and District Court for specific, authoritative guidance.

### Process

**Criminal Process**

- Criminal Subpoena
- Criminal Summons
- Writ of Habeas Corpus
- Warrant of Removal
- Judgment & Commitment

**Civil Process**

- Admiralty
- Foreign Process
- Hague Convention on the Service Abroad
- Injunctions / Temporary Restraining Orders
- Juror Summons
- Methods of Service on Individuals by State
- Sales
- Subpoena
- Subpoena Duces Tecum
- Summons and Complaint Methods of Service by State
- Waiver of Service: Pauper and Seaman Cases
- Warrant of Arrest in Rem
- Writ of Attachment
- Writ of Assistance
- Writ of Body Attachment
- Writ of Execution
- Writ of Garnishment
- Writ of Sequestration
- Writ of Replevin

Download Adobe Flash Player

Contacts: General Inquiries | Information or Inquiries on Fugitives | Freedom of Information Inquiries

For Information: Accessibility | Freedom of Information | Privacy Policy | No Fear Act | usa.gov | eRulemaking | usdoj.gov | Linking Policy for this web site and legal disclaimers

usmarshals.gov is an official site of the U.S. Federal Government, U.S. Department of Justice

**mdm** <lagniappe26@aol.com>    Thu, Oct 13, 2016 at 9:20 PM
To: emccurry1@gmail.com
Cc: jfhoffmanlaw@gmail.com

[Quoted text hidden]

https://mail.google.com/mail/u/2/?ui=2&ik=a57e16f619&view=pt&search=inbox&th=15...    10/20/2016

# EXHIBIT 10

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____

　　　*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

　　　A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

　　　This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

　　　If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

　　　If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

　　　Please read the enclosed statement about the duty to avoid unnecessary expenses.

　　　I certify that this request is being sent to you on the date below.

Date: _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Printed name*

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Telephone number*

# EXHIBIT 11

# Federal Rules of Civil Procedure

## 2016 Edition

Home > Table of Contents > Title II – Commencing an Action; Service of Process; Pleadings, Motions, and Orders (Rules 3-6) > Rule 4 – Summons

# Rule 4 – Summons

(a) **Contents; Amendments**.

(1) *Contents*. A summons must:

(A) name the court and the parties;

(B) be directed to the defendant;

(C) state the name and address of the plaintiff's attorney or–if unrepresented–of the plaintiff;

(D) state the time within which the defendant must appear and defend;

(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

(2) *Amendments*. The court may permit a summons to be amended.

(b) **Issuance**. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons–or a copy of a summons that is addressed to multiple defendants–must be issued for each defendant to be served.

(c) **Service**.

(1) *In General*. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(2) *By Whom*. Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) *By a Marshal or Someone Specially Appointed*. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

(d) **Waiving Service**.

(1) *Requesting a Waiver*. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.

The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
(A) be in writing and be addressed:

(i) to the individual defendant; or

(ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent–or at least 60 days if sent to the defendant outside any judicial district of the United States–to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent–or until 90 days after it was sent to the defendant outside any judicial district of the United States.
(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.
(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) **Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) **Serving an Individual in a Foreign Country**. Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served at a place not within any judicial district of the United States:
(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) **Serving a Minor or an Incompetent Person**. A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district

of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3) .

(h) **Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2(C)(i).

(i) **Serving the United States and its Agencies, Corporations, Officers, or Employees**.
(1) *United States*. To serve the United States, a party must:
(A)

(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
(3) *Officer or Employee Sued Individually*. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).
(4) *Extending Time*. The court must allow a party a reasonable time to cure its failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

(j) *Serving a Foreign, State, or Local Government.*
(1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. §1608.
(2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

(k) **Territorial Limits of Effective Service**.
(1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

(B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
(C) when authorized by a federal statute.

(2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

(l) **Proving Service**.
(1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.
(2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:
(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

(B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

(3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

(m) **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

(n) **Asserting Jurisdiction Over Property or Assets**.

(1) *Federal Law.* The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

(2) *State Law.* On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Jan. 12, 1983, eff. Feb. 26, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015.)

Search Search
⇒ Federal Rules of Civil Procedure book - Just $18.50

- Table of Contents
- Title I – Scope of Rules; Form of Action (Rules 1 and 2)
- Title II – Commencing an Action; Service of Process; Pleadings, Motions, and Orders (Rules 3-6)
- Title III – Pleadings and Motions (Rules 7-16)
- Title IV – Parties (Rules 17-25)
- Title V – Disclosures and Discovery (Rules 26-37)
- Title VI – Trials (Rules 38-53)
- Title VII – Judgment (Rules 54-63)
- Title VIII – Provisional and Final Remedies (Rules 64-71)
- Title IX – Special Proceedings (Rules 71-73)
- Title X – District Courts and Clerks: Conducting Business; Issuing Orders (Rules 77-80)
- Title XI – General Provisions (Rules 81-86)

- Title XII – Appendix of Forms [Abrogated]
- Title XIII – Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Rules A-G)



Purchase the print edition of the
Federal Rules of Civil Procedure
for $18.50.

