

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| Edith McCurry, | |
| Plaintiff | |
| v. | Case No. 2:16-cv-02273-CSB-EIL |
| Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler and Mario Lopez, | Judge Colin Stirling Bruce<br><br>Magistrate Judge Eric I. Long |
| Defendants. | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

Defendants, Kenco Logistic Services, LLC ("Kenco"), Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler and Mario Lopez by and through their counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move this Honorable Court to dismiss *with prejudice* portions of Plaintiff's Complaint, including Plaintiff's claims for: conspiracy, willful interference, aiding and abetting and intentional infliction of emotional distress as well as to dismiss the individual defendants: Walsh, Manzello, Jabaley, Fowler and Lopez for the reasons set forth in this Memorandum of Law as well as the accompanying Motion to Dismiss. In support thereof, Defendants state as follows:

### FACTS

Plaintiff Edith McCurry is a former employee of Kenco (Complaint at ¶6). Plaintiff alleges that she worked as an HR Administrator for Kenco at the Manteno, Illinois Mars facility from approximately May 2013 until 2015 (Complaint at ¶139, ¶354). Lopez, Manzello, Walsh, Fowler, and Jabaley are all current or former management level employees of Kenco (Complaint at ¶¶ 81-98). McCurry believes she possessed the same credentials as HR colleague Len Szplett, but that

she was paid less than Szplett because of either her age, race or gender (Complaint at ¶126; Ex. 1 to Complaint, Charge of Discrimination ["Charge"]). McCurry further alleges that she was denied a promotion for which she was qualified (Charge at p. 2). Finally, McCurry contends that after participating in various Illinois Department of Human Rights ("IDHR") fact-finding conferences related to other former Kenco employees, she was subjected to adverse treatment when: her job duties and job description were altered, her job title was misstated at a fact-finding conference and she received a write-up for having worked overtime without approval and having misrepresented her sign-out time (Complaint at ¶183, 199, 258, Charge at p. 4). McCurry does not allege that she was terminated from Kenco in her lawsuit, and her claim therefore only involves allegations related to various disagreements over her working conditions while she was employed (Complaint at p. 3, III(A)).

## **<u>LEGAL STANDARD</u>**

Under Federal Rule of Civil Procedure 12(b)(6), this Court should grant a motion to dismiss if the Complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In analyzing this motion to dismiss, the Court must be guided by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). These cases govern the pleading standard "in all civil actions and proceedings in the United States District Courts." *Iqbal*, 129 S. Ct. at 1953.

Under *Twombly* and *Iqbal,* to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, "state a claim to relief that is plausible on its face." *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.) To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

2

1949. Dismissal is appropriate if the "allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly,* 550 U.S. at 555. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court must analyze whether the non-conclusory factual allegations, if taken as true, set forth facts sufficient to allege each element of the claim and establish a plausible claim for relief. *Iqbal*, 192 S. Ct. at 1950. For the reasons set forth below, portions of Plaintiff's complaint fail to state a plausible claim.

## I.    Plaintiff's Claim of Conspiracy Fails as a Matter of Law.

### A. Plaintiff's Claim is Barred by the Intra-Corporate Conspiracy Doctrine.

Under Illinois law, in order to state a claim for conspiracy, a plaintiff must plead "a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." *See Buckner v. Atlantic Plant Maintenance, Inc*., 182 Ill. 2d 12, 23-24 (1998) (citing *Adcock v. Brakegate, Ltd*., 164 Ill. 2d 54, 62, (1994)). Even if Plaintiff had alleged any set of coherent facts to support the claim of conspiracy -- which McCurry has not -- this claim would still fail, because all of the individual defendants were agents of Kenco, and are therefore not considered separate "persons" for purposes of a conspiracy claim.[1]

The intra-corporate conspiracy doctrine provides that, because the acts of an agent are considered to be the acts of the principal, an agent acting within the scope of his employment cannot conspire with the principal nor with other agents. *See Buckner v. Atl. Plant Maint., Inc.*,

---

[1] While Plaintiff names Mars, Inc. as a separate defendant in this litigation, Plaintiff's complaint alleges that Kenco and Mars had an agency relationship, which would mean Kenco and Mars could not be considered separate parties for purposes of stating a claim for conspiracy (Complaint ¶40).

