# McCurry Exhibit F 12(b)6

Thursday, December 15, 2016    7:28 PM

they did not have the same job responsibilities as Ms. Madison, and there were no other individuals with whom Mr. Walsh had the same performance issues.

Ms. Madison's inability to establish that she was either performing to Kenco's expectations or that similarly situated employees outside the protected class were treated differently is fatal to her claims of discrimination.

### 3. There is no evidence of pretext

Even assuming that Ms. Madison could establish a *prima facie* case of discrimination, her claims still fail. Kenco has articulated a legitimate, non-discriminatory reason for her termination. Ms. Madison cannot establish pretext. To this end, it is not enough that she disagrees with the decision that was made. Indeed, it is not enough to prove that a decision was ill advised or even incorrect. "The court does not sit as a super-personnel agency to review the wisdom of an employer's action. . . . Instead, the court examines the record to see if there is evidence that the employer is lying to cover up illegal discrimination." Aguilera, 234 F. Supp. 2d at 850. There is no evidence that Ms. Madison was terminated for any reason other than her work performance, and there is certainly no evidence that her race and/or gender were factors in that decision.

For the above reasons, Ms. Madison's claims of discrimination must fail.

### C. The Claimant Cannot Establish Unlawful Retaliation

A claimant can establish retaliation through either direct or indirect evidence. Burks, 464 F.3d at 758. In order to establish a claim under either method, the claimant must prove, among other things, that she engaged in activity protected by the IHRA or Title VII and that there is a causal connection between that protected activity and the adverse employment action about which she complains. Id.; Tomanovich v. City of Indianapolis, 457 F.3d 656, 662-63 (7th Cir. 2006). To be considered protected activity, the complaint must have been one that discrimination had allegedly occurred because of race or gender. Tomanovich, 457 F.3d at 663. "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." Id. See also Miller v. American Family. Mut. Ins. Co., 203 F.3d 997, 1008 (7th Cir. 2000) (plaintiff did not engage in protected activity where her complaints constituted general displeasures in the workplace); Gleason v. Mesirow Fin., Inc., 118 F.3d 1134, 1147 (7th Cir. 1997) (plaintiff's general complaint about management style without raising the subject of sexual harassment fails to constitute protected activity). Further, an employee bringing a retaliation claim must show that the "desire to retaliate was the but for cause of the challenged employment action." University of Texas Southwestern Medical Center v. Nassar, ___ U.S. ___, 133 S. Ct. 2517, 2521 (2013). See also Tovar v. United Airlines Inc., ___ F. Supp. 2d ___, 2013 WL 5933697 *7 (N.D. Ill. Nov. 1, 2013). In other words, if anything except a desire to retaliate lead to the claimant's termination, the claim must fail.

In this case, Ms. Madison alleges that on June 25, 2013 she complained to Edith McCurry that she was being discriminated against. Tellingly, Ms. Madison does not give any details regarding her alleged complaint, does not recite what was allegedly said in that meeting, and

November 22, 2013
Page 12

does not produce any notes or other documentation pertaining to the alleged meeting. Ms. McCurry is an HR Clerk employed at the Mars facility;[12] she reports to Len Szplett, Office/HR Manager at the facility. Ms. McCurry does not remember a specific date, but she confirms that Ms. Madison spoke to her on one occasion about some frustrations she was having. In particular, Ms. Madison told Ms. McCurry that she was concerned about her ability to convey to Mr. Walsh what she needed in order to do her job. She also stated that she would ask for certain things to be done by various people and that she was not getting the results she was looking for. Pointedly, Ms. Madison never said she felt she was being discriminated against on any basis, and she specifically told Ms. McCurry that she did not want her to do anything. Thus, Ms. McCurry never told anyone at Kenco about her conversation with Ms. Madison, including Mr. Walsh, Ms. Hise, or Ms. Fowler.

Based on the above, Kenco denies that Ms. Madison engaged in protected activity. While she apparently spoke with Ms. McCurry about some workplace issues she felt she was having, she never claimed discrimination and she never stated that she felt she was having these issues because she was Black or female.

Even if Ms. Madison's conversation with Ms. McCurry could be viewed as protected activity, however, Mr. Walsh, Ms. Hise, and Ms. Fowler – the three individuals involved in the decision to place Ms. Madison on a PIP and/or to ultimately terminate her employment – were completely unaware of the conversation. It is axiomatic that there can be no retaliation if the decision makers were unaware of the alleged protected activity. Luckie v. Ameritech Corp., 389 F.3d 708, 715 (7th Cir. 2004) ("The key inquiry in determining whether there is a causal connection . . . is whether [the decision maker] was aware of the allegations of discrimination at the time of her decisions to place [plaintiff] on a PIP and terminate her employment; absent such knowledge, there can be no causal link between the two."); Tomanovich, 457 F.3d at 668 (plaintiff's claim of retaliation failed where there was no evidence that company was aware of complaints); Miller, 203 F.3d at 1008 ("an employer cannot retaliate when it is unaware of any complaints"). Further, it is not sufficient that a decision maker could have or should have had knowledge of an alleged complaint; only actual knowledge will suffice. Luckie, 389 F.3d at 715; Tomanovich, 457 F.3d at 668.

While Ms. Madison may argue that, despite this absence of knowledge on the part of Ms. Hise, Mr. Walsh, and Ms. Fowler, she can still establish a claim using the indirect method of proof, under this method, she must still show that she engaged in protected activity, that she was satisfactorily performing the functions of her job, and that similarly situated individuals were treated differently. As set for above and in paragraphs II.B.1 and 2, Ms. Madison cannot establish any of these elements. Her claim of retaliation must, therefore, fail.

---

[12] As an HR Clerk, Ms. McCurry's position was predominately clerical in nature. She is responsible for, among other things, processing payroll, maintaining personnel files, entering new hire information into the system, administering benefit information, etc. A copy of her job description is attached hereto as Exhibit 26.