IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EDITH MCCURRY, | ) |
| | ) |
| PLAINTIFF, | ) Case No.: 2:16-CV-02273-CSB-EIL |
| | ) |
| v. | ) |
| | ) |
| KENCO LOGISTIC SERVICES, LLC, | ) |
| et. al., | ) |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT MARS INCORPORATED'S MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(6)**

Defendant Mars, Incorporated (hereinafter "Mars"), by its undersigned counsel, moves for partial dismissal of the Complaint for failure to state a claim for which relief may be granted with respect to Plaintiff's claims under the Age Discrimination in Employment Act and Title VII, as well as her claims for Conspiracy, Aiding and Abetting, Intentional and Willful Interference and Intentional Infliction of Emotional Distress, and in support thereof submits this brief.

**I.     INTRODUCTION**

On August 30, 2016, Plaintiff Edith McCurry ("McCurry"), a former employee of Defendant Kenco Logistic Service, filed a Complaint, *pro se*, naming Mars, Incorporated and others alleging discrimination on the basis of: (1) age under the Age Discrimination in Employment Act; (2) race under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981; (3) sex/gender under Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) conspiracy; (5) intentional and willful interference; (6) aiding and abetting; and (7) intentional infliction of emotional distress (ECF # 1)  Mars was served with this Complaint on December 9, 2016.  As

explained below, Plaintiff failed to exhaust her administrative remedies and failed to state a claim for which relief can be granted against Mars with respect to her claims of age, race, and sex/gender discrimination. Plaintiff's claims for conspiracy, intentional and willful interference, aiding and abetting and intentional infliction of emotional distress, should also be dismissed for the various reasons outlined in detail below.

**II.    LAW AND ARGUMENT**

    **A.    Standard of Review**

A claim may be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) if it appears clear that the plaintiff can prove no set of facts consistent with the complaint that would entitle the plaintiff to relief. See *Hinson v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, L.Ed.2d 59 (1984); *Szumny v. American General Finance*, 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal is proper where a plaintiff "has not, at a minimum, made enough factual allegations to raise a right to relief above a 'speculative level.'" See *Thompson v. Fairmont Chicago Hotel*, 525 F.Supp.2d 984, 987 (N.D. Ill. 2007) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (citations omitted). In addition to reviewing the allegations set forth in the Complaint itself, attachments to the Complaint may also be considered when analyzing whether a Plaintiff has met his/her burden. See *Thompson* 525 F.Supp.2d at 987 citing Fed.R.Civ.P. 10(c) (citations omitted).

    **B.    Argument**

        **1.    Plaintiff Failed to Exhaust Administrative Remedies and Has Failed to State a Claim With Respect to Her Claims Against Mars for Age Discrimination, Race Discrimination and Sex/Gender Discrimination Under Title VII.**

As a prerequisite to bringing a claim for discrimination in federal court under Title VII, ADA and ADEA, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the appropriate state or federal agency. See *Sauzek v. Exxon Coal USA, Inc.*,

2

202 F.3d 913, 920 (7th Cir. 2000). Plaintiff failed to file a charge against Mars alleging discrimination under the ADEA or Title VII and thus she has failed to exhaust administrative remedies with respect to her age, race and sex/gender discrimination claims against Mars. Generally pled as an affirmative defense, failure to exhaust administrative remedies may also serve as a basis for a motion to dismiss. See *Thompson* 525 F.Supp.2d at 992 (granting motion to dismiss for failure to exhaust administrative remedies).

In this lawsuit, Plaintiff has alleged claims against Mars under the ADEA and Title VII, however the only claims raised with the EEOC were filed against Kenco Logistic Services ("Kenco") **NOT** Mars. In the charge of discrimination attached to the Complaint, the only reference to Mars is that the name of Respondent identified is "Mars Kenco," which does not properly reflect the name of any legal entity. (ECF#1-1, p.3) The address listed is not the same one listed for Mars in the Complaint. Mars is not mentioned in the 11 page summary of the allegations submitted by Plaintiff to the EEOC. (ECF#1-1, p.3-13) The only names of individual actors in the discrimination are identified in the Complaint as Kenco employees. While her conclusory allegations regarding an agency relationship between Mars and Kenco may be sufficient to keep Mars in this case as a defendant in the Section 1981 claim, they do not show that she properly exhausted her administrative remedies as required for the ADEA and Title VII claims.

