UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **EDITH McCURRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case Nos.   16-CV-2273 |
| ) | 16-CV-2277 |
| **KENCO LOGISTIC SERVICES LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This case is before the court for ruling on the Motion to Dismiss (#16) filed by Defendants Kenco Logistic Services LLC (Kenco), Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, and Mario Lopez (collectively Defendants) and the Motion to Dismiss (#30) filed by Defendant Mars Incorporated (Mars). Plaintiff, Edith McCurry, has filed lengthy pro se Responses (#25, #34), with attached exhibits. This court has carefully considered the arguments of the parties and the documents filed. Following this careful consideration, Defendants' Motion to Dismiss (#16) is GRANTED and Mars' Motion to Dismiss (#30) is GRANTED.

BACKGROUND

CASE NO. 16-CV-2273

On August 29, 2016, Plaintiff, an African American female, filed a 77- page pro se Complaint (#1) of Employment Discrimination against Defendants Kenco, Mars, Walsh,

Manzello, Jabaley, Fowler, and Lopez.[1]  In this lengthy Complaint, which is rambling and very hard to follow, Plaintiff made numerous allegations of unfair treatment on the basis of her race, age and gender.  Specifically, Plaintiff alleged: (1) discrimination on the basis of race under Title VII of the Civil Rights Act of 1964; (2) discrimination on the basis of race under 42 U.S.C. § 1981; (3) discrimination on the basis of gender under Title VII; (4) discrimination on the basis of age under the Age Discrimination in Employment Act (ADEA); (5) conspiracy; (6) intentional and willful interference; (7) aiding and abetting; and (8) intentional infliction of emotional distress. Plaintiff attached a copy of the charge of discrimination against "Mars Kenco" she filed with the Illinois Department of Human Rights (IDHR) on January 7, 2015, which was cross-filed with the Equal Employment Opportunity Commission (EEOC).  In addition, Plaintiff attached a copy of the Notice of Right to Sue issued by the EEOC on May 23, 2016.  Plaintiff also filed a Petition to Proceed in forma pauperis (#2).

---

[1] This court notes that there have been other pro se cases filed alleging discrimination by Mars and Kenco.  Judge Long recently entered an Order (#72) in one of these cases, *Doss v. Kenco Logistic Services, LLC, et al.*, Case No. 15-cv-2287.  Judge Long noted in his Order that the plaintiff, although proceeding pro se, had "filed a number of pleadings that parallel, and sometimes mirror exactly, the same filings from another case by another plaintiff."  Judge Long reminded the plaintiff in *Doss* that it is illegal in Illinois and against this court's Local Rules to practice law without a license.  Judge Long stated that a litigant, like Mr. Doss, who knowingly allows a non-lawyer to represent him is subject to sanctions and other penalties for this behavior.  This court has the same concerns in this case.  This court notes that Plaintiff's pro se Complaint (#1) at one point referred to Plaintiff as "an African American male." It appears fairly obvious that Plaintiff's Complaint was a cut and paste job done by the plaintiff in one of the other cases against Mars and Kenco.

On September 7, 2016, Magistrate Judge Eric I. Long entered an Order (#4) and granted Plaintiff's Petition to Proceed in forma pauperis (#2). Judge Long ordered the United States Marshal to effect service of summons and the complaint. Defendants were subsequently served and have entered their Appearances.

CASE NO. 16-CV-2277

On September 6, 2016, Plaintiff filed an 89-page pro se Complaint (#1) against the same Defendants except that Manzello was omitted and Lori Varvel was added as a Defendant. Plaintiff again alleged: (1) discrimination on the basis of race under Title VII of the Civil Rights Act of 1964; (2) discrimination on the basis of race under 42 U.S.C. § 1981; (3) discrimination on the basis of gender under Title VII; (4) discrimination on the basis of age under the Age Discrimination in Employment Act (ADEA); (5) conspiracy; (6) intentional and willful interference; (7) aiding and abetting; and (8) intentional infliction of emotional distress. Plaintiff also added a claim of discrimination on the basis of disability under the Americans with Disabilities Act (ADA). It is somewhat hard to tell because of the Complaint's rambling, somewhat incoherent allegations, but for the most part it appears to make essentially the same allegations as were included in the Complaint in Case No. 16-CV-2273. This court does note, however, that it also includes pages and pages of allegations which have little or no connection to Plaintiff's claims.

Plaintiff attached a copy of a charge of discrimination she filed with the IDHR, which was cross-filed with the EEOC, on March 11, 2015. Plaintiff named Kenco Logistics as the Respondent. Plaintiff stated that she was claiming discrimination on the basis of race, retaliation, age, FMLA, and disability in this charge. Plaintiff also attached a copy of a Notice of Right to Sue which was issued by the EEOC on June 2, 2016.

