E-FILED
Wednesday, 19 July, 2017  01:42:07 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| Edith McCurry, | |
| Plaintiff | |
| v. | Case No. 2:16-cv-02273-CSB-EIL |
| Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler and Mario Lopez, | Judge Colin Stirling Bruce<br><br>Magistrate Judge Eric I. Long |
| Defendants. | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SUBMIT EXPERT WITNESS

Defendants, Kenco Logistic Services, LLC ("Kenco"), Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Lori Varvel, and Mario Lopez, by and through their undersigned attorneys, for their response to Plaintiff's Motion for Extension of Time to Submit an Expert Witness (Dkt. No. 48) state as follows:

1.      On July 14, 2017 Plaintiff filed a motion requesting an extension of 30 days to disclose an expert witness (Dkt. No. 48.)

2.      Defendants do not object to Plaintiff's request for an additional 30 days to make any expert disclosure, provided that the expert disclosure and discovery schedule is similarly extended for Defendants.[1] Although Defendants believe this is a simple employment discrimination lawsuit that may not be aided by expert testimony, Defendants will address the appropriateness of any expert upon review of their report.

---

[1] McCurry did not contact Defendants prior to filing this Motion. However, if she had done so, Defendants would not have raised any objection to the 30 days. Defendants are primarily concerned about who is preparing and filing legal briefs for McCurry.

1

3.      While Defendants do not object to the substance of Plaintiff's Motion, Defendants file this response to object to the fact that Plaintiff continues to file briefs which are virtually identical to other *pro se* plaintiffs who have lawsuits against Defendant Kenco.

4.      For example, McCurry's pending Motion for Extension to Submit Expert Witness (Dkt. No. 48) is clearly authored by the same individual who wrote such a motion in the case of *Morris Tyson v. Kenco, et. al.,* Case No. 15-cv-02288 (Dkt. No. 77) and *Mary Madison v. Kenco, et. al.,* Case No. 15-cv-02289 (Dkt. No. 44.) Copies of these motions, which are nearly identical to McCurry's motion, are attached hereto as Group Exhibit A. Defendants believe that such filings are in violation of Fed. R. Civ. Pro. 11, because Plaintiffs are required to certify to the accuracy and good-faith of all filings while they appear to be simply copying and pasting filings (or having a ghost-writer attorney do so on their behalf) and thereby flooding Defendants with incoherent paperwork that is not tailored to the facts of their lawsuit.

5.      Currently, the Court is reviewing the possibility of any sanctions against Morris Tyson and/or Jordan Hoffman based on Tyson's deposition testimony regarding the improper assistance he received from attorney Jordan Hoffman, who has not filed an appearance in this litigation. *See Morris Tyson v. Kenco et. al.,* Case No. 15-cv-02288 (Dkt. No. 107.) A copy of the Court's order is attached hereto as Exhibit B.

6.      Defendants urge the Court to resolve this issue in a manner that also addresses the improper filings not only in the *Morris Tyson v. Kenco* matter, but the parallel behavior by other *pro se* plaintiffs who have pending lawsuits against Kenco and appear to be having an attorney ghost-write their filings, including Edith McCurry and Mary Madison.[2]

---

[2] Defendants also had similar concerns about this possible ghost-writing in the case *Nathan Doss v. Kenco, et. al.* 15-cv-2287, but this case was previously dismissed on other grounds (Dkt. No. 88.)

7.     During her recent deposition, plaintiff Mary Madison testified that Jordan Hoffman also prepared documents for her on this litigation, and was assisting Edith McCurry as well. Madison was unable to come up with any document that she recalled preparing on her own, without Hoffman's assistance. Pertinent portions of the deposition of Mary Madison regarding the assistance that she, and McCurry, have received from Jordan Hoffman are attached as Exhibit C.

8.     Madison also testified that she has not actually retained an expert witness and that the expert was hired by, and paid by Jordan Hoffman, and she had no involvement in that process. *See* Exhibit C.

9.     Accordingly, Defendants have legitimate concerns that McCurry will also be having Jordan Hoffman hire an expert witness on her behalf, and if McCurry will be able to personally articulate the reasons why she believes an expert is useful to the litigation.

10.     It is inappropriate for an attorney to be aiding *pro se* plaintiffs behind the scenes and hiding behind the guise of an unrepresented party. This has led to many of the plaintiffs acknowledging that they do not understand the content of their filings and failing to take any responsibility for the appropriateness of those filings. In all, this troubling behavior has caused an exorbitant accumulation of legal fees in this litigation due to unsupported and unnecessary motions, and noncompliance with court orders and rules.

WHEREFORE, Defendants respectfully request that this Court conduct any further investigation or hearing as necessary to obtain the appropriate information about the Rule 11 violations by this Plaintiff, and all of the aforementioned Plaintiffs and grant any appropriate relief to Defendants based on the concerns identified above, up to and including dismissal of the lawsuit.

Respectfully Submitted,

Dated: July 19, 2017

**KENCO LOGISTICS SERVICES, KELVIN WALSH, MARIO LOPEZ, MIKE MANZELLO, DAVID JABALEY, TAMMI FOWLER, AND LORI VARVEL**

By:  /s/ Jody Wilner Moran                    
        One of its Attorneys

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Phone: (312) 787-4949
Fax: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Jody Wilner Moran, an attorney, hereby certify that on July 19, 2017, I electronically filed a copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid to the following non-ECF participant:

> Edith McCurry
> 6239 S. 13110 East Road
> Pembroke Township, IL 60958

> By: <u>/s/ Jody Wilner Moran</u>
> One of the Attorneys for the Defendants