IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
URBANA DIVISION

| | | |
|---|---|---|
| Edith McCurry, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:16-cv-02273-CSB-EIL |
| | ) | |
| v. | ) | Judge Colin Stirling Bruce |
| | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Kenco Logistic Services, LLC, | ) | |
| *a Tennessee Limited Liability Company,* | ) | |
| Mars, Inc., Kelvin Walsh, Mike Manzello, | ) | |
| David Jabaley, Tammi Fowler and Mario Lopez | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

Defendants, Kenco Logistic Services, LLC ("Kenco"), Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Mario Lopez and Lori Varvel by and through counsel and pursuant to Federal Rules of Civil Procedure 26 and 37 respectfully submits the following Memorandum in Support of their Motion to Compel complete discovery responses from Plaintiff, and moves this Honorable Court to compel complete responses to Interrogatory 1 5, 13, 14, 15, and Requests for Production 1, 18, 20, 21, 31, 33 and 40, along with a completed consent for release of Social Security Records:

**INTRODUCTION**

Defendants are entitled to complete discovery responses from Plaintiff Edith McCurry, and Plaintiff has continued to provide incomplete information or unsubstantiated objections to several requests, despite good-faith attempts to resolve these disputes outside of motion practice. Specifically, Kenco has a legitimate basis for requesting complete information about Plaintiff's medical treaters (Interrogatory No. 13), Plaintiff's claimed damages (Interrogatory No. 15), an

1

authorization for release of Plaintiff's social security records, as well as several other interrogatory answers which were incomplete. Further, Plaintiff is required to specifically identify which documents are responsive to certain requests rather than referring Defendants to all of the thousands of documents contained on a CD, many of which are Kenco policies that appear to have no relationship to this litigation. For the reasons below, Kenco requests that the Court grant its motion to compel and further award it reasonable fees or some other appropriate discovery sanction based on Plaintiff's refusal to comply with her discovery obligations.

**FACTS**

1. Plaintiff filed an employment discrimination lawsuit against her former employer, Kenco, and other defendants, in August 2016.

2. After requesting an extension of time to respond, Plaintiff provided initial discovery responses to Kenco dated July 10, 2017.

3. A copy of Plaintiff's initial answers to interrogatories are attached as *Exhibit A*.

4. A copy of Plaintiff's initial responses to Requests for Production are attached as *Exhibit B*.

5. Plaintiff also produced a CD containing thousands of PDF files of documents. Many of these are Kenco documents that have no apparent relationship whatsoever to her employment discrimination allegations, such as Kenco's Fire Prevention Plan policy, Kenco's Yard Spotter Job Description, and portions of position statements or IDHR findings from other IDHR charges unrelated to Plaintiff.[1] A sampling of documents produced by Plaintiff that are unrelated to her lawsuit are attached as *Exhibit C*.

---

[1] Plaintiff has been filing identical motions to a number of other *pro se* litigants who have lawsuits against Kenco. *See* Dkt. 15. Plaintiff appears to be working behind the scenes with these other *pro se* litigants and an attorney who

2

6. After reviewing the initial answers and documents, Kenco sent a Rule 37 letter to Plaintiff on July 19, 2017. A copy of this letter is attached as *Exhibit E*. Defendants requested complete, supplemental responses by July 26, 2017.

7. On July 26, 2017 Plaintiff e-mailed Counsel for Defendants and requested an additional 10 days to comply with the Rule 37 letter. Counsel for Defendants agreed that Plaintiff could respond to the Rule 37 letter and supplement discovery anytime up to August 4, 2017. A copy of these communications are attached as *Exhibit F*.

8. Plaintiff has failed to respond to the Rule 37 letter and has not provided any supplemental discovery responses to address the issues raised by Defendants.

9. On August 24, 2017 Defendants received a CD from Plaintiff containing Plaintiff's expert disclosure. Counsel for Defendants sent another follow up email to Plaintiff after receiving the CD regarding the ongoing Rule 37 issues. A copy of this email is attached as *Exhibit G*. On August 30, Defendants received supplemental responses from Plaintiff (dated August 4, 2017). A copy of these responses are attached as *Exhibit H*. While some additional information has been provided, the above-reference discovery requests remain incomplete and insufficient.

10. In accordance with Fed. R. Civ. Pro. 37(a)(1) as well as Local Rule 37.3, Counsel for Defendants have engaged in numerous good faith attempts to resolve discovery disputes, assist

---

has not filed an appearance to flood Kenco with abusive discovery requests and irrelevant documents in order to needlessly increase costs in this simple litigation. In fact, when Plaintiff asked for additional time to respond to discovery, Defendants specifically advised Plaintiff that they wanted to make sure she only provided documents that were responsive to <u>her</u> lawsuit against Kenco rather that various policies, procedures and non-party documents that have been used by Mary Madison or Morris Tyson which have no bearing on her claims. A copy of this email request is attached as Exhibit D. Plaintiff unfortunately either ignored, or failed to understand, this request and produced hundreds of documents unrelated to her lawsuit. *See* Ex. C.

Plaintiff in understanding the information that is being requested and why, and explaining why Kenco believes that various types of information are relevant to this litigation.

