E-FILED
Thursday, 07 September, 2017  03:08:07 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT H

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| Edith McCurry, | |
| Plaintiff | |
| v. | Case No. 2:16-cv-02273-CSB-EIL |
| Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler and Mario Lopez, | Judge Colin Stirling Bruce |
| | Magistrate Judge Eric I. Long |
| Defendants. | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Kenco Logistic Services, LLC ("Defendant" or "Kenco") directs Plaintiff Edith McCurry to answer in writing, separately and under oath, the following interrogatories within 30 days of service.

### INSTRUCTIONS AND DEFINITIONS

In answering these interrogatories, provide all information available to Plaintiff, including information in the possession of Plaintiff's attorneys or former attorneys and any investigators.

As used herein, the following terms shall have the meanings indicated below:

    a.     "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

    b.     "Document" means, without limiting the generality of its meaning, all originals (or copies where originals are unavailable) and non-identical copies (where different from originals) of all written, printed, typewritten, computerized or otherwise recorded or graphic matter, however produced

1

or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreements, letters, administrative complaints, e-mails, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, financial statements and projections, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, evaluations, reviews, counseling, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries, any electronically stored information, or papers similar to any of the foregoing, however entitled, denominated or described.

c.    "Electronically stored information" (hereinafter "EST") shall include all electronic information including, without limitation: internet web pages; word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments which shall be kept with the email); instant messages; text messages; voice mail; audio, video, and audiovisual recordings; databases and database Subsets; and

other user or machine-created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, and Intranet, archives, discs, CD's, diskettes, portable hard drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, *iPhones, iPads,* tablets, *Blackberries,* pagers, and voicemail systems. All of the ESI requested herein shall, unless specifically instructed otherwise, be produced in its original native format with metadata preserved.

d.    "Communications" shall include all forms of written or verbal interchange, however transmitted, including but not limited to reports, notes, memoranda, letters, agenda, electronic mail, text messages, and other records of communication.

c.    "Plaintiff," "McCurry," "you," or "your" means Plaintiff Edith McCurry.

d.    "Defendant" means Kenco Logistic Services, LLC.

e.    "Complaint" means the Complaint filed by Plaintiff in this action 16-cv-02273 and any future amended complaints or complaints consolidated with this complaint.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify, by case name, court, and docket number, each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits), bankruptcy proceeding, and civil suit in which Plaintiff has been involved, and state the current status or final disposition of the proceeding. Also, with respect to each judicial or administrative complaint or charge that Plaintiff has instituted against any organization or individual, and each judicial or administrative complaint to which Plaintiff has been a party, state the index, docket, complaint, charge, or other identification number or designation, and state the current status or final disposition of the proceeding.

### RESPONSE TO INTERROGATORY NO. 1:

Defendant already has knowledge of Plaintiff's Social Security Disability application and a copy thereof via the Hartford, in addition to the administrative and civil proceedings.  Plaintiff has an action currently pending at the EEOC against Defendant and has no other information that can be provided at this time regarding this matter or any other matter that may have transpired.

### INTERROGATORY NO.2:

Identify each person who supplied information to answer these interrogatories and specify by number those answers to which each such person supplied information.

### RESPONSE TO INTERROGATORY NO.2:     Edith McCurry

**INTERROGATORY NO.3:**

    Identify all sources of Plaintiffs income and the amounts of income received from each source from April 1, 2013 through the present, including but not limited to: (a) income from employment; and (b) any monetary benefits, including but not limited to benefits received from a government, private, or employer-sponsored plan.


**RESPONSE TO INTERROGATORY NO.3:** Plaintiff received short and long term disability from Defendant Kenco from 2015 to date


**INTERROGATORY NO.4:**

    State whether Plaintiff has been convicted of any crimes during the last 10 years, including any such convictions which have been suspended or expunged, and with respect to each, state: (a) the date or approximate date of the conviction(s); (b) the crime(s) for which Plaintiff was convicted; and (c) the case number(s), court name(s) and address of the court(s) in which Plaintiff was convicted.


**RESPONSE TO INTERROGATORY NO.4:** I realize this is discoverable information; however, I believe that the question is stereotypical and not relevant to the merits of the matter. Even, if I were the most notorious criminal and most wanted person across the globe that has nothing to do with merits of the action. For the record the answer is NO!

