IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
URBANA DIVISION

| | |
|---|---|
| Edith McCurry, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cv-02273-CSB-EIL |
| ) | |
| v. ) | Judge Colin Stirling Bruce |
| ) | Magistrate Judge Eric I. Long |
| ) | |
| Kenco Logistic Services, LLC, ) | |
| *a Tennessee Limited Liability Company,* ) | |
| Mars, Inc., Kelvin Walsh, Mike Manzello, ) | |
| David Jabaley, Tammi Fowler and Mario Lopez ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE
AND BAR PLAINTIFF'S PROPOSED EXPERT JAMES KOLKA**

Defendants, Kenco Logistics Services, LLC, Mike Manzello, David Jabaley, Mario Lopez, Tammi Fowler, Lori Varvel and Kelvin Walsh by and through their undersigned attorneys, move to strike Plaintiff Edith McCurry's Expert Report and Bar Testimony by James Kolka. In support thereof, Defendants state the following:

**INTRODUCTION**

Plaintiff Edith McCurry's employment discrimination claims against Defendants do not require an expert witness. Her purported expert, James Kolka, should be barred and his report should be stricken for three reasons. *First*, Kolka's ISO and quality management background has no relationship to any of the issues in the litigation and his claimed expertise will not assist the trier of fact. *Second,* Kolka's opinions are not "expert" in nature, because they are not grounded in any scientific methodology and consist entirely of personal observations. *Finally*, the expert report is untimely and incomplete. McCurry's apparent copy-and-paste job from the expert disclosed by

1

plaintiff Mary Madison in her lawsuit has buried Defendants with 1718 pages of incoherent expert opinions in ISO standards which have no relationship to the facts or issues in her lawsuit.[1]  The report is irrelevant to the issues in this case, unreliable, and should be stricken.

## I.  FED. R. EVIDENCE 702 STANDARD FOR EXPERTS

Kolka's "expert report" is not admissible under the standards governing the use of expert witnesses. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the Supreme Court held that expert testimony is admissible only if it is both relevant and reliable.  The Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Id.* at 597.  S*ee also Fed. Rule Evid. 702 (*A qualified witness may testify as an expert if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case).

Applying these guidelines to this case, it is clear that the proposed expert opinions contained in James Kolka's report are neither relevant to his claimed area of expertise nor reliable, and as a result, Kolka should be barred as an expert in this litigation.

---

[1] *Exhibit A* is a copy of James Kolka's expert report provided by McCurry. This report is being broken up into parts before being filed due to the fact that it is 1718 pages, and will also be mailed to the Court.

## II. KOLKA'S EXPERT OPNIONS ARE INADMISSIBLE UNDER FED. R. EVIDENCE 702 BECAUSE THEY ARE UNRELATED TO HIS CLAIMED AREA OF EXPERTISE AND UNRELIABLE.

Kolka should be barred as an expert witness because an ISO expert is not relevant to McCurry's claims. Further, Kolka does not even provide opinions related to his claimed area of expertise. His opinions are unreliable and he is not a qualified expert to opine on such matters.

Kolka's expert report is extremely disorganized and lacks any coherent summary as to why he has been hired as an expert or on what topics he intends to opine. Much of it appears to consist of information about the ISO standards that was pulled from Plaintiff Mary Madison's case against Kenco and has no place here. Defendants' best attempts to discern how Kolka's opinion could possibly aid the jury identify the following statements in Kolka's report which appear to be the topics about which Kolka intends to provide expert opinions:[2]

- **Opinion #1:** Kenco receiving charges from over 10 former employees constitutes a "pattern or practice" of deliberate and intentional systemic discrimination (*Ex. A, Page 16*)
- **Option #2:** McCurry was more than an HR Clerk and was able to receive complaints of discrimination (*Ex. A, Page 17*)
- **Opinion #3:** Mary Madison's statement to the law firm Miller & Martin that she told McCurry not to do anything about her alleged complaints is hearsay (*Ex. A, Page 19*)
- **Opinion #4:** Plaintiff's personnel file is missing certain alleged documents and McCurry should not have been written up for working after she punched out because there was no policy in place that she violated (*Ex. A., Page 20*)
- **Opinion #5:** Plaintiff had positive performance reviews (*Ex A, Page 20*)
- **Opinion #6:** Plaintiff was ostracized and benefits were taken away from her (*Ex A, Page 20-21*)
- **Opinion #7:** Defendants engaged in intentional infliction of emotional distress and breached duties of care and fiduciary obligations (*Ex. A, Page 21*)
- **Opinion #8:** Defendants' position statements were false, misleading, impeding, obstructive and perjured because Defendants no longer had access to certain former employees or Mars (*Ex. A, Page 22*)

---

[2] Kolka may be intending to give other "expert" opinions but due to the disorganization of the report and the number of unsupported statements in it, it is difficult to separate out which specific statements he considers his expert opinions.

