IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
ILLINOIS URBANA DIVISION

| | | |
|---|---|---|
| EDITH MCCURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:16-cv-02273-CSB-EIL |
| V. | ) | Judge Colin Stirling Bruce |
| | ) | Magistrate Judge Eric I. Long |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION ON CONFIDENTIAL ORDER

1.     I have knowledge and believe that HIPAA laws protect my privacy and the privacy of others related to medical situations.

2.     I have knowledge and believe that Rule 5.2 of the Civil Rules of Procedure address redacted filings that limit the last four (4) digits only of a person social security number to be filed and the last four digits of a financial-account number to be filed amongst other provisions.

3.     As the former HR Administrator for Defendant Kenco and Mars I am very familiar with Defendant's policies, procedures, and protocols.

4.     Mars, Inc. set the governing rules, workflow and tone of the Mars Manteno facility, since its inception.

5.     All of the named Defendants, except Mars, Inc. our employer, were hired after I began working in 1999 and were subject to the dictates of Mars, Inc.

1

6.    For more than fifteen (15) years, shortly after the inception of the Mars Manteno Facility, I had implemented, developed and enforced the policies, procedures and protocols that governed the employment of the employees of the Mars Manteno Facility, as well as, ensuring the compliance of the facility and its employees to the prevailing employment rules, regulations and laws.

7.    Prior to Defendant Kenco being hired as the 3rd party logistics manager of the Mars Manteno Facility in April of 2013, the HR and Accounting Department worked independently and without support from any other source or entity.

8.    Specifically, I was responsible for ensuring that any changes in and to the current laws, whether employment law, employee benefits, employee/employer financial or taxation laws were up to date and applied correctly to ensure compliance.

9.    At the height of my HR and Accounting duties, there were close to five (5) hundred employees employed at the Mars Manteno Facility that required the full administration of Human Resources that included and was not limited to: recruiting, hiring, disciplinary action, firing, and various employee/employment issues to name a few; these duties were underscored when I assisted in managing operation budgets of $17M to $26M annually.  In addition, I did daily financial analysis, modeling and statistical data of the Key Performing Indexes (KPI's) of the Mars Manteno Facility.

10.    Also it is not unreasonable to believe that after more than fifteen (15) years and several thousand employees later, I have had the opportunity to experience a vast amount of varied employee/employer issues throughout this time.

11.    The HR and Accounting Department at the Mars Manteno Facility was always found to be in compliance to the governing employment laws.

2

12.     As the HR Administrator, I have a proficiency in maintaining confidential and sensitive information of the company and its employees as mandated by law.

13.     My proficiency also entails employment law and the compliance to and of the employment laws; this was done as a matter of ordinary course of my duties since 1999.

14.     To be specific, I applied the HIPPA law and other laws that protected the privacy of employees through the segregation and or redaction of sensitive information such as medical information, social security numbers and other unique identifying information.

15.     I have also worked with outside agencies and entities regarding confidential and sensitive information regarding employees.   These agencies and entities include: The Internal Revenue Service, Illinois Department of Employment Security, Department of Labor (state and federal), Illinois Workers Compensation Commission, physicians, insurance and benefits administrator(s), and various courts to name a few.

16.     I have knowledge and believe that the Defendant's policies, procedures, and protocols are patterned after either: industry standards and norms or governmental rules and or regulations or a combination of the two (2).

17.     Industry standards and the governmental rules and or regulations are public information.

18.·     I have knowledge and believe that Defendant's policies, procedures, and protocols do not contain any sensitive information, that may include trade or patent secrets or processes that may/could cause Defendant Kenco or Mars harm.

19.     I have the expectation that Defendants would follow the prevailing laws and respect the privacy of any party involved with respect to HIPAA and Redacted filings, just as I would.

20.    I have this expectation because this was done as a means of ordinary course of business by Defendants.

21.    I do not agree that Defendant should be allowed a Confidential Order of Protection based upon the facts and provisions of HIPAA and Rule 5.2.

22.    The issues at hand are relative to the administration of Defendants' policies, procedures, and protocols towards its employees.

23.    Defendant's policies, procedures, and protocols are based upon a mandated system of standardization under the Food Drug and Cosmetic Act, called ISO-International Organization of Standardization.

24.    This system under the Food Drug and Cosmetic Act mandate that records are to be kept and are to be kept in a particular fashion, documented and styled accordingly; and in compliance with the prevailing mandates and accessible for review upon request.

25.    This same act also requires that all persons are to be qualified to perform their designated jobs.

26.    The particular standard for Defendants is ISO 22000 and Defendants are to be certified to these standards under 21 CFR Chapter I Subchapter M for federal compliance.

27.    This same standard reiterates that all persons are to be qualified to perform their designated jobs and specifically details a requirement for the company to provide the resources-Human Resources to establish and maintain the framework necessary to uphold and comply with these standards.

28.    Also, based upon the mandated standards of law Defendants are held to I do not agree that Defendant should be allowed a Confidential Order of Protection.

29.    I believe that allowing Defendants to hide behind a court order to cherry pick to their advantage what they deem most favorable for themselves is prejudicial and harmful to

me.   Especially, when what they are asking is done as a matter of course ordinarily in their day to day business operations.

30.    I also believe that Defendants are using this to continue to violate my protected rights.

31.    I also believe that it is a contrived plan to violate my rights and further Defendants cause at my expense.

32.    It is hard for me to believe that Defendants are not aware of the prevailing laws of HIPAA, Rule 5.2 and others, in addition to the standards in which they are mandated by law to be certified to and execute daily for compliance.

33.    I also believe that it is highly harassive and discriminatory to allow Defendants to disallow me not to show any documents that they mark confidential to legal counselors or advisors that are not on record for assistance.

34.    I believe that I am allowed the right and privilege to seek legal counsel.

35.    I also believe that implementing this condition is highly prejudicial and harmful to me and my case.

36.    I also believe that setting such a precedence erodes the overall rights of prose litigants that are not able to afford legal counsel or choose not to pursue that option.

37.    I also believe that Defendants are fixated and continue to make an issue of a now common practice of using selected services from legal professionals as a focal point as a diversion to the issues at hand.

38.    I also believe that such a directive changes the landscape of the HIPAA and other privacy laws and its intent to afford the right of privacy to a self-serving platform to escape liability.

39.    I also believed that the law was to bring equity to parties and not to be used biasly or discriminately to widen the gaps of disparity or inequality.

40.    I also believe that it is a step backwards in the efforts to make legal services available to those who could not ordinarily afford those services by imposing such a condition to restrict legal services to be rendered by those only on record.

For all of the reasons and rationale listed, I am asking that Defendant's motion for Confidential Order be denied.

Respectfully Submitted By:

Edith McCurry (pro se)
6239 South 13110 East Road
Pembroke Township, IL 60958

## CERTIFICATE OF SERVICE

I, Edith McCurry, the undersigned, certifies that on this 15TH day of September 2017, I did file a MOTION IN OPPOSITION TO DEFENDANT'S MOTION ON CONFIDENTIAL ORDER with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 2:16-cv-02273-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.


Respectfully Submitted By:



*Edith McCurry*
Edith McCurry (pro se)
6239 South 13110 East Road
Pembroke Township, IL 60958



Kimberly J. Overbaugh            Jody Wilner Moran
Thomas R. Davies                 Julia P. Argentieri
Harmon & Davies, P.C.            Jackson Lewis P.C.
2306 Columbia Ave                150 North Michigan Ave., Suite 2500
Lancaster, PA 17603              Chicago, IL 60601