E-FILED
Friday, 22 September, 2017  08:14:58 AM
Clerk, U.S. District Court, ILCD



### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

Edith McCurry,

           Plaintiff

         v.

Kenco Logistic Services, LLC, a Tennessee
Limited Liability Company, Mars, Inc.,
Kelvin Walsh, Mike Manzello, David
Jabaley, Tammi Fowler and Mario Lopez,

           Defendants.

Case No. 2:16-cv-02273-CSB-EIL

Judge Colin Stirling Bruce

Magistrate Judge Eric I. Long

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Pursuant to Rules 33 and 34 I answered Defendant's questions and produced documents that were in categorized manner.

Defendants' motion to compel is conveniently contradicting.

Defendants meticulously outlined their requests and the original responses, but fail to attach the supplemental responses that they say are inadequate.  It is attached as Exhibit 1

I.     Regarding Defendants' Interrogatory number one (1), Defendant is fully aware that I have been on disability from them since 2015 and unable to work.  To be on disability, Defendant has a number of requirements that are to be fulfilled.  The primary one in access to my medical records based on a sign release that was given to them in 2015.  Defendant has had access and in possession of my medical records in continuum since 2015.  Defendant is self-insured and uses an administrator.  Consequently, due to the fact that Defendant Kenco is self-insured they have direct access to medical records.

Defendants requested that another medical release be signed when they made their discovery request.  However, Defendants counsel did not attach that form or the Social Security form.  I

informed counsel that the information was missing in its mailing. The medical release form was the only form I received from Defendants. I signed it and returned the form that was sent to me.

It is my responsibility to provide access to my medical records, but it is not my responsibility to ensure that Defendants' follow through on their request s properly. I informed them that the information was missing and I cannot be held responsible because of something someone else did not do for themselves. For all I know they could have changed directions. Besides, it would be senseless not to sign the Social Security release form, as the records that Social Security have on file are the same exact records that would have come from the doctors that Defendant Kenco is already in possession of and has had access since 2015. Application for Social Security benefits was also a requisite for Defendant Kenco's disability requirements.

I also indicated in my response that I did not have any additional information to provide to them regarding the other matters. I cannot give them something I do not have.

**II.**     Interrogatory 13 ties into number one (1), Defendant Kenco has access to the records through Hartford its 3rd Party Administrator that has a comprehensive listing and outline of everyone that I have seen through referrals and the services that are performed. In addition, I was on Defendant Kenco's medical insurance, again affording Defendant Kenco the opportunity and access to know, see and review every doctor that I have seen. Defendant Kenco is self-insured with its medical as well.

From my perspective there was and is no reason for me to keep up with such detailed information or have any of the records. Not to mention that there is an associated cost in obtaining these records that I was not interested in bearing. The most important thing here is that I have given them written access on two (2) separate occasions, over and beyond them having natural access to it as a matter of course of business as the insurer.

**III.**     Interrogatory number 5 in short wanted me to state persons who had personal knowledge, facts or discoverable information relative to the allegations made by me.

My response was:

**RESPONSE TO INTERROGATORY NO. 5:**

Tammi Fowler, Kelvin Walsh, Mario Lopez, Lori Varvel, Valerie Lillie, Mike Manzello, Paula Hise, Trae Spear, Morris Tyson, Nathan Doss, Mardy Ringo, Anastasia Sandness, Vernon Henry, Noah Richcreek, Leonard Spzlett, Mary Madison, Karen Smith, Jay Elliott and others that may not have been identified at this time.

With surety I can say these persons had information, as they have either been referenced by Defendant as having information about my specific allegations or been a part of the investigation or contributed to various decisions being made or I have been cross-referenced or referenced by Defendant as being a party to some of the listed persons complaints, either indirectly or directly. In addition, my complaint(s) set out the information that was relevant to each person listed.

IV.    Interrogatory number 14 wanted to know to whom I spoke with and the substance of the conversations.

This was my response on August 4, 2017:

"My Family, friends, doctors, Leonard Szplett, Mary Madison and others that I cannot recall. The substance was the adverse treatment of myself and other employees, as well as, the actions that were taken by Defendant during and post-employment; in addition to the investigations."

It is my belief that I answered the question adequately and I am not sure what else Defendant is looking for.

V.    Interrogatory number 15 speaks to all damages and relief that is being sought. This was my response on August 4, 2017:   Undetermined at this time.

This answer in my opinion is correct based upon Defendant's phraseology that encompassed all. Due to a number of issues that have not been concluded medically and the actions and behaviors of Defendants and their agents during and post-employment at this time it cannot be defined with specificity.

