**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
ILLINOIS URBANA DIVISION**

| | | |
|---|---|---|
| EDITH MCCURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:16-cv-02273-CSB-EIL |
| V. | ) | Judge Colin Stirling Bruce |
| | ) | Magistrate Judge Eric I. Long |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**KENCO LOGISTIC SERVICES, LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

Defendants, Kenco Logistics Services, LLC, Mike Manzello, David Jabaley, Mario Lopez, Tammi Fowler, Lori Varvel and Kelvin Walsh by and through their undersigned attorneys, for their response in opposition to Plaintiff's Motion to Compel (Dkt. 58) state as follows:

1.      On or about August 3, 2017 Defendants received three sets of voluminous discovery requests from Plaintiff, directed at Defendants Kenco, Mike Manzello and Lori Varvel. Copies of Plaintiff's discovery requests to Defendants are attached hereto as *Exhibit A.*

2.      In total, the three sets of discovery contained 38 Interrogatories and 218 Requests for Production of Documents. Despite the voluminous number, and large number of overbroad, irrelevant or otherwise improper requests for corporate documents to the individual defendants who possess no Kenco records, Defendants worked in good faith to diligently respond to these discovery requests.

3.      On September 5, 2017, the date Defendants' discovery responses were originally due, Counsel for Defendants reached out to Plaintiff via email to request an additional two weeks (until September 19) to respond to the written discovery responses. A copy of this email is attached hereto as *Exhibit B.*

1

4.　　Plaintiff sent a response email objecting to the entry of a protective order in this litigation, but failed to respond to Defendants' request for a 14 day extension. A copy of this email is attached hereto as *Exhibit C.*

5.　　As of September 19, Counsel for Defendants had sent all of the discovery responses to clients for review and signature and was preparing to serve the responses on Plaintiff later that week.

6.　　Counsel for Defendants received the verification pages in the subsequent days and sent discovery responses to Plaintiff on Friday, September 22, along with an additional 356 pages of production. This supplemental production included: non-party personnel records, Plaintiff's time records, Plaintiff's benefits file, and pertinent Kenco policies. A redacted copy of Defendants' responses to written discovery are attached hereto as *Exhibit D.*

7.　　Earlier that same day, on September 22, Counsel for Defendants received Plaintiff's motion to compel (Dkt. 58).

8.　　Plaintiff's motion to compel is improper and is a clear attempt by Plaintiff to harass Defendants and needlessly increase litigation costs by refusing to communicate outside of court filings or show any of the same professional courtesy that was extended to Plaintiff.[1]

9.　　At no time prior to filing this motion to compel did Plaintiff communicate with Counsel for Defendants. Had she done so, she would have learned that the discovery responses were being finalized, and would be transmitted to her within the next 2 days.

---

[1] Defendants gave Plaintiff an additional 45 days past the deadline to complete her written discovery responses and did not file a motion to compel at that time, due to Plaintiff's continued representations that she was working diligently to prepare the responses and needed more time. Copies of these communications are attached hereto as *Exhibit E.* It is troubling that Plaintiff would then turn around and file a motion to compel against Defendants 48 hours after Defendants responses were due, without so much as picking up the phone or sending an email to Counsel for Defendants to determine whether a motion to compel was truly necessary, and if there was any legitimate dispute as to what information would or would not be turned over. Plaintiff's continued abuse of the litigation process and disregard for Federal Rules should not be further tolerated.

10.    In direct violation of Fed. R. Civ. Pro. 37(d)(1)(B), Plaintiff's motion to compel lacks any certification that the movant has, in good faith, conferred or attempted to confer with Defendants in an effort to obtain the responses without court action.

11.    Given that Defendants have fully complied with their discovery obligations, and Plaintiff has shown a continued disregard for the Federal Rules of Civil Procedure by filing unwarranted motions throughout this litigation, Plaintiff's motion to compel should be denied.

## CONCLUSION

WHEREFORE, for all the reasons stated herein, Defendants request that this Court deny Plaintiff's Motion to Compel and grant such further relief as the Court deems just and proper.

Dated: September 28, 2017                              Respectfully submitted,

**KENCO LOGISTIC SERVICES, LLC,
MIKE MANZELLO, MARIO LOPEZ,
DAVID JABALEY, TAMMI FOWLER,
LORI VARVEL AND KELVIN WALSH**

By:/___/s/ Jody Wilner Moran_____
One of its Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
**Jackson Lewis P.C.**
150 North Michigan Ave., Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Jody Wilner Moran, an attorney, hereby certify that on September 28, 2017, I electronically filed a copy of the foregoing **Defendants' Response in Opposition to Plaintiff's Motion to Compel** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was also sent via U.S. mail and email to:

> Edith McCurry
> 6239 South 13110 East Road
> Pembroke Township, IL 60958
> Emccurry1@gmail.com

By: /s/ *Jody Wilner Moran*
   One of the Attorneys for Defendant