IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS URBANA DIVISION

FILED
DEC 14 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | | |
|---|---|---|
| EDITH MCCURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:16-cv-02273-CSB-EIL |
| V. | ) | Judge Colin Stirling Bruce |
| | ) | Magistrate Judge Eric I. Long |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RENEW ITS MOTION FOR SANCTIONS**

Here comes Plaintiff, Edith McCurry, in response to Defendant's renewed motion for sanctions against Plaintiff filed on November 30, 2017.

1. On November 9, 2017, the parties held a status conference by phone with Magistrate Judge Eric Long.
2. During this status conference Jackson and Lewis raised issued of alleged discovery deficiencies and or concerns.
3. During that same status call I was instructed by Judge Long to produce answers to Jackson and Lewis within 21 days.
4. On the 21st day, November 30, 2017, the information was produced to Defendants' counsel Jackson and Lewis. **See attached Exhibit 1**
5. Plaintiff provided to Jackson and Lewis the information that it requested.
6. Plaintiff followed the court's directive and has answered Defendants counsel's questions to the best of her ability and provided the information that Plaintiff has in her possession.
7. The information was timely submitted based upon the instruction received from Judge Long on November 9, 2017.
8. According to mathematical calculations the 21st day from November 9, 2017 would have been November 30, 2017.

1

9. Defendants counsel filed its motion to renew its request for sanctions on November 30, 2017, the day the production request was due.
10. Plaintiff does not understand why Defendants counsel would file such a motion, when in fact it was on the same call with Plaintiff and received the same information on the same day.
11. Similarly, Jackson and Lewis, specifically Ms. Argentieri, complained to the court that I had not contacted her before filing my motion to compel and that I had not given her time to get the documents to me before filing my motion.
12. Ms. Argentieri went on to say that I had not responded to her request for extension of time. Ms. Argentieri's request stated that they requested an additional fourteen (14) days and I need only to call her if I wanted to discuss the request or had questions or objections. **See Exhibit 2**
13. Ms. Argentieri's request did not require a response, if I was in agreement to the extension.
14. Ms. Argentieri's complaints caused me to be reprimanded by the court for my actions.
15. Ms. Argentieri intentionally and disingenuously misrepresented the course of events to her advantage and my detriment.
16. Ms. Argentieri did not comply with the agreed upon terms and did send the discovery until days after it was due.
17. Ms. Argentieri's response filed with the court on this matter shows the fact that discovery was sent until September 22, 2017.
18. Contrary to Ms. Argentieri's argument before the court that caused me to be reprimanded, Ms. Argentieri has done the same thing she accused me of doing.
19. Actually, I believe that these actions were worse and maligning, as Defendants' counsel heard the position of the court, but decided that or interpreted it to be that this is not a court of equity and justice, but a personal tool to be used at will to browbeat, continually oppress and subjugate Plaintiff to injustice and inequality.
20. I was not afforded the courtesy of being contacted by Defendants counsel that Defendants counsel said I failed to extend to them.
21. Matter of fact, the matter was advanced to the court's attention prematurely, as the time had not passed nor was there time factored in to receive the information by mail.
22. The information was timely filed, as it was mailed on the date it was due, **see Exhibit 1.**
23. I believe or get the sense impression that Defendants counsel believes that they can do or say anything and it is accepted as fact.
24. I believe or get the sense impression that Defendants counsel continues to paint a scenario of ignorance and willfulness that leads to the court being dismissive or minimalizing of accounts of the situation.
25. I have seen and witnessed Defendants counsel make misrepresentations, mistruths and present misleading information to the court, without any supporting evidence or proof to uphold the position that they have taken.
26. I believe or get the sense impression that Defendants counsel believes that it can do or say whatever it feels like without consequence or reprisal.

27. Plaintiff believes that Defendants counsel continues to create a hostile, contemptuous and animus environment by creating manufactured, mistruthful, disingenuous and misleading situations that are not accurate.
28. Defendants counsel brought issues before the court alleging that they did not have information regarding social security release forms, payment history and medical providers.

    Defendants counsel did not initially send the release form from social security and then when they sent the original discovery **See Exhibit 3**. After I informed counsel and it was eventually sent months later, it was signed as given to Plaintiff by Defendants counsel; now Defendants counsel alleged that it was not correct because it was redacted. The form was signed as presented by counsel; why should I be punished or held responsible for the way Defendants counsel presented the form. If the form was incorrect, it was incorrect because they sent it that way.

    Next, Defendant Kenco is fully aware that I am on disability, as they provided the short and long term disability, as a self-insurer, through the Hartford their third (3rd) party administrator; and to that extent they provided me a copy of the payout disability to me during their discovery. **See attached Exhibit 4-Defendants Bate Stamp number 1478 & 1498**. Not only does it give a comprehensive accounting of the payments made to me, it also states that the employer has the ability to view these payments and that this particular document was generated this year in July of 2017.

    Additionally, Defendant Kenco was also self-insured with their medical and used Cigna as their third (3rd) party administrator, who has paid all of my medical bills beginning in 2013.

29. Defendants counsel has made of number of errors and omissions in regards to information requested, such as failing to initially provide the form for social security See **Exhibit 3**. Then months later sending a redacted form to be signed and then having the balls to tell the court that I didn't sign the form or they can't use the form because it was redacted.
30. For the record, I did not issue their discovery and I should not have to be punished or raked over the coals or labeled as uncooperative because they made a mistake.
31. Simply, they could have said we made a mistake or asked me to provide the information.
32. No, what do they do they go to the court.
33. I also read that going to the court should be the last resort. I also gleamed that sentiment from the reprimand that I got from the court.
34. I just don't understand why I would be held responsible for an error, omission or mistake that Defendants counsel was responsible for.
35. That does not seem equitable, fair or just. It is perplexing that the theory that what's good for the goose, should be good for the gander does not seem to apply here.

36. Defendants counsel made another error and or omission regarding asking for the addresses of the doctors and now has a motion before the court complaining about I did not provide the address and phone number.
37. Defendants counsel did not ask for the address or phone number. I provided them exactly what they asked for.
38. As far back as the court can see, the Defendants discovery request and motions regarding discovery only ask for the names of the medical providers.
39. Now how hard is to contact me and say, we still need the address and phone number of the doctors.
40. Doesn't seem difficult at all, especially when they did not ask for it and they have the right to supplement discovery and I have a duty to disclose.
41. But as the ole' folks say that's too much like right.
42. It is not my responsibility to manage Defendants counsel's discovery request or process.
43. Certainly, to date, Defendants counsel has yet to point out in deficiencies in my litigation that are of benefit to me.
44. Plaintiff believes that Defendants counsel from Jackson and Lewis is harassing Plaintiff and causing strife between Plaintiff and the court.
45. Plaintiff believes that Defendants counsel is not following the rules.
46. Plaintiff believes that Defendants counsel actions are deliberate, willful, unethical, harmful and malicious.
47. I also believe that these actions are contrived.
48. I also believe that this is an obstruction of justice and the administration of justice.

For these reasons listed above, Plaintiff requests that Defendants motion be denied and that the court would equitably and fairly address the concerns brought before the court.


Dated: December 13, 2017                                *Edith McCurry*
                                                        Edith McCurry

CERTIFICATE OF SERVICE

Please take notice that on December 14, 2017, I, EDITH MCCURRY, hereby, certify that I did file a PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RENEW ITS MOTION FOR SANCTIONS with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 16-cv-02273-CSB-EIL and have served the persons identified on the docket's service list through Notice of Electronic Filing generated by the Court's CM/ECF system.

*Edith McCurry*
Pro Se
EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281