IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS URBANA DIVISION

FILED
DEC 21 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| EDITH MCCURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:16-cv-02273-CSB-EIL |
| V. ) | Judge Colin Stirling Bruce |
| ) | Magistrate Judge Eric I. Long |
| KENCO LOGISTIC SERVICES, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION TO RENEW ITS MOTION FOR SANCTIONS**

Here comes Plaintiff, Edith McCurry, in response to Defendant's renewed supplemental motion for sanctions against Plaintiff filed on December 7, 2017.

1. Plaintiff renews her response of December 14, 2017 and supplements the response with the following:
    a. Plaintiff identified medical providers as requested in interrogatory #13. Plaintiff does not have records that go back to 2006 and does not recall any medical providers back to 2006 outside of my primary physician Dr. Wu.
    b. Since, I became disabled in 2015 I have seen a number of doctors and had a number of consultations and tests. I did not keep a record of the referrals or dates; therefore, I cannot provide that information.
    c. I am only able to provide information relative to the physicians that I listed: Dr. Wu, Dr. Gulati, Dr. Cosey and Dr. Troupe and I do not have any information relative to dates either. See attached Exhibit 1
    d. I signed the medical release form.
    e. Dr. Wu again is my primary doctor who treats me for high blood pressure. Dr. Wu referred me to a neurologist for headaches and body pain. Dr. Gulati.

- f. Dr. Wu also referred me to a psychiatrist and a counselor for PTSD, Depression and Panic attacks. Dr. Cosey is a counselor and Dr. Troupe is the psychiatrist.
- g. I am not familiar with these doctor's record keeping practices or where there records are stored nor am I familiar with any other doctor's record keeping or storage practices.
- h. Defendants request based upon my understanding ask for the physical location and custodian of the records; I do not have or know that information, but I am willing to provide the doctors information and they can obtain whatever information that is available.
- i. In an effort to comply, I contacted Cigna Insurance, Defendant Kenco's third (3rd) party provider to obtain information about medical history.
- j. I was told by Jarhon H: Ref#7982 that this request would be a minimum of thirty (30) business days. I informed Defendants counsel of this.

2. Production # 33 coincides with interrogatory #13.
    - a. I do not have documents related to my medical conditions or treatments from 2006 to date.
    - b. I obtained records regarding my prescriptions and forwarded them to Defendants counsel.
    - c. The medical authorization was signed.

3. Interrogatory #15-damages
    - a. I have been on disability from Defendant Kenco from 2015 to 2017. I realize that since, I have been compensated that only back entitlement of pay may be an offset from the disability given and what the difference in actual monies may be if applicable.
    - b. I am still under doctors' care and have not been released to return to work.
    - c. The doctors' still have not pinpointed or narrowed down some of the health challenges; therefore, based upon not knowing whether I can be rehabilitated or not and/or if the conditions are long term (permanent) I cannot reasonably calculate forward damages. For example, I do not want to say that I am permanently disable or unable to work and that is not true. I am just interested in getting compensated according to the various provisions made available by law.
    - d. When I inquired about damages, damages are based upon the compensatory and punitive damages.
    - e. I gave what I believed to be relevant statues that have remedies and provisions for damages.

3. Interrogatory #20-Removal of Documents
    - a. As Defendant has stated, I have provide to them several thousand pages of documents. Documents were obtained in a number of ways and methods. I did not keep a record of where I obtained documents from
    - b. I also had remote accessibility and permission to work remotely.

c. In addition, as an employee documents relevant to one's employment could be accessed 24 hours a day 7 days a week on Kenco Connection that was "just a click away." See Exhibit 2
d. Therefore, it is beyond me to accurately say where "each" and "every" document came from.

I have answered to the best of knowledge and understanding of what is being asked of me by Defendants counsel. Defendants counsel has only highlighted to me deficiencies or what they believe to be inadequate through the court. Defendants counsel has at no time contacted me work through these specific concerns and issues brought before the court regarding my discovery response to them. Counsel states this to the court, but does not provide any day, time or supporting evidence in which these attempts have occurred. With this type of approach, it makes it more difficult to understand exactly what is being asked and it also creates tension. My understanding is that these issues are collaborative and not combative.

Some requests are for information more than eleven (11) years old and under normal circumstances I would not have kept records dating back that far nor would I have kept records of that nature. I do not have any records related to my medical condition, history or treatment. I provided the information that I could get from the pharmacy with regards to the prescriptions. Typically when I go to the doctor there is no paperwork given.

I have explained on several occasions that I do not have the information and tried to point counsel in the direction and a means of obtaining that information that would give an accurate and complete picture of medical providers that I have seen over the years. Furthermore, the request was so convoluted asking about record holders and location of records; this request goes beyond my knowledge nor would I ever thought to inquire about these things.

To try and bring a resolution to this matter, I contacted the insurance company, Cigna, to provide me a list of persons that have provided medical services to me. I am awaiting this information and I was told that it will take a minimum of thirty (30) business days to receive. Cigna is the third (3rd) party administrator for Defendant Kenco.

I am not being evasive nor am I trying to abuse discovery. I believe that Defendants counsel's actions are in bad faith and are intentionally creating a situation that puts me at odds with the court regarding my discovery.

I also believe that these actions are harassive and contrived; causing the court to take an adverse position, in that the court feels that I have abused discovery, when in fact, Defendants counsel has not contacted directly about their discovery issues relative to the information that I produced in response to their requests.

For these reasons listed above, Plaintiff requests that Defendants motion be denied.

Dated: December 21, 2017

*Edith McCurry*
Edith McCurry

CERTIFICATE OF SERVICE

Please take notice that on December 21, 2017, I, EDITH MCCURRY, hereby, certify that I did file a PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION TO RENEW ITS MOTION FOR SANCTIONS with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 16-cv-02273-CSB-EIL and have served the persons identified on the docket's service list through Notice of Electronic Filing generated by the Court's CM/ECF system.

*Edith McCurry*
Pro Se
EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281