## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT
## URBANA DIVISION

| | | |
|---|---|---|
| Edith McCurry, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:16-cv-02273-CSB-EIL |
| | ) | |
| v. | ) | Judge Colin Stirling Bruce |
| | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Kenco Logistic Services, LLC, | ) | |
| *a Tennessee Limited Liability Company,* | ) | |
| Mars, Inc., Kelvin Walsh, Mike Manzello, | ) | |
| David Jabaley, Tammi Fowler, Lori Varvel | ) | |
| and Mario Lopez | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' SECOND MOTION TO SUPPLEMENT DEFENDANTS' RENEWED MOTION FOR SANCTIONS UNDER RULE 37 OR REQUEST FOR AN EVIDENTIARY HEARING

Defendants, Kenco Logistic Services, LLC, Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Lori Varvel and Mario Lopez, by and through counsel and pursuant to Fed. R. Civ. Pro. 26 and 37, bring this Second Motion to Supplement the previously filed Motion for sanctions against Plaintiff, or in the alternative, to request an evidentiary hearing regarding the issues raised in this motion, and state the following in support thereof:

### ARGUMENT

1.      Plaintiff previously has been reprimanded by the Court on multiple occasions about the fact that she cannot have other former Kenco employees, or attorneys who have not filed an appearance in this litigation, ghostwriting her briefs and filing them on her behalf.

2.      On February 7, 2017 the Court entered an order granting Defendants' partial dismiss and further ordering that "Plaintiff is hereby admonished that it is illegal in Illinois and

against this Court's Local Rules to practice law without a license. Therefore, a litigant, like Plaintiff, who knowingly allows a non-lawyer to represent her is subject to sanctions and other penalties for her behavior. All further filings in this case must be authored by Plaintiff herself to be considered by this Court." (Dkt. 39, p. 14.)

3.      Several weeks later, the Court entered the following minute order:

> On 2/23/2017, a 12-page pro se Motion for Clarification and Reconsideration [44] was filed in this case. The Motion is very similar to other documents filed in this case, documents which raised this court's concerns and strong suspicion that Plaintiff was not actually the author of the documents. The Motion [44] is therefore subject to being stricken because it appears that it was not authored by Plaintiff herself. In any case, this court concludes that there is no merit to the Motion for Clarification and Reconsideration [44] and it is DENIED.

4.      Defendants also alerted the Court that Plaintiff's purported expert report, which was subsequently stricken, appeared to be a copy-and-paste job from plaintiff Mary Madison's expert report, including the fact that it discussed issues like ISO standards and food safety sanitation issues which have no bearing on McCurry's former job duties at Kenco or her claims (Dkt. 54.)

5.      On December 14, 2017, McCurry filed a response to Defendants' Renewed Motion for Sanctions. However, this response was sealed by the Court because McCurry attached confidential documents to her filing. On December 18, 2017, the Court unsealed the response brief and it became accessible to Defendants (Dkt. 72.)

6.      Upon reviewing McCurry's most recent filing, her response to the Renewed Motion for Sanctions (Dkt. 72), it appears that, despite the multiple warnings by this Court, McCurry has not authored the document herself.

7.      McCurry's response uses certain uncommon and/or grammatically incorrect expressions and statements that make it easy to see similarities in the writing or speaking style from Mary Madison's other court filings. The prime example of this is in paragraphs 23, 24 and 26 where McCurry argues that "I get the sense impression…"[1] (Dkt. 72, p. 2.)

8.      In Mary Madison's deposition, taken in the case of *Mary Madison v. Kenco Logistics Services and Kelvin Walsh,* 2015-cv-02290, Madison testified that she had the "sense impression" about something a total of **thirteen (13)** times. A copy of pertinent portions of her deposition transcript is attached hereto as *Exhibit A*.

For example, Madison testified as follows:

Q.  This is your impression?
A.  Yes.  This is my sense impression.
Q.  So how does -- you're basing this on the fact that Ms. Hise is female?
A.  Yes, ma'am.
Q.  Okay.  Anything else?
A.  No.  She was a female, but clearly, I mean, she was his boss and the VP of the company seemingly, you know.  I'm sure she earned that, you know, credibly, and every time he could, he would, you know, undermine whatever it is she had to say or directive that she had given, and my sense impression was, you know, the treatment that I got was also a spillover from that.

