UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

EDITH McCURRY,

    Plaintiff,

v.

KENCO LOGISTIC SERVICES, LLC,
et al.,

    Defendants.

Case No. 16-2273

### ORDER

This case is before the Court on Defendants Kenco Logistic Services, LLC, Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Mario Lopez, and Lori Varvel's (collectively "Defendants") Renewed Motion for Sanctions Under Rule 37 (#68), as well as Defendants' Second Motion to Supplement Defendants' Renewed Motion for Sanctions Under Rule 37 or Request for an Evidentiary Hearing (#74). Plaintiff Edith McCurry ("Plaintiff") filed a Response to Defendants' Motion to Renew its Motion for Sanctions (#72) and a Response to Defendants' Second Motion to Supplement or Request for an Evidentiary Hearing (#75). For the reasons set out below, Defendants' Second Motion to Supplement Defendants' Renewed Motion for Sanctions Under Rule 37 or Request for an Evidentiary Hearing (#74) is DENIED. Defendants' Renewed Motion for Sanctions Under Rule 37 (#68) is GRANTED in part and DENIED in part.

**I.    Background**

This case has developed **<u>a lengthy history</u>** of non-cooperation and discovery disputes that has required the Court to issue detailed written orders, supervising every step of the discovery process. On August 29, 2016, Plaintiff filed her Complaint (#1) alleging employment discrimination against Defendants. On July 10, 2017, Plaintiff provided initial discovery responses to Defendants. According to Defendants, Plaintiff

also produced a CD containing .PDF files of documents. Believing Plaintiff's initial discovery responses were deficient, Defendants sent a Rule 37 letter to Plaintiff on July 19, 2017. *See* Defendants' Memorandum of Law in Support of Their Motion to Compel, d/e (#50), Ex. E.

On August 30, 2017, Plaintiff provided supplemental responses to Defendants' discovery requests. Believing Plaintiff's discovery responses were still deficient, Defendants filed a Motion to Compel (#50) on September 7, 2017. Specifically, Defendants asked the Court to compel Plaintiff to produce complete responses to certain Interrogatories as well as Document Production Requests. Defendants further asked the Court to compel Plaintiff to provide a complete release for her Social Security records. Defendant's Motion to Compel also included a request for the Court to sanction Plaintiff.

One day later, on September 8, 2017, Defendants filed a Motion (#52) for a routine protective order covering confidential information anticipated in discovery. Plaintiff objected to the entry of this routine order (#56). The Motion was granted (#55) over Plaintiff's objection.

On September 11, 2017, Defendants also filed a Motion to Strike and Bar Plaintiff's Proposed Expert (#53), which Plaintiff of course opposed (#59). The Court ultimately granted this Motion (#70) and struck Plaintiff's Expert.

On September 12, 2017, the Court held a telephonic status conference. During this status conference, Defendants' pending Motion to Compel (#50) was briefly discussed. Defendants specifically informed the Court that no medical treaters or damages had been identified. Defendants also brought up the Social Security release form. Upon hearing this, Plaintiff complained to the Court that "their [Kenco's] third party administrator has all of my information. I don't know why they just don't ask them for it." The Court explained to Plaintiff that it is her responsibility to answer questions that are posed to her. Plaintiff responded that she did answer the questions, to which the Court specifically informed her that it was not sufficient to state that someone else has the information and that she specifically needed to identify the people

that treated her. Plaintiff again claimed that she had already done so. Plaintiff filed a written objection to the Motion to Compel (#57) on September 21, 2017.

Also on September 21, 2017, Plaintiff responded with her own Motion to Compel (#58), to which Defendant objected (#60). This Motion was ultimately denied as moot (#67) after Defendants indicated that all information requested in the motion had already been produced.

Despite discovery being entirely off track, the parties apparently could not agree to move the trial date back. On November 2, 2017, Defendants filed a Motion for Extension of Time to Complete Discovery and Re-Set the Trial Date (#62). Plaintiff again opposed this request (#65). Because it was infeasible to stick to the current discovery and trial schedule based on the parties' discovery disputes, the Court granted the motion during a status call, extending discovery and resetting the jury trial date.

