E-FILED
Monday, 26 March, 2018  10:38:00 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**



Edith McCurry,

            Plaintiff

          v.

Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Lori Varvel and Mario Lopez

            Defendants.

Case No. 2:16-cv-02273-CSB-EIL

Judge Colin Stirling Bruce

Magistrate Judge Eric I. Long

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT'S LORI VARVEL, MIKE MANZELLO, KELVIN WALSH, DAVID JABALEY, TAMMI FOWLER, MARIO LOPEZ AND KENCO LOGISTICS

Plaintiff, Edith McCurry, pursuant to Federal Rules of Civil Procedure 26 and 37 respectfully submits  this Motion to Compel discovery responses from Defendants' VARVEL, MANZELLO, WALSH, JABALEY, FOWLER, LOPEZ AND KENCO, and moves this Honorable Court to compel complete responses to the following attached request for discovery.

1.  On August 1, 2017 Defendants were served Request for Production of Documents and Interrogatories.

2.  Defendants' counsel requested additional time to on or before September 19, 2017 to fulfill the request.

3.  On September 22, 2017, Defendants counsel submitted its discovery responses for Defendants Varvel, Manzello, and Kenco after receiving Plaintiff's motion to compel.

4.  On September 28, 2017, Defendants filed their motion in opposition to Plaintiff's motion to compel, along with the responses to the discovery that they have alleged to fully have complied with docket number 60.

   a. Defendants motion states to this court ¶ 11 "that Defendants have fully complied with
      their discovery obligations,"

5. On October 28 and 31, 2017, Plaintiff asked Defendant to revise their answers and advised
   them that answers were generic and a lot of objections were made to requests. Plaintiff again
   addressed this situation last week on the status call and provided Defendants counsel again
   with this request on two (2) other occasions. **Exhibit 43**

6. Defendants' counsel ignored Plaintiff's request and several days later filed for a protective
   order instead.

7. Despite Defendants counsel's statement to the court alleging the full compliance of its
   discovery obligations Defendants have shown a blatant disregard for the Civil Rules of
   Procedure and this Court by making such a statement and filing as exhibits answers that are in
   line with Rule 26 and 37.

8. The named Defendants have failed to make their disclosure as required by Rule 26(a) and
   have violated Rule 37. Defendants have failed to conform to the Rules of Civil Procedure
   that govern discovery by providing: non responsive, evasive and incomplete disclosures
   answers and responses, as well as, false and misleading disclosure.

9. Attached as **Exhibit I** is a complete breakdown of the deficiencies responses to the
   Interrogatories from Defendants Varvel, Manzello, Kenco, Walsh, Fowler, Lopez and
   Jabaley

10. Attached as **Exhibit II** is a complete breakdown of the deficiencies responses to the
    Request for Production from Defendants Varvel, Manzello, Kenco,

11. Attached as **Exhibit III** is supplemental evidence in support of this motion that further
    provides a chronological break down in the various chains of events.

12. Plaintiff takes this seriously, as the accusations are very serious, and has for several months
    worked on producing this document to support those accusations based upon documented
    facts.

## **INTERROGATORIES**

The discovery request conforms to Rule 33. The interrogatories are directly related to
matters that are discoverable under Rule 26. Matter of fact each interrogatory is/was
crafted to a specific or narrow scope of relevant incidents that occurred and/or are directly
related to the policies, procedures, protocols, best practices, and forms of the company or

the prevailing laws. More precisely, the interrogatories were spot-on for each Defendant and the surrounding circumstances, incidents and practices.

Moreover, the responding party has a duty to answer any part of an Interrogatory that is not objectionable and to specifically particularize what was being objected to and why if falls outside of Rule 26. Defendants have failed to adhere to this rule, as they have primarily objected to the Interrogatories served on them. On average, each Defendant objected to 90% or more of the Interrogatories served on and failed to identify specifically what was objectionable, particularize why it was objectionable and answer the remaining part of the Interrogatory.

Moreover, I believe that the objection was used for improper purposes by Defendants counsel to wear me down and harass me, cause unnecessary delay, cause me to have to text proof, analyze, verify and cross reference every answer with the documents they produced to draw the conclusions with limited to no resources or assistance, as well as, having needlessly increased the cost of litigation for all parties by these antics that they were deceptive, divisive, cunning and in violation of the Civil Rules of Procedure and the attorney code of professional conduct and the oath as officer of the court. This is a crime against the court. This was no ordinary or accidental or involuntary response, it was a "bad faith," calculated, callous, willful, conscious and intentional failure to comply.

