E-FILED
Monday, 26 March, 2018  10:38:00 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT II

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF
## ILLINOIS URBANA DIVISION

EDITH MCCURRY,

       Plaintiff,

                                     Case No. 2:16-cv-02273-CSB-EIL

V.                                           Judge Colin Stirling Bruce

KENCO LOGISTIC SERVICES, LLC, et al.      Magistrate Judge Eric I. Long

       Defendants.

### DEFENDANT LORI VARVEL'S RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S FIRST SET OF PRODUCTION REQUESTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Lori Varvel ("Varvel") by and through her attorneys, responds to Plaintiffs First Set of Production Requests, as follows:

### GENERAL RESPONSES AND OBJECTIONS

Kenco incorporates the following responses and objections into each and every request set forth below:

1.       In answering the following requests, Kenco will ascribe to terms the normal definitions given them under the normal rules of English vocabulary, usage, grammar, and syntax.

2.       Kenco objects to Plaintiffs requests to the extent they purport to impose obligations on Kenco that are broader than required by the Federal Rules of Civil Procedure or applicable local rules.

3.       Kenco objects to each request to the extent it purports to require it to disclose documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, or to the extent it unreasonably invades the privacy of non-parties to this action.

4.       Where, in response to a particular request, Kenco identifies specific documents that are responsive, Kenco does not thereby represent or warrant that other documents may not also be responsive to the request, or that the documents identified in response to the request are only responsive to the request referenced.

5.      Kenco's investigation of this matter is ongoing. Kenco therefore reserves the right to supplement its responses to each and every Request for Production (or any portion thereof).

## REQUESTS FOR PRODUCTION

1.      All documents identified in your responses to Plaintiffs First Set of Interrogatories to Defendant.

RESPONSE: None.

2.      All documents that were used or relied upon by you in the preparation of your responses to Plaintiffs First Set of interrogatories to Defendant

RESPONSE: None.

3.      All documents identified, or to be identified, in your Rule 26(a) disclosures.

RESPONSE: See documents bates labeled Kenco 1-1175 consisting of Plaintiff's personnel file and documents received from IDHR in response to FOIA request.

Bate Stamp 5-160 not in IDHR/EEOC file in response to FOIA Request; 124 pages repeated between 1-1175. The FOIA request made by Plaintiff in February 2016 yielded 1180 pages. There is a 285 page deficit in what was produced in what was in the file. This is an evasive and incomplete answer and a violation of Rule 34 & 37 and should be treated as such.

4.      All documents relating to your defense of any of the allegations made in Plaintiffs Complaint.

RESPONSE: None. Defendant Varvel is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.

To date Kenco has not produced any documents relative to Varvel or specifically identified as such. This is an evasive answer and is a violation of Rule 34 and 37 and should be treated as such.

5.      All documents that either support or refute your defense of any of the allegations made in Plaintiffs Complaint.

RESPONSE: None. Defendant Varvel is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.

*To date Kenco has not produced any documents relative to Varvel or specifically identified as such. This is an evasive answer and a violation of Rule 34 & 37 and should be treated as such.*

      6.     All documents and communications (including, but not limited to, letters, emails, text messages, and messages on social media sites or any other written correspondence) in your possession or your agents, custody or control, between you and any former or current employees of Kenco and Mars, Inc., including, but not limited to, MARS, Inc., The Kenco Group and its subsidiaries, Bobby Iles, Vicky Limon, Dan Dey, Eddy Register, Paula Hise, Michelle Hisey, Michael Moore, Cathy Phillips, Robert Coffey, Ann Bachelor, Jerry Ciriello, Valerie Lillie, Tammi Fowler, Winnie Cooper, Gayle Lea, Suzanne Moore, Jason Pendleton, Edith McCurry, Karen Smith, Melissa Hansen, Stacey Bushey, LaShawn Morrow, Heather Cooper, Russell Schippets, Scott Marksteiner, Nathan Doss, Noah Richcreek, Mario Lopez, David Caines, Trace Spears, Ann Christopher, Jay Elliott, Mike Manzello, as well as, Thomas & Thorngren, Prologistix, The Reserve Network, People Link, Excel Logistics, The Hartford and their respective employees from January 2013 to the present. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, private messages, postings, or other types of communications with anyone on any and all social networking websites, such as MySpace, Twitter, LinkedIn and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

RESPONSE: Defendant objects to Request No. 6 because it is overly broad, not limited in time or scope, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

*Defendant has not answered and has objected to the request without identifying what was being objected to, what, if any, documents were being withheld because of this objection; as well as, providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. This evasive answer is also a violation of Rules 34 and 37 and should be treated as such.*

7.         All communication in your possession or your agents, custody or control, between you and any third party not previously identified from August 2014 to present, which discuss or mention your activities, social life, employment, work opportunities, or any defense to the allegation contained in Plaintiffs Second Amended and consolidated Complaint. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, postings and photographs on any and all social networking websites, such as MySpace and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

RESPONSE: Defendant objects to Request No. 7 because it is overly broad, not limited in time or scope, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

Defendant has not answered and objected to the request without identifying what was being objected to, what, if any, documents were being withheld because of this objection providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. This evasive answer is also a violation of Rules 34 and 37 and should be treated as such.

8.         All documents relating to Plaintiffs employment with Kenco/Mars, Kenco Logistics as Human Resource Manager of the Mars Manteno Facility, Mars, Inc. including, without limitation, policies, procedures, protocols, forms, appendices, personal diaries, journals, calendars, schedules, itineraries, employment agreements, performance evaluations, discipline, correspondence, written statements, electronic mail, social networking website posts, blog posts, computer files, digital or otherwise recorded pictures, photographs or graphical representations, and any other documents that relate to such employment or termination of employment, including documents that are considered property of Kenco or Mars, Inc.

RESPONSE: None. Defendant Varvel is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.

To date Kenco has not produced any documents relative to Varvel or specifically identified as such. This an evasive answer and a violation of Rule of 34 and 37 and should be treated as such.

9.    All documents relating to any communications, including electronic, internet or online communications, postings, responses to postings, updates, responses to updates, comments, responses to comments, email, instant message, text message, voicemail message, Twitter message or tweet, between you and any third person, including but not limited to current and former employees of Kenco and Mars MARS, Inc., Kenco, Bobby Iles, Vicky Limon, Dan Dey, Eddy Register, Paula Hise, Michelle Hisey, Michael Moore, Cathy Phillips, Robert Coffey, Ann Bachelor, Jerry Ciriello, Valerie Lillie, Tammi Fowler, Winnie Cooper, Gayle Lea, Suzanne Moore, Jason Pendleton, Edith McCurry, Karen Smith, Melissa Hansen, Stacey Bushey, LaShawn Morrow, Heather Cooper, Russell Schippets, Scott Marksteiner, Nathan Doss, Noah Richcreek, Mario Lopez, David Caines, Trace Spears, Ann Christopher, Jay Elliott, Mike Manzello, as well as, Thomas & Thorngren, Prologistix, The Reserve Network, People Link, Excel Logistics and their respective employees, The Hartford, any Administrators of goods and services for Kenco and Mars, colleagues, acquaintances, and strangers, that relate to Defendant, Defendant Kenco, Plaintiff s employment at the Mars Manteno facility, or your defenses against Plaintiffs claims.

RESPONSE: Defendant objects to Request No. 9 because it is overly broad, vague to the extent it appears to be referring to Kenco as a person, not limited in time or scope and seeks documents not relevant to any party's claims or defenses or proportional to the needs of this litigation. Defendant further objects that this request seeks information protected by the attorney client privilege. Subject to and without waiving these and general objections, Defendant Varvel is not in possession of any such documents.

The request was to Varvel, who definitely is a person and other current and former employees of Kenco or Mars, Inc. Furthermore, the persons listed are employees or agents of Kenco and or Mars, Inc.; thereby, attorney client privileges cannot be asserted nor has Defendant offered a basis or explanation for the privilege. In addition, the time and scope of the information requested correlate to the timeframes surrounding the claims Plaintiff has made.

Beyond that Defendant objected to the request without identifying what was overly broad, vague or what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is; what, if any, documents were being withheld because of this objection; Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is

relevant to any party's claim or defense. The evasiveness or incompleteness of the answer provided is also a violation of Rules 34 and 37.

    10.    All documents relating to any defense against the actions taken by you that you contend was lawful and not adverse to Plaintiffs employment in way.

**RESPONSE:** Defendant Varvel is not in possession of any such documents. See all documents produced by Kenco.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Defendant has not correlated by bate stamp any of the documents they produced. This is an evasive answer and a violation of Rule 34 and 37 and should be treated as such.

    11.    All documents explaining why you failed to follow Defendant Kenco's normal business practices.

**RESPONSE:** Defendant objects to Request No. 11 because it is overly broad, vague, not limited in time or scope and seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, none.

Defendant Kenco as a prerequisite for managing Mars, Inc. facility and a requisite to FDA compliance is required to have a written/documented quality system that includes policies, procedure, protocols, forms and best practices. Defendant maintains that they have such documents to be provided on Varvel's behalf and have yet to do so. Failing to produce Kenco's policies, procedure, protocols, forms and best practices is a Rule 26 violation as the documents are relevant to both party's claims and are directly proportional to the needs of the case. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern normal business (employment and operations) cannot be vague or irrelevant. Furthermore, Defendant has not made it clear that the reason there is no documentation is because they objected or that it does not exist. The failure to answer and the evasiveness also violate Rules 34 and 37 and should be treated as such.

    12.    All documents explaining how you followed Defendant Kenco's normal business practices.

**RESPONSE:** Defendant objects to Request No. 12 because it is overly broad, vague, not limited in time or scope and seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general

objections, Defendant Varvel is not in possession of any such documents. See all documents produced by Kenco.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Defendant Kenco as a prerequisite for managing Mars, Inc. facility and a requisite to FDA compliance is required to have a written/documented quality system that includes policies, procedure, protocols, forms and best practices.

Failing to produce Kenco's policies, procedure, protocols, forms and best practices is a Rule 26 violation as the documents are relevant to both party's claims and are directly proportional to the needs of the case. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern normal business (employment and operations) cannot be vague or irrelevant. The failure to answer and the evasiveness also violate Rules 34 and 37 and should be treated as such.

13.   All documents explaining why you failed to follow company policy as it related to Plaintiff

and Plaintiffs complaints filed.

RESPONSE: Defendant objects to Request No. 13 because it is argumentative and vague. Subject to and without waiving these and general objections, none. Defendant followed company policy.

Defendant objected to the request without identifying what part was argumentative and vague or what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is; what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Furthermore, Defendant Kenco as a prerequisite for managing Mars, Inc. facility and a requisite to FDA compliance is required to have a written/documented quality system that includes policies, procedure, protocols, forms and best practices. This system's by product is documentation, transparency and traceability.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

14.    All documents supporting the fact that you were more qualified to manage the Mars Manteno

facility HR department than Plaintiff; including but not limited to education, professional certifications,

credentials and experience.

RESPONSE: Defendant objects to Request No. 14 because it is overly broad, vague and argumentative. Subject to and without waiving these and general objections, see Varvel's personnel file produced by Kenco marked CONFIDENTIAL and bates labeled Kenco 12601271.

Defendant objected to the request without identifying what part was overly broad, argumentative and vague or what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is and; what, if any other, documents were being withheld because of this objection. Moreover, Varvel is a named Defendant and should not be given special privileges of confidentiality; furthermore, Defendant Kenco redacted all sensitive information.  As a result, Varvel has no more telling information than that on her social media pages.

15.    All documents explaining and relating to why you harassed, berated, marginalized,

ostracized and discriminated against Plaintiff.

RESPONSE: None. Defendant did not engage in any such conduct.

Defendant Kenco has stated that they have documents, it is not clear if Defendant Kenco has these documents or if they exist or not.  This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

16.    All documents either supporting or refuting the fact that you were searching for a

replacement for Plaintiff that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

Defendant Kenco has stated that they have documents, it is not clear if Defendant Kenco has these documents or if they exist or not. This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

17.    All documents explaining why you refused to verify Plaintiffs employment in writing that

are either in your control or the control of Defendant Kenco or its agents.

RESPONSE:  None.

Defendant Kenco has stated that they have documents, it is not clear if Defendant Kenco has these documents or if they exist or not. This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

18.    All documents either refuting or supporting the fact that you were tasked to scrutinize Plaintiff that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

Defendant Kenco has stated that they have documents, it is not clear if Defendant Kenco has these documents or if they exist or not. This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

19.    All documents relating to your defense that the actions taken by you that Plaintiff contended was harassing or discriminatory on the basis of Plaintiffs race, age, or other protected categories was not harassing or discriminatory.

RESPONSE: See all documents produced by Defendant Kenco. Varvel is not in possession of any documents responsive to the claims or defenses in this litigation.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Defendant has not correlated by bate stamp any of the documents they produced. This is an evasive answer and a violation of Rule 34 and 37 and should be treated as such.

20.    All investigative notes, memos, diaries and logs conducted by you in regards to Plaintiffs work performance that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: See documents produced by Defendant Kenco. Varvel is not in possession of any documents responsive to the claims or defenses in this litigation.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

In addition, the documents produced do not contain any investigative notes, memos, diaries, and logs regarding Plaintiff's work performance. Furthermore, the requested is a part of Defendant Kenco's normal business practices and records. Moreover, Defendant failed to identify these documents by bate stamp to correlate to this request.

This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

21. All investigative notes, memos, diaries and logs conducted by you in regards to Plaintiffs mispunch that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: See documents produced by Defendant Kenco. Varvel is not in possession of any documents responsive to the claims or defenses in this litigation.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

In addition, the documents produced do not contain any investigative notes, memos, diaries, and logs regarding Plaintiff's mis-punch. Furthermore, the requested is a part of Defendant Kenco's normal business practices and records. Moreover, Defendant failed to identify these documents by bate stamp to correlate to this request.

This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

22. All investigative notes, memos, diaries and logs taken or received by you in regards to Plaintiffs work performance that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: See documents produced by Defendant Kenco. Varvel is not in possession of any documents responsive to the claims or defenses in this litigation.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

In addition, the documents produced do not contain any investigative notes, memos, diaries, and logs regarding Plaintiff's work performance. Furthermore, the requested is a part of Defendant Kenco's normal business practices and records. Moreover, Defendant failed to identify these documents by bate stamp to correlate to this request.

This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

22.    All investigative notes, memos, diaries and logs taken or received by you in regards to Plaintiffs complaints of disparaging and disparate treatment that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

Defendant Kenco has stated that they have documents, it is not clear if Defendant Kenco has these documents or if they exist or not. This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

23.    All documents relating to any other Kenco employee, Kenco managed employee or Mars Manteno employee who you contend is similarly situated to Plaintiff, is not a member of Plaintiffs protected class (i.e., was a different race), and was not treated more favorably than Plaintiff

RESPONSE: None.

Defendant Kenco has stated that they have documents, it is not clear if Defendant Kenco has these documents or if they exist or not. This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

24.    All documents relating to your defense that Plaintiff is not entitled to any monetary damages for which Plaintiff is seeking recovery.

RESPONSE: See documents produced by Defendant Kenco. Varvel is not in possession of any documents responsive to the claims or defenses in this litigation.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" the documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Moreover, Defendant failed to identify these documents by bate stamp to correlate to this request, if in fact they satisfy this request.

Defendant Kenco has stated that they have documents, it is not clear if Defendant Kenco has these documents or if they exist or not. This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

25.    All policies, procedures, protocols, and forms received from Defendants Kenco and Mars relating to the operation and compliance of the Mars Manteno facility that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 26 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part was overly broad and vague or what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is; what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Additionally, Defendant Kenco as a prerequisite for managing Mars, Inc. facility and a requisite to FDA compliance is required to have a written/documented quality system that includes policies, procedure, protocols, forms and best practices.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern normal business (employment and operations) cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as so.

Furthermore, Defendant has not made it clear that the reason there is no documentation is because they objected or they do not exist.

27.    All documents that either support or refute that you were on the approved Mars Budget that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 27 because it is vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part was overly broad and vague or what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is; what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as so.

Furthermore, Defendant has not made it clear that the reason there is no documentation is because they objected or they do not exist.

28.    All documents relating to your defense that either support or refute you did not violate Kenco,

Mars or public policy that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: See documents produced by Defendant Kenco reflecting that Defendants did not violate public policy. Varvel is not in possession of any documents responsive to the claims or defenses in this litigation.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" the documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Moreover, Defendant failed to identify these documents by bate stamp to correlate to this request, if in fact they satisfy this request.