## Other Sites:

- Federal Rules of Evidence
- Federal Rules of Bankruptcy Procedure
- Federal Rules of Criminal Procedure
- Federal Rules of Appellate Procedure

© 2014-2016 The National Court Rules Committee

- Home
- Privacy Policy
- Federal Court Rules Resources
- Latest Updates

EXHIBIT 12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| Edith McCurry, | |
| Plaintiff | |
| v. | Case No. 2:16-cv-02273-CSB-EIL |
| Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler and Mario Lopez, | Judge Colin Stirling Bruce |
| | Magistrate Judge Eric I. Long |
| Defendants. | |

## DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendants, Kenco Logistic Services, LLC ("Kenco"), Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler and Mario Lopez, by and through their attorneys, Jody Wilner Moran and Julia Pearce Argentieri of Jackson Lewis, P.C., hereby move for an extension of time to answer or otherwise plead in response to Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 6(b). In support thereof, Defendants state as follows:

1.      Plaintiff Edith McCurry filed an employment discrimination complaint against Defendants alleging a variety of claims.

2.      Defendant Walsh received and returned a waiver of service to the Court and Walsh's responsive pleading is currently due on November 14, 2016.

3.      A copy of the waiver, indicating that Walsh's responsive pleading is due 60 days from September 15, 2016 is attached as *Exhibit A*.

4.      On information and belief some, but not all, of the other defendants have also been served. Defendants are willing to waive service for any of the additional Defendants who have not already been served.

1

5.     Counsel for Defendants would prefer to file one responsive pleading on behalf of all Kenco defendants, including Kenco, Walsh, Manzello, Jabaley, Fowler and Lopez.

6.     Counsel at Jackson Lewis, P.C., was just retained to represent Defendant on this matter and therefore requires time to thoroughly review the allegations in the complaint and complete a proper investigation of all facts alleged.

7.     Due to counsel being just recently retained as well as the significant length of Plaintiff's complaint, and the efficiency of Defendants filing one responsive pleading rather than multiple similar responsive pleadings on different dates, Defendant has good cause for requesting a brief extension of time in order to perform a thorough inquiry into all statements contained in the complaint and formulate a unified response.

8.     Accordingly, counsel for Defendants requests an extension until November 14, 2016 (the current date by which Walsh must answer or otherwise plead) for Defendants Kenco, Walsh, Manzello, Jabaley, Fowler and Lopez to answer or otherwise plead in order that Defendants may respond in a concise manner and avoid duplicative pleadings.

9.     In accordance with Local Rule 6.1, Counsel for Defendant has contacted Plaintiff to discuss this request. Specifically, Counsel for Defendant called Plaintiff on September 28, 2016 and discussed the Motion with her over the telephone on multiple occasions and subsequently emailed a copy of the motion to Plaintiff. Defendant asked Plaintiff to respond on or before September 30, 2016 if she had any objection to the motion and Plaintiff did not respond or provide any objection.

10.     This motion is being brought in good faith and for judicial economy to avoid the need for multiple responsive pleadings, and not for purposes of delay.

WHEREFORE, for all the reasons stated above, Defendants respectfully request that this Court grant Defendants' Unopposed Motion for Extension of time to Answer or Otherwise Plead to Plaintiff's Complaint and enter an order extending the deadline for Defendants: Kenco, Walsh, Jabaley, Manzello, Fowler, and Lopez to respond to the complaint until November 14, 2016.

Dated: October 10, 2016                   Respectfully submitted,

                                          **KENCO LOGISTICS SERVICES,
                                          KELVIN WALSH, MIKE MANZELLO,
                                          MARIO LOPEZ, DAVID JABALEY, AND
                                          TAMMI FOWLER**

                                          By:/s/ Jody Wilner Moran
                                                  One of their Attorneys

Jody Wilner Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

3

## CERTIFICATE OF SERVICE

I, Jody Wilner Moran, an attorney, hereby certify that on October 10, 2016, I electronically filed a copy of the foregoing **DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 6(b)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid to the following non-ECF participant:

> Edit McCurry
> 6239 S. 13110 East Road
> Pembroke Township, IL 60958

> By: /s/ Jody Wilner Moran_____
> One of the Attorneys for the Defendants

4

Monday, 10 October, 2016 08:11:15 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

NOTE: When the print dialogue box
appears, be sure to uncheck the
Annotations option.

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _____ Edith McCurry _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Kelvin Walsh _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of  Edith McCurry v Kenco Logistic Services LLC,
et al _____,
(CAPTION OF ACTION)

which is case number _____ 16-2273 _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit
by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the
manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service
of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if

an answer or motion under Rule 12 is not served upon you within 60 days after _____ 09/15/16 _____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____9/23/16_____          _____Julia P. Argentieri_____
(DATE)                                          (SIGNATURE)

Printed/Typed Name: ____Julia Pearce Argentieri____

As ____attorney____ of ____Kelvin Walsh____
(TITLE)                        (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the
summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located
in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown
for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been
brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.
A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service
of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or
unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or
motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed
more time to answer than if the summons had been actually served when the request for waiver of service was received.