182 Ill.2d 12 (1998); *Bilut v. Northwestern* Univ., 296 Ill.App.3d 42, 49 (1998); *Owens-Corning Fiberglas Corp.*, 291 Ill.App.3d 165, 173, (1997) ("[A] civil conspiracy cannot exist between a corporation's own officers or employees."). Here, because all of the named defendants were either Kenco or its agents at the time of the alleged discrimination, a conspiracy cannot legally exist, and this claim must be dismissed.

A conspiracy claim under 42 U.S.C. §1985(3) fares no better for the same reasons.  The Seventh Circuit requires the following elements to state a claim for conspiracy to deprive a person of rights guaranteed by the constitution or federal law under §1985(3):  (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or a deprivation of any right or privilege of a citizen of the United States.  *Quinones v. Szorc,* 771 F.2d 289, 291 n.1 (7th Cir. 1985) (citing *United Bhd. Of Carpenters & Joiners of Am. v. Scott,* 463 U.S. 825, 828-29 (1983)).  In addition to barring state law conspiracy claims, the intra-corporate conspiracy doctrine also bars §1985(3) conspiracy claims for the identical reason: an employer cannot engage in a conspiracy with its own agents to deprive an employee of constitutional rights. *Accord Wright v. Illinois Dep't of Children & Family Servs.,* 40 F.3d 1492, 1508-09 (7th Cir. 1994) (Except in egregious circumstances, intra-entity discussions that result in discriminatory or retaliatory actions lie outside the scope of §1985.). McCurry's claim is an individual employment discrimination dispute, and the decisions alleged in lawsuit, are not egregious at all. Plaintiff does not even allege that she was terminated; she only alleges that her job duties changed, and she was written-up for misrepresenting her sign-out time. It is not even clear that any of those actions had any materially adverse consequence on Plaintiff and they certainly do not rise to the level of being "egregious

circumstances" that would allow an employment discrimination claim to fall within the scope of a §1985 claim for deprivation of constitutional rights.[2] Plaintiff's conspiracy claim should be dismissed.

**B.  Plaintiff's Conspiracy Claim is Pre-empted by the Illinois Human Rights Act.**

A separate and independent basis for dismissal of Plaintiff's claim of conspiracy is that it is preempted by the Illinois Human Rights Act.  The Illinois Human Rights Act is meant to be the exclusive remedy for Illinois civil rights violations.  As a result, a plaintiff cannot bring a claim of discrimination and simply re-title it as a separate tort.

In order to determine whether a tort law claim is preempted by the Illinois Human Rights Act, Illinois courts look at "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Illinois Human Rights Act itself." *See Naylor v. Streamwood Behavioral Health Sys.,* 2012 U.S. Dist. LEXIS 162084, *9 (N.D Ill. Nov. 13, 2012) (dismissing torts of negligence and intentional infliction of emotional distress as preempted by the Illinois Human Rights Act); *Bannon et al. v. University of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007) (discussing when a claim is preempted and affirming dismissal of intentional infliction of emotional distress claim).

Plaintiff's claims that she was subjected to a conspiracy by having her job duties changed, and that she was paid unfairly, are inextricably linked to her alleged civil rights employment discrimination claim, and are therefore preempted as a matter of law.

**II.    Plaintiff Fails to State a Claim for Aiding and Abetting.**

---

[2] Finally, §1985 does not create recourse to allege violation of rights under Title VII. "Put another way, plaintiff cannot use section 1985 or section 1983 to attempt to redress violations of Title VII, 42 USCS § 2000e. '[D]eprivation of a right created by Title VII cannot be the basis for a cause of action under §1985(3).'" *Dismukes v. Admin. Office of the Ill. Courts*, 2014 U.S. Dist. LEXIS 90350, *15 (N.D. Ill. July 2, 2014) (granting motion to dismiss conspiracy claim arising from employment discrimination and finding that allegations of Title VII violations do not provide for redress under §1985). The conspiratorial actions alleged by McCurry relate to employment decisions, and disagreement with an employment decision does not amount to even a plausible alleged violation of the U.S. Constitution.