It is clear that the EEOC did not treat Mars as a "Respondent" at the administrative level. In her Complaint, Plaintiff discusses the EEOC Fact Finding conferences at great length and there is not a single reference to Mars in connection with that process. More significantly, the Right to Sue Notice sent to Plaintiff (or any Charging Party at the EEOC) is also sent to the Respondent. This Notice was sent to "Kenco Logistic Services, LLC in Chattanooga, TN, **NOT**

to Mars. (ECF #1, p.2)

Plaintiff has not satisfied her obligation to exhaust administrative remedies prior to filing the within action for age, race and gender/sex discrimination against Mars and at this point she is out of time to do so. The latest date of discrimination on any of Plaintiff's charges is November, 2014. (ECF#1, p. 3) In order to have met the required timing with respect to any ADEA or Title VII discrimination claims against Mars, Plaintiff would have had to file a charge against Mars over a year ago. See *Koelach v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995) (referencing 300 day filing requirement for claims filed with the EEOC) and *Pickering v. Illinois Human Rights Commission*, 146 Ill.App.3d 340, 496 N.E.3d 746, 99 Ill.Dec.885 (2d Dist. 1986) (noting 180 day deadline for filing of alleged violations under the IDHRA).

In addition, it appears that Plaintiff's age discrimination claim is based on the hiring by Kenco of Lori Varvel as an HR Manager on November 10, 2014. (See Complaint, ECF#1, p.43) While Plaintiff notes in ¶ 251 that Varvel is allegedly under the age of 40, nowhere in her 386 paragraph Complaint does she indicate her own age. Therefore she has clearly failed to set forth the requisite elements of a claim under the ADEA.

As evidenced above, Plaintiff has failed to exhaust his administrative remedies and has failed to "state a claim" against Mars for age, race or gender/sex discrimination or retaliation under Title VII. Accordingly, claims should be dismissed with prejudice.

> **2.  Plaintiff Failed to Properly Plead Conspiracy and Even if Properly Pled, Such Claims are Barred by the Illinois Department of Human Rights Act.**

a.  Plaintiff Failed to Properly Plead Conspiracy

In order to set forth a claim for conspiracy under Illinois law, a plaintiff must plead and prove: (1) an agreement to accomplish an unlawful purpose or lawful purpose by unlawful means; (2) a wrongful act in furtherance of the agreement; and (3) injury to the plaintiff. See *Wojcik v.*

4

*Interarch, Inc.*, 2013 WL 5904996 (N.D. Ill. 2013). Federal Rule of Civil Procedure 9(b) also sets forth a heightened pleading requirement for conspiracy claims requiring that the plaintiff specifically set forth the "who, what, where, when and how" of the conspiracy. Plaintiff has not provided any facts in support or pled any of the required elements for a claim against Mars for conspiracy. In fact, Plaintiff does not reference any Mars employee with respect to any of her allegations concerning conspiracy. Accordingly, Plaintiff's cause of action for conspiracy fails to state a claim and should be dismissed with prejudice.

      b.     <u>Plaintiff's Claim is Barred by the Illinois Human Rights Act.</u>

Plaintiff's claim for conspiracy is preempted by the Illinois Human Rights Act. In determining whether a court has jurisdiction over a claim, the focus is on whether the tort claim is linked to a civil rights violation such that no independent basis for the action exists without violation of the Illinois Human Rights Act itself. See *Bannon, et al. v. University of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007). Plaintiff complains about age, race discrimination and gender/sex discrimination. Given that such complaints, if true, would rise to violations of the Illinois Human Rights Act, there is no independent basis for Plaintiff's claim for conspiracy. Plaintiff has not pled any facts in support of her conspiracy claim against Mars and relies instead on the facts asserted in support of her charges of discrimination against Kenco (NOT Mars). Plaintiff has failed to demonstrate that her conspiracy claim is in any way distinct from her claims of discrimination, thus her conspiracy claim is preempted by the Illinois Human Rights Act and must be dismissed with prejudice.