Plaintiff filed a Petition for Leave to Proceed in forma pauperis (#2) and a pro se Motion to Consolidate Cases (#3). On September 28, 2016, Judge Long entered an Order (#6) and granted Plaintiff's Petition (#2). Judge Long ordered the United States Marshal to effect service of summons and the complaint. On October 28, 2016, Plaintiff filed a pro se Motion for Leave to File Amended Complaint (#8). Plaintiff attached a proposed 117-page Amended Complaint. Defendants in this case have now all been served.

On December 23, 2016, Defendants Kenco, Fowler, and Jabaley filed their Response to Plaintiff's pro se Motion to Consolidate (#15). Defendants stated that both of Plaintiff's lawsuits arose out of the same facts and it appeared that the only difference is that Plaintiff filed multiple EEOC/IDHR charges and attached different charges to each lawsuit. They stated that they had only recently been served in this case and therefore only recently became aware that Plaintiff had two separate lawsuits pending regarding the same facts and legal issues. Defendants stated that they agreed that the two lawsuits should be consolidated for the sake of judicial economy as well as avoiding unnecessary legal costs. Defendants also asked that the responsive pleading

deadline set in this case be stricken because Defendants had already filed a responsive pleading in Case No. 16-CV-2273 and would prefer to avoid duplicative briefings until the cases are consolidated and could proceed as one case.

On January 3, 2017, Judge Long entered a text order and granted Plaintiff's Motion to Consolidate Cases (#3). Judge Long stated that the two cases are now consolidated and all claims currently brought by Plaintiff in the two cases will proceed under Case No. 16-CV-2273. Judge Long stated that any documents or pleadings which would have been filed in this case should be filed in Case No. 16-CV-2273. Judge Long therefore found Plaintiff's Motion for Leave to File Amended Complaint (#8) to be MOOT. Judge Long stated that Plaintiff may file another Motion for Leave to File an Amended Complaint in Case No. 16-CV-2273 if she wishes to do so.

PENDING MOTIONS

DEFENDANTS' MOTION TO DISMISS

On November 14, 2016, Defendants filed a Motion to Dismiss (#16) and a Memorandum in Support (#17). Defendants argued that Plaintiff's claims of conspiracy, willful interference, intentional infliction of emotional distress and aiding and abetting must be dismissed because they are barred by the Illinois Human Rights Act (IHRA) and are inadequately pled. Defendants also argued that the individual Defendants are not proper Defendants in an employment discrimination lawsuit brought under Title VII.

Plaintiff filed a lengthy pro se Response (#25), with attached exhibits. Plaintiff's Response is mostly incoherent and includes few arguments which directly respond to the arguments raised by Defendants.[2] Aside from statements that are copied from Plaintiff's pro se Complaint, much of the response does not even seem to be connected to Plaintiff's claims.[3]

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case. *Garcia v. M.T. Food Serv., Inc.,* 2014 WL 6461937, at *1 (N.D. Ill. 2014); *see also AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2005), *quoting* Fed. R. Civ. P. 8(a)(2). This requirement is meant to give the defendant fair notice of what the claim is and the ground upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, this court must view the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank*, 649 F.3d at 614. To survive a

---

[2] This court again notes its strong suspicion that Plaintiff is not actually the author of the documents filed in this case.

[3] An example: Paragraph 53 of the Response states "Furthermore, the Federal Government under the 2001 Bioterrorism Act and the 2011 Food Safety Modernization Act, require all august body participants along the food supply chain to be complaint; Essentially from farm to fork." This court fails to see any connection between "farm to fork" and Plaintiff's claims in this case.

motion to dismiss, the complaint need only contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Twombly*, 550 U.S. at 570. However, "[n]either conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Huri*, 804 F.3d at 832, *citing Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). A plaintiff must provide factual allegations that raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

Defendants first argue that Plaintiff's state law claims of conspiracy, intentional and willful interference, intentional infliction of emotional distress and aiding and abetting must be dismissed because they are Illinois tort law claims that are preempted by the Illinois Human Rights Act (IHRA) and are not adequately pled. This court agrees.