11.     Kenco requests its reasonable fees associated with this motion to compel, or any other sanction that this Court deems just and proper pursuant to Fed. R. Civ. Pro. 26 and 37 in light of Defendants' continued need to file motions in order to move this case forward and ensure that Plaintiff complies with the Federal Rules of Civil Procedure.

## ARGUMENT

First, Plaintiff failed to answer Interrogatory No. 13. (and Request No. 33) where Defendants seek information related to medical treatment. McCurry claims that she sought medical treatment based on the alleged discrimination but has failed to identify any medical treaters and instead states *"Plaintiff does not know. There were a variety and myriad of medical persons and facilities."* (*Ex. A*, Answer to Interrogatory No. 13.) In her supplemental response, she then claims that Kenco is in possession of this information, which is not correct. Kenco has no way of verifying the full scope of Plaintiff's medical treaters without Plaintiff providing that information. *See Ex. H*. Given that McCurry is claiming she suffered emotional distress that required medical treatment based on the discrimination or harassment she was allegedly subjected to at Kenco, McCurry has placed her medical state directly at issue in this litigation. Therefore, Defendant is entitled to discovery of the medical treatment sought by McCurry from April, 2013 through present, and requires a complete response to this interrogatory. McCurry should be ordered to execute the Social Security record release authorization form (which was attached to Defendants' Rule 37 letter), and also identify her medical treaters in response to Interrogatory No. 13.

Plaintiff also failed to respond to Interrogatory No. 15 related to her damages and stated "undetermined at this time." (*Ex. A.,* Answer to Interrogatory No. 15.) This response was not

substantively amended in Plaintiff's supplemental answer. *See Ex. H.* Given that Plaintiff was employed by Kenco until the time it lost its contract with Mars (and all employees at that site were terminated at that time) it is not readily apparent what types of damages Plaintiff would be claiming in this lawsuit, nor how she calculates them. Likewise, Plaintiff's answers to Interrogatories No. 1, 5 and 14 are incomplete and insufficient for the reasons explained in the Rule 37 letter. Further, Plaintiff has refused to sign an authorization form for release of her social security disability file, which is relevant to her claims of medical suffering.

In addition, the Court should compel Plaintiff to provide complete responses to Requests 1, 18, 20, 21 and 40. Fed. R. Civ. Pro. 34(b)(2)(E) requires that "(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Furthermore, "[a]n "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(4). *See Cohn v. Guaranteed Rate, Inc.,* 318 F.R.D. 350, 353 (N.D. Ill. Dec. 8, 2016). Plaintiff failed to comply with the requirements of Fed. R. Civ. Pro. 34(b)(2)(e) because her responses to Requests No. 1, 18[2], 20, 21 and 40 refer to "Documents Contained on CD" and do not identify which of the documents produced are responsive. Further, as explained in paragraph 5, above, Plaintiff produced hundreds of documents that have no apparent relationship to her lawsuit and appear in large part to be Kenco policy documents that were improperly removed from Kenco (or documents related to other *pro se* plaintiffs who have claims against Kenco) so it is no small task for Defendants to sift through these documents and try to find the needles in the haystack that actually bear on her lawsuit.

---

[2] For Request No. 18, Plaintiff initially responded with "Documents Contained on CD. Was Not Emailing and Does Not Text." Her supplemental response now states "None." These responses are inconsistent with one another.

Plaintiff also refused to respond to Request No. 31 which seeks all documents related to income received by Plaintiff including tax returns, W-2 or 1099 forms. McCurry responded by saying that Kenco has this information, but Kenco is entitled to verify all sources of income that McCurry had during the relevant time period, by reviewing her W-2, 1099s or tax returns. Plaintiff should be required to respond to this request.

WHEREFORE, Defendants request that this Honorable Court grant its Motion to Compel as well as award fees or other reasonable discovery sanctions, and grant such other relief as this Court deems just and proper.

DATED:  September 7, 2017            Respectfully submitted,

**KENCO LOGISTICS SERVICES, LLC, KELVIN WALSH, MIKE MANZELLO, MARIO LOPEZ, TAMMI FOWLER, DAVID JABALEY AND LORI VARVEL**

By:  /s/Jody Wilner Moran
     One of their Attorneys

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone:    (312) 787-4949
Facsimile:    (312)787-4995

**CERTIFICATE OF SERVICE**

The undersigned attorney, hereby certify that on September 7, 2017, I electronically filed a copy of the foregoing *Defendants' Memorandum in Support of Their Motion to Compel* with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via U.S. Mail, to the following non-ECF participant:

>Edith McCurry
>6239 S. 13110 East Road
>Pembroke Township, IL 60958

and a filed copy of the foregoing will be served via CM/ECF system, which will send a notice of electronic filing to the following parties:

>Thomas R. Davies
>Harry Harmon
>Kimberly J. Overbaugh
>Harmon & Davies, P.C.
>2306 Columbia Avenue
>Lancaster, PA 17603
>tdavies@h-dlaw.com
>rharmon@h-dlaw.com
>koverbaugh@h-dlaw.com

By: /s/ Jody Wilner Moran
One of the Attorneys for Defendants