**INTERROGATORY NO. 5:**

Identify every individual with personal knowledge of facts pertaining to the allegations in Plaintiff's Complaint and/or who may have discoverable knowledge, information, or data regarding this matter, and state the subject(s) of that knowledge, information, or data.

**RESPONSE TO INTERROGATORY NO. 5:**

Tammi Fowler, Kelvin Walsh, Mario Lopez, Lori Varvel, Valerie Lillie, Mike Manzello, Paula Hise, Trae Spear, Morris Tyson, Nathan Doss, Mardy Ringo, Anastasia Sandness, Vernon Henry, Noah Richcreek, Leonard Spzlett, Mary Madison, Karen Smith, Jay Elliott and others that may not have been identified at this time.

**INTERROGATORY NO. 6:**

Identify each expert retained or contacted by Plaintiff or her agents, and state the subject matter of the expert's proposed testimony, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Identify any report or any written opinion relating to this case prepared by such expert.

**RESPONSE TO INTERROGATORY NO. 6:**  James Kolka has been retained as the expert witness in relation to governing laws and has yet to complete or produce a report.

**INTERROGATORY NO. 7:**

If you contend that any part of Defendant's First Request for Production of Documents to Plaintiff calls for a document that is privileged in whole or in part, or contend that any document is protected from the discovery process, regardless of its relevance, state with specificity the reason for each such contention, objection, or ground for exclusion and identify the following: author, addressee, date, subject matter, number of pages, attachments or appendices, and the present custodian of each document.

**RESPONSE TO INTERROGATORY NO. 7** There is no contention to what has been produced.

**INTERROGATORY NO. 8:**

Identify every employer by whom Plaintiff has been employed (other than Defendant) from April 1, 2013 to the present, including each employer's last known address and telephone number. For each such employer state:

(a)     The date(s) of each such employment and Plaintiff's job titles and duties;

(b)     Plaintiffs compensation during each of the above positions, including without limitation Plaintiffs rate or rates of pay, identifying any raise or raises in pay in connection with any of the positions, with the dates thereof, as well as a description of any employee benefits Plaintiff received in connection with each employment and any other compensation or remuneration Plaintiff received in connection with each employment;

(a)     The reason for the termination or conclusion of each employment including, but not limited to, a statement of whether the termination of such employment was voluntary or involuntary;

(b)     The identity of each and every document upon which Plaintiff relied in answering, or which contains information requested in, this interrogatory; and

(c)     The identity of Plaintiffs last direct supervisor at each position described above.

**RESPONSE TO INTERROGATORY NO. 8:  None**

**INTERROGATORY NO. 9:**

(a) Identify every educational institution Plaintiff attended, starting with high school, (b) state the dates of attendance, (c) state whether Plaintiff received a degree or certificate, and, (d) if so, state the nature and the date of the degree or certificate.

**RESPONSE TO INTERROGATORY NO. 9:** Defendant already has Plaintiff's educational history and is contained in Plaintiff's personnel file.

**INTERROGATORY NO. 10:**

Identify every social media site (e.g., Facebook, MySpace, LinkedIn, a blog, etc.) to which you have subscribed and have made comments relating to Kenco, its officers or employees, or any discriminatory treatment you received or perceived, from April 1, 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 10:** None

**INTERROGATORY NO. 11:**

Identify each and every e-mail address from which you have sent emails or at which you have received e-mails since April 1, 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 11:** Plaintiff's work email, emcurry1@gmail.com, and the remaining email is a shared email and the person is not a party to this matter.

**INTERROGATORY NO. 12:**

Are you claiming that you suffered from any medical pain or suffering beyond garden variety emotional distress? If yes, please answer Interrogatory No. 13.

**RESPONSE TO INTERROGATORY NO. 12:** Yes

**INTERROGATORY NO. 13:**

Identify each and every doctor, health care professional, mental health care professional, psychiatrist, psychologist, therapist, counselor, or social worker whom Plaintiff has consulted or who has examined or treated Plaintiff between April 1, 2013 and the present, and include: (a) the dates of consultation, examination, and/or period of treatment; (b) the purpose of each consultation, examination, or treatment; (c) whether any written report or memorandum was prepared by such person relative to the consultation, examination, or treatment; (d) the physical location and custodian of the consultation, examination, or treatment records of any such person; and (e) the diagnosis, prognosis, treatment and cost of treatment.