- **Opinion #9:** Defendants provided discovery responses in other cases (not the *McCurry* lawsuit) which were vague and ambiguous (*Ex. A, Page 23*)
- **Opinion #10:** Defendants did not adequately investigate safety hazards (*Ex. A, Page 23*)

Kolka's expert report provides <u>no</u> supporting methodology for any of his opinions. Further, not a single one of Kolka's opinions have any relationship to his purported expertise in ISO and quality management. The opinions are nothing more than unsupported, generalized conclusions that McCurry was treated unfairly or Kenco should have investigated certain complaints more. These opinions are non-expert in nature and are unreliable. *See Jones v. Nat'l Council of YMCA*, 2013 U.S. Dist. LEXIS 129236, *29-*30 (N.D. Ill. Sept. 5, 2013) (striking report and testimony of proposed expert where opinions appeared to be speculative and lack scientific basis).

In similar situations, where expert opinions appear to consist of generalized observations that are not founded in any technical knowledge, expert testimony does not meet the requisite level of reliability in order to be admissible. The Seventh Circuit's opinion in *Naeem v. McKesson Drug Co.,* 444 F.3d 593 (7th Cir. 2006) is instructive. The Court of Appeals stated that "experts' work is admissible only to the extent that it is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff – deploying neither data nor analysis – is not an acceptable methodology." *Id.* at 608. The Court held that an expert's general observations regarding what is normal or usual business practice do not meet the requisite level of reliability. The Court stated that the objective of *Daubert* is to ensure that "an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

Here, Kolka's proferred expert testimony is neither reliable, nor does it have any relationship to Kolka's claimed expertise. McCurry could have hired lay person to make the same unsupported assertions that James Kolka is saying in this "expert" report, and accordingly, this type of proposed testimony is not expert in nature. McCurry's borrowing of Mary Madison's

4

expert report is misplaced in this lawsuit, and Kolka's incoherent musings about ISO standards do not assist with any issue in this employment discrimination litigation.

### III.  PLAINTIFF'S EXPERT DISCLOSURE IS UNTIMELY AND INCOMPLETE.

Plaintiff's expert disclosure should further be stricken and barred because it was disclosed late, and is incomplete. Plaintiff's expert disclosure was originally due July 13 (Dkt. 40.) Upon Plaintiff's Motion, that deadline was extended to August 14, 2017. Plaintiff mailed her expert disclosure to Counsel for Defendants on August 16, 2017 two days after the court-ordered deadline. The CD arrived on August 23, 2017. *See Exhibit B, Copy of Envelope Containing Kolka Report.* This August 14 deadline was firmly set by the Court, and the fact that discovery remains ongoing does not give Plaintiff the right to disregard court-ordered deadlines in this litigation. "Under the Federal Rules of Civil Procedure, it is the court's prerogative - indeed, its duty-to manage its caseload and enforce deadlines. It is not the right of a party who chooses not to comply with those deadlines to be able to restructure them at will." *See Finwall v. City of Chicago,* 239 F.R.D. 494, 500-501 (N.D. Ill. May 31, 2006) (striking untimely expert report). Plaintiff has not presented any justification for her failure to comply with the deadline which had already been extended for her. Accordingly, in addition, expert James Kolka should be stricken and barred because the disclosure was untimely. *See Verotix Sys. V. Ann Taylor, Inc.,* 2004 U.S. Dist. LEXIS 16973, *19 (N.D. Ill. Aug. 23, 2004) (barring expert for untimely disclosure). Given that Plaintiff appears to be yet another former employee suing Kenco who has been receiving assistance from an attorney who has not filed an appearance, the disregard for court-ordered deadlines should not be excused (*See* Dkt. 49.)

Moreover, Plaintiff's expert report lacks required information, including Kolka's compensation and a list of prior expert depositions or trials. Federal Rule of Civil Procedure 26(a)(2)(B) states as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). A party's Failure to comply with Rule 26(a)(2)(B) results in "automatic" exclusion unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *See Salgado by Salgado v. GMC,* 150 F.3d 735, 742 (7th Cir. 1998). Courts will strike an expert report that fails to meet these requirements. *See Benedetti v. Soo Line R. Co,* 2004 U.S. Dist. LEXIS 24642, *4 (N.D. Ill. Sept. 29, 2004) (striking report that failed to include resume, fee schedule, and list of cases). Thus, McCurry's disclosure of James Kolka also is untimely and incomplete, and should be stricken.

## **CONCLUSION**

WHEREFORE, for all the reasons stated herein and in Defendants' Motion, Defendants request that this Court strike the proposed expert report of James Kolka submitted by McCurry, bar his testimony in accordance with Federal Rule of Evidence 702, and grant such further relief as this Court deems just and proper.

Dated: September 11, 2017

Respectfully submitted,

**KENCO LOGISTIC SERVICES, LLC, MIKE MANZELLO, MARIO LOPEZ, DAVID JABALEY, TAMMI FOWLER, LORI VARVEL AND KELVIN WALSH**

By:/   /s/ Jody Wilner Moran
         One of its Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
**Jackson Lewis P.C.**
150 North Michigan Ave., Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, Jody Wilner Moran, an attorney, hereby certify that on September 11, 2017, I electronically filed a copy of the foregoing **Defendants' Memorandum in Support of Their Motion to Strike Plaintiff Edith McCurry's Expert Report and Bar Testimony from James Kolka** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was also sent via U.S. mail to:

>Edith McCurry
>6239 South 13110 East Road
>Pembroke Township, IL 60958

By: /s/ *Jody Wilner Moran*
One of the Attorneys for Defendant