**Defendants states that 1, 18, 20, 21, 31, 33, and 40 are in adequate regarding Request for Production.**

I.    Production number 1:

1.          All diaries, journals, logs, or other recordings of events in Plaintiffs life from April 2013 to the present. Documents contained on CD, as well as, discoverable and FOI requested documents. **June 17, 2017**
The journals/logs are referenced as emails and correspondence on the disc. **August 4, 2017**
The documents contained on the disc are in numeric order and categorized into Emails, Policies, and Correspondence. Consequently, I disagree that they are not tagged or labeled. I am not sure how much plainer it can be made that the journals/logs of events in my life are those captured in the emails and correspondence.

II.    Production number 18:

18.    All documents constituting, referring to or relating to communications between you and any employee or former employee of Kenco after your employment with Kenco terminated, including but not limited to emails and text messages. Documents contained on CD; was not emailing and does not text. **June 17, 2017**

None available at this time. **August 4, 2017**

There was a misinterpretation of the question initially when my answer referenced documents contained on CD are relative to the time I was employed at the Mars Manteno Facility. The remaining statements were correct. However, on August 4, 2017 I indicated that no documents were available at that time because I do not have that documentation.

III.    Production number 20:

20. All documents you removed from Kenco's premises at any time.

This is a broad vague request, needs to be more detailed: Documents, contained on CD, Plaintiff reserves the right to supplement as required. **June 17, 2017**

Electronic records were available to employees via internet 24/7. **August 4, 2017**

I indicated initially that this request was broad and required more detail. First of all, the Mars Manteno facility was not Kenco's premises; they were only the managers of the company for Mars, Inc. Mars, Inc. was financially responsible for the Mars Manteno Facility and Kenco just passed through the bills Mars, Inc. Mars, Inc. also was the employer of all persons of the Mars Manteno facility, as they drove every aspect of the facility, even including employment decisions. In addition, whatever documents that Kenco had they were available to employees on line via the internet from any location across the globe. Also, as the HR Administrator and as a part of the accounting department staff doing financial modeling and other accounting functions, I was authorized to work from home and authorized to administer and be in possession of all of the documents relative to the Mars Manteno Facility. Defendant was aware of my accessibility to information. Essentially there was no documentation, employee file, report, static, key performing index, policy, procedure that I was not authorized to handle or have access to and considering the number of years that I have performed these duties and tasks it is impossible to provide any further clarification.

IV.    Production number 21:

21.    All documents relating to any monetary damages Plaintiff claims to have suffered as a result

of Defendant's conduct.  Documents contained on CD, as well as, yet to be determined. June 17,

2017

Undetermined at this time.  August 4, 2017


 I indicated initially that whatever documents I had relative to any damages were contained on the CD

and in my opinion those documents were relative to the allegations made in my complaint.

Seemingly, my interpretation was incorrect and because I had no more documents, I could not

determine or produce any other documents to satisfy this production request as noted on August 4,

2017.

V.    Production number 31:


31.    All documents containing or referencing income received by Plaintiff for the period

commencing April 2013, and continuing to the present, including but not limited to Plaintiff's

federal and state tax returns for the years 2013 to present, "W-2" forms, and "1099" forms.

Plaintiff has not received any income outside the employment of Defendant Kenco, Kenco has

the documents containing and referencing Plaintiff's wages when employed, and disability

income. June 17, 2017

Defendant Kenco is in possession of Plaintiff's W-2's from 2013 to date that includes disability

received from Defendant Kenco    August 4, 2017

I indicated initially on June 17, 2017 and again on August 4, 2017 that Defendant Kenco has and is in

possession of the information that they requested regarding my wages. I have no record of filing 2014

taxes and due to a computer crash. I did not file taxes on the disability received from Defendant

Kenco. 2013 taxes are attached as Exhibit 2. I have exclusively worked at the Mars Manteno Facility since 1999 as the HR Administrator.

VI.    Production number 33:

33.    If you are claiming medical suffering beyond garden variety emotional distress, please provide  Defendant Kenco has possession of these documents because they are self-insured and their 3rd party administrator requested them. **June 17, 2017**

Defendant is already in possession of Plaintiff's records as it is a requisite of disability. **August 4, 2017**

    A.  All documents relating to your admission to, or treatment at, any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis, since February, 2006.

    B.  All documents relating to any medication or medical device prescribed to you since February 2006, including but not limited to, any documents that reflect the name and dosage of such medication or medical device.

    C.  A signed copy of the Medical Authorization Form attached as Exhibit A.

I indicated initially on June 17, 2017 and again on August 4, 2017 that Defendant Kenco is possession of this information due to them being self-insured for medical and disability. Furthermore, I would not have "all" of the documents requested, if I had any at all. Therefore, I pointed the direction that could provide them what they are asking for. In addition, as you can see, Defendant only referenced the Medical Authorization form as designated in Section C of number 33. Consequently, Defendants never requested or submitted a form regarding Social Security. Therefore, Defendants have made a false allegation to this court regarding my refusal to sign off on the requested form.