*See Ex. A, Madison Dep. Tran. 87:11-24.*

9.      In addition to the strange use of the term "sense impression" there are other strong similarities between McCurry's response and various other documents filed by Mary Madison that suggest a common author.

10.     Throughout her deposition and court filings, Madison regularly uses the phrase "matter of fact" or "matter of factly." Specifically, Madison used the phrase "matter of fact" or "matter of factly" four times at her deposition. References to Madison's use of "matter of fact" or

---

[1] Defendants are familiar with the expressions "I get the sense" or "I get the impression" and also familiar with the phrase "present sense impression" but Defendants are unfamiliar with the phrase "I get the sense impression."

"matter of factly" are attached as *Exhibit B*. Paragraph 21 of McCurry's response brief (Dkt. 72) uses the same phraseology, and therefore appears to be written by Madison.

12.     There are a number of other similar, uncommon word choices in the briefs filed by McCurry and Madison, including words like "contemptuous," used in paragraph 27 of McCurry's response (Dkt. 72) and also used on Madison's response to Kenco's Motion on the Accuracy of her *in forma pauperis* application.[2]  A copy of Madison's brief is attached hereto as *Exhibit C*.

13.     Counsel for Defendants was not familiar with the term "sense impression" or the phrase "matter of factly" prior to seeing Madison and McCurry's filings and deposition in this litigation.  It does not appear that this strange word choice is a coincidence. Rather, it appears that Mary Madison is very much involved in drafting or assisting with the drafting of McCurry's filings.  Mary Madison is not an attorney.

14.     Pursuant to Fed. R. Civ. Pro. 11, McCurry has an obligation under Rule 11 to certify that all of her filings: have factual contentions supported by evidence, her claims are non-frivolous, and her filings are not being presented for any improper purpose. The above filings by McCurry call into question whether she has satisfied her obligations under Fed. R. Civ. Pro. 11 given that she does not appear to have authored the documents, may be using Mary Madison as unlawfully providing legal assistance, and is, in some cases, copying and pasting filings that do not relate to her litigation from other Kenco plaintiffs.

14.     Given that McCurry has already been cautioned on multiple prior occasions about the consequences of filing documents that she has not authored herself, and in light of the fact that Mary Madison appears to have authored McCurry's most recent court filing (Dkt. 72) based on

---

[2] Defendants seek to point out to the court the most bizarre similarities in word choices between McCurry's filings and Madison's filings in this motion. There are other similar word choices in the briefs, and Defendants will not mention every parallel phrase/word in this motion, but are trying to highlight the language that is so unique and uncommon in filings of both plaintiffs, that it is highly suggestive of a single author.

the unconventional parallel word choices,  Defendants request that McCurry's lawsuit be dismissed with prejudice, or in the alternative, that the Court schedule an evidentiary hearing to gather additional information from McCurry regarding her own filings in this litigation.

WHEREFORE, for all the reasons stated herein, Defendants request that the Court grant its Motion and enter sanctions up to and including dismissal of this lawsuit against McCurry for filing documents that she has not authored, or in the alternative, scheduling an evidentiary hearing regarding the issues raised in this motion, and granting such further relief as the Court deems just and proper.

DATED:  December 22, 2017                    Respectfully submitted,

**KENCO LOGISTICS SERVICES, LLC, MARIO LOPEZ, MIKE MANZELLO, KELVIN WALSH, DAVID JABALEY, TAMMI FOWLER AND LORI VARVEL**

By:  /s/ Jody Wilner Moran
             One of their Attorneys

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone:    (312) 787-4949
Facsimile:    (312)787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Jody Wilner Moran, an attorney, hereby certify that on December 22, 2017, I electronically filed a copy of the foregoing **DEFENDANTS' SECOND MOTION TO SUPPLEMENT DEFENDANTS' RENEWED MOTION FOR SANCTIONS OR REQUEST FOR AN EVIDENTIARY HEARING** with the Clerk of the Court using the CM/ECF system, and caused it to be mailed via U.S. Mail, postage pre-paid, and served upon:


Edith McCurry
6239 S. 13110 East Road
Pembroke Township, IL 60958
EMcCurry1@gmail.com


/s/ Jody Wilner Moran