Shortly after moving to extend discovery, on November 6, 2017, Defendants filed a lengthy Motion for Protective Order (#63) regarding the excessively large discovery requests propounded by Plaintiff. Plaintiff did not respond to this Motion.

Two days later, On November 8, 2017, the Court entered an Order (#66) granting in part and denying in part Defendants' pending Motion to Compel (#50). As part of this Order, the Court denied Defendants' request for sanctions.

Exactly 21 days later[1], Defendants filed the instant Motion for Sanctions (#68), arguing, among other things, that Plaintiff ignored the Court's November 8, 2017 Order (#66) to produce discovery and that Plaintiff is using filings from other cases prepared by other parties as her own.

On December 7, 2017, Defendants filed a Motion to Supplement the Motion for Sanctions (#69) to include more allegations of discovery noncompliance. This Motion was granted on December 8, 2017, and the Court agreed to consider the information in the supplemental motion when ruling on the pending Motion for Sanctions (#68).

---

[1] The Court had given Plaintiff 21 days to comply with the Court's Order on Defendant's Motion to Compel. *See* d/e #66.

On the same day, December 8, 2017, the Court entered an Order (#71) granting in part and denying in part Defendants' Motion for Protective Order. This Order also prohibited Plaintiff from propounding any further written discovery. The Court again denied Defendants' request for sanctions (although by this time Defendants had asked the Court, for a third time, to levy sanctions against Plaintiff (#68)).

On December 14, 2017, Plaintiff responded to Defendants' Motion to Renew its Motion for Sanctions (#72).

On December 21, 2017 Plaintiff filed an objection to Defendants' request to supplement their motion for sanctions (#73).

On December 22, 2017, Defendants filed yet another Motion to Supplement its Motion for Sanctions (#74), levying more accusations against Plaintiff. On January 5, 2018, Plaintiff responded to the Second Motion to Supplement the Motion for Sanctions (#75).

II.   Analysis

   a. Defendant's Second Motion to Supplement (#74)

Prior to ruling on Defendants' Renewed Motion for Sanctions (#68), the Court must determine whether to consider the information contained in Defendants' Second Motion to Supplement Defendants' Renewed Motion for Sanctions Under Rule 37 (#74). Defendants' Motion to Supplement deals entirely with accusations that Plaintiff is receiving outside help from another individual[2] to prepare her case and that Plaintiff is copying and pasting filings from other cases to use as her own. Plaintiff's response denies these allegations.

Defendants' Second Motion to Supplement does not address any alleged deficiencies in Plaintiff's discovery responses and is therefore denied. Defendants' entire Second Motion to Supplement deals with alleged violations of Federal Rule of Civil Procedure 11. Namely, Defendants argue that the language used in Plaintiff's filings is similar to language used by another related plaintiff. According to Defendant,

---

[2] Defendants allege that this individual is Mary Madison, a plaintiff in a separate, but related lawsuit.

4

some of the terms[3] Plaintiff uses are "strange" and were unfamiliar to Defendants prior to this litigation.

Defendants are correct that Federal Rule of Civil Procedure 11(b) requires Plaintiff to certify that her pleadings are not being presented for any improper purpose, that her claims are warranted by existing law, and that her factual contentions have evidentiary support. FED. R. CIV. P. 11. However, Federal Rule of Civil Procedure 11(c) provides its own vehicle for sanctions for violations of Rule 11. Specifically, Rule 11(c)(2) expressly states that a motion for sanctions for alleged violations of Rule 11(b) "**must be made separately from any other motion** . . ." FED. R. CIV. P. 11(c)(2) (emphasis added). Additionally, Rule 11(d) also states that sanctions under Rule 11(c) are "inapplicable to discovery." FED. R. CIV. P. 11(d). In fact, Rule 11(d) expressly states that "this rule does not apply to disclosures and discovery requests, responses, objections, **and motions under Rules 26 through 37**." FED. R. CIV. P. 11(d) (emphasis added).