Additionally, the responding party must answer each Interrogatory separately, fully and in writing. Furthermore, the answers must be responsive, complete and not evasive. This was not the case with each named Defendant; every answer that was given were either non-responsive, incomplete or evasive. The named Defendants were in a position to fully answer each Interrogatory and provide whatever subordinate information or referenced material in their answer.

Likewise, the responding party should answer in "good faith" and not cite to having a lack of knowledge to answer or question, that given their position or posture they should really be able to answer. In the spirit of all that is evil, malicious, maligning, contriving and blatantly dishonest a number of Defendants elected to not have knowledge about information that is an intricate part, duty, task or function of their daily jobs or responsibilities, as well as, the prevailing laws, Mars, Inc. rules and regulations and Defendant Kenco's own company's policies, procedures, protocols, best practices and forms that govern the terms and conditions of employment and compliance.

Matter of fact Defendants like Manzello, Walsh, and Jabaley lacked the very knowledge about their overall and daily job duties, tasks and functions, as well as, their titles and professional standing relative to their job duties, tasks and functions when answering their Interrogatories. But, conversely, had extensive and expansive knowledge about their specific job duties, tasks and functions on their respective social media pages, specifically

LinkedIn. To make this more ludicrous, Fowler, the Senior Manager of Employee Relations, who managed five lines of business at the Kenco Group, who wrote a number of policies and procedures, who claims on her LinkedIn page to have provided interpretation and advice to HR Managers and Site Managers on employment law, claimed to not know Defendant Kenco's policies, procedures, and protocols when it came to Defendant Kenco's Quality System that is mandated by law.

The responding party also has the duty to furnish all of the information available to it at the time of the answer. Again in the spirit of all that is evil, malicious, maligning, contriving and blatantly dishonest Defendants did not furnish all of the information available to them at the time they answered.

Defendant Kenco is required by law under the Food Drug and Cosmetic Act, as amended by the Food Modernization Act to have a written and documented Quality Management System based on ISO. As a direct result of this, Defendant Kenco along with Defendant Mars, Inc. was to have their policies, procedures, protocols, best practices and forms written and documented. These policies, procedures, protocols, best practices and forms were to be catalogued, tethered to one location, retained for a specified time and managed by a designated person.

Therefore, the production of requested information would not have required Defendant to search out any new information, as this information was either personal to them or an intricate part of their job duties, tasks, responsibilities, and functions.

In tandem, any documents required to support these answers, again, should have been easily accessible and producible for Defendant, even if Defendant Kenco had to produce them on their behalf. As these documents, were byproducts of the ordinary course of business and compliance to Defendant Kenco and Mars' policies and procedures, as well as, the prevailing laws.

Moreover, as a requisite to compliance with Rule 26 and 33(c) states documents that the "responding party has the duty to specify" the records from which answers to interrogatories are derived and Rule 34 states that they must organize and label them to correspond to the categories in the request." The Defendants have failed to comply.

Furthermore, Defendants lack of production and specific reference to what policy or procedure they adhered to is not a complete answer. For example, Kenco, Fowler, Walsh, Jabaley and Lopez all claim that they followed company policy, but grossly and intentionally fail to identify with specificity what policy or procedure they allegedly complied with; along with actually physically producing that policy or procedure.

4

Defendant Kenco admitted to having such documents and having such documents on behalf of other Defendants, but has intentionally and willfully failed to produce them or particularize with specificity the reason that it has not done so.

Last, for this purpose an evasive or incomplete disclosure answer or response is to be treated as a failure to disclose, answer or respond according to Rule 37.

In addition, if a party wilfully and knowingly responds to discovery requests with false answers to interrogatories and/or with false statements unequivocally denying the existence of requested discoverable materials, the trial court is authorized to consider this a failure to respond under Rule 37.

For example, Defendants Kenco and Manzello have made a number of statements under oath that are contradictory and inconsistent.  For example, Manzello stated in his response to Interrogatories number five (5) and six (6) **provided** intentionally false, deceptive and misleading information, regarding reporting discriminatory acts, as well as, being aware of such discriminatory acts.

As a matter of fact, under the penalty of perjury, Manzello stated that: "Defendant is not aware of discriminatory acts or hostile working environment at the Manteno, Illinois Mars facility while he was employed."

    a.  Mike Manzello was named in the cases of: Nathan Doss, Tracy Davis, Jacque Morrison, Vernon Henry, Morris Tyson and Scott Marksteiner's **and**;

    b.  Mike signed Tracy Davis verification page that was submitted to the IDHR/EEOC **and**;

    c.  Kenco admitted in its verified response to the Illinois Department of Human Rights and EEOC in Vernon Henry's case **2015CF0034** page 3 Section 5 that: "It was admitted that Complainant once reported to Mike Manzello that coworker Pete Monstwillo told complainant to 'look in the mirror." **Exhibit 14 and;**

    d.  Nathan Doss and Tracy Davis received substantial findings from the IDHR/EEOC on charges that they filed.