Defendant Kenco has stated that they have documents, it is not clear if Defendant Kenco has these documents or if they exist or not. This is an evasive answer and violation of Rule 34 and 37 and is to be treated as such.

29.    All documents supporting or refuting the fact that you followed Kenco, Mars, and public

policy that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 29 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, Defendant Varvel is not in possession of any responsive documents.

Defendant objected to the request without identifying what part is not relevant and or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is; what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

30.     All documents relative to your job duties and functions, including your signed job description that is either in your control or the control of Defendant Kenco or its agents.

RESPONSE: See documents produced by Defendant Kenco including Varvel's personnel file marked CONFDIENTIAL and bates labeled Kenco 1260-1271. Varvel is not in possession of any documents responsive to the claims or defenses in this litigation.

Varvel's personnel file contains here application of six (6) pages, two (2) pages of releases, social security card/driver's license one (1) page, offer letter two (2) pages and a blank page.

The documents produced do not meet the request. Furthermore, Defendant Kenco was mandated to have signed job descriptions for each employee. In addition, there should have been an approved hiring requisition for Varvel.

The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

31.     All documents relative to your employment, including your personnel file that is either in your control or the control of Defendant and or its agents.

RESPONSE: Defendant objects to Request No. 31 because it is overly broad. Subject to and without waiving these and general objections, see documents produced by Defendant Kenco including Varvel's personnel file marked CONFDIENTIAL and bates labeled Kenco 1260-1271. Varvel is not in possession of any documents responsive to the claims or defenses in this litigation.

Defendant objected to the request without identifying what part is overly broad or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is; what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to

admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no additional documentation is because they objected or that it does not exist.

32.    All documents relative to your termination in February of 2015 that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 32 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, Defendant Varvel is not in possession of any responsive documents. See Varvel's personnel file marked CONFIDENTIAL and bates labeled Kenco 1260-1271 produced by Kenco.

Defendant objected to the request without identifying what part is not relevant and or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is; what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

Moreover, as it stands, Varvel's personnel file suggests that she is still employed with Defendant Kenco, as Varvel's file does not indicate a separation from Defendant Kenco. According to Varvel's LinkedIn page she has been separated from Defendant Kenco since September 2016 and is currently employed by DSC.

33.    All documents relative to your severance package that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 33 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation.

Defendant refused to answer and objected to the request without identifying what part is not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

34.      All documents that either support or refute the fact that you knew that Defendant Kenco kept

electronic records that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 34 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as so.

Furthermore, the storage of electronic records is vital as it speaks to the accessible, compliance and production of the mandated record keeping practices and is an ordinary business practice.

Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

3 5 .    All documents that either support or refute the fact that you knew that electronic records are to be maintained for a specified amount of time that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 35 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as so.

Furthermore, the storage of electronic records is vital as it speaks to the accessible, compliance and production of the mandated record keeping practices, as well as, it is an ordinary business practice to do so.  Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

3 6 .    All documents that either support or refute the fact that you knew Defendant Kenco had a policy and or procedure on record keeping that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 36 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as so.

Furthermore, the policies, procedures and records are vital as it relevant to whether the name Defendants followed company policies and procedures, as well as, speaks to the accessible, compliance and production of the mandated record keeping practices, which is an ordinary business practice. The deviation from the standard operating policies and procedures are what are in question. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist for this request.

37.    All documents that either support or refute the fact that you knew Defendant Kenco and

Defendant Mars were regulated for compliance to the prevailing laws that are either in your control or the

control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 37 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague,

over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and be treated as such.

Furthermore, the documented evidence of compliance to the federal mandates of FDA and its governing system are vital as it speaks to the prerequisites and requites for compliance that follow documented quality management systems that mandate documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites, as a matter of ordinary course of business. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.


3 8 .    All documents that either support or refute the fact that you were aware that Defendant

Kenco and Defendant Mars were to implement policies, procedures and protocols in accordance with

state and federal law that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 38 because it is vague, overly broad, and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant to either party's claim. In addition, it is not stated exactly what was being objected to in the request. The reason provided was an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the implementation of documented evidence of compliance to the federal mandates of FDA and its governing system are vital as it speaks to the prerequisites and requites for compliance to the documented quality management system. This system mandates documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist for this request.

39.     All documents to either support or refute the fact that you acted lawfully in accordance with

Defendant Kenco and Defendant Mars policies, procedures and protocols according to the prevailing laws that

are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 39 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant to either party's claim. In addition, it is not stated exactly what was being objected to in the request. The reason provided was an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Defendants Kenco and Varvel have established earlier in this document that Kenco has relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist for this request.


40.     All documents that either support or refute the fact that you were aware that Defendant

Kenco and Defendant Mars were to maintain records in accordance with state and federal law that are either in

your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 40 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

Defendant refused to answer objected to the request without identifying what part is overly broad, vague and not relevant. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize

what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the documented evidence of compliance to the state and federal mandates are vital as it speaks to the prerequisites and requites for compliance that follow documented the designated laws and quality management systems that mandate documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.


41.    All documents that either support or refute the fact that you knew that Defendant Mars

required Defendant Kenco to maintain records for seven (7) years that are either in your control or the

control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 41 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the policies, procedures and records are vital as it relevant to whether the name Defendants followed company policies and procedures, as well as, speaks to the accessible,

compliance and production of the mandated record keeping practices. The deviation from the standard operating policies and procedures are what are in question. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist for this request.

42.    All documents that either support or refute the fact that you were aware that employee's personnel files were to be maintained in accordance with state and federal law that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 42 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the documented evidence of compliance to the state and federal mandates are vital as it speaks to the prerequisites and requites for compliance that follow documented the designated laws and quality management systems that mandate documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

43.    All documents that either support or refute that all documentation relative to an employee is to be maintained in the employee's personnel file that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 43 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the

2:16-cv-02273-CSB-EIL    # 79-2    Filed: 03/23/18    Page 24 of 120

litigation. Subject to and without waiving these and general objections, none. Defendant Varvel is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the documented evidence of compliance to the state and federal mandates are vital as it speaks to the prerequisites and requites for compliance that follow documented the designated laws and quality management systems that mandate documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

44.     All documents that either support or refute the fact that as the Human Resources Manager of the Mars Manteno facility you were responsible for the former and current employee files at the Mars Manteno facility that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None. Defendant Varvel is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.

Defendant Kenco to date has not produced any such documents responsive to Plaintiff's claims or has not identified documents by bate stamp that match this request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

45.     All documents that either support or refute the fact that you were instructed by Defendant Kenco or one of its agents to remove or reduce Plaintiffs duties that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

46.    All documents relating to your defense that Plaintiff is not entitled to any non-monetary relief.

RESPONSE: None.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

47.    All diaries, logs, journals, calendars, appointment books, Outlook or other electronic calendar or note-keeping programs, notes memoranda, or other memorialization's (contemporaneous or otherwise) of events for Defendant for the period of January 2012 to the present.

RESPONSE: Defendant objects to Request No. 47 because it is overly broad, not limited in time or scope and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

Defendant refused to answer and objected to the request without identifying what part is overly broad, and not relevant.  Also, A clear time frame/line was established in the request.  In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection or if those documents do not exist for this request.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

48.     All documents that you have witnessed, verified under oath, certified, filed at any time with

any federal or state court or administrative agency, including, but not limited to, the United States Equal

Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights ("IDHR"), The

Illinois Department of Employment Security in Defense against any person, OSHA, The Department of Labor,

firm, corporation, institution, agency or entity regarding any claim of misconduct, employment discrimination

or violation of leave laws while working at the Mars Manteno facility that are either in your control or the

control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 48 because it is overly broad, not limited in time
or scope and seeks information not relevant to either party's claims or defenses or proportional to
the needs of the litigation. Subject to and without waiving these and general objections,
Defendant Varvel is not in possession of any such documents. Kenco will provide any such
documents in Kenco's possession responsive to Plaintiff's claims.

Defendant objected to the request without identifying what part is overly broad, and
not relevant. Also, a clear time frame/line was established in the request. In addition,
without specificity to exactly what was being objected to, Defendant objected to the
request; Defendant provided an evasive answer using boilerplate language that does
not specify or particularize what the objection is. As well as, what, if any, documents
were being withheld because of this objection or if those documents do not exist for
this request.

Specifically, under Rule 26, the objection must include a specific explanation describing
why the request lacks relevance, and why the information sought will not reasonably lead to
admissible evidence, as well as, why this request falls outside discoverable information according to
Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant
to any party's claim or defense. The terms and conditions that govern employment cannot be vague,
over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34
and 37 and should be treated as such.

Defendant Kenco to date has not produced any such documents responsive to Plaintiff's
claims or has not identified documents by bate stamp that match this request.

49.     All documents relative to any investigation, fact finding conference, administrative process or

hearing, or any other hearing before any tribunal that Defendant has participated in that are either in your

control or the control of Defendant Kenco or its agents.

RESPONSE: None. Defendant Varvel is not in possession of any such documents. Kenco will
provide any such documents in Kenco's possession responsive to Plaintiff's claims.

Defendant Kenco to date has not produced any such documents responsive to Plaintiff's claims or has not identified documents by bate stamp that match this request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

50.    All written or recorded statements, memoranda, or correspondence provided to you or your agents by any person contacted or interviewed in connection with this matter that either support or refute your position that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

51.    All documents disseminated by Defendant on behalf or related to Plaintiff, Plaintiffs employment or the matters before the various tribunals, including emails, text messages and or any mode of communication used by Defendant that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

52.    All written reports of expert witnesses, who have been contacted, interviewed or engaged for this matter.

RESPONSE: Defendant has not yet identified any expert witness and will supplement this request if necessary in the future.

53.    All documents provided by you or your agents to any expert who has been contacted, interviewed, or engaged for this matter.

RESPONSE: Defendant has not yet identified any expert witness and will supplement this request if necessary in the future.

54.    All documents you believe tend to defend the allegations asserted in Plaintiffs Complaint.

RESPONSE: Defendant objects to Request No. 54 because it is vague. Subject to and without waiving these and general objections, for documents that defendant *against* the allegations asserted by Plaintiff, see all documents produced by Defendant Kenco. Defendant Varvel is not in possession of any such documents.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC.  Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File.  Furthermore, it is not reasonable or intelligent to suggest that "all" the documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. termination of their employment relationship with Kenco amongst other things.

Moreover, Defendant failed to identify these documents by bate stamp to correlate to this request, if in fact they satisfy this request.

In addition, Defendant objected to the request without identifying what part was vague.  In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as so.

55.    All documents you believe tend to support any allegation asserted in Plaintiffs Complaint.

RESPONSE: None.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

56.    All documents that you reviewed before participating in Plaintiffs Fact Finding Conference at the 1DHR and EEOC in 2015 that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None. Defendant Varvel is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.

Defendant Kenco to date has not produced any such documents responsive to Plaintiff's claims or has not identified documents by bate stamp that match this request.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

57.    All documents that you will introduce into evidence as exhibits at the trial of this matter that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant has not yet identified exhibits and will supplement this response in accordance with applicable Federal Rules and any orders entered by the Court.

58.    All other documents, not otherwise produced, substantiating any allegation in Plaintiffs Complaint that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant Varvel is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.

Defendant Kenco to date has not produced any such documents responsive to Plaintiff's claims or identify documents that match this response by bate stamp.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

59.    All documents that either support or refute the fact that Defendant knows that it is unlawful to perjurer oneself.

RESPONSE: Defendant objects to Request No. 59 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

Defendant refused to answer and objected to the request without identifying what part was vague, argumentative, and seeks information not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate

language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This is critical to the case because Defendant Kenco, its agents and its current and former employees that have been managed have made a number of inconsistent and contradictory statements to various regulatory agencies and tribunals, including this one.

60.    All documents that either support or refute the fact that Defendant knew that Defendant was to preserve the Defendant's records, Defendant Kenco and Defendant Mars records upon notice of impending litigation.

RESPONSE: None.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

61.    All other documents, not otherwise produced, refuting tending to disprove any allegation in Plaintiffs Complaint that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

57.    All documents relating to any litigation (civil or criminal) or administrative proceedings (including but not limited to charges of discrimination, whistleblower, or any other tribunal matter),

bankruptcy that you have instituted against any company, individual or other organization, or in which you have been a party or a witness, other than this specific matter before the District court that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 62 because it is overly broad, not limited in time or scope and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Defendant Kenco has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that the documentation does not exist.


63.    All documents that you produced to Defendant Kenco or Mars relative to Plaintiffs matter that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.


64.    All documents received in this lawsuit by you.

RESPONSE: Defendant has not received any documents with the exception of a summons and complaint prepared by Plaintiff, as well as other filings and discovery, which have been sent to Counsel for Defendant.

65.    All documents that you either sent to or received from the Illinois Department of Human Rights ("IDHR") or United States Equal Employment Opportunity Commission ("EEOC") or the District Court or any other tribunal relating to any Charges of Discrimination filed against you that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

*It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.*

*The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.*

66.    All documents received from or tendered to any person regarding any employment decision(s) relative to Plaintiff that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant Varvel is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.

*Defendant Kenco to date has not produced any such documents responsive to Plaintiff's claims or identify documents that match this response by bate stamp.*

*It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.*

*The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.*

67.    All other documents perceived to be a defense or documents in Defendant's possession relative to Plaintiff and Plaintiffs allegations, and pending matters that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: None.

*It is not clear whether Defendant Kenco is in possession of these documents, as they established earlier in this document that that were in possession of documents.*

*The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.*

Dated: September 22, 2017                    Respectfully Submitted,

                                             LORI VARVEL

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Phone: (312) 787-4949
Fax: (312) 787-4995
moranj.@j acksonlewis.com
julia.argentieri@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, **Julia** Pearce Argentieri, an attorney, hereby certify that on September 22, 2017, a copy

of **DEFENDANT LORI VARVEL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S**

**FIRST SET OF PRODUCTION** has been served by email and U.S. mail, postage prepaid as

follows:

> Edith McCurry
> 6239 S. 13110 East Road
> Pembroke Township, IL 60958
> EMcCurryl@gmail.com

By: _____

Juli earce Argentieri

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF
## ILLINOIS URBANA DIVISION

EDITH MCCURRY,

       Plaintiff,

V.

    Case No. 2:16-cv-02273-CSB-EIL
    Judge Colin Stirling Bruce
    Magistrate Judge Eric I. Long

KENCO LOGISTIC SERVICES, LLC, et al.

       Defendants.

### DENFENDANT MIKE MANZELLO'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF PRODUCTION REQUESTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Mike Manzello ("Manzello"), through his attorneys, responds to Plaintiff's First Set of Production Requests as follows:

### GENERAL RESPONSES AND OBJECTIONS

Kenco incorporates the following responses and objections into each and every request set forth below:

1.    In answering the following requests, Kenco will ascribe to terms the normal definitions given them under the normal rules of English vocabulary, usage, grammar, and syntax.

2.    Kenco objects to Plaintiffs requests to the extent they purport to impose obligations on Kenco that are broader than required by the Federal Rules of Civil Procedure or applicable local rules.

3.    Kenco objects to each request to the extent it purports to require it to disclose documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, or to the extent it unreasonably invades the privacy of non-parties to this action.

4.    Where, in response to a particular request, Kenco identifies specific documents that are responsive, Kenco does not thereby represent or warrant that other documents may not also be responsive to the request, or that the documents identified in response to the request are only responsive to the request referenced.

1

5.    Kenco's investigation of this matter is ongoing. Kenco therefore reserves the right to supplement its responses to each and every Request for Production (or any portion thereof).