Plaintiff's *pro se* complaint also lists "aiding and abetting" as an alternative claim against Defendants. However, the law is clear that there is no separate tort for "aiding and abetting." *Yates v. John Marshall Law Sch.*, 2009 U.S. Dist. LEXIS 39819, *27, 2009 WL 1309516 (N.D. Ill. May 11, 2009)(dismissing portion of complaint for "aiding and abetting and finding that cause of action does not exist); *E. Trading Co. v. Refco, Inc.,* 229 F.3d 617, 623 (7th Cir. 2000) ("Law should be kept as simple as possible. One who aids and abets a fraud is guilty of the tort of fraud (sometimes called deceit); nothing is added by saying that he is guilty of the tort of aiding and abetting as well or instead.")

### III.    Plaintiff Fails to State a Claim for Intentional and Willful Interference

Plaintiff's complaint lists "willful and intentional interference" as a separate claim. There is no cause of action in Illinois called "willful interference."

While there are interference claims that exist under Illinois law, such as interference with contract, or tortious interference with business expectancy, plaintiff has not pled the elements of those claims in her Complaint.

In her attached administrative charge Plaintiff alleges that Defendants "intentionally interfered with her job duties" as an HR administrator. These allegations are inextricably bound with her civil rights claim, and thus are pre-empted by the Illinois Human Rights Act. *See Naylor v. Streamwood Behavioral Health Sys.,* 2012 U.S. Dist. at *9 (N.D Ill. Nov. 13, 2012).

Defendants respectfully request that Plaintiff's claim of willful interference be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

### IV.    Plaintiff's Claim for Intentional Infliction of Emotional Distress Should Be Dismissed.

#### A.  Plaintiff's IIED Claim is Pre-empted by the Illinois Human Rights Act.

Plaintiff's claim of intentional inflection of emotional distress ("IIED") consists of another attempt to re-frame her employment discrimination allegations as a tort; as discussed above, the Illinois Human Rights Act therefore bars this claim. The Human Rights Act is designed to be the exclusive remedy for Illinois civil-rights violations, and a plaintiff cannot simply re-title such claims as additional tort claims.

Here, Plaintiff is not alleging any separate conduct by Defendants other than the alleged adverse employment actions. She is not alleging that anyone from Kenco physically harmed her. Her allegations consist of being paid less than a male colleague, and having her job duties/job description altered after she participated in fact-finding conferences for Kenco.   Again, where, as here, the facts are inextricably linked to a claim of discrimination, the claim is pre-empted by the Illinois Human Rights Act.  *See, e.g., Naylor v. Streamwood Behavioral Health Sys.,* 2012 U.S. Dist. LEXIS 162084, *9 (N.D Ill. Nov. 13, 2012) (dismissing torts of negligence and IIED as preempted by the Illinois Human Rights Act); *Bannon et al. v. University of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007) (affirming dismissal of IIED claim as pre-empted); *Quantock v. Shared Mktg. Servs.,* 312 F.3d 899 (7th Cir. 2002) (*per curiam*) (IIED claim preempted); *Hannigan-Haas v. Bankers Life and Casualty Co.,* 1996 U.S. Dist. LEXIS 3618, No. 95 C 7408, 1996 WL 139402 (N.D. Ill. Mar. 26, 1996) (Conlon, J.) (Battery and intentional inflication claims were pre-empted.)

Where, as here, there is no plausible way to separate the claim of IIED from Plaintiff's claims of employment discrimination, the IIED is pre-empted.

### B.  Plaintiff Fails to State a Claim for IIED.

In addition to being preempted by the Illinois Human Rights Act, Plaintiff fails to state a claim for IIED because she has not pled "extreme and outrageous" conduct on the part of any of the Defendants. *See Jaskowski v. Rodman & Renshaw, Inc.,* 813 F. Supp. 1359, 1363 (N.D. Ill.