      **3.**     **Plaintiff Fails to State a Claim for Aiding and Abetting.**

Plaintiff's claim for "aiding and abetting" fails as there is no such separate cause of action under Illinois law. See *Yates v. John Marshall Law Sch.*, 2009 U.S. Dist. LEXIS 39819, *27, 2009

5

WL 1309516 (N.D. Ill. May 11, 2009). To allege "aiding and abetting," a party must first assert an underlying tort. Plaintiff has failed to assert any underlying tort that Mars has "aided and abetted." There is no assertion that Mars or any of its associates has done anything that would amount to tortious conduct or "aiding and abetting." To the extent that Plaintiff is attempting to tie her "aiding and abetting" claim to her count for conspiracy, that claim fails as well for the reasons previously addressed. Any argument that the "aiding and abetting" applies to Plaintiff's discrimination claims would also fail as such claim would be preempted by the Illinois Human Rights Act as explained above. Given the foregoing, Plaintiff's cause of action for "aiding and abetting" should be dismissed with prejudice.

    **4.    Plaintiff Fails to State a Claim for Intentional and Willful Interference.**

As with Plaintiff's other claims, she has failed to assert any facts to support a cause of action for "intentional and willful interference" against Mars. The Complaint is devoid of any specifics as to how Mars allegedly engaged in interference of any kind. Nor does Plaintiff allege what type of interference claim she is asserting. To the extent that she is claiming willful interference with a contract, Illinois law requires the showing of (1) a valid contract; (2) defendant's knowledge of the existence of a contract; (3) defendant's intentional and malicious inducement of the breach of the contract; (4) breach of contract caused by defendant's wrongful conduct, and (5) resultant damage to the plaintiff. See *Fuller v. Chicago Coll. of Osteopathic Med.*, 719 F.2d 1326, 1330 (7th Cir. 1983). Plaintiff has failed to set forth facts establishing any of the above. Assuming for the sake of argument that Plaintiff had properly pled a cause of action for willful interference with a contract, such claim would be preempted by the Illinois Department of Human Rights Act, as with her asserted claims for conspiracy and "aiding and abetting". Once again, Plaintiff has failed to raise any allegations separate from those addressed in his charge of discrimination against Kenco. Given the

6

foregoing, Plaintiff's cause of action for "intentional and willful interference" should be dismissed with prejudice.

    **5.    Plaintiff fails to State a Claim for Intentional Infliction of Emotional Distress.**

The Illinois Supreme Court first recognized intentional infliction of emotional distress (IIED) as a cause of action in *Knieriem v. Izzo,* 22 Ill. 2d 73 (1961). The court discussed the elements that a plaintiff must prove to recover damages for intentional infliction of emotional distress in *Public Finance Corp. v. Davis,* 66 Ill. 2d 85 (1976).

A plaintiff may recover damages for intentional infliction of emotional distress if he or she can prove:

    (1) that the defendant's conduct was extreme and outrageous;

    (2) that the defendant intended to cause or recklessly or consciously disregarded the probability of causing emotional distress;

    (3) that he or she suffered severe or extreme emotional distress; and

    (4) that the defendant's conduct actually and proximately caused emotional distress.

*Public Finance,* 66 Ill. 2d at 89-90. *See also Doe vs. Calumet City,* 161 Ill. 2d 374 (1994).