This court concludes that all of Plaintiff's state law claims arise out of her allegations of discrimination on the basis of her race, age and gender. The IHRA preempts state law claims that are, in essence, claims that seek redress for civil rights violations within the meaning of the IHRA. *Naylor v. Streamwood Behavioral Health Sys.*, 2012 WL 5499441, at *3 (N.D. Ill 2012), *citing Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1276-77 (Ill. 1994). In deciding if a claim is properly before the court, it must be determined "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA]

itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). The issue is whether the plaintiff can "establish 'the necessary elements of each tort independent of any legal duties created by the [IHRA].'" *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006), *quoting Maksimovic*, 687 N.E.2d at 22. "When a claim is preempted by the IHRA, an Illinois state court lacks jurisdiction over it, and thus, so does a federal district court sitting in Illinois which is considering a supplemental state claim." *Naylor*, 2012 WL 5499441, at *3, *citing Guy v. State of Ill.*, 958 F. Supp. 1300, 1312 (N.D. Ill. 1997). Accordingly, Plaintiff's claims of conspiracy, intentional and willful interference, intentional infliction of emotional distress and aiding and abetting, which are based upon her allegations of discrimination, are preempted by the IHRA. *See Bannon v. Univ. of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007); *Naylor*, 2012 WL 5499441, at *3-5. Plaintiff cannot establish the necessary elements of each tort, independent of any legal duties created by the IHRA. *See Naeem*, 444 F.3d at 602.[4]

This court does note, however, that Plaintiff's Responses make reference to 42 U.S.C. § 1985(3), a federal conspiracy claim. This court concludes that, at this point in the proceedings, Plaintiff should be allowed to proceed with a conspiracy claim under § 1985(3).

---

[4] This court notes that Plaintiff argued that she should be allowed to proceed with her state law claims, noting that the claims of aiding and abetting and willful interference are listed as additional civil rights violations in the IHRA. This actually supports this court's conclusion that the claims Plaintiff is bringing are civil rights violations within the meaning of the IHRA and are preempted.

Defendants have also asked this court to dismiss the individual Defendants because they cannot be liable under Title VII. Defendants argued that the individual Defendants do not fit within the meaning of an "employer" under Title VII and, for that reason, Plaintiff cannot maintain discrimination claims against them.

The Seventh Circuit has held that individuals, generally, are not proper Title VII defendants. *Showalter v. Richmond*, 2010 WL 746785, at *2 (S.D. Ind. 2010), *citing Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995). "The focus is on the employer entity as a whole, not on individual managers or supervisors, who are not individually liable for an employer's violations of federal discrimination statutes." *Schandelmeier-Bartels v. Chicago Park Dist.*, 634 F.3d 372, 380 (7th Cir. 2011). This is true under Title VII, the ADEA and the ADA, "each of which limits relief to the plaintiff's 'employer' as that term is defined in those statutes." *Evoy v. Ill. State Police*, 429 F. Supp. 2d 989, 1000 (N.D. Ill. 2006), *citing Silk v. City of Chicago,* 194 F.3d 788, 797 n.5 (7th Cir. 1999).

Because the individual Defendants sued in this case are alleged to be managers or supervisors, they must be dismissed from Plaintiff's Title VII claims alleging discrimination based upon race and gender, as well as from her claims of age discrimination under the ADEA. To the extent that Plaintiff is also alleging discrimination on the basis of disability under the ADA, the individual Defendants are dismissed as to that claim also.

Therefore, Defendants' Motion to Dismiss (#16) is GRANTED. Plaintiff's state law claims are dismissed and the individual Defendants are dismissed from Plaintiff's Title VII, ADEA and ADA claims. Plaintiff's Title VII, ADEA and ADA claims remain pending against Kenco. Also, Plaintiff's § 1981 racial discrimination claim and her § 1985(3) conspiracy claim remain pending against Kenco and the individual Defendants.

MARS' MOTION TO DISMISS

On December 30, 2016, Defendant Mars filed a Motion to Dismiss (#30) and Memorandum in Support (#31). Mars sought partial dismissal of Plaintiff's claims against it. Mars first argued that Plaintiff's Title VII and ADEA claims must be dismissed because Plaintiff failed to file a charge of discrimination against Mars. Mars also argued that Plaintiff's state law claims against it must be dismissed. Mars conceded that Plaintiff's conclusory allegations regarding an agency relationship may be sufficient to keep Mars in this case as a Defendant as to Plaintiff's § 1981 claim of discrimination based upon race.

On January 18, 2017, Plaintiff filed a pro se, 70-page rambling, mostly incoherent Response (#34), with 88 pages of Exhibits. This court has considered Plaintiff's Response, to the extent possible. Plaintiff did respond to Mars' contention that Plaintiff failed to file a charge of discrimination against Mars. Plaintiff stated that she named

"Mars Kenco" as the Respondent in her first charge of discrimination and the address she used for "Mars Kenco" in her charge was the address of the facility owned and operated by Mars since 1999.  Plaintiff also argued that she exercised "due diligence" as far as making Mars a Respondent.