**RESPONSE TO INTERROGATORY NO. 13:** Defendant Kenco is in possession of Plaintiff's medical files and list of doctor's through its third party administrator The Hartford due to Plaintiff's disability.

INTERROGATORY NO. 14:

Identify all individuals (other than privileged communications with an attorney) with whom you have discussed this lawsuit or your belief that Kenco discriminated against you, and describe the substance of the conversation:

**RESPONSE TO INTERRGATORY 14:** My Family, friends, doctors, Leonard Szplett, Mary Madison and others that I cannot recall. The substance was the adverse treatment of myself and other employees, as well as, the actions that were taken by Defendant during and post-employment; in addition to the investigations.

**INTERROGATORY NO. 15:**

State with specificity all damages and other relief you claim in this action.

**RESPONSE TO INTERROGATORY NO. 15:** Undetermined at this time

Plaintiff reserves the right to supplement these answers under her duty to disclose.

Submitted by:     Edith McCurry _Edith McCurry_     August 4, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

Edith McCurry,

                Plaintiff

           v.

Kenco Logistic Services, LLC, a Tennessee
Limited Liability Company, Mars, Inc., Kelvin
Walsh, Mike Manzello, David Jabaley, Tammi
Fowler and Mario Lopez,

                Defendants.

Case No. 2:16-cv-02273-CSB-EIL

Judge Colin Stirling Bruce

Magistrate Judge Eric I. Long

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF REQUESTS FOR

## PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Edith McCurry produces the

following documents for inspection and copying at the offices of Jackson Lewis P.C., 150 North

Michigan Avenue, Suite 2500, Chicago, Illinois 60601, Defendant Kenco Logistics Services, LLC

("Kenco" or "Defendant") as agreed.

## INSTRUCTIONS AND DEFINITIONS

    1.    The terms "Plaintiff," "you" and "your" refer to Plaintiff Edith McCurry.

    2.    The term "Defendant" or "Kenco" means Defendant Kenco Logistics Services,

LLC and its current or former officers, directors, managers, supervisors, employees,

representatives, assigns, agents, attorneys, consultants, divisions, departments, affiliates, and

subsidiaries.

    3.    The term "Complaint" means the Complaint filed by Plaintiff Edith McCurry in the

case captioned *Edith McCurry v. Kenco Logistics Services LLC et. al,* 16-cv-02273 as well as any

complaints consolidated with this lawsuit and any subsequently amended complaints.

4.     The term "document" means any written, graphic or recorded material of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, deleted, redrafted, or executed, prepared by or for, or in the possession, custody or control of Plaintiff, her attorneys or other persons acting on Plaintiff's behalf. Without limiting the foregoing, the term "document" includes the following: correspondence, memoranda, electronic mail messages, text messages, instant messages, chat-room messages, social network (e.g., Facebook, Twitter, MySpace, Google+, etc.) messages, computer generated documents, documents maintained on computer or computer disk, tapes, or other electronic storage media, notes, jottings, videos, film impressions, voice mails, recordings or transcriptions of verbal conversations or statements, however made, books, records, reports, surveys, studies, analyses, projections, business forms, labels, papers and forms filed with courts or other governmental bodies, notices, messages, calendar or diary entries, charts, tabulations, contracts, applications, maps, pamphlets, agreements, statistical or informational accumulation including all forms of computer storage and retrieval, transportation logs, appointment books, resolutions, minutes or informal memoranda of meetings, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) or material similar to any of the foregoing. If you have only maintained any responsive document(s) in electronic format and claim that you are not able to retrieve the data, specify in what format it was/is kept and the current status of the data.

5.     The term "communication" means any manner or form of information, memorandum, notes or message transmission, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, which is made by you or others or which is

distributed or circulated between or among persons, or data storage or processing units, including any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

6.     The teml "person" refers to and includes a corporation, partnership, joint venture, proprietorship, firm, company, employer, unincorporated association, individual, association of individuals, or any other such entity.

1.     The term "individual" means a natural person.

2.     The term "identify" means:

a.    When used with reference to a document, state: (i) the type of document (i.e., video, letter, memoranda, report, tape printout, etc.); (ii) the date when the document was prepared; (iii) the name of the individual who drafted or prepared the document; (iv) the present or last known location of the document or the identity of the individual who has custody of the document; and (v) such other information sufficient to enable Defendant to identify the document, such as the addressee(s), the approximate length in pages, persons who received copies, and a synopsis of its contents.

b.    When used with reference to a person, state its or their: (i) full name; (ii) organizational status (i.e., corporation, partnership, etc.); (iii) nature and character of its or their business or organization; (iv) business address and telephone number; (v) last known residential address and telephone number; and (vi) other similar identifying information, with the exception that if the person to be identified is an individual, then identify as in subparagraph (c).

c.    When used with reference to an individual, state his or her: (i) full name; (ii) last known residence address and telephone number; (iii) business address and telephone number; (iv) job title or position; and (v) other similar identifying information.

d.   When used with reference to a communication: (i) if written, identify the document as in subparagraph (a); and (ii) if oral, state the date of the communication and the individuals or persons who sent, received and otherwise had knowledge of the communication, and state the sub stance thereof.

9.     Whenever appropriate in these Requests, the singular form of a word shall be interpreted as plural and vice versa.

4.     Whenever appropriate in these Requests, the masculine form of a word shall be interpreted as feminine and vice versa.

5.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

6.     The terms "relating to" or "concerning" mean consisting of, referring to, reflecting, supporting, evidencing, contradicting, compromising, or being in any way legally, logically, or factually connected with the matter discussed.

7.     Plaintiff's responses should be organized for production in accordance with Federal Rule of Civil Procedure 34(b) and identified with reasonable particularity by Bates stamp or otherwise.

8.     If any document that would have been responsive to the Requests herein has been destroyed or is no longer in your possession, custody or control, provide the following information:

d.   The date of the document;

e.   The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;

  c. The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left your possession, custody or control; and

  a. The circumstances surrounding the loss of the document or the reason for its destruction.

15. If Plaintiff has no documents in his possession, custody, or control which are responsive to a particular Request, Plaintiff shall so indicate in writing.

16. With respect to any document for which a privilege is being asserted, identify such document by stating:

  b. The name, title and job or position of the document's author;

  c. The name, title and job or position of the document's sender;

  d. The name, title and job or position of every person who received or saw the document or any of its copies;

  e. The date of the document;

  f. The physical description of the document, including size, length, typed or handwritten, etc.;

  g. A brief description of the document's subject matter;

  h. The basis for the privilege asserted; and

  i. The name, title and job or position of all persons on whose behalf the privilege is asserted.

17. With respect to any conversation for which a privilege is being asserted, identify such conversation by stating:

  a. When the conversation occurred;

b.  Where the conversation occurred;

f.  The name, title and job or position of each person who was present at or during the conversation, whether or not such conversation was in person or by telephone;

g.  A brief description of the conversation's subject matter;

h.  The basis for the privilege; and

i.  The name, title and job or position of all persons on whose behalf the privilege is asserted.

18.     The Genetic Information Nondiscrimination Act of 2008 ("GINA") prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by law. To comply with this law, we are asking that you not provide any genetic information when responding to these Requests. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

9.     These Requests shall be deemed continuing in nature and further supplemental responses shall be served upon counsel for Defendant if and when Plaintiff obtains additional documents or information relevant to these Requests.

## DOCUMENT REQUESTS

1.         All diaries, journals, logs, or other recordings of events in Plaintiffs life from April 2013 to the present. The journals/logs are referenced as emails and correspondence on the disc.

2.    All documents relating to each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits), bankruptcy proceeding, and civil suit in which Plaintiff has been involved.  Defendant already has a copy Plaintiff's Social Security Disability benefit via the Hartford, in addition to the administrative and civil proceedings.  Plaintiff has no other documents to tender.

3.    All written or recorded statements of witnesses regarding any of Plaintiff's claims against Defendants.  Statements are from Leonard Szplett, Noah Richcreek, Tony Willis and emails to Tammi Fowler, David Jabaley and Kelvin Walsh, as well as, from Karen Smith.

4.    All documents relating to your job performance with Kenco. Plaintiff's personnel file should include any performance management documents from 2013-2015, according to Public and Defendant's policy.

5.    All documents reflecting how you were subject to different terms and conditions of employment after participating in a fact-finding conference, as referenced in your charge.  Emails and correspondence regarding payroll, schedule changes, Lori Varvel, and Valerie Lillie.

6.    All documents reflecting your efforts to apply for a promotion to HR manager.  Defendant did not post the position at the Mars Manteno facility; therefore, Plaintiff was not aware and application could not occur; Defendant has specific policies for non-exempt and exempt hiring.

7.    All documents reflecting how you were qualified for the promotion to HR manager, which you did not receive.  Signed job description and performance evaluation.

8.    All documents supporting your allegation that you were paid less than male employees with the same credentials. Len Szplett IDHR/EEOC file and Defendants evidence.

9.    All documents supporting your allegation that Kenco discriminated against you because of your age.  Defendants exhibit L

10.    All documents supporting your allegation that you were or are disabled.  Defendant is already in possession of Plaintiff's short and long term disability records and other application(s) for disability.

11.    All documents supporting your allegation that Kenco discriminated against you because of a disability.  Defendant is already in possession of the documents that it disseminated to me regarding

Cobra (continuing benefits) and the price variances, as Defendant's VP of legal made contact after a complaint was filed.

12.    All documents supporting your allegation that you were discriminated against because of your gender. Len Szplett IDHR/EEOC file and Defendants evidence

13.    All documents supporting your allegation that you were retaliated against. Documents contained in Plaintiff's personnel file, Defendant's evidence submitted to the IDHR/EEOC, schedule changes, WARN Act notification, hiring of Varvel, emails to Fowler and Varvel.

14.    All documents supporting your allegation that you were demoted by Kenco. Documents contained in Plaintiff's personnel file and emails to Fowler and Varvel, as well as, Defendants position statement to the IDHR/EEOC in Madison's case.

15.    All documents relating to any action by Defendant that you contend was an unlawful adverse employment action. Personnel file, WARN Act notification, 11/2014 Varvel communication to Plaintiff, OFI, email to Fowler and Register regarding employment verification.

16.    All documents relating to complaints you made to anyone at Kenco regarding discriminatory treatment. Emails: Karen Smith, Fowler, Register, Walsh and Lopez.

17.    All documents relating to any other employee of Defendant who you contend is similarly situated to you, is not a member of your protected class and was treated more favorably than you. None available at this time.

18.    All documents constituting, referring to or relating to communications between you and any employee or former employee of Kenco after your employment with Kenco terminated, including but not limited to emails and text messages. None available at this time.

19.    All non-privileged communications regarding this lawsuit, the claims made in this lawsuit, or the defenses to this lawsuit. Information has previously been supplied to you on the CD.

20.    All documents you removed from Kenco's premises at any time. Electronic records were available to employees via internet 24/7.

21.    All documents relating to any monetary damages Plaintiff claims to have suffered as a result of Defendant's conduct. Undetermined at this time.

22.    All documents relating to any non-monetary damages Plaintiff claims to have suffered as a result of Defendant's conduct. Undetermined at this time

23.    All documents relating to any other relief sought by Plaintiff. Information contained on disc.

24.    All documents that were identified in or are responsive to Defendant's First Set of Interrogatories to Plaintiff. Information contained on disc

25.    All documents that were reviewed in preparation of Plaintiffs responses to Defendant's First Set of Interrogatories to Plaintiff.   Information contained on disc.

26.    All documents that Plaintiff believes tend to substantiate the allegations asserted in the Complaint.   Information contained on disc and perhaps other discoverable information yet not gathered.

**27.**    All documents that Plaintiff believes tend to refute the allegations asserted in the Complaint. **None**

28.    All documents Plaintiff may offer into evidence or use at trial in this case.   Information contained on disc and perhaps other discoverable information yet not gathered.

29.    To the extent not already encompassed within any of the foregoing document requests, all documents that Plaintiff has provided to third parties that refer or relate to her employment with Kenco, or that otherwise refer or relate to her allegations against Defendant. Information contained on disc and perhaps other documents that are not in control of Plaintiff at this time.

30.    To the extent not already encompassed within any of the foregoing document requests, all documents that Plaintiff has received from third parties that refer or relate to her employment with

Defendant, or that otherwise refer or relate to her allegations against Defendant. Information contained on disc.

31.    All documents containing or referencing income received by Plaintiff for the period commencing April 2013, and continuing to the present, including but not limited to Plaintiff's federal and state tax returns for the years 2013 to present, "W-2" forms, and "1099" forms. Defendant Kenco is in possession of Plaintiff's W-2's from 2013 to date that includes disability received from Defendant Kenco

32.    For the period from February 2015 through the present, all documents relating to Plaintiff's efforts to obtain employment, including but not limited to employment applications or inquiries Plaintiff has made (including any logs, diaries or any other records of such inquiries kept by Plaintiff or on behalf of Plaintiff) and documents submitted to or received from third parties. None. Plaintiff is disabled.

33.    If you are claiming medical suffering beyond garden variety emotional distress, please provide  Defendant is already in possession of Plaintiff's records as it is a requisite of disability.

   A.         All documents relating to your admission to, or treatment at, any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis, since February, 2006.

   B.         All documents relating to any medication or medical device prescribed to you since February 2006, including but not limited to, any documents that reflect the name and dosage of such medication or medical device.

   C.         A signed copy of the Medical Authorization Form attached as Exhibit A.

34.    All documents provided by you or your agents to any expert witness, psychologist, psychiatrist, and/or physician you and your agents have consulted or retained in connection

with this action. Information contained on disc and other information not in possession of Plaintiff at this time.

35.    All documents received from any expert witness, psychologist, psychiatrist, and/or physician you and your agents have consulted or retained in connection with this action. Not yet available.

36.    All documents you or your agents have submitted to any federal, state or local government agency relating to any of the allegations in the Complaint, including but not limited to documents submitted to the Illinois Department of Human Rights and the Equal Employment Opportunity Commission.   Information contained on disc and other information not in possession of Plaintiff at this time.

37.    All documents you or your agents have received from any federal, state or local government agency relating to any of the allegations in the Complaint, including but not limited to documents received from the Illinois Department of Human Rights and the Equal Employment Opportunity Commission.   Information contained on disc and other information not in possession of Plaintiff at this time.

38.    All documents you contend constitute or contain admissions against interest by any Defendant.   Information contained on disc and other information not in possession of Plaintiff at this time.

39.    All pages of any social media site (e.g., Facebook, MySpace, LinkedIn, a blog, etc.) to which you have subscribed and/or maintained from April 2013 to the present. A copy of your Facebook account can be obtained by going to your Facebook account and looking under the Home >Account Settings menu for the link to "Download a copy of your Facebook data."  Do not have one.

39.    All documents relating to any communications, including electronic, internet or online communication, posting, response to posting, update, response to update, comment, response to

comment, e-mail, instant message, text message, voice mail message, twitter message or tweet, between you and any person, including but not limited to Mary Madison, Vernon Henry, Morris Tyson, Mardy Ringo, Nathan Doss or any of your friends, family, neighbors, current or former co-workers, colleagues, acquaintances, and strangers, that relate to Defendant, your employment with Kenco, or your claims against Defendant.    Information contained on disc and perhaps other information not in the possession of Plaintiff

40.    All other documents (not otherwise produced) identified in, or to be identified in, Plaintiff's disclosures to Defendant under Rule 26(a)(1) of the Federal Rules of Civil Procedure.    Information contained on disc.

Plaintiff reserves the right to supplement these answers under her duty to disclose.

Submitted by:          Edith McCurry    *Edith McCurry*          August 4, 2017
                       6239 South 13110 East Road
                       Pembroke Township, IL 60958

<u>CERTIFICATE OF SERVICE</u>

I, Edith McCurry, Plaintiff, hereby certify that on this 4th day of August, 2017 I served a copy of the attached supplemental Responses to Defendants' First Set of Requests for Production and Interrogatories via U.S. Mail upon:

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601

Submitted By: *Edith McCurry*

Edith McCurry (pro se)
6239 South 13110 East Road
Pembroke Township, IL 60958