I believe that Defendants in their continued deviant, disruptive and obstructive behavior have done this to create strife, disharmony and tension between myself and the court. This action is a prime example of how Defendants have manipulated and contrived situations that cause hurt and harm to people and further put them at a disadvantage and speaks directly to the issues raised.

VII.    Production number 40:

40.    All other documents (not otherwise produced) identified in, or to be identified in, Plaintiff's disclosures to Defendant under Rule 26(a)(1) of the Federal Rules of Civil Procedure.    Documents contained on CD, as well as, discoverable FOI requested documents. **June 17, 2017**

Information contained on disc. **August 4, 2017**

I indicated initially on June 17, 2017 that the information on the disc contained discoverable information that had been gotten through FOI requests and in essence had fulfilled their request of "all" as being encompassing.

My understanding leads me to believe that the rule states that I am supposed to turn over everything that I have regarding this case and that if I should come across additional information at any time it is my responsibility to furnish that information as well.

There are a few additional items that need to be rectified and they are as follows:

I was the HR Administrator for the Mars Manteno Facility since 1999. See attached Job description Exhibit 3

Defendants continue to mischaracterize me as a clerk for their self-serving purposes. An example of this was when Defendants told the Illinois Department of Human Rights and EEOC in a written statement that I was a clerk in the Mary Madison case and that I was unable to accept any reports of unlawful behavior or misconduct on behalf of the company. By them stating this

they went on to say and further their cause that because of this they had no knowledge that Ms. Madison had made any complaints.

This little slip of mischaracterization not only impacts Ms. Madison, but a number of other persons, as well as, as myself. It specifically affects me because it demonstrates that I was marginalized, downgraded and minimalized as an employee and is a basis of my complaint for the harassment and adverse employment decisions that I was subjected to, as well as, Defendant intentionally and willfully failing to follow its own implemented standardized policies or the disparity in which these policies were applied with regards to the terms and conditions of the employment of myself and other employees. I am also aware from professional experience that the government does not recognize job titles but the duties performed by an individual for employment classification purposes.

Defendant also contradicts itself again when it stated in number 8 in its Memorandum that "Plaintiff has failed to respond to the Rule 37 letter and has not provided any supplemental discovery responsive to address the issues raised by Defendant." Contrarily Defendant stated in the motion to compel number 3 that Plaintiff provided supplemental responses on August 30, 2017 (dated August 4, 2017), but these supplemental responses failed to respond to the Rule 37 letter."

On another note, I complied with the agreed upon time to respond to Defendants by mailing the information to them on August 4, 2017. Defendants' counsel indicated that they had not received the information and I again sent it to them this time by certified mail to make sure that it was received.

Defendant never requested that a Social Security form be signed and consequently never provided the form that it could be signed.

I cannot be expected to provide information that I do not have in my possession or that I do not know and this was expressed to them. Furthermore, Defendant Kenco has the most up to date and accurate information regarding my medical conditions, as they are in the insurer of my

medical and disability.  In addition, I signed the medical authorization form and returned it to them.

I provided categorized numeric documents sorted into emails, correspondence and polices.  I specifically directed them to the emails and correspondence sections to satisfy their request.   I also provided to Defendants the substance of the conversations had with persons regarding the matter, as requested.

In addition, I read the case referenced by Defendants and I am not sure how this case that deals primarily with emails (evidence that could be harmful) related to this matter.  It was ironic and iconic that Defendants would have made mention such a matter when Defendants have themselves engaged in similar or same practices.

I do not have a problem providing the requested information, but I cannot give what I do not have and I cannot return what was not given to me and I can only answer the questions from my perspective and interpretation.  In addition, Defendant Kenco is and has been in possession of the financial information it was seeking, and an effortless solution would have been for them to look to themselves for the information that they already had.  I believe that this pursuit was harassive and excessive.  Attached as Exhibit 4 is the signed Social Security authorization form.

Submitted by:        Edith McCurry _Edith Mc Curry_            September 21, 2017
                     6239 South 13110 East Road
                     Pembroke Township, IL 60958

## CERTIFICATE OF SERVICE

*Edith McCurry*

I, Edith McCurry, the undersigned, certifies that on this 21st day of September 2017, I did file a RESPONSE TO DEFENDANTS MOTION TO COMPEL with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 2:16-cv-02273-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.

Kimberly J. Overbaugh
Thomas R. Davies
Harmon & Davies, P.C.
2306 Columbia Ave
Lancaster, PA 17603

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601