Defendants' pending Motion for Sanctions Under Rule 37 (#68) clearly asks the Court to sanction Plaintiff pursuant to Rule 37. Thus, Defendants' attempt to supplement a Rule 37 Motion for Sanctions with alleged violations of Rule 11 is prohibited by the plain language of Rule 11(c)(2) and Rule 11(d). Rule 11(c)(2) requires Defendants to allege violations of Rule 11 in a separate motion, not as a supplement to a motion for discovery sanctions under Rule 37.

Even if the Court were to ignore Rule 11(c)(2)'s requirements, Rule 11(d) forecloses all possibilities of granting Defendants' motion by expressly stating that Rule 11 does not apply to motions under Rule 37. Therefore, Defendants' Second Motion to Supplement (#74) must be denied. *See Borom v. Menard, Inc.*, 2014 U.S. Dist. LEXIS 179594, *3 (N.D. Ind. 2014) (when sanctions are awarded under Rule 37, Rule 11 forbids sanctioning a plaintiff for alleged Rule 11 violations).

However, despite the plain language of Rule 11, both parties have fully briefed the issue of whether Rule 11 has been violated. The Court, therefore, will address the

---

[3] Namely Defendants point out the terms "sense impression" and "matter of fact" or "matter of factly."

merits of Defendants' Rule 11 argument to avoid the unnecessary time and expense of requiring the parties to refile essentially the same pleadings.

Even if Rule 11 did not foreclose the possibility of Defendants supplementing their Rule 37 Motion, Defendants' Motion would be denied. Rule 11(c)(1) states that the Court may, in its discretion, impose a sanction for a violation of Rule 11. Rule 11 sanctions are to be imposed when a litigant has no legal basis or evidentiary support for the asserted claims, or the litigant is asserting claims for an improper purpose. *Feldman v. Olin Corp.*, 692 F.3d 748, 758 (7th Cir. 2012). "Courts are reluctant to impose Rule 11 sanctions in cases where . . . the complaining party has never moved under Rule 11(c)(1) and thus has not given the allegedly offending party the opportunity to take advantage of Rule 11's safe harbor provision." *DirecTV, Inc. v. Reyes*, 2006 U.S. Dist. LEXIS 31722, * 8 (N.D. Ill. 2006) (*citing Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 772-73 (7th Cir. 1997).

"The decision to grant or deny a motion for Rule 11 sanctions is within the sound judgment of the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013). However, an award of sanctions under Rule 11 amounts to an abuse of discretion without a finding that the litigant acted in bad faith. *Id.* (*citing Tucker v. Williams*, 682 F.3d 654, 662 (7th Cir. 2012)).

Defendants first argue that Plaintiff's expert report "appeared to be a copy and paste job" from another plaintiff's expert witness report. While Defendants may be correct, a sanction for this behavior is unnecessary. Plaintiff's expert witness report, upon Defendants' motion, was already stricken by the Court on December 7, 2017 (#70) before Defendants filed the instant Motion to Supplement. That the report has been stricken[4] is a sufficient sanction for any violation of Rule 11 that Plaintiff may have committed.

---

[4] The Court recognizes that Plaintiff's expert report was stricken because it was irrelevant and inapplicable to this litigation, and not as a sanction for Plaintiff's use of another litigant's expert report. This does not change the Court's conclusion that barring Plaintiff's expert from testifying is a sufficient sanction to address any Rule 11 violation that may have occurred.

6

Defendants next argue that Plaintiff's response to the Motion for Sanctions uses "certain uncommon and/or grammatically incorrect expressions and statements" that are similar to the writing or speaking style of another litigant." Specifically, Defendants take issue with the use of the words "sense impression" and "matter of factly." Plaintiff responds by saying she is familiar with these phrases and uses them regularly. Simply put, the Court is not going to analyze whether Plaintiff is familiar with certain phrases (however uncommon they may be) that were also used by other litigants.

Defendants do not allege that Plaintiff's documents are exactly the same as documents filed by another litigant. Rather, Defendants state that the similar use of uncommon language "suggests a common author." The fact that Plaintiff has discussed her case with another litigant does not run afoul of Rule 11.[5] In short, the Court does not find conclusive evidence of bad faith based on similar word choice between two plaintiffs. Moreover, even if Plaintiff is using similar word choice and similar arguments to another litigant, this does not amount to Plaintiff asserting claims that lack any support or asserting claims for an improper purpose, especially considering that the other litigant's case involved similar allegations.

Unlike Defendants' First Motion to Supplement (#69), Defendants' Second Motion to Supplement (#74) has nothing to do with discovery. Rather, Defendants have attempted to use common word choices between two individuals with similar claims that "suggest a common author" to tack on Rule 11 sanctions to what is really a discovery dispute between the parties. Defendants have failed to show bad faith and therefore, even if the Federal Rules permitted the Court to consider it, the Rule 11 Motion for Sanctions would be denied on the merits.

To the extent that Defendants ask for an evidentiary hearing regarding the issues raised in the Motion, that request is denied. Accordingly, Defendants' Second Motion to Supplement Defendants' Renewed Motion for Sanctions Under Rule 37 or Request for

---

[5] This is particularly true considering Plaintiff and the other litigant have similar claims against the same common Defendants.

7

an Evidentiary Hearing (#74) is denied. The arguments in the motion will not be considered in ruling on Defendants' Motion for Sanctions (#68).

### b. Defendants' Renewed Motion for Sanctions Under Rule 37 (#68)

Turning to Defendants' Renewed Motion for Sanctions, Defendants argue that Plaintiff should be sanctioned for her failure to comply with the Court's written Order granting Defendants' Motion to Compel (#66). A party who fails to obey an order to provide discovery may be subject to the following sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
> (iii) striking pleadings in whole or in part;
> (iv) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

The choice of an appropriate remedy for a discovery abuse is primarily the responsibility of the district judge, who is authorized to mete out sanctions as severe as dismissing the action when a litigant fails to obey a court order compelling discovery. *See Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992). However, the sanction selected must, "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). "Of all possible sanctions, dismissal is considered draconian." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Entry of dismissal for a litigant's failure to cooperate in the discovery process requires a showing of willfulness, bad faith, or fault on the part of the non-moving party. *Id.* In order to apply the sanction of dismissal, the Court must first consider and explain why lesser sanctions would be inappropriate. *See Long*, 213 F.3d at 986.

Defendants state that as of the date the Motion was filed (November 30, 2017), they have not received any of the discovery that Plaintiff was ordered to produce in the Court's November 8, 2017 Order (#66).[6] The only sanction Defendants request is dismissal of this action. Defendants do not propose a less severe sanction for the Court to consider. *Long*, 213 F.3d at 986

Defendants' First Supplement to the Motion for Sanctions (#69) indicates that Plaintiff submitted supplemental discovery responses on December 4, 2017. Defendants argue that these supplemental responses remain incomplete. Defendants note that Plaintiff has provided them with 2014 tax returns, but that Plaintiff is yet to provide any information related to her income since she stopped working at Kenco, including any information reflecting social security benefits.

Defendants further argue that Plaintiff's responses to Interrogatory 13 and Request to Produce 33 remain deficient. Specifically, while Plaintiff lists several "primary medical providers," she does not provide an address for these doctors, does not explain the reason for seeking medical treatment from them, and does not certify whether or not this is a complete set of medical providers for the relevant time period. To the contrary, Plaintiff implies that there are several other unidentified doctors and that it is "impossible" for her to identify all medical treaters.

Defendants further take issue with Plaintiff's response to Request to Produce 20. Request 20 asks Plaintiff to identify what documents she removed from Kenco's premises, to which she responded she is "not certain the context in which you mean removed."

Finally, Defendants note that Plaintiff still has not provided a damages calculation. Rather, Plaintiff continues to state that her damages are "undetermined at this time" and that she "reserves the right to supplement" her damages calculation despite the Court specifically telling Plaintiff that this response is unacceptable. *See* d/e #66.

---

[6] It should be noted that Defendant immediately filed the renewed Motion for Sanctions exactly 21 days after the Court issued its Order on the Motion to Compel. Plaintiff's attempted compliance with the Court's Order was received on December 4, 2017.

Plaintiff's initial response focused mostly on arguing that she has in fact provided all information and that defense counsel has been lying to the Court. Substantively, Plaintiff argues that Defendants sent her the wrong social security form and that Defendants did not request the addresses and phone numbers of her medical providers.

On December 21, 2017, Plaintiff provided a supplemental response (#73). Plaintiff's response indicates that she identified the medical providers as requested in Interrogatory Number 13 and that she does not have any records that go back to 2006. Accordingly, Plaintiff's answer to Interrogatory Number 13 is limited to the physicians listed: Dr. Wu, Dr. Cosey, Dr. Throupe, and Dr. Gulati. Plaintiff states that Dr. Wu treats her for high blood pressure and referred her to a neurologist (Dr. Gulati) for headaches and body pain. Plaintiff further indicated that Dr. Wu referred her to a psychiatrist (Dr. Troupe) and a counselor (Dr. Cosey) for PTSD, depression, and panic attacks. To the extent Plaintiff may have other treaters, as she has suggested, Plaintiff is barred from presenting any evidence associated with any other physicians. Moreover, Plaintiff is barred from presenting any evidence associated with these four physicians that has not been produced at the time of this Order.

Regarding Request to Produce Number 33, Plaintiff states that she does not have documents relating to her medical conditions from 2006 to date. Therefore, Plaintiff is barred from presenting any evidence relating to those conditions to the extent that they have not already been produced at the time of this Order.

As to a damages calculation, Plaintiff continues to refuse to give one. This is a direct violation of the Court's November 8, 2017 Order (#66). The Court will provide Plaintiff with one final opportunity: Plaintiff shall provide Defendants with a complete damages calculation within seven (7) days of the entry of this Order. Failure to do so will result in Plaintiff being barred from asserting anything more than nominal damages.

Finally, as to Request to Produce Number 20, Plaintiff indicates that she has no recollection of where she obtained the documents she produced. Plaintiff indicates that

several documents were accessible on Kenco's website, but that she does not remember which documents she physically removed. This answer is sufficient.

The Court refereed during each and every step of the discovery process in what is a simple employment discrimination case. Plaintiff has already been barred from issuing any more written discovery. *See* d/e #71. This Order addresses the remaining outstanding issues associated with Defendants' written discovery. All discovery issues have now been addressed by the Court and discovery will close on April 6, 2018. No further extensions to the discovery deadline will be permitted. The parties shall complete any remaining discovery by the April 6, 2018 discovery deadline and file their dispositive motions by May 5, 2018. No extensions to the dispositive motion deadline will be permitted. Defendants' request to dismiss this case as a sanction pursuant to Rule 37 is denied.

### III. Conclusion

For these reasons, Defendants' Second Motion to Supplement Defendants' Renewed Motion for Sanctions Under Rule 37 or Request for an Evidentiary Hearing (#74) is DENIED. Defendants' Renewed Motion for Sanctions Under Rule 37 (#68) is GRANTED in part and DENIED in part.

(1) Plaintiff is barred from presenting any medical testimony unrelated to Dr. Wu, Dr. Cosey, Dr. Throupe, and Dr. Gulati. Additionally, Plaintiff is barred from presenting any evidence relating to these physicians that has not already been produced as of the date of this order, including evidence of any out of pocket expenses related to the treatment;

(2) Based on her own representation that she does not have any evidence of her medical conditions from 2006 to date, Plaintiff is barred from presenting any evidence of these conditions outside of evidence pertaining to her prescriptions that she has already produced. Defendant, of course, may present any evidence they are able to obtain independently;

(3) Plaintiff is given until the close of business on March 12, 2018 to produce a complete damages calculation. If Plaintiff fails to do so she will be barred from seeking any damages other than nominal damages;

(4) Plaintiff has sufficiently complied with Defendants' Request to Produce Number 20;

(5) Defendants' request for dismissal as a sanction is denied.

ENTERED this 5th day of March, 2018.

                                                s/ERIC I. LONG
                                    UNITED STATES MAGISTRATE JUDGE