Defendant Kenco, contrarily, also made statements about having knowledge or being aware of discrimination at the Mars Manteno facility.  Without belaboring the point, this simply cannot be true, just based upon the occurrences listed regarding Manzello, as well as, the fact that first reports of discrimination under Kenco's management came in the early summer of 2013 verbally, then in writing, and continued throughout Kenco's management.

Furthermore, Defendant Kenco became so much so aware that Jay Elliott stated to the Department of Human Rights/EEOC around August 5, 2015 in its position statement that" Additionally, KLS was becoming the subject of more and more charges of discrimination at the time..... And so it hired one-Lori Varvel." **Exhibit 20 page 1 ¶ 4 section 2 line 9.** On a side note as a requirement of employment, Kenco was to have informed Mars of any such instances. Exhibit 65

Lopez stated on David Jabaley's LinkedIn page in November of 2017 that the account, Mars Manteno was in "extreme duress." **Exhibit 58**

More specifically, the issues raised and before this court are pivotal issues in this litigation and these blatantly false responses should be deemed as a total failure to respond to the discovery.

Attached as **Exhibit I** you will see a detailed synopsis of Defendants responses and their deficiencies.

## REQUEST FOR PRODUCTION

The discovery request conforms to Rule 34 that controls the procedures for issuing and responding to requests for production of documents and materials. The request for production is directly related to matters that are discoverable under Rule 26. Matter of fact each request for production is/was crafted to a specific or narrow scope of relevant incidents that occurred and/or are directly related to the policies, procedures, protocols, best practices, and forms of the company or the prevailing laws that are directly proportional to the needs of this case, as these were the terms and conditions governing employment at the Mars Manteno facility.

*Before* we get into the deficiencies of the Request For Production, Defendant Kenco made an intentional, willful and malicious *statement to the court*, when it stated to the court on or about September 28, 2017, that it had produced to me over *1500 pages of discovery.*

This was an outright bold faced lie, with no truth in it at all. On September 22, 2017, Defendant Kenco produced only 355 pages of discovery to me by email. **See Exhibit C**- Bate Stamp numbers 1176-1531.

It was not until after I contacted Defendants counsel and told them that I could not open the documents that they had sent me on September the 22, 2017 that they sent me over 1500 pages of discovery. This was not until sometime in October of 2017. Little did I know the reason that it didn't make sense was because they had not sent the documents for me to open as they had stated.

Moreover, this rushed production came on the hills of the filing of my motion to compel. Defendants argued at the time that I did not confer with them regarding the extension that they told me they needed and only advised me to contact them if I objected; again, another

misrepresentation of the truth See **Exhibit A.** I had no reason to object, as I had been afforded
an extension and it seemed to be the right thing to do.

Of the 355 pages that were produced to me, a hundred and forty two (142) pages were marked
confidential, of which **88 pages** were documents previously submitted to the IDHR/EEOC in the
matters concerning me and the matter of Leonard Szplett 2015CA3083/21BA51536. The
remaining pages marked confidential were Varvel and Marci DeRoiser's personnel file, and
Manzello's CV, some blank pages and alleged policies that were effectuated after the incidents
occurred or I had left on medical leave and the employment relationship ended with Mars.

Ironically, all the policies that Defendant Kenco marked confidential were those that were
effectuated after the occurrences of the incidents, my medical leave of absence and the
termination of their employment relationship with Mars, Inc. Clearly, these policies could not
have had a bearing on or been relevant to any allegation that I have brought against Defendants.
Confirmation of the training on these or any other policy or procedure or protocol or best
practice or form would have resulted in a log with Plaintiff's signature, as the logs produced by
Defendant Kenco as bate stamp 1501-1520 **See Exhibit 37**.

Defendant Kenco made an egregious misstatement of material fact to the court that mislead this
court based upon their September 28, 2017, into believing that Defendants had complied with the
Discovery Request and had acted in 'good faith". **See Exhibit N**

The remaining number of 213 pages were repeats from my personnel file that was supposed to be
contained in bate stamp 1-1175 or 1-181, which ever one Defendant Kenco decides to settle on,
there was also information relative: to my short and long term disability, training logs,
information sent to the IDHR/EEOC as Defendants evidence for the matters before the
IDHR/EEOC but not marked as such that contained job postings for various positions and
various sites, as well as, blank pages.

Defendants' counsel played a "Jedi Mind Trick" on the court when it deceived the court into
believing that I had not acted in "good faith" and had not communicated with Defendant about
discovery, when in fact it was Defendants' counsel who acted in "bad faith" by communicating
outright lies and mistruths to the court regarding the amount of discovery along with the
unspoken and subtleness that the discovery that Defendants' counsel gave to me was fully
answered, responsive, complete, non-evasive and incompliance with Rules 26, 33, 34 and 37.

Rule 26, states that the objection must include a specific explanation describing why the
request lacks relevance, and why the information sought will not reasonably lead to admissible
evidence, as well as, why this request falls outside discoverable information according to Rule
26.

Each and every Defendant objected to on an average of more than 80% of the requested
production. The objections failed to comply with Rule 26 & 34, as the objections were not

specific to what was being objected to in the production request or if the objection was in part or in whole to the production request.

Defendant also used repeatedly the same generic, primitive or primary repetitive clichés of the request being: overly broad, vague, argumentative, seeks information that will not reasonably lead to admissible evidence, seeks information not relevant to either party's claims or defenses or is proportional to the needs of the case in some form of combination.

No specific explanation or particularization was given for the objections made by Defendants was given as required.

Nor at any given time, did the objection state whether or not any responsive materials were being held based upon the objection. Not mentioning the other requirements of Rule 34 of identifying by category or custodian what documents will be withheld on the grounds of that objection.

Moreover, for those objections that Defendant claimed to be privileged, Defendant failed to with specificity particularize why this information should be subject to and classified as privileged information.

Furthermore, Defendant has failed to state with specificity why the requested production lacks relevance and why the information sought will not reasonably lead to admissible evidence, why it is not proportional to the needs of the case, why it is vague, why it is argumentative, why it is overly broad or why it is any other reason that it has alleged for denying the request.

In short a few things have been noted in a paper entitled *Discovery and the Stricter Requirements for Objections Under the New Federal Rules-Trial and Appellate Advocacy Subcommittee Employment Rights and Responsibilities Committee Section of Labor and Employment Law American Bar Association-* Employment Rights and Responsibilities Committee Midwinter Meeting Puerto Vallarta, Mexico March 21-25, 2017 that:

It is:

> the district court explained "the burden [remains] on the party resisting discovery to ... specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *Areizaga v. ADW Corp.*, No. 3:14-cv-2899, 2016 U.S. Dist. WL 1305065, at *1 (N.D. Tex. Apr. 4, 2016) Page 10 ¶ 1 lines 1-6

Next regarding relevancy:

> the court noted that plaintiff was entitled to the information to prove pretext, and even post-amendment evidence is still deemed "relevant" if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* at **6-8, 9 (citing cases); *see also Townsend v. Nestle Healthcare*

*Nutrition, Corp.*, No. 3:15-cv-06824, 2016 WL 1629363, at *3 & n.2 (S.D.W. Va. Apr. 22, 2016) ("[R]elevancy in discovery is broader than relevancy for purposes of admissibility at trial." (citing FRE 401)). Page 14 ¶ 1 beginning at line 6

And also but not least regarding "Specificity":

      B.    **Rule 34(b)—Specificity**. In cases decided since the December 1, 2016 amendments, courts have been quick to reject boilerplate objections to discovery requests and have also penalized parties for relying on stock, general objections. In *Moser v. Holland*, for example, the District Court for the Eastern District of California held that defendants' identical boilerplate objections that each request was "overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence" were improper and "barred by Rule 33 and 34." *Moser v. Holland*, No. 2:14-cv-02188, 2016 U.S. Dist. WL 426670, at *1, 3 (E.D. Cal. Feb. 4, 2016). The court granted plaintiff's motion to compel, ordered defendants to produce documents responsive to plaintiff's document requests, and awarded sanctions for plaintiff's costs of bringing the motion. *Id.* at *4; *see also Spencer v. City of Orlando*, No. 6:15-cv-345, 2016 U.S. Dist. WL 397935, at *2 (M.D. Fla. Feb. 2, 2016) (internal marks and citation omitted) (stating that "vague, overly broad and unduly burdensome" objections are "meaningless standing alone"). Page 15 § B ¶ 1 and continued on Page 16

Defendant has also on more than several occasions stated refer to all documents produced by Defendant, as well as, the statement Defendant **Varvel** or **Manzello** "is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims."

First and foremost, all documents in Defendants possession have not been produced by Defendant Kenco on their behalf or the behalf of other Defendants; as documents are missing out the FOIA requested file from IDHR/EEOC.  Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File.

~~Defendant Kenco states in Response number two (2)~~ **"See Plaintiffs personnel documents and documents received from IDHR in response to FOIA request, bates labeled Kenco 1-1175."**

**In another response** ~~Defendant Kenco states in Response number twelve (12)~~ **: See Kenco policies bates labeled Kenco 1349-1382 and Plaintiff's personnel documents bates labeled Kenco 188-216 as well as IDHR FOIA file bates labeled Kenco 11175.**

~~Defendant Kenco states in Response number fifteen (15):~~ **See Plaintiff's personnel file bates labeled Kenco 188-216 and documents received from IDHR in response to FOIA bates labeled Kenco 1-1175.**

~~Defendant Kenco states in Response number twenty one (21):~~ **Defendant objects to Request No. 21 because it is overly broad and vague. Subject to and without waving these and**

general objections, see Plaintiff's personnel file and documents produced to IDHR, bates labeled Kenco 1-1175.

Defendant Kenco states in Response number twenty four (24): See documents bates labeled Kenco 1-1175 for Plaintiff's personnel records and all written memorandums prepared in response to Plaintiff's charges of discrimination for the IDHR.

Defendant Kenco states in Response number fifty four (54): Defendant objects to Request No. 54 because it is argumentative and vague. Subject to and without waiving these and general objections, see documents bates labeled Kenco 1-1175 for Plaintiff's personnel documents and any explanations of her duties.

Defendant Kenco states in Response number fifty nine (59): Defendant objects to Request No. 59 because it is overly broad, not limited in time and scope, seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, see Kenco 1-11775 for documents received from IDHR in response to FOIA related to Plaintiff.

Defendant Kenco states in Response number sixty seven (67): Defendant objects to Request No. 67 because it is vague as to "you" and overly broad. Subject to and without waiving these and general objections, see Kenco 1-1175 for documents submitted to IDHR which were received in response to FOIA request.

Defendant Kenco states in Response number Eighty four (84): See documents in McCurry's personnel file bates labeled Kenco 336, 342, 358 reflecting McCurry reporting to Leonard Szplett from the time she was hired until Lori Varvel's hiring in October 2014 at which point McCurry began reporting to Varvel. See also, Varvel personnel file marked CONFIDENTIAL and bates labeled Kenco 1260-1271.

Defendant Kenco states in Response number Eighty seven (87): None. See McCurry's offer letter bates labeled Kenco 363 and the memorandum updating McCurry's schedule bates labeled Kenco 346.

Defendant Kenco states in Response number Ninety two (92): See documents bates labeled Kenco 182-1175 consisting of documents received from IDHR in response to FOIA request.

The fair sampling of Defendant responses suggest that bate stamp documents 1-1175 are made of a variety of sets of documents that include, my personnel file, other documents and the FOIA requested documents from IDHR/EEOC.

Another fair sampling of Defendants responses suggest that bate stamp documents 1-1175 are the documents received from the FOIA request from IDHR/EEOC.

Another response from Defendant states that bate stamp numbers 182-1175 are the documents that make up the IDHR response to the FOIA request.

Defendant Kenco has offered at least three (3) different scenarios about what documents make up the FOIA request. Ironically enough none of these scenarios match the amount of documents received by me from the FOIA request that was made on about February 2, 2016 and that was sent to me on February 16, 2016 See **Exhibit 44.**

The invoice clearly indicates that 1180 pages were copied and sent to me. Furthermore, I requested and received a notarized letter stating that the copies received were true and correct copies. **Exhibit 44** page 6 and 2-5 respectively.

Furthermore, it was also discovered that Kenco had made another FOIA request for charge 2015CA2495 and these documents were not produced either. In addition, Defendant Mars produced over three thousand four hundred (3,400) documents mainly emails between named defendants and other employees of the Mars Manteno facility and other Mars employees including Robert Coffey, Todd Moore, Matt Chick, Toni Wasik, David Waguespack and others. Group **Exhibit 66** Consequently, there is no question that Defendants have intentionally withheld documents to prejudice me, commit fraud on the court, as well as, obstruct and impede justice contrary to telling the court with clarity "that Defendants have fully complied with their discovery obligations," docket 60 and filing their responses that state that they have given "all" the documents that were in their possession.

Consequently, any of the scenarios represented by Defendant Kenco regarding FOIA requested documents and the documents in their possession is blatantly false and grossly inaccurate and substantively misrepresented to their betterment and my detriment.

Moreover, documents that have been intentionally withheld and removed from the documents received from the IDHR/EEOC are documents that clearly support my case.

To add further insult to injury, Defendant Kenco intentionally and willfully refuses to produce its company policies and procedures that it refers to allegedly complying with in the Interrogatories it answered to Plaintiff and the same being true for other Defendants who answered the same way as well.

The policies, procedures, protocols, best practices, forms and records are a mandatory requirement for compliance to the Food Drug and Cosmetic Act as amended by the Food Drug and Cosmetic Act. According to the Act Defendant Mars and Defendant Kenco the records are to be maintained for a specified time; the specified time was seven (7) years. Record keeping was a matter of course of doing ordinary business. Failure to have these records is not only a violation of this rule, but also other rules that govern record keeping, such as the Fair Labor Standards Act and other governing employment laws.

I further understand that the duty to preserve documents, electronically stored information, or tangible evidence based on the existence of pending, threatened, or reasonably foreseeable litigation arises under the common law.

Defendant Kenco was aware of the existence of pending, threatening and reasonable foreseeable litigation because since 2013 to date. Therefore, even if the requisite compliance to the Food Drug and Cosmetic Act did not exist, Defendant would still have been required to maintain these

records.  Records were required to be kept under a number of requisites, such as but not limited to: 29 C.F.R. § 1602.14.  In addition, Defendant Kenco and Mars were notified by the IDHR/EEOC that it was to preserve its records because of charge(s) of discrimination had been filed against them.  Moreover, the timeframe that elapsed between the time a disposition had been issued on the charge(s) filed at the IDHR/EEOC and the time in which Defendant Kenco and Mars legally had to dispose or destroy such records had not yet come.

Moreover, Defendant Kenco had hired through contrivance in its arsenal, with the expressed approval of its Senior Executive Officers **see Exhibit 34,** an employee, Jay Elliott, who was an experienced employment litigator that had sufficient knowledge on the preservation of documents, electronically stored information, or tangible evidence.  In addition, Elliott was informed to preserve records and instructed not to sign verified responses by the IDHR/EEOC if he did not have firsthand knowledge see **Exhibit 67,** which neither has seemed to be complied with.  Therefore, there is no reason that these records should not exist and should not have been produced, as the written documented scheme of policies and procedures was a result of the course of ordinary business.

Last but not least, Defendant states in some of its responses to see all the documents.  This is not reasonable or intelligent to suggest that "all" documents produced satisfy several distinct requests, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things that comprise all of the documents.

Essentially this is a case of intentional, willful and malicious evidence tampering, perjury, conspiracy, obstruction of justice, aiding and abetting, and fraud on the plaintiff and on the court.


## MISUSE OF THE INSTRUMENTS OF THE COURT AND COURT ORDERS

Defendant has again abused discovery, Plaintiff and the Court.

Defendant motioned the court for two (2) Protective Orders allegedly not to harass or embarrass anyone and to avoid discovery requests made on Defendants, Walsh, Jabaley, Fowler and Lopez amongst other arguments.

One notable reason Defendants counsel offered was along the lines that they did not want to embarrass anyone; upon hearing that I was floored.   To me this is not a reasonable or intelligent reason, as the request was not to embarrass, but to get truth and justice.  Not to mention these persons are/were named Defendants in several legal matter.  Furthermore, I cannot recall Defendants providing any specifics to me or the court as to who would be embarrassed or what would be embarrassing, if a protective order was not granted.

I was glad that I was not the only one who felt this way; I learned that mere embarrassing information that could detail corporate mismanagement or the injuries occurring from a faulty product is *not* entitled to protection. (See *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1179  ["[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to

seal its records."].)-Cited from an article by Lori E. Andrus entitled Fighting Protective and Secrecy Orders, August 2014.

I also read the court disfavored and frowned on generalizations of alleging privilege with respect to documents, without specifications or reference to the documents. They went so far to say in Kamakana V. City and County of Honolulu (9th Cir. 20016) 447 F.3d 1172, 1184 that these generalizations, without elaboration or specifics linked with documents, do not satisfy the burden necessary to obtain an order.

I also read that the resisting party was to bear the burden of establishing good cause for the order for each particular document it sought to protect, as well as, identifying the specific prejudice or harm that would result if no protective order was granted for each document. (*Foltz v. State Farm Mut. Auto, Ins.* Co. (9th Cir. 2003) 331F.3d 1122, 1130.)

After all of that, Defendant took documents that belonged to named Defendants Varvel and Manzello and marked them confidential even after it had redacted any sensitive information that would have constituted it as a confidentially designated document.

After all of that some of the same documents that were marked as confidential by Defendant had been previously submitted by Defendant to the IDHR/EEOC for either myself or Len Szplett's as evidence; these documents are subject to FOIA. These documents include, but are not limited to: Defendant's evidence submitted to the IDHR bate stamp 1228-1259, 1272-1291, 1352-1382 and 1414-1415. **See Exhibit 45**

Moreover, it is not logical to mark documents confidential that have already been widely disseminated internally or externally of a company or organization; hence company policies and procedures; the very things that are of issue here before the court.

A court has adopted my thought, a federal court in Kentucky, rejected Home Depot's argument that its training manuals and standard operating procedures should be protected. (*Mitchell v. Home Depot U.S.A.* (W.D.Ky. Jun.14, 2012) No.3:11-CV-332, 2012 WL 2192279,*5

For example, Defendant Kenco marked all of the policies that it created well after the incidents occurred, specifically all the way into November of 2015, well beyond the date of my medical leave and the ending of their employment relationship with Kenco, as confidential. Bate Stamp 1352-1382 Exhibit 45. These actions in themselves are obstructive of justice and collusive.

Furthermore, this action disallows me to properly engage my witnesses, assess my bench strength and obtain advice. This is highly prejudicial and disfavorable to me. This thought pattern is skewed because it seems as if we never know what the policies and procedures are, how will we ever know if they were complied with or violated.

There is only one (1) set of documents that holds true to the order and those are bate stamp 1292-1333 Marci DeRosier's personnel file and payroll register. This information was produced for no apparent reason or in response to any discovery request from Plaintiff.

In addition, prior to Defendant motioning the court for another order of protection, it failed to discuss or present this motion to me. After Defendant filed the motion, I will not say that

Defendant did not send it to me as required, but what I can say for certain is that I never received a copy of this motion by mail as stated on the Certificate of Service.

Thusly, I was never able to answer this motion causing me not to be able to present my reasons and rationale for such an order. Moreover, it caused me not to be able to demonstrate why the requests for admits was such a necessary tool for each defendant. I was prejudiced through the abuse of discovery and court order tools.

Moreover, Defendants (any party) are to certify that in "good faith" they tried to resolve any issues before going to the court for intervention. I do not believe that I have seen such an effort from Defendant or them making such a certification nor do I recall either the court or myself having a chance to review documents slated for the protective order.

In short the Defendant and Defendants counsel have misused the court's ordered tools of protective orders for Defendants own public relations tool, a way to escape and avoid liability, commit fraud on the court, as well as, hinder, delay and frustrate Plaintiff. Moreover, Defendants actions give rise to the fact that Defendants know that their claims/defenses can only be supported with fabricated or suppressed evidence.

***For the stated and attached reasons***, I am requesting that the Court compel Defendants to answer the requests made to them and before the court outlined in **Exhibits I & II**, in a detailed, specific and/or particularized manner; as well as, instruct Defendants to produce the documents requested for all of the Defendants as requested and link the documents by bate Stamp to the appropriate interrogatory or request for production, as required under Rules 26, 33 & 34; as well as, instruct them to answer the request for admits that were previously issued to Defendant.

I am requesting that since Defendants have violated Rule 37 Defendants actions should be treated as such for the Defendants' incomplete disclosure, answers and response, as well as, its failure to produce material documents that renders Defendants' initial production incomplete. Furthermore, Defendant has intentionally, willfully maliciously been consistent and intentional on withholding documents and supply misleading information that is substantively inaccurate or supported, as well as, flat out refusing to comply with its blatant disregard of the law.

In addition, I am asking that Defendants' right to object be waived for all objections raised for failure to comply with Rule 26 & 34, as well as, for failing to state whether any responsive materials are being withheld on the basis of that objection that the Defendants be held to have waived or forfeited their right to object; coupled with Defendants intentional, willful, blatant and reckless disregard and disobedience of the law and its rules, coupled with its outright mistruth to the court in docket # 60 that stated that they have fully complied with their discovery obligations.

I am also asking that the documents that are incorrectly marked as "confidential" no longer be marked as confidential and unsealed. That the policies, procedures, protocols, best practices and forms of Defendant not be marked as "confidential" and; that documents already widely disseminated and disseminated to agencies subject to FOIA not be marked "confidential" and; documents that are related to or governed by regulatory agencies or compliance issue related and; documents related to name Defendants not be marked as "confidential" that do not meet the benchmark or criteria for redaction or confidentiality under the Civil Rules of Procedure 5.2 or 26 and; that any documents Defendants allege privilege that they create a "privilege log" listing

14

the documents Defendants refuses to produce on the basis of a legally recognized privilege or work product doctrine under Rule 26(b)(5). The log must describe the nature of the documents or items not produced without revealing privileged or protected information so that it can be ascertained whether the claim is legitimate.

All Remaining documents in Defendants possession that include, but is not limited to:

<ol type="a">
<li>Defendant Kenco's corporate and Mars Manteno site policies, procedures, protocols, best practices and forms from January 2013 through March of 2015.
  <ol type="a">
  <li>This should include all appendices A-F</li>
  </ol>
</li>
<li>New Releases, Revisions and Invalidations of policies, procedures, protocols, best practices and forms listed on Kenco Connection from January 2013 to March 2015.</li>
<li><strong>Kelvin Walsh's</strong> personnel file, inclusive of all performance management evaluations, reviews, personal development plans, performance improvement plans, disciplinary actions, progressive discipline(s), reason for termination, severance agreement, investigations and any other evaluation metrics used. Other personal or sensitive information is not requested. Defendant produced a bate stamp number 1306 indicating that Walsh was on a Personal Development Plan. <strong>Exhibit 59 and Mars bate stamp 2781 Exhibit 60</strong></li>
<li>Mike Manzello's personnel file, inclusive of all performance management evaluations, reviews, personal development plans, performance improvement plans, disciplinary actions, progressive discipline(s), reason for termination, severance agreement, investigations and any other evaluation metrics used. Other personal or sensitive information is not requested.</li>
<li>Approved hiring requisitions for Lori Varvel and Jay Elliott according to company policy</li>
<li>Signed job description for Szplett's and myself.</li>
<li>Documents requested from the IDHR/EEOC</li>
<li>The modified SOW agreement referenced in Defendant Mars <strong>bate stamp 1766- Exhibit 64</strong></li>
<li>Kenco's PIP response as mentioned in Mars <strong>bate stamp 1627 Exhibit 60</strong></li>
<li>Agreements employment and termination notices between Mars to Kenco and what type of termination occurred according to executed contract <strong>Exhibit 65</strong></li>
<li>Insurance agreements between Kenco and Mars</li>
<li>Defendants' insurance general liability and umbrella policy</li>
<li>A subpoena for their 3rd party website provider or host in the event that Defendant Kenco fails to produce the required documents.</li>
</ol>

That I am allowed to serve Lopez and Jabaley five (5) additional interrogatories each to follow up on Lopez' public proclamation of the extreme duress of the Mars Manteno Facility on Jabaley's LinkedIn page. See **Exhibit 58**

That I am allowed to serve Lopez and Jabaley ten (10) admits each to follow up on Lopez' public proclamation of the extreme duress of the Mars Manteno Facility on Jabaley's LinkedIn page

A ruling of bad faith against Defendants that the opposing party deliberately withheld documents and failed to comply with various Rules of Civil Procedure such as 26, 33, 34, 37 and any other applicable Rules, as well as, that Defendants made false declarations.

That the court take note and make a ruling that Defendants' counsel made scathing and blatantly untrue statements to court on September 28, 2017, when it told the court that "that Defendants have fully complied with their discovery obligations," when in fact they had not and still have not. In addition, that the court view and note that Defendants' actions as intentional, deliberate, willful, malicious and an obstruction of justice and fraud on the court; essentially a crime on the court.

I am also asking that Defendants counsel not be allowed to engage in further "gamesmanship" by labeling documents of named Defendants as confidential and subject to protective order, under the guise that they do not want to embarrass anyone or some other reason, when those documents do not comply to the parameters outlined in the motion and the order that was granted by the court.

In addition, to the same sentiments and thoughts Defendants outlined in their motion to compel me and for most of their rationale about needing complete answers, along with the sentiments of the Court regarding Defendants rationale of needing complete answers and the sake of equity; I too am looking for this court to grant me a motion compelling Defendants to completely and transparently respond to the discovery requests.


Submitted by:        Edith McCurry _Edith McCurry_        March 23, 2018
                     6239 South 13110 East Road
                     Pembroke Township, IL 60958

CERTIFICATE OF SERVICE

Please take notice that on March 23, 2018, I, EDITH MCCURRY, hereby, certify that I did file a
MOTION TO COMPEL DISCOVERY FROM DEFENDANT'S LORI VARVEL, MIKE
MANZELLO, KELVIN WALSH, DAVID JABALEY, TAMMI FOWLER, MARIO LOPEZ
AND KENCO LOGISTICS along with Attachments I, II, III and their sub attachments with the
Central District of Illinois Urbana Division in the foregoing matter of Case No. 16-cv-02273-CSB-EIL
and have served the persons identified on the docket's service list through Notice of Electronic Filing
generated by the Court's CM/ECF system.

Edith McCurry

Pro Se
EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281