## REQUESTS FOR PRODUCTION

1.    All documents identified in your responses to Plaintiffs First Set of Interrogatories to Defendant.

**RESPONSE: See Manzello's CV Bates Labeled Kenco 1529-1531.**

2.    All documents that were used or relied upon by you in the preparation of your responses to Plaintiffs First Set of Interrogatories to Defendant

**RESPONSE: None.**

3.    All documents identified, or to be identified, in your Rule 26(a) disclosures.

**RESPONSE: See Defendants' 26(a) disclosures and documents bates labeled Kenco 1-1175. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

4.    All documents relating to your defense of any of the allegations made in Plaintiffs Complaint.

**RESPONSE: See all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

~~Defendant Kenco has not produced all of the documents in its possession or control.~~

5.    All documents that either support or refute your defense of any of the allegations made in Plaintiffs Complaint.

**RESPONSE: For documents supporting Manzello's defenses, see all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

~~Defendant Kenco has not produced all of the documents in its possession or control.~~

6.     All documents and communications (including, but not limited to, letters, emails, text messages, and messages on social media sites or any other written correspondence) in your possession or your agents, custody or control, between you and any former or current employees of Kenco and Mars, Inc., including, but not limited to, MARS, Inc., The Kenco Group and its subsidiaries, Bobby Iles, Vicky Limon, Dan Dey, Eddy Register, Paula Hise, Michelle Hisey, Michael Moore, Cathy Phillips, Robert Coffey, Aim Bachelor, Jerry Ciriello, Valerie Lillie, Kelvin Walsh, Tammi Fowler, Winnie Cooper, Gayle Lea, Suzanne Moore, Jason Pendleton, Edith McCurry, Karen Smith, Melissa Hansen, Stacey Bushey, LaShawn Morrow, Heather Cooper, Russell Schippets, Scott Marksteiner, Nathan Doss, Noah Richcreek, Mario Lopez, David Caines, Trace Spears, Ann Christopher, Jay Elliott, Mike Manzello, as well as, Thomas & Thorngren, Prologistix, The Reserve Network, People Link, The Hartford and their respective employees from January 2013 to the present. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, private messages, postings, or other types of communications with anyone on any and all social networking websites, such as MySpace, Twitter, LinkedIn and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

**RESPONSE: Defendant objects to Request No. 6 because it is overly broad, vague to the extent it appears to be referring to Kenco as a person, not limited in time or scope and seeks documents not relevant to any party's claims or defenses or proportional to the needs of this litigation. Defendant further objects that this request seeks information protected by the attorney client privilege. Subject to and without waiving these and general objections, Manzello is not in possession of any such documents relating to Plaintiff or her claims.**

The request is to Manzello and indeed he is a person and the specific time frame was stated in line 13.

Defendant has objected to the request without identifying what part was vague, overly broad, not relevant or disproportional to the needs of the case, as well as, what, if any, documents were being withheld because of this objection; as well as, providing an evasive answer using boilerplate language that does not specify or

particularize what the objection is. Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. This evasive answer is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant Kenco has stated that they have documents, but have failed to state whether or not these documents are being withheld because of any parts of the objections.

7.    All communication in your possession or your agents, custody or control, between you and any third party not previously identified from August 2014 to present, which discuss or mention your activities, social life, employment, work opportunities, or any defense to the allegation contained in Plaintiffs Second Amended and consolidated Complaint. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, postings and photographs on any and all social networking websites, such as MySpace and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

RESPONSE: Defendant objects to Request No. 7 because it is overly broad, vague to the extent it seeks documents related to "Manzello's activities, social life, employment..." and seeks information that is not relevant to any party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, Manzello does not have any social media posts, emails, text messages or other communications related to Plaintiff or this lawsuit.

Defendant has objected to the request without identifying what part was vague, overly broad, not relevant or disproportional to the needs of the case, as well as, what, if any, documents were being withheld because of this objection; as well as, providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. This evasive and incomplete answer is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant Kenco has stated that they have documents, but have failed to state whether or not these documents are being withheld because of any parts of the objections.

8.      All documents relating to Plaintiffs employment with Kenco/Mars, Kenco Logistics as Human Resource Manager of the Mars Manteno Facility, Mars, Inc. including, without limitation, policies, procedures, protocols, forms, appendices, personal diaries, journals, calendars, schedules, itineraries, employment agreements, performance evaluations, discipline, correspondence, written statements, electronic mail, social networking website posts, blog posts, computer files, digital or otherwise recorded pictures, photographs or graphical representations, and any other documents that relate to such employment or termination of employment, including documents that are considered property of Kenco or Mars, Inc.

RESPONSE: See all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.

Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents.

9.      All documents relating to any communications, including electronic, internet or online communications, postings, responses to postings, updates, responses to updates, comments, responses to comments, email, instant message, text message, voicemail message, Twitter message or tweet, between you and any third person, including but not limited to current and former employees of Kenco and Mars MARS, Inc., Kenco, Bobby Iles, Vicky Limon, Dan Dey, Eddy Register, Paula Hise, Michelle Hisey, Michael Moore, Cathy Phillips, Robert Coffey, Ann Bachelor, Jerry Ciriello, Valerie Lillie, Tammi Fowler, Winnie Cooper, Gayle Lea, Suzanne Moore, Jason Pendleton, Kelvin Walsh, Edith McCurry, Karen Smith, Melissa Hansen, Stacey Bushey, LaShawn Morrow, Heather Cooper, Russell Schippets, Scott Marksteiner, Nathan Doss, Noah Richcreek, Mario Lopez, David Caines, Trace Spears, Ann Christopher, Jay Elliott, Mike Manzello, as well as, Thomas & Thorngren, Prologistix, The Reserve Network, People Link, and their respective employees, The Hartford, any Administrators of goods and services for Kenco and Mars, Excel Logistics, colleagues, acquaintances, and strangers, that relate to Defendant,

Defendant Kenco, Plaintiffs employment at the Mars Manteno facility, or your defenses against

Plaintiffs claims.

**RESPONSE:** **Defendant objects to Request No. 9 because it is overly broad, vague to the extent it appears to be referring to Kenco as a person, not limited in time or scope and seeks documents not relevant to any party's claims or defenses or proportional to the needs of this litigation. Defendant further objects that this request seeks information protected by the attorney client privilege. Subject to and without waiving these and general objections, Defendant Manzello is not in possession of any such documents.**

The request is to Manzello and indeed he is a person and the specific time frame was stated in line 13.

Defendant has objected to the request without identifying what part was vague, overly broad, not relevant or disproportional to the needs of the case, as well as, what, if any, documents were being withheld because of this objection; as well as, providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. This evasive answer is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant Kenco has stated that they have documents, but have failed to state whether or not these documents are being withheld because of any parts of the objections.

10.    All documents relating to any defense against the actions taken by you that you

contend was lawful and not adverse to Plaintiffs employment in way.

**RESPONSE:** **Defendant Manzello is not in possession of any such documents. See all documents produced by Kenco.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents.

11.    All documents explaining why you failed to follow Defendant Kenco's normal

business practices.

**RESPONSE:** **Defendant objects to Request No. 11 because it is overly broad, vague, argumentative, not limited in time or scope and seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, none. Defendant followed Kenco's normal business practices.**

Defendant has objected to the request without identifying what part was vague, overly broad, not limited to time or scope, irrelevant or disproportional to the needs of the case, as well as, what, if any, documents were being withheld because of this objection; as well as, providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. This evasive answer is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant Kenco has stated that they have documents, but have failed to state whether or not these documents are being withheld because of any parts of the objections.

In addition, if Defendant had followed Kenco's normal business practices, the practices are rooted in documentation and there would corresponding records to support that indeed these normal business practices were followed. Each policy, procedure, protocol and best practice has associated forms, logs, documents and documentation according to the prevailing FDA standards that use ISO. More specifically, for example, documents that demonstrate failure to comply are: Corrective and Preventive Action forms, Exception Forms amongst other Continuous Improvement tools.

12.    All documents explaining how you followed Defendant Kenco's normal business practices.

**RESPONSE:** Defendant objects to Request No. 12 because it is overly broad, vague, not limited in time or scope and seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, Defendant Manzello is not in possession of any such documents. See all documents produced by Kenco.

Defendant has objected to the request without identifying what part was vague, overly broad, not limited to time or scope, irrelevant or disproportional to the needs of the case, as well as, what, if any, documents were being withheld because of this objection; as well as, providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. This evasive answer is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant Kenco has stated that they have documents, but have failed to state whether or not these documents are being withheld because of any parts of the objections.

In addition, if Defendant had followed Kenco's normal business practices, the practices are rooted in documentation and there would corresponding records to support that indeed these normal business practices were followed. Each policy, procedure, protocol and best practice has associated forms, logs, documents and documentation according to the prevailing FDA standards that use ISO.

13.   All documents explaining why you failed to follow company policy as it related to Plaintiff and Plaintiffs complaints filed.

**RESPONSE:** Defendant objects to Request No. 13 because it is argumentative and vague. **Subject to and without waiving these and general objections, none. Defendant followed company policy.**

Defendant has objected to the request without identifying what part was vague, overly broad, not limited to time or scope, irrelevant or disproportional to the needs of the case, as well as, what, if any, documents were being withheld because of this objection; as well as, providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. This evasive answer is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, Defendant Kenco has stated that they have documents, but have failed to state whether or not these documents are being withheld because of any parts of the objections.

In addition, if Defendant had followed Kenco's normal business practices, the practices are rooted in documentation and there would corresponding records to support that indeed these normal business practices were followed. Each policy, procedure, protocol and best practice has associated forms, logs, documents and documentation according to the prevailing FDA standards that use ISO. More specifically, for example, documents that demonstrate failure to comply are: Corrective and Preventive Action forms, Exception Forms amongst other Continuous Improvement tools. In addition, there should have been investigative and incident reports, if company policy was followed.

14.   All documents relating to your defense that the actions taken by you that Plaintiff contended was harassing or discriminatory on the basis of Plaintiffs race, age, or other protected categories was not harassing or discriminatory.

**RESPONSE:** See all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.

Kenco did not produce all of the documents that it is in possession of or in control of, i.e the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents.

15.    All investigative notes, memos, diaries and logs conducted by you in regards to Plaintiffs allegations that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: See documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents.

16.    All investigative notes, memos, diaries and logs taken or received by you in regards to Plaintiffs work performance that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: See all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents.

17.    All investigative notes, memos, diaries and logs taken or received by you in regards to Plaintiffs complaints of disparaging and disparate treatment that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: None.**

18.    All documents relating to any other Kenco employee, Kenco managed employee or Mars Manteno employee who you contend is similarly situated to Plaintiff, is not a member of Plaintiffs protected class (i.e., was a different race), and was not treated more favorably than Plaintiff.

**RESPONSE: None.**

19.    All documents relating to your defense that Plaintiff is not entitled to any monetary damages for which Plaintiff is seeking recovery.

**RESPONSE:** **See all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents.

20.    All policies, procedures, protocols, and forms received from Defendants Kenco and Mars relating to the operation and compliance of the Mars Manteno facility that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** **Defendant objects to Request No. 20 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.**

Defendant objected to the request without identifying what part was overly broad, vague and seeking information not relevant to either party's claims and is disproportional to the needs of the litigation. Defendant was not specific to what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is and its basis; as well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist or not or if Defendant Kenco is withholding them.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Furthermore, Defendant Kenco as a prerequisite for managing Mars, Inc. facility and a requisite to FDA compliance is required to have a written/documented quality system that includes policies, procedure, protocols, forms, logs and best practices, on an ongoing and regular basis.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This information is crucial, as it establishes, if indeed Defendant complied with the prevailing and governing statues, policies and rules through its execution and documentation. In addition, this case is about the equal administration of policy.

21.    All documents relating to your defense that that either support or refute you did not violate Kenco, Mars or public policy that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 21 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part was overly broad, vague and seeking information not relevant to either party's claims or is disproportional to the needs of the litigation. Defendant was not specific to what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is and its basis; as well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents being requested exist or not or if Defendant Kenco is withholding them.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Furthermore, Defendant Kenco as a prerequisite for managing Mars, Inc. facility and a requisite to FDA compliance is required to have a written/documented quality system that includes policies, procedure, protocols, forms, logs and best practices.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This information is crucial, as it establishes, if indeed Defendant complied with the prevailing and governing statues, policies and rules through its execution and documentation.

22.    All documents supporting or refuting the fact that you followed Kenco, Mars, and public policy that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 22 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part was overly broad, vague and seeking information not relevant to either party's claims or is disproportional to the needs of the litigation. Defendant was not specific to what was

being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is and its basis; as well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist that were being requested and if Defendant Kenco is withholding them.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Furthermore, Defendant Kenco as a prerequisite for managing Mars, Inc. facility and a requisite to FDA compliance is required to have a written/documented quality system that includes policies, procedure, protocols, forms, logs and best practices.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This information is crucial, as it establishes, if indeed Defendant complied with the prevailing and governing statues, policies and rules through its execution and documentation.

23.    All documents relative to your job duties and functions, including your signed job description that are either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 23 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part was overly broad, vague and seeking information not relevant to either party's claims or is disproportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist that were requested and if Defendant Kenco is withholding them.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This request is specific and the information is relative; as it would specifically detail Manzello's job responsibilities, tasks and duties against Manzello's allege poor performance that caused him to be terminated. Furthermore, Defendant Kenco under mandates from the FDA required job duties, tasks, and responsibilities to be documented. Kenco documented these job duties, tasks, and responsibilities in a job description that was vetted by the Quality Coordinator/Engineer, Corporate, and signed off by the General Manager.

24.     All documents relative to your employment, including your personnel file that is either in your control or the control of Defendant Kenco or its agents.

RESPONSE: Defendant objects to Request No. 24 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part was overly broad, vague and seeks information not relevant to either party's claims or is proportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist and are being held by Defendant Kenco or if Defendant Kenco is withholding them.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This request is specific and the information is relative; as it would support Defendant Kenco's allegations that Manzello was terminated for poor performance. While providing itemized reasons for his termination, as poor performance encompasses a number of things that could include employment discrimination amongst other things. This would include disciplinary actions taken against Manzello, personal development and improvement plans. Furthermore, this information is to be part of Defendant Manzello's personnel file and should be readily accessible.

This response was inadequate and violates Rule 34 and 37 and should be treated as such.

25.     All documents relative to your termination in September 2014 that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 26 because it is overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

Defendant objected to the request without identifying what part was overly broad and seeking information not relevant to either party's claims or is disproportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist to this request and are being held by Defendant Kenco.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This information is relative as it supports Defendant Kenco's allegations that Manzello was terminated for poor performance. While providing itemized reasons for his termination, as poor performance encompasses a number of things that could include employment discrimination amongst other things. Furthermore, this information is to be part of Defendant Manzello's personnel file and should be readily accessible.

This response was inadequate.

26.     All documents relative to your severance package that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 26 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

Defendant objected to the request without identifying what part was not relevant to either party's claims or is proportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if documents exist to this request and are being held by Defendant Kenco.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This information is important because Defendant Kenco for example, gave Walsh a severance package even though he was involuntarily terminated for poor performance. Employees who are involuntarily terminated for poor performance usually do not receive severance packages. I read that one of the terms and conditions of Walsh's severance agreement was that he agreed to help the company in various Human Resource matters. I also read that if he helped them with these matters, he would be compensated.

With that request I am trying to verify, if Manzello and other defendants had to comply with the same terms and conditions in order to receive a severance and it they are continuing to be compensated for their assistance in these Human Resource matters. This will help to establish whether a pretext exist for defendants who were involuntarily terminated for poor performance receive a severance package against the normal practices of the company

Defendant did not answer at all and is a violation of Rule 34 and 37 and should be treated as such.

27.     All documents that either support or refute the fact that you knew that Defendant Kenco kept electronic records that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: Defendant objects to Request No. 27 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.**

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist to this request and are being withheld.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37.

Furthermore, the storage of electronic records is vital as it speaks to the accessible, compliance and production of the mandated record keeping practices. These records are part of the ordinary course of business. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

28.    All documents that either support or refute the fact that you knew that electronic records are to be maintained for a specified amount of time that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** **Defendant objects to Request No. 28 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.**

Defendant objected to the request without identifying what part is not relevant and/or proportional to the needs of the case. Also, Defendant has failed to exactly state what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist and are being held by Defendant Kenco or if Defendant Kenco is withholding them.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the storage and maintenance of electronic records is vital as it speaks to the accessible, compliance and production of the mandated record keeping practices. It is also impossible for Manzello to not have this knowledge, as it was his responsibility to manage the workforce that was the boots on the ground and be the liaison between them and management. Defendant has established in tis responses to production for Varvel that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

29.    All documents that either support or refute the fact that you knew Defendant Kenco had a policy and or procedure on record keeping that is either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 29 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part is not relevant and/or proportional to the needs of the case. Also, Defendant has failed to exactly state what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist and are being withheld by Defendant Kenco.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern operations and employment cannot be vague, over broad, irrelevant or disproportionate to the needs of the case. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Likewise, the storage and maintenance of electronic records is vital as it speaks to the accessible, compliance and production of the mandated record keeping practices. Defendant has established in tis responses to production for Varvel that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist. Moreover, no employee or anyone managed or contracted by the company should not be aware of the documents, as they are the governing terms and conditions, of the employees they managed. Furthermore, it is relevant as the establishment of a policy relative to record keeping would define the terms and conditions in which records were to be maintained and stored, as well as, who was responsible for overseeing the records and its regulatory compliance .

30.     All documents that either support or refute the fact that you knew Defendant Kenco and Defendant Mars were regulated for compliance to the prevailing laws that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 30 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and seeks information not relevant and/or proportional to the needs of the case. Also, Defendant has failed to exactly state what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Moreover, it is impossible to assert that it is broad request that seeks information not relevant to whether regulatory compliance to the prevailing laws was an issue. The regulatory compliance to the prevailing laws center around the Food Drug and Cosmetic Act and the Food Safety and Modernization Act (21 CFR). This governance establishes the framework for the ISO system. ISO standardizes every facet of the operation in a documented fashion that documents, tracks, and corrects deviations from the standard operating procedures/policies. Consequently, this request establishes the duty of care that Kenco had when it was managing the Mars Manteno facility, as well as, the agency relationship between Mars and Kenco along with the duty of care between Mars and Kenco.

Moreover, Kenco states that it is FDA compliant and AIB certified; at the time of Kenco's management of the Mars Manteno facility, according to the FDA all warehouses were to be in compliance with the Food Safety and Modernization Act. Therefore, Kenco has these and other documents that are in line with this request. In addition, this compliance was a prerequisite to Kenco's employment relationship with Mars, Inc.

31.    All documents that either support or refute the fact that you were aware that Defendant Kenco and Defendant Mars were to implement policies, procedures and protocols in accordance with state and federal law that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 38 because it is vague, overly broad, and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and seeks information not relevant and/or disproportional to the needs of the case. Also, Defendant has failed to exactly state what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Moreover, it is impossible to assert that it is broad request that seeks information not relevant to whether regulatory compliance to the prevailing laws was an issue. The regulatory compliance to the prevailing laws center around the Food Drug and Cosmetic Act and the Food Safety and Modernization Act (21 CFR). This governance establishes the framework for the ISO system. ISO standardizes every facet of the operation in a documented fashion that documents, tracks, and corrects deviations from the standard operating procedures/policies. Consequently, this request establishes the duty of care that Kenco had when it was managing the Mars Manteno facility, as well as, the agency relationship between Mars and Kenco along with the duty of care between Mars and Kenco.

Moreover, Kenco states that it is FDA compliant and AIB certified; at the time of Kenco's management of the Mars Manteno facility, according to the FDA all warehouses were to be in compliance with the Food Safety and Modernization Act. Therefore, Kenco has these and other documents that are in line with this request. In addition, this compliance was a prerequisite to Kenco's employment relationship with Mars, Inc.

32.    All documents to either support or refute the fact that you acted lawfully in accordance with Defendant Kenco and Defendant Mars policies, procedures and protocols according to the prevailing laws that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 32 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant to either party's claims or defenses or proportional to the needs of the case. In addition, Defendant objected without specificity to exactly what was being objected to. Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist and are being held by Defendant Kenco or if Defendant Kenco is withholding them.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague,

over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the documented evidence of compliance to the state and federal mandates are vital as it speaks to the prerequisites and requites for compliance that follow documented the designated laws and quality management systems that mandate documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

33.    All documents that either support or refute the fact that you were aware that Defendant Kenco and Defendant Mars were to maintain records in accordance with state and federal law that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 33 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the documented evidence of compliance to the state and federal mandates are vital as it speaks to the prerequisites and requites for compliance that follow documented the designated laws and quality management systems that mandate documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites. Moreover, Manzello being the Operations Manager is very familiar with the rules and regulations of record keeping, as it was a requisite to compliance. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

34.    All documents that either support or refute the fact that you knew that Defendant Mars required Defendant Kenco to maintain records for seven (7) years that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 34 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part is not relevant to either party's claims or defenses or proportional to the needs of the litigation. Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection. Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist and are being withheld by Defendant Kenco.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the policies, procedures and records are vital as it relevant to whether the name Defendants followed company policies and procedures, as well as, speaks to the accessible, compliance and production of the mandated record keeping practices. The deviation from the standard operating policies and procedures are what are in question. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist for this request.

35.    All documents that either support or refute the fact that you knew that Plaintiff was the HR Administrator.

**RESPONSE:** None.

36.    All documents that either support or refute that all documentation relative to an employee is to be maintained in the employee's personnel file that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant objects to Request No. 36 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, none. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part was overly broad and vague, while seeking information that is not relevant to either party's claims or defenses or proportional to the needs of the litigation.  Defendant objected to the request and did not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.  Kenco has already noted that it is in possession of documents; however, it is not clear if the documents exist and are being withheld by Defendant Kenco.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This is critical to the case because Defendant Kenco, its agents and its current and former employees that have been managed have made a number of inconsistent and contradictory statements to various regulatory agencies and tribunals, including this one.

37.    All documents relating to your defense that Plaintiff is not entitled to any non-monetary relief.

**RESPONSE: None.**

38.    All diaries, logs, journals, calendars, appointment books, Outlook or other electronic calendar or note-keeping programs, notes memoranda, or other memorialization's (contemporaneous or otherwise) of events for Defendant for the period of January 2012 to the present.

**RESPONSE: Defendant objects to Request No. 38 because it is overly broad, not limited in time or scope and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.**

A time frame was identified along with the parameters of the request.

Defendant only answered with an objection. Defendant objected to the request without identifying what part was overly broad, not limited in scope and time while seeking information that is not relevant to either party's claims or defenses or proportional to the needs of the litigation. Defendant objected to the request and did not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This is critical to the case because Defendant Kenco, its agents and its current and former employees that have been managed have made a number of inconsistent and contradictory statements to various regulatory agencies and tribunals, including this one.

      39.    All documents that you have witnessed, verified under oath, certified, filed at any time with any federal or state court or administrative agency, including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights ("IDHR"), The Illinois Department of Employment Security in Defense against any person, OSHA, The Department of Labor, firm, corporation, institution, agency or entity regarding any claim of misconduct, employment discrimination or violation of leave laws while working at the Mars Manteno facility that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** **Defendant objects to Request No. 39 because it is overly broad, not limited in time or scope and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, Defendant Manzello is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.**

Defendant objected to the request without identifying what part was overly broad, not limited in scope and time while seeking information that is not relevant to either party's claims or defenses or proportional to the needs of the litigation. Defendant objected to the request and did not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This is critical to the case because Defendant Kenco, its agents and its current and former employees that have been managed have made a number of inconsistent and contradictory statements to various regulatory agencies and tribunals, including this one.

Additionally, Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp any correlating documents to the documents it alleges correlate to this request.

40.    All written or recorded statements, memoranda, or correspondence provided to you or your agents by any person contacted or interviewed in connection with this matter that either support or refute your position that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: None.**

41.    All documents disseminated by Defendant on behalf or related to Plaintiff, Plaintiffs employment or the matters before the various tribunals, including emails, text messages and or any mode of communication used by Defendant that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: None.**

42.    All written reports of expert witnesses, who have been contacted, interviewed or engaged for this matter.

**RESPONSE: Defendant has not yet identified any expert witness and will supplement this request if necessary in the future.**

43.    All documents provided by you or your agents to any expert who has been contacted, interviewed, or engaged for this matter.

**RESPONSE: Defendant has not yet identified any expert witness and will supplement this request if necessary in the future.**

44.    All documents you believe tend to defend the allegations asserted in Plaintiffs Complaint.

**RESPONSE:** Defendant objects to Request No. 44 because it is vague. Subject to and without waiving these and general objections, for documents that defendant *against* the allegations asserted by Plaintiff, see all documents produced by Defendant Kenco. Defendant Manzello is not in possession of any such documents.

Defendant objected to the request without identifying what part was vague.    In addition, without specificity to exactly what was being objected to, Defendant objected to the request and did not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This is critical to the case because Defendant Kenco, its agents and its current and former employees that have been managed have made a number of inconsistent and contradictory statements to various regulatory agencies and tribunals, including this one.

Additionally, Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents to the documents it alleges correlate to this request.

45.    All documents you believe tend to support any allegation asserted in Plaintiffs Complaint.

**RESPONSE: None.**

46.    All documents that you will introduce into evidence as exhibits at the trial of this matter that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** Defendant has not yet identified exhibits and will supplement this response in accordance with applicable Federal Rules and any orders entered by the Court.

47.    All other documents, not otherwise produced, substantiating any allegation in
Plaintiffs Complaint that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: Defendant Manzello is not in possession of any such documents. Kenco will provide any such documents in Kenco's possession responsive to Plaintiff's claims.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents to the documents it alleges correlate to this request.

48.    All documents that either support or refute the fact that Defendant knows that it is
unlawful to perjurer oneself.

**RESPONSE: Defendant objects to Request No. 48 because it is vague, overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was vague, argumentative, and seeks information not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

This is critical to the case because Defendant Kenco, its agents and its current and former employees that have been managed have made a number of inconsistent and contradictory statements to various regulatory agencies and tribunals, including this one.

49.    All documents that either support or refute the fact that Defendant knew that
Defendant was to preserve the Defendant's records, Defendant Kenco and Defendant Mars records
upon notice of impending litigation.

**RESPONSE: None.**

50.    All other documents, not otherwise produced, refuting tending to disprove any allegation in Plaintiffs Complaint that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: See all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents to the documents it alleges correlate to this request.

51.    All documents relating to any litigation (civil or criminal) or administrative proceedings (including but not limited to charges of discrimination, whistleblower, or any other tribunal matter), bankruptcy that you have instituted against any company, individual or other organization, or in which you have been a party or a witness, other than this specific matter before the District court that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: Defendant objects to Request No. 51 because it is overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving objections, Manzello has been named a defendant in other employment discrimination cases filed by: Vernon Henry, Morris Tyson and Nathan Doss.**

Defendant objected to the request without identifying what part is overly broad and seeks information not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Communications that could have influenced the terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

**Defendant Manzello or Kenco did not produce documentation that correlated to this request. Furthermore, it is absurd to assert that a person who has been named in multiple employment discrimination cases, during the same relevant times, past history would not be relevant. Moreover, according to Defendant Kenco was terminated for poor performance; perhaps Manzello's termination is connected to these and other employment discrimination cases.**

52.     All documents that you produced to Defendant Kenco or Mars relative to Plaintiffs

matter that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: None. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

It is not clear if Defendant Kenco has any documents, as the answer does not completely satify the request and is incomplete and should be treated as such according to Rule 34 and 37.

53.     All documents relative to any investigation, fact finding conference, administrative

process or hearing, or any other hearing before any tribunal that Defendant has participated in that

are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: See documents bates labeled Kenco 1-1175 for the IDHR documents related to Plaintiff. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents to the documents it alleges correlate to this request.

54.     All documents received in this lawsuit by you.

**RESPONSE: Defendant has not received any documents with the exception of a summons and complaint prepared by Plaintiff, as well as other filings which have been sent to Counsel for Defendant.**

55.     All documents that you either sent to or received from the Illinois Department of

Human Rights ("IDHR") or United States Equal Employment Opportunity Commission ("EEOC")

or the District Court or any other tribunal relating to any Charges of Discrimination filed against you

that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: None.**

56.    All documents received from or tendered to any person regarding any employment decision(s) relative to Plaintiff that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: See all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents to the documents it alleges correlate to this request.

57.    All other documents perceived to be a defense or documents in Defendant's possession relative to Plaintiff and Plaintiffs allegations, and pending matters that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: See all documents produced by Defendant Kenco. Manzello is not in possession of any documents responsive to the claims or defenses in this litigation.**

Kenco did not produce all of the documents that it is in possession of or in control of, i.e. the IDHR/EEOC FOIA request and Defendants electronically stored records nor has Kenco identified by bate stamp the correlating documents to the documents it alleges correlate to this request.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
ILLINOIS URBANA DIVISION

EDITH MCCURRY,

      Plaintiff,

                                   Case No. 2:16-cv-02273-CSB-EIL

V.                                  Judge Colin Stirling Bruce

                                   Magistrate Judge Eric I. Long

KENCO LOGISTIC SERVICES, LLC, et al.

      Defendants.

## KENCO LOGISTIC SERVICES, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Kenco

Logistic Services, LLC ("Defendant" or "Kenco"), hereby responds to Plaintiff's First Set of

Production Requests as follows:

## GENERAL RESPONSES AND OBJECTIONS

Kenco incorporates the following responses and objections into each and every request set

forth below:

1.      In answering the following requests, Kenco will ascribe to terms the normal definitions

given them under the normal rules of English vocabulary, usage, grammar, and syntax.

2.      Kenco objects to Plaintiff's requests to the extent they purport to impose obligations on

Kenco that are broader than required by the Federal Rules of Civil Procedure or applicable local rules.

3.      Kenco objects to each request to the extent it purports to require it to disclose documents

and information protected by the attorney-client privilege, the work product doctrine, or any other

applicable privilege, or to the extent it unreasonably invades the privacy of non-parties to this action.

4.      Where, in response to a particular request, Kenco identifies specific documents that are

responsive, Kenco does not thereby represent or warrant that other documents may not also be responsive

1

to the request, or that the documents identified in response to the request are only responsive to the request referenced.

5.    Kenco's investigation of this matter is ongoing. Kenco therefore reserves the right to supplement its responses to each and every Request for Production (or any portion thereof).

## REQUESTS FOR PRODUCTION

1.    All documents identified in your responses to Plaintiffs First Set of Interrogatories to Defendant.

**RESPONSE: See documents bates labeled Kenco 206 and Kenco 216.**

2.    All documents that were used or relied upon by you in the preparation of your responses to Plaintiffs First Set of Interrogatories to Defendant

**RESPONSE: See Plaintiffs personnel documents and documents received from IDHR in response to FOIA request, bates labeled Kenco 1-1175.**

3.    All documents identified, or to be identified, in your Rule 26(a) disclosures.

**RESPONSE: See documents bates labeled Kenco 1-1175.**

Bate Stamp 5-160 not in IDHR/EEOC file in response to FOIA Request; 124 pages repeated between 1-1175. The FOIA request made by Plaintiff in February 2016 yielded 1180 pages. There is a 285 page deficit in what was produced in what was in the file.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

4.    All documents relating to your defense of any of the allegations made in Plaintiffs Complaint.

**RESPONSE: See all documents produced by Defendant.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records,

policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

     5.    All documents that either support or refute your defense of any of the allegations made in Plaintiffs Complaint.

**RESPONSE: See all documents produced by Defendant.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

     6.    All documents and communications (including, but not limited to, letters, emails, text messages, and messages on social media sites or any other written correspondence) in your possession or your agents, custody or control, between you and any former or current employees of Kenco and Mars, Inc., including, but not limited to, MARS, Inc., The Kenco Group and its subsidiaries, Bobby Iles, Vicky Limon, Dan Dey, Eddy Register, Paula Hise, Michelle Hisey, Michael Moore, Cathy Phillips, Robert Coffey, Ann Bachelor, Jerry Ciriello, Valerie Lillie, Tammi Fowler, Winnie Cooper, Gayle Lea, Suzanne Moore, Jason Pendleton, Edith McCurry, Karen Smith, Melissa Hansen, Stacey Bushey, LaShawn Morrow, Heather Cooper, Russell Schippets, Scott Marksteiner, Nathan Doss, Noah Richcreek, Mario Lopez, David Caines, Trace Spears, Ann Christopher, Jay Elliott, Mike Manzello, as well as, Thomas & Thorngren, Prologistix, The Reserve Network, People Link, Excel Logistics, The Hartford and their respective employees from January 2013 to the present. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, private messages, postings, or other types of

communications with anyone on any and all social networking websites, such as MySpace, Twitter, LinkedIn and Facebook to which you are or were a member during the timeframe noted above. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

**RESPONSE: Defendant objects to Request No. 6 because it is overly broad, vague to the extent it appears to be referring to Kenco as a person, not limited in time or scope and seeks documents not relevant to any party's claims or defenses or proportional to the needs of this litigation. Defendant further objects that this request seeks information protected by the attorney client privilege.**

A clear time frame/line was established in the request. Defendant has refused to answer and objected to the request without identifying what part was overly broad and vague or what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is; what, if any, documents were being withheld because of this objection. Furthermore, it has not established the basis or given an explanation why this information is subject to attorney client privilege.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Also, Defendant did not specifically indicate in its objection what was protected by attorney client privilege and how that fell outside the scope of Rule 26 (b)(1) with respect to discovery. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

7.        All communication in your possession or your agents, custody or control, between you and any third party not previously identified from August 2014 to present, which discuss or mention your activities, social life, employment, work opportunities, or any defense to the allegation contained in Plaintiffs Second Amended and consolidated Complaint. This request for communication documents shall include, but not be limited to, all emails, text messages, instant messages, postings and photographs on any and all social networking websites, such as MySpace and Facebook to which you are or were a member during the timeframe noted above. This request

specifically includes, but is not limited to, any responsive communications, messages, or postings in

social media areas that are designated as private or otherwise restricted from public access.


**RESPONSE:** Defendant objects to Request No. 7 because it is overly broad, vague to the extent it seeks documents related to "Kenco's activities, social life, employment..." and seeks information that is not relevant to any party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, Kenco has reasonably searched for and produced all documents related to Plaintiff's claims, including communications.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC.  Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File.  To be exact 285 documents are missing from the IDHR/EEOC file.  In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms and best practices.  This site is hosted by "SiteNow" in Chattanooga, TN.  See Exhibit I page 9

These policies, procedures, protocols, forms and best practices are mandated by the FDA and also govern the terms and conditions of the employment of the Mars Manteno employees, including me.  These policies, procedures, protocols, forms and best practices also establish Defendant Kenco's duty of care to the employees of the Mars Manteno facility, including myself.

Furthermore, it is not reasonable or intelligent to suggest that "all" documents produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

    8.    All documents relating to Plaintiffs employment with Kenco/Mars, Kenco

Logistics as Human Resource Manager of the Mars Manteno Facility, Mars, Inc. including,

without limitation, policies, procedures, protocols, forms, appendices, personal diaries, journals,

calendars, schedules, itineraries, employment agreements, performance evaluations, discipline,

correspondence, written statements, electronic mail, social networking website posts, blog posts, computer files, digital or otherwise recorded pictures, photographs or graphical representations, and any other documents that relate to such employment or termination of employment, including documents that are considered property of Kenco or Mars, Inc.

**RESPONSE:** **Defendant objects to Request No. 8 because it is overbroad, vague and seeks information not proportional to the needs of this litigation. Subject to and without waiving these and general objections, see Plaintiffs personnel file bates labeled Kenco 188-216 and Kenco policies pertinent to Plaintiffs employment bates labeled Kenco 1349-1382.**

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

9.      All documents relating to any communications, including electronic, internet or online communications, postings, responses to postings, updates, responses to updates, comments, responses to comments, email, instant message, text message, voicemail message, Twitter message or tweet, between you and any third person, including but not limited to current and former employees of Kenco and Mars MARS, Inc., Kenco, Bobby Iles, Vicky Limon, Dan Dey, Eddy Register, Paula Hise, Michelle Hisey, Michael Moore, Cathy Phillips, Robert Coffey, Ann Bachelor, Jerry Ciriello, Valerie Lillie, Tammi Fowler, Winnie Cooper, Gayle Lea, Suzanne Moore, Jason Pendleton, Edith McCurry, Karen Smith, Melissa Hansen, Stacey Bushey, LaShawn Morrow, Heather Cooper, Russell Schippets, Scott Marksteiner, Nathan Doss, Noah Richcreek, Mario Lopez, David Caines, Trace Spears, Ann Christopher, Jay Elliott, Mike Manzello, as well as, Thomas & Thorngren, Prologistix, The Reserve Network, People Link, Excel Logistics and their

respective employees, The Hartford, any Administrators of goods and services for Kenco and Mars, colleagues, acquaintances, and strangers, that relate to Defendant, Defendant Kenco, Plaintiffs employment at the Mars Manteno facility, or your defenses against Plaintiffs claims.

**RESPONSE: Defendant objects to Request No. 9 because it is overly broad, vague to the extent it appears to be referring to Kenco as a person, not limited in time or scope and seeks documents not relevant to any party's claims or defenses or proportional to the needs of this litigation. Defendant further objects that this request seeks information protected by the attorney client privilege.**

Defendant has refused to answer and has objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is nor do they identify what part or portions, if any, are attorney client privileged. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Communications that could have influenced the terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

10.    All documents relating to any defense against the actions taken by you that you contend was lawful and not adverse to Plaintiffs employment in way.

**RESPONSE: See all documents produced by Kenco.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms and best practices. This site is hosted by "SiteNow" in Chattanooga, TN.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

11.    All documents explaining why you failed to follow Defendant Kenco's normal business practices.

**RESPONSE: None.**


12.    All documents explaining how Defendant Kenco followed its normal business

practices.

**RESPONSE:** See Kenco policies bates labeled Kenco 1349-1382 and Plaintiff's personnel
documents bates labeled Kenco 188-216 as well as IDHR FOIA file bates labeled Kenco
11175.


Defendants Kenco fifty (50%) of these Kenco labeled policies 1349-1382, were effective
after my medical leave began and well past the time of Kenco's termination of employment
with Mars, Inc. and are not relevant.   One third (1/3) of the remaining Kenco labeled
policies became were issued and became effective on December 15, 2014; well after the
related incidents had occurred with me.  Matter of fact, one of these policies was used as a
basis to write me up, ten (10) days after the alleged infraction.   Specifically, this would be
STD-HR-1007 bate stamp 1360-1363.    Defendant Kenco's policies require employees to
sign logs for each policy to verify that they have been trained on that specific policy,
procedure, protocol, best practice, form etc...  Defendant Kenco has not produced signed
copies of these logs.  These pages would be 1351, 1356, 1359, 1363, 1369, & 1377.

Additionally, bate stamp page 1356 & 1369 state that:

   "A Training file is to be at each site containing copies of all training records
   for Control Procedures.  These training logs are completed and retained for
   all newly released and revised procedures.  All current employees must be
   trained prior or the effective date as procedure changes occur.  Affected new
   employees will sign off on the logs within 60 days of hire.  These records are
   to be filed by procedure, and are maintained by the Quality Coordinator."

Other sign off logs go onto tell where the signed acknowledgement form should be placed.
For example, bate stamp page 1351, 1359, 1363 and 1377 state that:

"The Employee Acknowledgement should be signed, witnessed, and placed in the
employee's personnel file."

Defendant Kenco has no produced these documents nor are they contained in my personnel
file, as required by company policy.

Next, all documents in Defendants possession have not been produced; as documents are
missing out the FOIA requested file from IDHR/EEOC.   Documents that support
Plaintiff's allegations have been removed from the IDHR/EEOC File.  To be exact 285
documents are missing from the IDHR/EEOC file.  In addition, Defendant has not utilized
its electronic data storage that is just "one click away" from accessing all of Defendant
Kenco's policies, procedures, protocols, forms and best practices.  This site is hosted by
"SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of Defendant Kenco following its normal business practices, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

13.    All documents explaining why you failed to follow its own company policy as it related to Plaintiff and Plaintiffs complaints tiled.

**RESPONSE:** None. Kenco followed company policy.

If Defendant Kenco followed company policy there should be associated documentation to support this.    Company policy calls for each policy, procedure, protocol and best practice to have accompanying logs, forms and records.    Therefore, the absence of this constitutes the fact that Defendant Kenco did not follow their company policy and has made an intentional misrepresentation.

The misrepresentation, evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

14.    All documents supporting the fact that Lori Varvel was more qualified to manage the Mars Manteno facility HR department than Plaintiff; including but not limited to education, professional certifications, credentials and experience.

**RESPONSE:** See Lori Varvel personnel file bates labeled Kenco 1260-1271 and marked CONFDIENTIAL.

Defendant Kenco provided a six (6) page application, two (2) separate release forms-background and drug screen, a two (2) page resume, a one (1) page copy of her social security card and driver's license, and one (1) blank page.

This is not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

15.    All documents supporting or refuting the fact that Plaintiff was not qualified to manage the Mars Manteno Facility HR department.

**RESPONSE:** See Plaintiff's personnel file bates labeled Kenco 188-216 and documents received from IDHR in response to FOIA bates labeled Kenco 1-1175.

Plaintiff's personnel file consists of benefit designation, marriage certificate, banking information, employment application, banking information, disciplinary action, performance reviews.

Additionally, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request as to how I was not qualified to manage the Mars Manteno Facility HR department, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This is not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

16.     All documents explaining and relating to why Defendant harassed, berated, marginalized, ostracized and discriminated against Plaintiff

**RESPONSE: Defendant objects to Request No. 16 because it is argumentative. Subject to and without waiving these and general objections, none.**

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

17.     All documents either supporting or refuting the fact that Defendant was searching for a replacement for Plaintiff that are either in your control or the control of Defendant Kenco or any of its agents.

**RESPONSE: None.**

Defendant's exempt hiring policy has a procedure for hiring employees and this answer does not line up with Defendant Kenco's policy; therefore, this is an intentional

misrepresentation. Moreover, common sense would suggest that documents existed relative to this employee hire. See Exhibit _____

18.    All documents explaining why you refused to verify Plaintiffs employment in writing that are either in your control or the control of Defendant Kenco or any of its agents.

**RESPONSE: Defendant objects to Request No. 18 because it is argumentative and vague.**

Defendant refused to answer and objected to the request without identifying what part is argumentative and vague. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The refusal to verify my employment, as an employer, cannot be argumentative or vague. The refusal to answer is a violation of Rules 34 and 37 and should be treated as such.

19.    All documents either refuting or supporting the fact that you hired Lori Varvel to scrutinize, harass and demote Plaintiff that are either in your control or the control of the Kenco Group or any of its agents.

**RESPONSE: None.**

20.    All documents relating to your defense that the actions taken by you that Plaintiff contended was harassing or discriminatory on the basis of Plaintiffs race, age, or other protected categories was not harassing or discriminatory.

**RESPONSE: See all documents produced by Defendant.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms and best practices. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of Defendant Kenco following its normal business practices, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This was non-responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

21.     All investigative notes, memos, diaries and logs conducted by Defendant according to Defendant's own policies in regards to Plaintiffs work performance that are either in your control or the control of The Kenco Group or any of its agents.

**RESPONSE:** Defendant objects to Request No. 21 because it is overly broad and vague. Subject to and without waving these and general objections, see Plaintiff's personnel file and documents produced to IDHR, bates labeled Kenco 1-1175.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms and best practices. This site is hosted by "SiteNow" in Chattanooga, TN.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of Defendant Kenco following its normal business practices, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This was non-responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

22.    All investigative notes, memos, diaries and logs conducted by Defendant according

to Defendant's own policies in regards to Plaintiffs mispunch that are either in your control or the

control of The Kenco Group or any of its agents.

**RESPONSE:** **Defendant objects to request No. 22 because it is overly broad and vague.**
**Subject to and without waiving these and general objections, see Kenco 195-199 for**
**documents related to McCurry's write up related to a missed punch based on**
**misrepresenting the time she stopped working that day.**

All documents in Defendants possession have not been produced; as documents are missing
out the FOIA requested file from IDHR/EEOC.  Documents that support Plaintiff's
allegations have been removed from the IDHR/EEOC File.  To be exact 285 documents are
missing from the IDHR/EEOC file.  In addition, Defendant has not utilized its electronic
data storage that is just "one click away" from accessing all of Defendant Kenco's policies,
procedures, protocols, forms, best practices and electronic records.  This site is hosted by
"SiteNow" in Chattanooga, TN.

Defendant objected to the request without identifying what part is overly broad and
vague. In addition to stating, exactly what was being objected to in the request by
providing an evasive answer using boilerplate language that does not specify or
particularize what the objection is/was. As well as, what, if any, documents were
being withheld because of this objection.

Furthermore, Defendant has not produced at any time what supports their theory that I
misrepresented the time that I stop working.

This was not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and
37 and should be treated as such.

23.    The relevant written policy, procedure or protocol of the Mars Manteno site that governed mispunches, as well as, the corresponding appendices, such as Appendix A or F, invalidation of such.

**RESPONSE:** **Defendant objects to Request No. 23 because it is vague and overly broad. Subject to and without waiving these and general objections, pertinent Kenco policies related to Non-Exempt Timekeeping and Overtime are attached and bates labeled Kenco 1360-1369.**

Defendant Kenco has not produced the relevant policy, as this policy was effectuated after the December 9, 2014 incident.

Defendants polices are released on the 15th of each month according to Defendant's QMS Documentation Policy-CP-BP-4.2.1.001. See Exhibit

Furthermore, Defendant objected without specifying exactly what it was objecting to and offering a specific reason for the objection, as well as, if any documents were being withheld on the basis of that objection. Defendant also used terms like vague and overly braod without identifying specifically what was vague and overly broad.

This was not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

24.    All investigative notes, memos, diaries and logs taken or received by Defendant according to Defendant's own policies in regards to Plaintiffs work performance that are either in your control or the control of The Kenco Group or any of its agents.

**RESPONSE:** **See documents bates labeled Kenco 1-1175 for Plaintiff's personnel records and all written memorandums prepared in response to Plaintiff's charges of discrimination for the IDHR.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of Defendant Kenco following its normal business practices, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This was non-responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

25.    All investigative notes, memos, diaries and logs taken or received by Defendant according to Defendant's own policies in regards to Plaintiffs complaints of disparaging and disparate treatment that are either in your control or the control of The Kenco Group or any of its agents.

**RESPONSE:** **See documents bates labeled Kenco 1-1175 for Plaintiff's personnel records and all written memorandums prepared in response to Plaintiff's charges of discrimination for the IDHR.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of Defendant Kenco following its normal business practices, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This was non-responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

26.    All documents relating to any other Kenco employee, Kenco managed employee or Mars Manteno employee who you contend is similarly situated to Plaintiff, is not a member of Plaintiffs protected class (i.e., was a different race), and was not treated more favorably than Plaintiff.

**RESPONSE:** **Defendant objects to Request No. 26 because it is overly broad, not limited in time or scope and seeks information about every Kenco employee who was not treatment more favorably than Plaintiff.**

The request was for similarly situated employees to Plaintiff and not for every Kenco employee. It is unreasonable to assert that every Kenco employee is the same. The scope was further narrowed to the employees of the Mars Manteno facility.

Furthermore, Defendant objected without specifying exactly what it was objecting to and offering a specific reason for the objection, as well as, if any documents were being withheld on the basis of that objection. Defendant also used terms like vague and overly broad without identifying specifically what was vague and overly broad.

This was not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

27.    All documents relating to your defense that Plaintiff is not entitled to any monetary damages for which Plaintiff is seeking recovery.

**RESPONSE:** See all documents produced by Defendant.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of Defendant Kenco following its normal business practices, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Moreover, if Defendant felt that these documents correlated to this request, the specific documents were not identified as such.

This was non-responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

28.    All policies, procedures, protocols, and forms of Defendants Kenco and Mars relating to the operation and compliance of the Mars Manteno facility that are either in your control or the control of The Kenco Group or one of its agents.

**RESPONSE:** Defendant objects to Request No. 28 because it is overly broad and seeks information not relevant to either party's claims or defenses. Subject to and without waiving these and general objections, pertinent Kenco policies are attached and bates labeled Kenco 1349-1382.

Defendant objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The refusal to demonstrate compliance to law, as an employer, cannot be argumentative or vague. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Moreover, Defendant's referenced policies that were not relevant, as these policies were either effectuated after my medical leave and the termination of Defendant Kenco's employment termination, as well as, either I was never trained on them.

This was not responsive to the request.

29.    All documents that either support or refute that Lori Varvel was on the approved

Mars Budget that are either in your control or the control of The Kenco Group or one of its agents.

**RESPONSE:** Defendant objects to Request No. 29 because it is overly broad and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.

Defendant has refused to answer and objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims or is proportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The clarification, assignment or designation of who authorized Varvel to work at the Mars Manteno facility assigns the appropriate liability to the correct party

along with what roles were played by whom; therefore, this request cannot be overly broad, or disproportionate to the needs of the case or irrelevant.   The refusal is a violation of Rules 34 and 37.

      30.    All documents that related to the Mars Manteno budget.

**RESPONSE: Defendant objects to Request No. 30 because it is overly broad and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant has refused to answer and objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims or is proportional to the needs of the litigation.  Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The documents surrounding the Mars budget, give specific details and line items with respect to positions and titles of the employees of the Mars Manteno facility, designated financial responsibilities for the facility on the cost that were past on and through the budget and the management fees paid from Mars, Inc. to Kenco.  This document outlines the Mars Manteno facility operations and operating expenses; while identifying and assigning the appropriate liability to the correct party along with what roles were played and by whom. Ultimately, it establishes the relationship between Mars and Kenco; therefore, this request cannot be overly broad, or disproportionate to the needs of the case or irrelevant.   The refusal to answer is a violation of Rules 34 and 37.

      31.    All documents that show who the budgeteer was for the Mars Manteno facility.

**RESPONSE: Defendant objects to Request No. 31 because it seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant has refused to answer and objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims or is proportional to the needs of the litigation.  Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The documents surrounding the Mars budget, give specific details and line items with respect to positions and titles of the employees of the Mars Manteno facility, designated financial responsibilities for the facility on the cost that were past on and through the budget and the management fees paid from Mars, Inc. to Kenco. This document outlines the Mars Manteno facility operations and operating expenses; while identifying and assigning the appropriate liability to the correct party along with what roles were played and by whom. Ultimately, it establishes the person responsible for the budget, which can in turn authenticate documents produced by Defendant Kenco and Mars, as well as, define the relationship between Mars and Kenco; therefore, this request cannot be overly broad, or disproportionate to the needs of the case or irrelevant.   The refusal of such is a violation of Rules 34 and 37 and should be treated as such.

32.    All documents that support the line items listed on the Mars Manteno budget.

**RESPONSE:** Defendant objects to Request No. 32 because it is overly broad and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.

Defendant has refused to answer and objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims or is proportional to the needs of the litigation.  Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The documents surrounding the Mars budget, give specific details and line items with respect to positions and titles of the employees of the Mars Manteno facility, designated financial responsibilities for the facility on the cost that were past on and through the budget and the management fees paid from Mars, Inc. to Kenco. This document outlines the Mars Manteno facility operations and operating expenses; while identifying and assigning the appropriate liability to the correct party along with what roles were played and by whom.  Ultimately, it establishes the relationship between Mars and Kenco; therefore, this request cannot be overly broad, or disproportionate to the needs of the case or irrelevant.   The refusal to answer is a violation of Rules 34 and 37 and should be treated as such.

33.    All approved Mars Manteno budgets from 2013 to 2015 that are either in your control or the control of The Kenco Group and or one of its agents.

**RESPONSE: Defendant objects to Request No. 33 because it is overly broad and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant has refused to answer and objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims or is proportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

The documents surrounding the Mars budget, give specific details and line items with respect to positions and titles of the employees of the Mars Manteno facility, designated financial responsibilities for the facility on the cost that were past on and through the budget and the management fees paid from Mars, Inc. to Kenco. This document outlines the Mars Manteno facility operations and operating expenses; while identifying and assigning the appropriate liability to the correct party along with what roles were played and by whom. Ultimately, the 2013-2015 budgets establish a history/basis of what the practices were and if any modifications have been made that contradict what the author of the budgets had drafted. Furthermore, it establishes the relationship and terms and conditions between Mars and Kenco; therefore, this request cannot be overly broad, or disproportionate to the needs of the case or irrelevant. The refusal to answer is also a violation of Rules 34 and 37.

34.    All documents relating to your defense that either support or refute you did not violate Kenco, Mars or public policy that are either in your control or the control of The Kenco Group or one of its agents.

**RESPONSE: See all documents produced by Defendant.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of Defendant Kenco following its normal business practices, as there are blank documents, documents from other people and other sites,

duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This was non-responsive to the request.  Moreover, if such documents exist, Defendant has not specified them or identified them as such.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

35.    All documents supporting or refuting the fact that you followed Kenco, Mars, and public policy that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: See all documents produced by Defendant.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC.  Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File.  To be exact 285 documents are missing from the IDHR/EEOC file.  In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records.  This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of Defendant Kenco following its normal business practices, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This was non-responsive to the request.  Moreover, if such documents exist, Defendant has not specified them or identified them as such.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

36.    All documents relative to your job duties and functions, including Lori Varvel's signed job description, according to the ISO standards, that is either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 36 because it is overly broad and vague as to "you." Subject to and without waiving these and general objections, Varvel's personnel file is bates labeled Kenco 1260-1271 and marked CONFIDENTIAL.**

Defendant only objected with respect to overly broad and vague as to "you".  However, Defendant did not produce any documents relative to the request, such as but not limited to the signed job description.  Varvel's personnel file does not contain this information.

Furthermore, Defendant marked this file "Confidential;" Varvel is a named Defendant and this file does not contain any sensitive information, as the sensitive information has been redacted. The remaining information mirrors that found on Varvel's social media page-LinkedIn; therefore, the documents should be marked as "Confidential."

Defendant also failed to state if any documents were being withheld on the basis of the objection it made.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

      37.    All documents relative to Jay Elliott's employment, including the corporate

authorization by the Group President and CFO of Kenco that is either in your control or the control

of Defendant, The Kenco Group and or one of its agents.

**RESPONSE: Defendant objects to Request No. 37 because it is overly broad, harassing and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was overly broad, harassive and seeking information not relevant to either party's claims or is proportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

Jay Elliott participated in my fact finding conference as a witness in October of 2015 see exhibit ____, as he did other employees who filed complaints with the IDHR/EEOC. Jay Elliott also participated in my case as the attorney of record for Defendant Kenco see exhibit ____, as he did with other employees who filed complaints with the IDHR/EEOC. Elliott immediately preceding his employment with Defendant Kenco in November of 2014 was Defendant Kenco's outside legal counsel. Elliott made a number of statements at my fact finding conference without having firsthand knowledge of the events, as his employment began after the majority of the incidents, coupled with the fact that he was physically in Chattanooga, TN and not at the Mars Manteno facility to receipt in information or have first knowledge of any incidents.

During the fact finding conference Elliott represented himself as an employee of the company, with knowledge of the company's policies, procedures, protocols, best practices, forms and ordinary practices. Elliott new that he did not have adequate knowledge or information, as he told the investigator for the IDHR/EEOC, that Varvel had been hired after the incident occurred. Elliott also said that Varvel did not really know anything and he was sue that he could say whatever she could say see Exhibit ____. Elliott and Varvel were hired in the same month, November 2014.

Elliott at no time was ever at the Mars Manteno facility when the incidents occurred that I stated in my complaints to the IDHR/EEOC and to this court.

According to company policy, as submitted by Defendant Kenco in Henry 2015CF0034/21B-A42024, the hiring of a VP or higher requires a nomination from a VP or higher and the approval of the President and CFO see Exhibit 34. Consequently, according to company policy there should be a hiring requisition form, a job description, and the approvals of the President and CFO.

This information is vital as it identifies persons responsible for Elliott's hiring, as well as, provides a basis or platform to unearth exactly why Elliott was hired and the motivation for his hiring. It also is a basis for pretext that can legitimize the allegation of conspiracy. It also clearly shows that the executive officers of Defendant Kenco were aware of the specific allegations of various forms of discrimination and disparate treatment being made by the Mars Manteno employees, as well as, their refusal to correct, deter, stop or intervene in these unlawful behaviors.

It also demonstrates that Kenco Executives aided and abetted the employees it managed and/or employed to either violate or continue to employees protected rights and escape liability for their actions by hiring Elliott that he could be a witness that would have the level of sophisticated knowledge and expertise to return a decision of lack of substantial evidence in the cases filed at the IDHR/EEOC. It further demonstrates that Kenco's Executives along with Elliott in collusion obstructed and impeded justice and its administration through a contrived scheme to avoid liability.

Elliott has perjured himself and violated the professional rules of conduct, as an officer of the court.
   a. False and misleading statements made to the IDHR/EEOC to the investigator  See Exhibit 19 part B
   b. Contradictory statements made under oath that state:
      a. Kenco was not aware of discrimination at the Mars Manteno facility. Kenco's response to my interrogatories  See Exhibit ____
      b. Contrarily, Elliott emails the investigator of the IDHR/EEOC in charge #2015CA3083 /21BA51536 and states on page 1 correspondence dated August 5, 2015 ¶ 4 section 2 line 9 that "Additionally, KLS was becoming the subject of more charges of discrimination at that time."
      c. Elliott signed off on a number of verifications to the IDHR/EOC, filed appearances as the legal counsel for Defendant Kenco with the IDHR/EEOC and participated in a number of investigations and fact finding conferences with the IDHR/EEOC. These include , but are not limited to:
         i. Nathan Doss
         ii. Vernon Henry
         iii. Morris Tyson
         iv. Arnold Brownlee
         v. Edith McCurry
      d. Elliott has gone on to say that Kenco was not aware that they were to retain records relative to litigation, when in fact:
         i. Regarding the Mars Manteno facility, Kenco was notified of this requirement beginning in 2013 throughout 2015 form the IDHR/EEOC See Exhibit 62
         ii. Elliott is/was a practicing lawyer specializing in employment law see Exhibit 63
         iii. The Civil Rules of Procedure address record keeping and spoliation
         iv. Defendant Kenco has a policies relative to record keeping:

1. Document
2. Record Keeping
3. Litigation

As a side note, Elliott was very familiar with the pattern and practices of Defendant Kenco, as Elliott had previously defended, Defendant Kenco in Craig Brown vs. Kenco U.S. District Court, Eastern Division of Va., Richmond District CASE NO. 3:10-CV-668.   Elliott was so familiar that he stated to the court that admittedly, Defendant Kenco treated its African American employees less favorably and more harshly than its non-African American employees.

Matter of factly based upon Elliott's longstanding foreknowledge of Defendant Kenco's predisposition to discriminate, one could easily conclude that Elliott stepped right in to fill the gap that allowed Kenco and its employees that it managed to violate the protected rights of employees who were either African American or those who opposed such treatment of African Americans. While giving the offenders a haven to avoid liability and a since of emboldening to continue to commit these acts without repercussions or consequence.

The false statements made/presented by Elliott were material to the employees of the Mars Manteno facility.  These statements had the natural tendency to influence, or the capability of influencing, the decision of the decision-making body to which it was addressed.  This was proven through the adverse decision that was rendered by the IDHR/EEOC that is the prerequisite to bringing this matter before this court.   Defendant Kenco and its counsel also filed these and other statements with this court back in September of 2017, docket  52, when Defendant's filed their response on my motion to compel.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

38.    All documents relative to your termination of Defendants contract in February of

2015 that are either in your control or the control of Defendant Kenco, The Kenco Group or one of

its agents.

**RESPONSE: Defendant objects to Request No. 38 because it is overly broad and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims or is proportional to the needs of the litigation.  Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This information is pertinent as it establishes the issues/basis of the employment relationship between Kenco and Mars, Inc.  This is the equivalent of what would be contained in ones personnel file.  Furthermore, it establishes a time line of the events that occurred between mars, Inc. and Kenco, as well as, what the issues were that led to this early termination and the induvial parties in these chains of events.  It also establishes if Kenco had informed its employer of the incidents that were occurring at the Mars Manteno facility and the actions taken by both Mars, Inc. and Kenco if any.

This would also bring clarification to the statement that Elliott made to the IDHR/EEOC alleging that "KLS was experiencing various problems with its customer (Mars) which could be fairly attributed to the lack of a strong Human resource-related presence on site. Additionally, KLS was becoming the subject of more and more charges of discrimination at the time"   Exhibit 20 ¶ page 1 correspondence dated August 5, 2015 4 section 2 lines 7-9

The refusal to answer is also a violation of Rules 34 and 37 and should be treated as such.

39.     All documents relative to the severance packages given to Walsh, Lopez, Lillie, Varvel, Manzello, Fowler and others that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 39 because it is overly broad and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims or is proportional to the needs of the litigation.  Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

This information is important because Defendant Kenco for example, gave Walsh a severance package even though he was involuntarily terminated for poor performance. Employees who are involuntarily terminated for poor performance usually do not receive severance packages.  I read that one of the terms and conditions of Walsh's severance agreement was that he agreed to help the company in various Human Resource matters.  I also read that if he helped them with these matters, he would be compensated.

With that request I am trying to verify, if Walsh and other defendants had to comply with the same terms and conditions in order to receive a severance and it they are continuing to be compensated for their assistance in these Human Resource matters. This will help to

establish whether a pretext exist for Walsh receiving a severance package after being involuntarily terminated for poor performance against the normal practices of the company.

The refusal to answer is also a violation of Rules 34 and 37 and should be treated as such.

40.    All documents that either support or refute the fact that you knew that Defendant Kenco kept electronic records that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 40 because it is overly broad and vague. Subject to and without waiving these and general objections, electronic records related to McCurry's claims or Kenco's defenses thereto have been produced. See all documents produced by Defendant.**

Defendant objected to the request without identifying what part was overly broad and sought information not relevant to either party's claims or is proportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Specifically, Defendant has not produced all of its electronic records, for example, Appendix F and it correlating policies, procedures, protocols, forms and best practices have been intentionally withheld. These and other site policies, procedures, protocols forms and best practices govern the terms and conditions of the employees of the Mars Manteno facility. Therefore, the governing policies, procedures, protocols, forms and best practices cannot be vague and overly broad, as they are the basis for where the deviations/discriminations have occurred.

Furthermore, it is not reasonable or intelligent to suggest that documents produced satisfy this request of Defendant Kenco, as there are blank documents, documents from other people and other sites, duplicate copies, coupled with, policies effectuated after I went on

medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This was non-responsive to the request. Moreover, if such documents exist, Defendant has not specified them or identified them as such.

      41.    All documents relative to the Defendant Kenco's website host from 2012 to date.

**RESPONSE: Defendant objects to Request No. 41 because it is overly broad, vague and seeks information not relevant to the claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was overly broad, vague, seeking information not relevant to either party's claims or is proportional to the needs of the litigation. Nor did Defendant state exactly what was being objected to in the request by providing an evasive answer consisting of boilerplate language that does not specify or particularize what the objection is/was. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26. Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

All documents in Defendants possession have not been produced thus facilitating the request again. Defendant has sophisticated data storage and a third 3rd party hosting site that housed Defendant Kenco's policies, procedures, protocols, forms and best practices. Defendant Kenco touts in its handbook that information is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site at the relevant time was hosted by "SiteNow" in Chattanooga, TN. This information is needed in the event that Defendant Kenco refuses to produce the requested documents, the documents can be subpoenaed from the host.

The refusal to answer is also a violation of Rules 34 and 37 and should be treated as such.

      42.    All documents that either support or refute the fact that you knew that electronic records are to be maintained for a specified amount of time that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE:** Defendant objects to Request No. 42 because it seeks information not relevant to the claims or defenses or proportional to the needs of the litigation.

Defendant refused to answer and objected to the request without identifying what part is not relevant and/or proportional to the needs of the case. Also, Defendant has failed to exactly state what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the storage and maintenance of electronic records is vital as it speaks to the accessible, compliance and production of the mandated record keeping practices. Defendant has established in tis responses to production for Varvel that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

43.    All documents that either support or refute the fact that you knew Defendant Kenco had a policy and or procedure on record keeping that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE:** Defendant objects to Request No. 43 because it seeks information not relevant to the claims or defenses or proportional to the needs of the litigation.

Defendant refused to answer and objected to the request without identifying what part is not relevant and/or proportional to the needs of the case. Also, Defendant has failed to exactly state what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern operations and employment cannot be vague, over broad, irrelevant or disproportionate to the needs of the case. The

evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Likewise, the storage and maintenance of electronic records is vital as it speaks to the accessible, compliance and production of the mandated record keeping practices. Defendant has established in tis responses to production for Varvel that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist. Furthermore, it is relevant as the establishment of a policy relative to record keeping would define the terms and conditions in which records were to be maintained and stored, as well as, who was responsible for overseeing the records and its regulatory compliance .

44.    All documents that either support or refute the fact that you knew Defendant Kenco and Defendant Mars were regulated for compliance to the prevailing laws that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 44 because it is overly broad and seeks information not relevant to the claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part is not relevant and/or proportional to the needs of the case. Also, Defendant has failed to exactly state what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Moreover, it is impossible to assert that it is broad request that seeks information not relevant to whether regulatory compliance to the prevailing laws was an issue. The regulatory compliance to the prevailing laws center around the Food Drug and Cosmetic Act and the Food Safety and Modernization Act (21 CFR). This governance establishes the framework for the ISO system. ISO standardizes every facet of the operation in a documented fashion that documents, tracks, and corrects deviations from the standard operating procedures/policies. Consequently, this request establishes the duty of care that Kenco had when it was managing the Mars Manteno facility, as well as, the agency relationship between Mars and Kenco along with the duty of care between Mars and Kenco.

Moreover, Kenco states that it is FDA compliant and AIB certified; at the time of Kenco's management of the Mars Manteno facility, according to the FDA all warehouses were to be in compliance with the Food Safety and Modernization Act. Therefore, Kenco has these and

other documents that are in line with this request.  In addition, this compliance was a
prerequisite to Kenco's employment relationship with Mars, Inc.

45.    All documents that either support or refute the fact that you were aware that
Defendant Kenco and Defendant Mars were to implement policies, procedures and protocols in
accordance with state and federal law that are either in your control or the control of Defendant
Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 45 because it is overly broad and seeks
information not relevant to the claims or defenses or proportional to the needs of the
litigation.**

Defendant refused to answer and objected to the request without identifying what part
is not relevant and/or proportional to the needs of the case.  Also, Defendant has
failed to exactly state what was being objected to in the request by providing an
evasive answer using boilerplate language that does not specify or particularize what
the objection is. As well as, what, if any, documents were being withheld because of
this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why
the request lacks relevance, and why the information sought will not reasonably lead to admissible
evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant
to any party's claim or defense. The terms and conditions that govern employment cannot be vague,
over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34
and 37 and should be treated as such.

Moreover, it is impossible to assert that it is broad request that seeks information not relevant
to whether regulatory compliance to the prevailing laws was an issue.  The regulatory
compliance to the prevailing laws center around the Food Drug and Cosmetic Act and the Food
Safety and Modernization Act (21 CFR).  This governance establishes the framework for the
ISO system.  ISO standardizes every facet of the operation in a documented fashion that
documents, tracks, and corrects deviations from the standard operating procedures/policies.
Consequently, this request establishes the duty of care that Kenco had when it was managing
the Mars Manteno facility, as well as, the agency relationship between Mars and Kenco along
with the duty of care between Mars and Kenco.

Moreover, Kenco states that it is FDA compliant and AIB certified; at the time of Kenco's
management of the Mars Manteno facility, according to the FDA all warehouses were to be in
compliance with the Food Safety and Modernization Act.  Compliance for the Mars Manteno
facility would have been implementing a written quality management system using the ISO
standard outlined by the FDA.  Therefore, Kenco has these and other documents that are in
line with this request.  In addition, this compliance was a prerequisite to Kenco's employment
relationship with Mars, Inc.

46.    All documents to either support or refute the fact that you acted lawfully in accordance with Defendant Kenco and Defendant Mars policies, procedures and protocols according to the prevailing laws that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: See all documents produced by Kenco.**

All documents in Defendants possession have not been produced thus facilitating the request again. Defendant's production from its FOIA request from the IDHR/EEOC was deficient, as it lacked some 285 pages. Additionally, defendant Kenco has sophisticated data storage and a third 3rd party hosting site that housed Defendant Kenco's policies, procedures, protocols, forms and best practices. Defendant Kenco touts in its handbook that information is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site at the relevant time was hosted by "SiteNow" in Chattanooga, TN. This information is needed in the event that Defendant Kenco refuses to produce the requested documents, the documents can be subpoenaed from the host.

This was non-responsive.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

47.    All documents that either support or refute the fact that you were aware that Defendant Kenco and Defendant Mars were to maintain records in accordance with state and federal law that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 47 because it is overly broad, argumentative and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part is overly broad, vague and not relevant. In addition, Defendant objected without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the documented evidence of compliance to the state and federal mandates are vital as it speaks to the prerequisites and requites for compliance that follow documented the designated laws and quality management systems that mandate documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

48.    All documents that either support or refute the fact that you knew that Defendant Mars required Defendant Kenco to maintain records for seven (7) years that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE:** Defendant objects to Request No. 48 because it is overly broad, argumentative and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.

Defendant refused to answer and objected to the request without identifying what part is overly broad, vague and not relevant and/or exactly what was being objected to in the request by providing an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the policies, procedures and records are vital as it relevant to whether the name Defendants followed company policies and procedures, as well as, speaks to the accessible, compliance and production of the mandated record keeping practices. The deviation from the standard operating policies and procedures are what are in question. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist for this request.

49.    All documents that either support or refute the fact that you were aware that employee's personnel files were to be maintained in accordance with state and federal law that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 49 because it is overly broad, argumentative and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part is overly broad, vague and not relevant. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Furthermore, the documented evidence of compliance to the state and federal mandates are vital as it speaks to the prerequisites and requites for compliance that follow documented the designated laws and quality management systems that mandate documented policies, procedures, protocols, forms and best practices, record keeping practices and a number of other prerequisites and requisites. Defendant has established earlier in this document that they have relevant documents, but have not made it clear that the reason there is no documentation is because they objected or that it does not exist.

50.    All documents that either support or refine that all documentation relative to an employee is to be maintained in the employee's personnel file that are either in your control or the control of Defendant Kenco, The Kenco Group or one its agents.

**RESPONSE: Defendant objects to Request No. 50 because it is overly broad, argumentative and seeks information not relevant to any party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part is overly broad, vague and not relevant. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided

an evasive answer using boilerplate language that does not specify or particularize
what the objection is. As well as, what, if any, documents were being withheld
because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why
the request lacks relevance, and why the information sought will not reasonably lead to admissible
evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant
to any party's claim or defense. The terms and conditions that govern employment cannot be vague,
over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34
and 37 and should be treated as such.

Furthermore, the documented evidence of compliance to the state and federal mandates are vital as
it speaks to the prerequisites and requites for compliance that follow documented the designated
laws and quality management systems that mandate documented policies, procedures, protocols,
forms and best practices, record keeping practices and a number of other prerequisites and
requisites. Defendant has established earlier in this document that they have relevant documents,
but have not made it clear that the reason there is no documentation is because they objected or
that it does not exist.

51.     All documents that either support or refute the fact that Tammi Fowler was the Senior

Employee Relations Manager of the Mars Manteno facility.

**RESPONSE:** Defendant objects to Request No. 51 because it is overly broad. Subject to and
without waiving these and general objections, see document bates labeled Kenco 1231
identifying Tammi Fowler as Senior Employee Relations Manager in Chattanooga, TN.

Defendant objected to the request without identifying what part is overly broad,
vague and not relevant. In addition, without specificity to exactly what was being
objected to, Defendant objected to the request; Defendant provided an evasive
answer using boilerplate language that does not specify or particularize what the
objection is. As well as, what, if any, documents were being withheld because of this
objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why
the request lacks relevance, and why the information sought will not reasonably lead to admissible
evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant
to any party's claim or defense. The terms and conditions that govern employment cannot be vague,
over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34
and 37 and should be treated as such.

Defendant in a crass behavior only produced an offer letter allegedly drafted by Tammi
Fowler, but has not provided any other verification that Fowler was the Senior Manager of
Employee Relations.

Furthermore, Defendant marked this document "Confidential;" Varvel is a named Defendant and this document does not contain any sensitive information, as the sensitive information has been redacted. The remaining information mirrors that found on Varvel's social media page-LinkedIn; therefore, the documents should be marked as "Confidential."

Defendant also failed to state if any documents were being withheld on the basis of the objection it made or if there were not any other documents that supported the fact that Fowler was the Senior Manager of Employee Relations.

52. All documents that either support or refute the fact that the HR department reported to Tammi Fowler.

**RESPONSE:** Defendant objects to Request No. 52 because it is overly broad. Subject to and without waiving these and general objections, see offer letter for Lori Varvel bates labeled Kenco 1231 and marked CONFDIENTIAL reflecting that they reported to Tammi Fowler.

Defendant objected to the request without identifying what part is overly broad, vague and not relevant. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Defendant marked Varvel's document "Confidential;" Varvel is a named Defendant along with Fowler and this document does not contain any sensitive information, as the sensitive information has been redacted. The remaining information mirrors that found on Varvel's social media page-LinkedIn; therefore, the documents should be marked as "Confidential."

Defendant also failed to state if any documents were being withheld on the basis of the objection it made or if there were not any other documents that supported the fact that Fowler was the Senior Manager of Employee Relations.

53. All documents that either support or refute that Defendant Kenco was responsible for the former and current employee files at the Mars Manteno facility that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 53 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation.**

Defendant refused to answer and objected to the request without identifying what part is overly broad, vague, not relevant and disproportional to the needs of the case. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37.

Defendant also failed to state if any documents were being withheld on the basis of the objection it made or if there were not any other documents that supported the fact that Fowler was the Senior Manager of Employee Relations.

Defendant Kenco had policies relevant to personnel file and record keeping. Therefore, Defendant Kenco has intentionally not produced the requested documents.

54. All documents that either support or refute the fact that you instructed one or more of your agents to remove, strip or reduce Plaintiffs duties that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 54 because it is argumentative and vague. Subject to and without waiving these and general objections, see documents bates labeled Kenco 1-1175 for Plaintiff's personnel documents and any explanations of her duties.**

Defendant objected to the request without identifying what part is argumentative and vague. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague,

over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34
and 37 and should be treated as such.

Defendant also failed to state if any documents were being withheld on the basis of the
objection it made or if there were not any other documents that supported the fact that
Fowler was the Senior Manager of Employee Relations.

Furthermore, all documents in Defendants possession have not been produced; as
documents are missing out the FOIA requested file from IDHR/EEOC. Documents that
support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact
285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not
utilized its electronic data storage that is just "one click away" from accessing all of
Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic
records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-
1175 produced satisfy this request of what my duties were, as there are blank pages,
documents from other people and other sites, duplicate copies, coupled with, policies
effectuated after I went on medical leave and Mars, Inc. terminated their employment
relationship with Kenco amongst other things.

This was not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and
37 and should be treated as such.

55.    All documents either refuting or supporting the fact that Defendant tried to change
Plaintiffs job title.
**RESPONSE: None.**

56.    All documents either refuting or supporting the fact that Defendant tried to
change Plaintiffs job duties.

RESPONSE: See documents bates labeled Kenco 1-1175 for Plaintiff's personnel
documents and any explanations of her duties.

This response is not reasonable or intelligent to suggest that documents bate stamp 1-1175
produced satisfy this request of what my duties were, as there are blank pages, documents
from other people and other sites, duplicate copies, coupled with, policies effectuated after I
went on medical leave and Mars, Inc. terminated their employment relationship with
Kenco amongst other things.

This was not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and
37 and should be treated as such.

57.    All documents relating to your defense that Plaintiff is not entitled to any non-

monetary relief

RESPONSE: See all documents produced by Defendant, and in particular, letter bates
labeled Kenco 1112 related to Kenco's loss of Manteno, Illinois contract.

All documents in Defendants possession have not been produced; as documents are
missing out the FOIA requested file from IDHR/EEOC.  Documents that support
Plaintiff's allegations have been removed from the IDHR/EEOC File.  To be exact 285
documents are missing from the IDHR/EEOC file.  In addition, Defendant has not utilized
its electronic data storage that is just "one click away" from accessing all of Defendant
Kenco's policies, procedures, protocols, forms, best practices and electronic records.  This
site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-
1175 produced satisfy this request that I am not entitled to non-monetary relief as there are
blank documents, documents from other people and other sites, duplicate records, coupled
with, policies effectuated after I went on medical leave and Mars, Inc. terminated their
employment relationship with Kenco amongst other things.  Furthermore, Kenco may have
ceased to manage the Mars Manteno facility, but the facility continued to operate after
Kenco's management was terminated, as it had prior to Kenco taking over managing the
Mars Manteno facility.

Moreover, if Defendant felt that any other of these 1534 documents correlated to this
request, the specific documents were not identified as such.

This was non-responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and
37 and should be treated as such.

58.    All diaries, logs, journals, calendars, appointment books, Outlook or other

electronic calendar or note-keeping programs, notes memoranda, or other memorialization's

(contemporaneous or otherwise) of events for Defendant or any of its agents for the period of

January 2012 to the present.

RESPONSE: Defendant objects to Request No. 58 because it is overly broad, not limited in
time and scope, seeks information not relevant to either party's claims or defenses or
proportional to the needs of this litigation and vague.

Defendant objected to the request without identifying what part overly broad, not
limited to time and scope and seeks information not relevant to either party's claim.
In addition, without specificity to exactly what was being objected to, Defendant
objected to the request; Defendant provided an evasive answer using boilerplate

language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The terms and conditions that govern employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37.

Defendant also failed to state if any documents were being withheld on the basis of the objection it made or if there were not any other documents relative to this request.

A time frame was established and the requested information is sought in conjunction with proving that Defendant Kenco's executives, agents and/or employees managed conspired to continue to violate the protected rights of its employees including me, as well as, if any pretext existed. In addition, to any other information that may or may not lead to evidence that is admissible in court under Rule 26.

59.    All documents that you have witnessed, verified under oath, certified, filed in any way, including position statements, at any time with any federal or state court or administrative agency, including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights ("IDHR"), The Illinois Department of Employment Security in Defense against any person, OSHA, The Department of Labor, firm, corporation, institution, agency or entity regarding any claim of misconduct, employment discrimination or violation of leave laws while managing the Mars Manteno facility or related to incidents that stemmed from managing the Mars Manteno facility that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE:** Defendant objects to Request No. 59 because it is overly broad, not limited in time and scope, seeks information not relevant to either party's claims or defenses or proportional to the needs of this litigation. Subject to and without waiving these and general objections, see Kenco 1-11775 for documents received from IDHR in response to FOIA related to Plaintiff.

Defendant objected to the request without identifying what part overly broad, not limited to time and scope and seeks information not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The documentation any investigation, fact finding conference, administrative process or hearing, or any other hearing before any tribunal that Defendant has participated is relevant and cannot be vague, over broad or irrelevant, as it is the position and statement of the Defendant accompanied by supporting evidence that supported or refuted the terms and conditions governing employment cannot be vague, over broad or irrelevant. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and treated as so.

Defendant also failed to state if any documents were being withheld on the basis of the objection it made or if there were not any other documents relative to this request.

Moreover, all documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file and number of documents that you allege to be in the file were not documents contained in the true and correct of the file that I received from a FOIA request as well. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of what my duties were, as there are blank pages, documents from other people and other sites, duplicate copies, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Lastly, the time frame was established based on the specific timeline of Defendant Kenco managing the Mars Manteno facility. The information is relative, as it can either refute or support the fact that Defendant Kenco had a pattern and practice of discrimination or whether these actions were localized or a systemic problem throughout the Kenco Group, its agents or employees it managed. In addition, this information has everything to do with the allegations set out in my complaint, due to the fact that I was the HR administrator for the facility and I am familiar with the instances that occurred from being directly involved or in receipt of reports of the various incidents, against the information that was provided by Defendant Kenco to the IDHR/EEOC. It further speaks to my allegations of conspiracy, perjury, aiding and abetting, tampering with evidence and obstruction of justice.

Last but not least I only received documents from Defendant up to 1535 and not 11775. This was not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.


60.    All documents relative to any investigation, fact finding conference, administrative process or hearing, or any other hearing before any tribunal that Defendant has participated in that are either in your control or the control of Defendant Kenco or one of its agents, relative to the Mars Manteno facility and the employees thereof.

**RESPONSE:** **Defendant objects to Request No. 60 because it is overly broad and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation. Subject to and without waiving these and general objections, see Kenco 1-1175 for documents related to IDHR investigation related to Plaintiff.**

Defendant objected to the request without identifying what part overly broad, not limited to time and scope and seeks information not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The documentation surrounding any investigation, fact finding conference, administrative process or hearing, or any other hearing before any tribunal that Defendant has participated is relevant and cannot be vague, over broad or irrelevant, as it is the position and statement of the Defendant accompanied by supporting evidence. The evasiveness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

Defendant also failed to state if any documents were being withheld on the basis of the objection it made or if there were not any other documents relative to this request.

Moreover, all documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file and number of documents that you allege to be in the file were not documents contained in the true and correct of the file that I received from a FOIA request as well. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant

Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request of what my duties were, as there are blank pages, documents from other people and other sites, duplicate copies, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Lastly, the time frame was established based on the specific timeline of Defendant Kenco managing the Mars Manteno facility. The information is relative, as it can either refute or support the fact that Defendant Kenco had a pattern and practice of discrimination or whether these actions were localized or a systemic problem throughout the Kenco Group, its agents or employees it managed. In addition, this information has everything to do with the allegations set out in my complaint, due to the fact that I was the HR administrator for the facility and I am familiar with the instances that occurred from being directly involved or in receipt of reports of the various incidents, against the information that was provided by Defendant Kenco to the IDHR/EEOC. It further speaks to my allegations of conspiracy, perjury, aiding and abetting, tampering with evidence and obstruction of justice.

This was not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

61.    All written or recorded statements, memoranda, or correspondence provided to you or your agents by any person contacted or interviewed in connection with this matter that either support or refute your position that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant is not aware of any written statements related to any internal investigation of the claims now raised by McCurry. See Kenco 1-1175 for documents related to IDHR investigation related to Plaintiff.**

It is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request, as there are blank pages, documents from other people and other sites, duplicate copies, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things. Furthermore, all of the documents in Defendant's possession have not been produced to me according to the number of documents produced to me when I made my FOIA request in February of 2016.

These missing documents support my position and allegations outlined in my complaint, as well as, the electronic documents that Defendant Kenco also refuses to provide.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

62.     All documents disseminated by Defendant on behalf or related to Plaintiff, Plaintiffs employment or the matters before the various tribunals, including mails, text messages and or any mode of communication used by Defendant that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: See Kenco 1-1175 for documents related to IDHR investigation related to Plaintiff.**

This cannot be so, as documents are missing from the IDHR/EEOC file and the majority of the documents, along the lines of 90%, contained in the file were produced by my attorney at the time on my behalf. Therefore, it is impossible for Defendant to have disseminated these documents.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

63.     All written reports of expert witnesses, who have been contacted, interviewed or engaged for this matter.

**RESPONSE: Defendant has not yet retained an expert and will supplement this response if necessary.**

64.     All documents provided by you or your agents to any expert who has been contacted, interviewed, or engaged for this matter.

**RESPONSE: Defendant has not yet retained an expert and will supplement this response if necessary.**

65.     All documents you believe tend to defend the allegations asserted in Plaintiffs Complaint.

**RESPONSE: See all documents produced by Defendant.**

All documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

This was non-responsive to the request. Moreover, if such documents exist, Defendant has not specified them or identified them as such.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

　　66.　　All documents you believe tend to support any allegation asserted in Plaintiffs

Complaint.

**RESPONSE: None.**

These would be the intentionally removed documents from the IDHE/EEOC FOIA request and those electronic records being withheld.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

　　67.　　All documents that you reviewed before participating in Plaintiffs Fact Finding

Conference at the IDHR and EEOC in 2015 that are either in your control or the control of

Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: Defendant objects to Request No. 67 because it is vague as to "you" and overly broad. Subject to and without waiving these and general objections, see Kenco 1-1175 for documents submitted to IDHR which were received in response to FOIA request.**

Defendant objected to "you" being vague and overly broad. Defendant did not state if documents were being withheld on the basis of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

Additionally, all documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of

2:16-cv-02273-CSB-EIL　# 79-2　Filed: 03/23/18　Page 108 of 120

Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

68.　All documents that you reviewed before participating in any Fact Finding Conference at the IDHR and EEOC in 2014-2016 relative to employees at the Mars Manteno Facility that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE:** **Defendant objects to Request No. 68 because it is vague as to "you" and overly broad. Subject to and without waiving these and general objections, see Kenco 1-1175 for documents submitted to IDHR which were received in response to FOIA request.**

Defendant objected to "you" being vague and overly broad. Defendant did not state if documents were being withheld on the basis of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

Additionally, all documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

Moreover, the documents submitted by the parties were not available for review until after the matter had a final disposition from the IDHR/EEOC; therefore, you could not have reviewed all the documents in the IDHR/EEOC file, as they were not available to you.

The response to this request is not adequate.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

69.    All documents that you will introduce into evidence as exhibits at the trial of this

matter that are either in your control or the control of Defendant Kenco, The Kenco Group or its

agents.

**RESPONSE:** **Defendant has not yet identified exhibits and will supplement this response as required by Federal Rules and any orders enterer by the Court.**

70.    All other documents, not otherwise produced, substantiating any allegation in

Plaintiffs Complaint that are either in your control or the control of Defendant Kenco, The Kenco

Group or one of its agents.

**RESPONSE:** **None.**

This answer is intentionally misstated, as Defendant Kenco has not produced all of the documents in its possession.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

71.    All documents that either support or refute the fact that Defendant knows that it is

unlawful to perjurer oneself.

**RESPONSE:** **Defendant objects to Request No. 71 because it is vague, argumentative and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was vague, argumentative, and seeks information not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because Defendant Kenco, its agents and its current and former employees that have been managed have made a number of inconsistent and contradictory statements to various regulatory agencies and tribunals, including this one.

The refusal to answer is also a violation of Rules 34 and 37 and should be treated as such.

72.    All documents that either support or refute the fact that Jay Elliott, Defendant's Counsel, was licensed to practice law in the state of Illinois in 2014-to date.

**RESPONSE: Defendant objects to Request No. 72 because it is vague, argumentative and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was vague, argumentative, and seeks information not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because it is illegal to practice law without a license without admission to the state bar.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

73.    All documents that either support or refute the fact that Defendant knew that Defendant was to preserve the Defendant's records, Defendant Kenco and Defendant Mars, records upon notice of impending litigation.

**RESPONSE: Defendant objects to Request No. 73 because it is vague, argumentative and seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was vague, argumentative, and seeks information not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because the production of records are one of the issues here before this court, as well as, the integrity of the records. This includes, but is not limited to: records that have been tampered with, sanitized, intentional incomplete production, and an unbalanced production of documents well after the relevant time. Moreover, Defendant Kenco's VP of legal was an expert and specialized in employment law and had in the past represented Defendant Kenco.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

74.    All documents either supporting or refuting the fact that Jay Elliott made misleading and false statements to the IDHR and EEOC relative to Plaintiff and Plaintiffs allegations.

**RESPONSE: None.**

This is an intentionally misstated answer, as Defendant Kenco is in possession of the information that it sent the IDHR/EEOC and the records it requested under FOIA that it has intentionally failed to produce in its entirety.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

75.    All documents relative to the Jay Elliott being hired as the VP of Legal, including but not limited to the internal job posting, job description, offer letter, interview forms, etc....

**RESPONSE: Defendant objects to Request No. 75 because it seeks information not relevant to either party's claims or defenses or proportional to the needs of the litigation.**

Defendant refused to answer and objected to the request without identifying what part was not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because Defendant has a hiring policy and prerequisites for hiring VP's and higher. By default the hiring of Elliott constitutes a conspiracy as you needed a consensus between Elliott and the Kenco Executives t executive the task of hiring Elliott, Furthermore, goals, objectives and compensation had to be discussed as a requisite for hiring Elliott or any other employee of the company.

The refusal to answer is also a violation of Rules 34 and 37 and should be treated as such.

76.    All documents that either support or refute the fact that Defendant's legal counsel made misleading statements to the IDHR and EEOC when she stated that Plaintiff told her that Madison stated to do nothing about the matters that were told/reported to Plaintiff.

**RESPONSE: None.**

77.    All documents that either support or refute the fact that Plaintiff was not the HR Administrator for the Mars Manteno Facility.

**RESPONSE: See offer letter bates labeled Kenco 216 hiring Plaintiff as an HR Clerk.**

This answer is intentionally misstated, as Defendant Kenco has Plaintiff's signed job description that supersedes an offer letter, as well as, its electronic records that characterize Plaintiff as the HR Administrator.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

78.    All documents relative to Defendant's website that list Plaintiff as the HR

Administrator on Defendant's website.

**RESPONSE: Defendant objects to Request No. 78 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses. Subject to and without waiving these and general objections, see Plaintiff's personnel documents including Kenco 216 listing Plaintiff as an HR Clerk.**

Defendant objected to the request without identifying what part was vague, overly broad and seeks information not relevant to either party's claim.  In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because Defendant's website acknowledged me in my correct role and title.  The request was relegated to Defendant's website and not an offer letter or some alternative facts.  Defendant has repeatedly refused and evaded producing electronically stored records, in which I am entitled to.  Defendant's website is managed by a 3rd party vendor.  Furthermore, Defendant Kenco has failed to produce my performance appraisal that lists me as the HR administrator and my job description signed by Leonard Szplett.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

79.    All documents relative to Plaintiffs IRS garnishment

**RESPONSE: Defendant objects to Request No. 79 because it is overly broad, vague and seeks information not relevant to either party's claims or defenses. Subject to and without waiving these and general objections, none.**

Defendant objected to the request without identifying what part was vague, argumentative, and seeks information not relevant to either party's claim.  In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because if will demonstrate that Defendant Kenco had knowledge that the IRS was seeking to place a garnishment on my wages, but intentionally withheld the notice from me, as well as, taking nearly all of my paycheck and giving it to the IRS; Opposed to only taking the amount allowed by law that would not have left me indigent.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

80.    Plaintiffs employee file in its entirety, inclusive of medical file, signed offer letter, performance management, IRS garnishment, payroll, job application, signed job description, continuing benefits, and any other documents relative to Plaintiffs employment.

**RESPONSE: See documents bates labeled Kenco 1-1175 consisting of Plaintiff's personnel documents and documents received in response to FOIA, which contain personnel information. In addition see documents bates labeled Kenco 1474-1528 consisting of Plaintiff's benefits file.**

Defendant has not identified the specific bate stamp numbers that relate to the personnel file, as it is impossible for 1175 pages to be related to my employee file, as there are number of blank page, duplicate pages, information that is relative to other employees, non-effectuated policies, documents not contained in the original IDHR/EEOC file amongst other things that make up 1175 pages.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

81.    All documents relative to Defendant's policy, procedure or protocol that disallows employment verification, including but not limited to the policy, procedure, protocol and appendix.

**RESPONSE: Defendant objects to Request No. 81 because it is vague, overly broad and seek information not relevant to either party's claims or defenses.**

Defendant has refused to answer and objected to the request without identifying what part was vague, overly broad, and seeks information not relevant to either party's claim.   In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because Defendant refused to verify my employment as requested, despite requesting this verification from Varyel, Lopez, Fowler and Eddy Register. Defendant Kenco and its agents and employees it managed verified employment regularly for other employees at the Mars Manteno facility.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

82.    All of Defendants Appendix A and F from 2012 to date.

**RESPONSE:** Defendant objects to Request No. 82 because it is vague, overly broad, not limited in time or scope and seek information not relevant to either party's claims or defenses or proportional to the needs of this litigation.

Defendant has refused to answer and objected to the request without identifying what part was vague, overly broad, time limited and seeks information not relevant to either party's claim. In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because as a requisite for compliance to the Food Drug and Cosmetic Act and the Food Safety Modernization Act, Defendant Kenco was required to have a document quality management system. The system requires it to be in a written documented fashion. Appendix A and F are the appendices that individually list the policies, procedures, protocols, best practices and forms of Defendant Kenco on the site level, Mars Manteno, and on a corporate level. These appendices house each and every policy, procedure, protocol form and best practice that governs the terms and conditions of the employees of the Mars Manteno facility. Therefore, this information cannot be vague, overly broad, limited and disproportional to the case, as it is one of the issues before the court.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

83.    All documents either supporting or refuting the fact that Plaintiff had a signed job description.

**RESPONSE: None.**

Defendant has intentionally misstated its answer. Kenco has a policy relative to job descriptions. Beyond that Defendant produced a signed job description for Plaintiff signed by Leonard Szplett, who Defendant Kenco states below that Plaintiff reported to. See bate stamp ____.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

84.    All documents either supporting or refuting the fact that Plaintiff reported to the HR Manager.

**RESPONSE: See documents in McCurry's personnel file bates labeled Kenco 336, 342, 358 reflecting McCurry reporting to Leonard Szplett from the time she was hired until Lori Varvel's hiring in October 2014 at which point McCurry began reporting to Varvel. See also, Varvel personnel file marked CONFIDENTIAL and bates labeled Kenco 1260-1271.**

Not responsive to request.

Varvel's file should not be marked confidential as all sensitive information has been redacted, as well as, Varvel is a named defendant in the matter.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

85.    All documents either supporting or refuting the fact that Plaintiff had to process multiple payrolls weekly on Monday morning by 10:00 am.

**RESPONSE: See document bates labeled Kenco 344 reflecting payroll being due at 11:30 a.m. on Monday.**

Not responsive to the request.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

86.    All documents either refuting or supporting the fact that Defendant took away Plaintiffs fringe benefits.

**RESPONSE:** **Defendant objects to Request No. 86 as it is vague as to what fringe benefits Plaintiff is referring to. Subject to and without waiving these objections and general objections, none.**

Defendant refused to answer and has raised an objection, but has failed to state if documents were being withheld on the basis of that objection or what the basis of the objection is.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

87.    All documents either refuting or supporting the fact that Defendants shift ended at 5:00 am on Monday mornings.

**RESPONSE:** **None. See McCurry's offer letter bates labeled Kenco 363 and the memorandum updating McCurry's schedule bates labeled Kenco 346.**

This response is inadequate and not responsive to the request, as it refers to Defendants shift and not mine.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

88.    All other documents, not otherwise produced, refuting tending to disprove any allegation in Plaintiffs Complaint that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE:** **See all documents produced by Defendant.**

The response is not adequate. All documents have not been produced by Defendant, intentionally, including those from the IDHR/EEOC FOIA request and those that are electronically stored on Defendant Kenco's Kenco Connection.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

89.    All documents relating to any litigation (civil or criminal) or administrative proceedings (including but not limited to charges of discrimination, whistleblower, or any other tribunal matter), bankruptcy that have been instituted against Defendant by any company, individual or other organization, or in which you have been a party or a witness, other than this

specific matter before the District court that are either in your control or the control of Defendant

Kenco, The Kenco Group or any of its agents.

**RESPONSE: Defendant objects to Request No. 89 because it is overly broad, not limited in time or scope and seeks information not relevant to the claims or defenses in this litigation.**

Defendant refused to answer and objected to the request without identifying what part was overly broad, not limited in time or scope, and seeks information not relevant to either party's claim.   In addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

This is critical to the case because Defendant Kenco may be engaged in a pattern and practice of systemic discrimination.  Therefore, this information can either refute or support this contention.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

90.    All documents that you produced to Defendant Kenco or Mars relative to Plaintiffs

matter that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: Defendant objects to Request No. 90 because it is vague and incomprehensible to the extent it seeks documents produced by Kenco to Kenco.**

91.    All documents received in this lawsuit by you.

**RESPONSE: Defendant objects to Request No. 91 because it is vague. Subject to and without waiving these and general objections, see all documents produced by Defendant and Plaintiff's production.**

Defendant objected to the request without identifying what part was vague, argumentative, and seeks information not relevant to either party's claim.   In

addition, without specificity to exactly what was being objected to, Defendant objected to the request; Defendant provided an evasive answer using boilerplate language that does not specify or particularize what the objection is. As well as, what, if any, documents were being withheld because of this objection.

Specifically, under Rule 26, the objection must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence, as well as, why this request falls outside discoverable information according to Rule 26.

Rule 26 also allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

Furthermore, I am not sure what Defendant means when it sates see Plaintiff's production. Defendant has not cited or made specific reference to any documents that it has received from me. Therefore, I cannot quantify or qualify this said production.

This is critical to the case because it outlines the discovery and its authenticity.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

92.     All documents that you either sent to or received from the Illinois Department of Human Rights ("IDHR") or United States Equal Employment Opportunity Commission ("EEOC") or the District Court or any other tribunal relating to any Charges of Discrimination tiled against you that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: See documents bates labeled Kenco 182-1175 consisting of documents received from IDHR in response to FOIA request.**

This contradicts Defendant Kenco's earlier statement saying that they received 1-1175 for the IDHR/EEOC FOIA request; which again drastically increases the amount of pages that Defendant Kenco has removed from the IDHR/EEOC file.

In addition, Defendant has not correlated the specific bate stamp documents to this request, as the documents produced are duplicates, blank pages, documents relative to other people amongst other things.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.

93.    All documents received from or tendered to any person regarding any employment decision(s) relative to Plaintiff that are either in your control or the control of Defendant Kenco or its agents.

**RESPONSE: See Plaintiff's personnel documents bates labeled Kenco 1-181.**

94.    All other documents perceived to be a defense or documents in Defendant's possession relative to Plaintiff and Plaintiffs allegations, and pending matters that are either in your control or the control of Defendant Kenco, The Kenco Group or one of its agents.

**RESPONSE: See all documents produced by Defendant.**

Additionally, all documents in Defendants possession have not been produced; as documents are missing out the FOIA requested file from IDHR/EEOC. Documents that support Plaintiff's allegations have been removed from the IDHR/EEOC File. To be exact 285 documents are missing from the IDHR/EEOC file. In addition, Defendant has not utilized its electronic data storage that is just "one click away" from accessing all of Defendant Kenco's policies, procedures, protocols, forms, best practices and electronic records. This site is hosted by "SiteNow" in Chattanooga, TN.

Furthermore, it is not reasonable or intelligent to suggest that documents bate stamp 1-1175 produced satisfy this request, as there are blank documents, documents from other people and other sites, duplicate records, coupled with, policies effectuated after I went on medical leave and Mars, Inc. terminated their employment relationship with Kenco amongst other things.

The evasiveness and incompleteness of the answer provided is also a violation of Rules 34 and 37 and should be treated as such.