1993) (dismissing IIED claim stemming from allegations of discriminatory decision to replace a plaintiff and offer her a lesser position due to her pregnancy where extreme or outrageous conduct was not found). In the employment context, a higher standard for pleading a claim of IIED is required than simply alleging discrimination or harassment. *See Mindell v. Kronfeld,* 2004 U.S. Dist. LEXIS 10774, \*22-23 (N.D. Ill. June 8, 2004). Successful IIED claims require truly outrageous behavior – physical assaults, death threats, and the like.  *See, e.g., Gilardi v. Schroeder,* 833 F.2d 1226 (7th Cir. 1987) (employer was liable for IIED for manager drugging and raping female employee); *Fantauzzo v. Corfu Foods,* No. 05 C 5902, 2006 WL 273543 at \*2 (N.D. Ill. Jan. 31, 2006) (IIED claim where plaintiff was allegedly threatened with death at workplace.); *Class v. New Jersey Life Insurance Co.,* 746 F. Supp. 776 (N.D. Ill. 1990) (Supervisor who repeatedly exposed himself to female employee and threatened to retaliate against her stated claim for IIED.)  Plaintiff alleges nothing of the sort here, and thus her claim should be dismissed.  Here, Plaintiff alleges that she was paid less than a colleague, failed to receive a promotion, and that her job duties were altered. These allegations are not remotely close to stating a claim of intentional infliction of emotional distress.

**V.**    **The Individual Defendants Should Be Dismissed With Prejudice.**

The five individual defendants -- Mike Manzello, Kelvin Walsh, Mario Lopez, Tammi Fowler and David Jabaley -- should be dismissed *with prejudice* from this litigation because they are not proper defendants.

First, it is well settled that a manager or other agent of an employer is not considered an "employer" under Title VII. Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year, and any agent of such person…" 42 U.S.C.

§2000e-2(a). In other words, the statutory language of Title VII makes clear that an employer is liable for the discriminatory acts of the agents, so individual liability does not exist under Title VII because the individual would not personally meet the definition of an "employer." *See Walker v. Marion County Sheriff's Dep't.,* 1997 U.S. App. LEXIS 35315, *7-8 (7th Cir. Dec. 11, 1997) (discussing *respondeat superior* liability under Title VII and holding that the plaintiff was precluded from suing the individual defendants named in his suit under Title VII); *Shockley, v. Syoboda,* 342 F.3d 736, 738-39 (7th Cir. 2003) (individual employee cannot be liable under Title VII); *EEOC v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1281-82 (7th Cir. 1995); *see also Geier v. Medstronic. Inc.,* 99 F.3d 238, 244 (7th Cir. 1996). Because Walsh, Manzello, Jabaley, Fowler and Lopez do not fit within the meaning of an "employer" under Title VII, and for that reason alone, Plaintiff cannot maintain discrimination claims against Walsh, Manzello, Lopez, Fowler or Jabaley in this lawsuit.

## <u>CONCLUSION</u>

Defendants respectfully request that this Court grant their Partial Motion to Dismiss Plaintiff's Amended Complaint, dismissing Plaintiff's claims of: conspiracy, willful interference, aiding and abetting and intentional infliction of emotional distress with prejudice, as well as dismissing the individual defendants, and granting such other relief as this Court deems just and proper.

Dated: November 14, 2016

Respectfully submitted,
**KENCO LOGSITICS SERVICES, LLC,**
**DAVID JABALEY, MIKE MANZELLO,**
**MARIO LOPEZ, TAMMI FOWLER**
**AND KELVIN WALSH**

By: */s/ Jody Wilner Moran*
   One of their Attorneys

Jody Wilner Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jody W. Moran, an attorney, hereby certify that on November 14, 2016, I electronically filed a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing, and a copy was also mailed to:

> Edith McCurry (pro se)
> 6239 South 13110 East Road
> Pembroke Township, IL 60958

By: /s/ Jody W. Moran
    One of the Attorneys for the Defendants

4823-2479-6732, v. 2

11