There are four elements that a plaintiff must prove to recover damages for intentional infliction of emotional distress. First, a plaintiff must prove that the defendant's conduct was extreme and outrageous. A determination of whether words or conduct are extreme and outrageous must be made objectively, on a case-by-case basis. *Knieriem*, 22 Ill. 2d at 86. Without special knowledge or notice to the defendant, words or conduct must cause a person of ordinary sensibilities to suffer emotional distress. *Knieriem*, 22 Ill. 2d at 86. Mere insults, indignities, threats, annoyances, oppressions, trivialities, vulgarities or other meaningless and abusive expressions do not constitute extreme and outrageous conduct. *Knieriem*, 22 Ill. 2d at 86; *Public Finance,* 66 Ill. 2d at 89-90. A cause of action for intentional infliction of emotional distress must be premised on conduct

that is so extreme and outrageous that it goes beyond all possible bounds of decency. *Public Finance,* 66 Ill. 2d at 90. *See also Rekosh v. Parks,* 316 Ill. App. 3d 58 (2000). In determining whether conduct is extreme and outrageous, the relationship between the parties must be considered, especially when one of the parties has actual or apparent power or authority over the other party. *Public Finance,* 66 Ill. 2d at 90. Other factors to be considered are whether the defendant reasonably believes that his objectives were legitimate and the defendant's awareness that the plaintiff was particularly susceptible to emotional distress. *Graham v. Commonwealth Edison Co.,* 318 Ill. App. 3d 736 (2000).

Plaintiff has clearly failed to even plead the elements of this IIED claim under Illinois law since she never asserts that any Defendant intended to cause (or recklessly or consciously disregarded the probability of causing) emotional distress or that she even suffered severe or extreme emotional distress. Again, while in her lengthy Complaint she identifies the alleged misconduct of numerous Kenco employees, she never identifies a single Mars employee and certainly does not claim that any unnamed Mars employee engaged in extreme or outrageous behavior.

Moreover, it is clear the Plaintiff's IIED claim is also preempted by the Illinois Human Rights Act. As the Seventh Circuit noted:

> Under that statute intentional torts that are "inextricably linked" to civil rights violations must be adjudicated before the Illinois Human Rights Commission, *see Maksimovic v. Tsogalis,* 177 Ill. 2d 511, 227 Ill. Dec. 98, 687 N.E.2d 21, 23(1997); *Geise v. Phoenix Co. of Chi., Inc.,* 159 Ill. 2d 507, 203 Ill. Dec. 454, 639 N.E.2d 1273, 1277 (1994), with only deferential review of the agency's ruling in court, 775 ILL. COMP. STAT. 5/7-101.1(A), 5/8-111; *raintree Health Care Ctr. V. Ill. Human Rights Comm'n,* 173 Ill.2d 469, 220 Ill.Dec. 124, 672 N.E.2d 1136, 1141 (1996).

*Sanglap v. LaSalle Bank, FSB,* 345 F.3d 515, 519 (7th Cir. 2003)

**III.     CONCLUSION**

For the foregoing reasons, Defendant Mars respectfully requests that Plaintiff's claims against Mars under the Age Discrimination in Employment Act and Title VII, as well as her claims for Conspiracy, Aiding and Abetting, Intentional and Willful Interference and Intentional Infliction of Emotional Distress claims be dismissed with prejudice.

Respectfully submitted,

Date: December 30, 2016

S/ *Thomas R. Davies*
Kimberly J. Overbaugh, Esq. PA #85610
Thomas R. Davies, Esq. PA #35260
Harry R. Harmon, Esq. PA #25342
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236

Attorneys for Defendant,
Mars, Incorporated

**CERTIFICATE OF SERVICE**

   The undersigned, one of the attorneys of record herein in this matter, certify that on December 30, 2016, the aforementioned Defendant Mars, Incorporated's Memorandum in Support of Motion to Dismiss the Complaint under Rule 12(b) was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via first-class regular mail:

Edith McCurry
6239 South 13110 East Road
Pembroke Township, IL  60958


                    S/ *Thomas R. Davies*
                    Kimberly J. Overbaugh, Esq.
                    Harry R. Harmon, Esq.
                    Thomas R. Davies, Esq.
                    HARMON & DAVIES, P.C.
                    2306 Columbia Ave.
                    Lancaster, PA 17603
                    Tel. (717) 291-2236
                    Fax (717) 291-2236