Mars has argued that, even though Plaintiff's first charge of discrimination listed "Mars Kenco" as the Respondent, that does not properly reflect the name of any legal entity.  Mars pointed out that the address listed on the charge is not the same one listed for Mars in the Complaint.  Mars also argued that Mars is not mentioned in the 11 page summary of the allegations submitted by Plaintiff to the EEOC and the only names of individual actors included in the charge are identified in the Complaint as Kenco employees.

This court agrees that Plaintiff's Title VII and ADEA claims must be dismissed as to Defendant Mars.  And, to the extent Plaintiff is pursuing a claim under the ADA, that claim must be dismissed as to Mars as well.  Mars is correct that it was not mentioned anywhere in either of Plaintiff's charges of discrimination filed with the IDHR and the EEOC.  And, even though Plaintiff named "Mars Kenco" as the Respondent in her first charge of discrimination, Mars is correct that "Mars Kenco" is not the name of a legal entity.  Notice of the charge was sent to the address listed, which is the address for Kenco.  In fact, documentation provided by Plaintiff shows that the EEOC amended the charge to "correct Respondent's name" and listed the Respondent as "Kenco Logistic Services, LLC."

Title VII, the ADA and the ADEA require the plaintiff to exhaust administrative remedies by filing a timely charge of discrimination prior to filing suit. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating § 2000e-5(e)(1)); 29 U.S.C. § 633a(b)(3); *see also Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) (Title VII); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) (ADA); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1101-02 (7th Cir. 2013) (ADEA). Therefore, an aggrieved employee like Plaintiff generally cannot bring claims in federal court that were not included in an EEOC charge. *See Flores v. Bd. of Trs. of Cmty. Coll. Dist. No. 508,* 103 F. Supp. 3d 943, 949-50 (N.D. Ill. 2015), *citing Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). "The exhaustion rule 'serves two purposes: affording the [administrative agency] the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it.'" *Flores*, 103 F. Supp. 3d at 950, *quoting Sitar*, 344 F.3d at 726.

In this case, Plaintiff did not file a charge of discrimination which named Mars as a respondent and no notice of the charge was ever sent to Mars. Therefore, Mars did not have notice of any charges against it. Moreover, the time to do so has passed because, in Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and the failure to do so renders the charge untimely. *See Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). Accordingly, Plaintiff's Title VII, ADA, and ADEA claims against Mars must be dismissed for failure to exhaust her administrative remedies.

This court next agrees that Plaintiff's state law claims against it must be dismissed because they are preempted by the IHRA. This court has already determined that these claims are preempted so this court lacks jurisdiction over them.

As noted, Mars has not argued that Plaintiff's § 1981 claim against it should be dismissed. This court agrees with Mars that Plaintiff's agency allegations are sufficient to plausibly allege that Mars is liable for discrimination on the basis of race under § 1981 because Plaintiff has included detailed allegations regarding Mars' involvement. So Plaintiff's § 1981 claim against Mars remains. This court also concludes that, at this stage of the proceedings, Plaintiff's § 1985(3) claim against Mars remains.

IT IS THEREFORE ORDERED THAT:

(1) Defendant' Motion to Dismiss (#16) is GRANTED. Plaintiff's state law claims alleging conspiracy, intentional and willful interference, intentional infliction of emotional distress and aiding and abetting are dismissed and the individual Defendants are dismissed from Plaintiff's Title VII, ADEA and ADA claims. Plaintiff's Title VII, ADEA and ADA claims remain as to Defendant Kenco. Plaintiff's § 1981 racial discrimination claim and Plaintiff's § 1985(3) federal conspiracy claim remain pending against Kenco and the individual Defendants.

(2) Mars' Motion to Dismiss (#30) is GRANTED. Plaintiff's Title VII, ADEA and ADA claims are dismissed as to Mars for failure to exhaust administrative remedies. Plaintiff's state law claims are also dismissed as to Mars. Mars did not seek dismissal of Plaintiff's § 1981 claim against Mars and that claim and Plaintiff's § 1985(3) federal conspiracy claim remain against Mars.

(3) The parties are reminded that Plaintiff's cases have been consolidated and all filings must be made in Case No. 16-CV-2273.

(4) Plaintiff is hereby admonished that it is illegal in Illinois and against this court's Local Rules to practice law without a license. Therefore, a litigant, like Plaintiff, who knowingly allows a non-lawyer to represent her is subject to sanctions and other penalties for this behavior. All further filings in this case must be authored by Plaintiff herself to be considered by the court.

(5) This case is referred to Judge Long for further proceedings.


ENTERED this 7th day of February, 2017.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE