IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Edith McCurry,<br><br>                  Plaintiff,<br><br>    v.<br><br>Kenco Logistic Services, LLC, Mars, Incorporated, Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Lori Varvel, and Mario Lopez,<br><br>                  Defendants. | Case No.: 2:16-cv-02273-CSB-EIL<br><br>Judge Colin Stirling Bruce<br><br>Magistrate Judge Eric I. Long |

**DEFENDANT MARS, INCORPORATED'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CONTEMPT, OR IN THE ALTERNATIVE, FOR AN ORDER TO PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT**

I.      INTRODUCTION

Defendant Mars, Incorporated ("Mars"), by and through its undersigned counsel, move this Court for an order holding Plaintiff Edith McCurry's ("McCurry") counsel, Jordan T. Hoffman ("Hoffman"), in civil contempt for failure to comply with the January 22, 2020 Order of the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit Court of Appeals") (18-3206, Doc. 48), made part of this Court's record at ECF #137 ("Sanctions Order"), which clearly and unequivocally stated "Defendant-appellee Mars, Incorporated, shall recover from Hoffman attorney's fees in the amount of $41,226.10." The Sanctions Order also stated "all defendants-appellees shall recover double the amount of the costs taxed by the clerk of court." (Id.) Defendant Mars has not received attorney's fees or double the costs taxed by the clerk of court, and therefore, Hoffman has failed to comply with the Sanctions Order and should be held in civil contempt of court. Alternatively, the Court should issue an order requiring

1

Hoffman to show cause why he should not be held in contempt for his failure to comply with the Sanctions Order by paying the stated amounts within a reasonable amount of time. Additionally, Defendant Mars respectfully requests that this Court impose civil contempt sanctions against Hoffman as a means of compelling his compliance with the Sanctions Order for the benefit of Mars. After more than five months of failing to comply with the Sanctions Order, it is clear that Hoffman's noncompliance is willful, and unless civil contempt sanctions are imposed, there is no incentive or reason for Hoffman to *now* comply with the Sanctions Order.

II.     Background

On August 29, 2016, Plaintiff Edith McCurry ("McCurry" or "Plaintiff") filed this action *pro se* against Defendants Mars, Kenco Logistic Services, LLC ("Kenco"), Kelvin Walsh, Michael Manzello, David Jabaley, Tammi Fowler, and Mario Lopez. (ECF #1) Plaintiff alleged that Defendants discriminated against her because of her: age under the Age Discrimination in Employment Act ("ADEA"); race under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"); sex/gender under Title VII and the Equal Pay Act, 29 U.S.C. § 206; and also raised other claims including a federal claim for conspiracy under 42 U.S.C. § 1985(3) ("Section 1985") and Illinois state law claims for conspiracy, intentional and willful interference, intentional infliction of emotional distress, and aiding and abetting. (Id.)

On September 6, 2016, Plaintiff filed another action *pro se* in the United States District Court for the Central District of Illinois (2:16-cv-02277-CSB-EIL, ECF #1) against the same Defendants, with the substitution of Defendant Lori Varvel for Defendant Michael Manzello. (Id., ¶ 3) Additionally, Plaintiff added a claim for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). (Id., ¶ 7) By order of the Court, the two

2

cases were consolidated, and going forward, all filings were filed under this case number. (Text Order, Jan. 3, 2017) Defendants Kenco, Kelvin Walsh, Michael Manzello, David Jabaley, Tammi Fowler, Lori Varvel, and Mario Lopez (collectively "Kenco Defendants") filed their Partial Motion to Dismiss on November 14, 2016 (ECF #16), and Defendant Mars filed its Partial Motion to Dismiss on December 30, 2016. (ECF #30) On February 7, 2017, the Court entered an Order granting both motions. (ECF #39) Following the Court's Order, the only claims remaining as to Defendant Mars were Plaintiff's Section 1981 and Section 1985 claims. (Id.) As to Defendant Kenco, only Plaintiff's Title VII, Section 1981, Section 1985, ADEA, and ADA claims remained. (Id.) As to the individual Defendants, only the Section 1981 and Section 1985 claims remained. (Id.) Mars filed its Motion for Summary Judgment on June 20, 2018 (ECF #109), and the Kenco Defendants filed their Motion for Summary Judgment on June 21, 2018. (ECF #112) The Court granted both motions in full and judgment was entered in favor of Defendants and against Plaintiff. (ECF #125) McCurry retained Hoffman as counsel and appealed the decision. (ECF #132)

  The matter went before the Seventh Circuit Court of Appeals, Case No. 18-3206. Plaintiff-Appellant McCurry's Opening Brief was filed on January 23, 2019 (Doc. 15), and Defendant-Appellee Mars' (Doc. 25) and Kenco Defendants-Appellees' (Doc. 21) Briefs were both filed on February 22, 2019. McCurry then filed her Reply Brief on March 20, 2019. (Doc. 32) On April 11, 2019, the case was argued before the Seventh Circuit Court of Appeals. (Doc. 38) On November 7, 2019, the Seventh Circuit Court of Appeals affirmed this Court's decision and ordered Hoffman to show cause why he should not be sanctioned or otherwise disciplined under Federal Rules of Appellate Procedure Rules 28 and 38. (Doc. 39) Hoffman filed his Response to Order to Show Cause on November 21, 2019. (Doc. 43) Pursuant to Federal Rules

of Appellate Procedure Rule 38, the Seventh Circuit Court of Appeals held that sanctions were warranted and ordered Hoffman to pay Defendants-Appellees reasonable attorney's fees incurred in defending the appeal, as well as double costs. (Doc. 45) Defendant-Appellee Mars filed its Statement of Fees and Costs, which identified $41,226.10 in attorney's fees incurred in the appeal, on January 2, 2020. (Doc. 46-1) On January 22, 2020, the Seventh Circuit Court of Appeals issued the Sanctions Order and ordered that "Defendant-appellee Mars, Incorporated, shall recover from Hoffman attorney's fees in the amount of $41,226.10." (Doc. 48) The Seventh Circuit Court of Appeals also ordered that "all defendants-appellees shall recover double the amount of the costs taxed by the clerk of court." (Id.) The Sanctions Order was made part of this Court's record at ECF #137. Included with the Seventh Circuit Court of Appeal's Notice of Issuance of Mandate to this Court was the Bill of Costs in amount of $228 to Defendant-Appellee Mars. (ECF #133) To date, Hoffman has not complied with the Sanctions Order and has not sought a stay.

III.     Argument

        **1.    Hoffman Should be Held in Civil Contempt for Failing to Comply With the Order of the United States Court of Appeals for the Seventh Circuit.**

"Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders." Lightspeed Media Corp. v. Smith, No. 3:12-cv-889-DRH-SCW, 2014 U.S. Dist. LEXIS 38114, at *7 (S.D. Ill. Mar. 24, 2014) (citing International Union v. Bagwell, 512 U.S. 821, 831-833 (1994)). "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4)

the alleged contemnor failed to make a reasonable and diligent effort to comply." United States SEC v. Hyatt, 621 F.3d 687, 692 (7th Cir. 2010). "The absence of willfulness does not relieve from civil contempt." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949). "A district court ordinarily does not have to find that the violation was 'willful' to find a party in contempt, and it may find a party in civil contempt if he has not been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'" Stotler & Co. v. Able, 870 F.2d 1158, 1163 (7th Cir. 1989) (citations omitted).

The Seventh Circuit Court of Appeals' Sanctions Order clearly and unambiguously commanded that "Defendant-appellee Mars, Incorporated, shall recover from Hoffman attorney's fees in the amount of $41,226.10" and "double the amount of the costs taxed by the clerk of court." (Doc. 48) The Bill of Costs incorporated into the Seventh Circuit Court of Appeal's Mandate identified $228 in costs recoverable by Mars from Hoffman. (ECF #133) More than five months have passed since the Sanctions Order was issued, and Hoffman has failed to make any payment to Mars. There has been no compliance, let alone substantial compliance, by Hoffman in response to the Sanctions Order. Having not received any portion of the attorney's fees or costs owed, or even an email, phone call, or any other correspondence from Hoffman since the Sanctions Order was issued, there is no debate that Hoffman has failed to make any reasonable or diligent effort towards complying with the Sanctions Order. Therefore, this Court should hold Hoffman in civil contempt of court for failing to comply with the Sanctions Order issued by the Seventh Circuit Court of Appeals. While we submit that Hoffman should be held in civil contempt of court, should the Court not agree, then alternatively, we respectfully request that the Court issue an order requiring Hoffman to show cause why he should not be held in contempt for his failure to comply with the sanctions order.

## 2. The Court Should Impose Civil Contempt Sanctions Against Hoffman Because After Over Five Months of Willfully Disregarding the Sanctions Order, it is Clear That Hoffman Needs to be Compelled into Compliance.

"Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." U.S. v. Dowell, 257 F.3d 694, 699 (7th Cir. 2001). "Remedial sanctions … are backward-looking and seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience." Id. By contrast, "[c]oercive sanctions seek to induce future behavior by attempting to coerce [an uncooperative] party or witness to comply with an express court directive." Id. "The civil contempt sanction … is designed 'to coerce the defendant to do the thing required by the order for the benefit of the complainant,' rather than 'to vindicate the authority of the law.'" International Union, 512 U.S. at 844 (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 442 (1911) (internal quotation marks omitted)). However, "[a] coercive sanction must afford the contemnor the opportunity to 'purge,' to avoid punishment by complying with the order." Lightspeed Media Corp., 2014 U.S. Dist. LEXIS 38114, at *11 (citing Dowell, 257 F.3d at 699). "The sanction operates coercively because it applies continuously until the defendant performs the discrete, affirmative act required by the court's order . . . ." International Union, 512 U.S. at 844 (quoting Gompers, 221 U.S. at 442) (internal quotation marks omitted). "The civil contemnor thus carries the keys of his prison in his own pocket: At any moment, he can end the sentence and discharge himself . . . by doing what he had previously refused to do." Ibid.

"The factors to be considered by the court in imposing a civil contempt sanction include: (1) Harm from noncompliance, (2) Probable effectiveness of the sanction, (3) Contemnor's financial resources and the burden the sanctions may impose; and (4) Contemnor's willfulness in

6

disregarding the court's order." Lightspeed Media Corp., 2014 U.S. Dist. LEXIS 38114, at *11 (citing United States v. United Mine Workers of America, 330 U.S. 258, 303-304 (1947)). In considering the harm, the Court must "consider the character and magnitude of the harm threatened by continued contumacy . . . ." United Mine Workers of America, 330 U.S. at 304. The Court is also to consider "the amount of [contemnor's] financial resources and the consequent seriousness of the burden to that particular [contemnor]." United Mine Workers of Am., 330 U.S. at 304.

     As to the character of the harm, there is no doubt that Hoffman has continued to willfully violate the Sanctions Order. Up to the filing of this Contempt Motion, Hoffman has made no attempt to contact Mars or Mars' counsel, or to address the Court, regarding the Sanctions Order. And even if Hoffman's noncompliance with the Sanction Order was not willful, his lack of reasonable diligence or energy towards satisfying the Sanctions Order for over five months should demonstrate the necessity of imposing civil contempt sanctions. Although the Seventh Circuit Court of Appeals did not specify a deadline for Hoffman to tender the stated amounts, over five months has passed since the Sanctions Order was issued, rendering any further delay in payment of the stated amounts untimely, unreasonable, and therefore, in violation of the Sanctions Order. Regarding the magnitude of the harm, as the Seventh Circuit Court of Appeals indicated, "the appeal [was] utterly frivolous and McCurry's monstrosity of an appellate brief [was] incoherent" (18-3206, Doc. 39), and "judicial resources were needlessly consumed, and the defendants were put to the burden and expense of sorting through and defending against a patently frivolous appeal." (Id., Doc. 45) Without any type of penalty associated with failing to comply with the Sanctions Order, Hoffman will no doubt continue to put off satisfying his court ordered obligations for perpetuity. The imposition of civil contempt sanctions is needed to

7

prompt Hoffman into complying with the Sanctions Order before another substantial lapse in time. Therefore, because he has continued to willfully ignore the Sanctions Order for over five months, civil contempt sanctions should be imposed against Hoffman to compel him to finally pay Mars the attorney's fees and costs that are owed.

IV.   CONCLUSION

For the foregoing reasons, Defendant Mars respectfully requests that this Court grant this Motion and hold Hoffman in civil contempt of Court, or alternatively, that he be ordered to show cause why he should not be held in civil contempt. Defendant Mars also seeks civil contempt sanctions in the form of reasonable attorney's fees incurred in seeking a finding of contempt here, which fees have been necessitated only as a result of Hoffman's defiance of a clear and unequivocal Order of the Court, as well as interest and additional daily fines for each day Hoffman fails to make payment as ordered.

Dated: June 30, 2020               Respectfully submitted,

                                    /s/ Kimberly J. Overbaugh
                                   Kimberly J. Overbaugh, Esq., PA #85610
                                   Thomas R. Davies, Esq., PA #35260
                                   Harry R. Harmon, Esq., PA #25342
                                   HARMON & DAVIES, P.C.
                                   2306 Columbia Ave.
                                   Lancaster, PA 17603
                                   Tel. (717) 291-2236
                                   Fax (717) 291-5739
                                   koverbaugh@h-dlaw.com
                                   tdavies@h-dlaw.com
                                   rharmon@h-dlaw.com
                                   Attorneys for Defendant
                                   Mars, Incorporated

**CERTIFICATE OF SERVICE**

I, Kimberly J. Overbaugh, an attorney, hereby certify that on June 30, 2020, I electronically filed a copy of the foregoing **DEFENDANT MARS, INCORPORATED'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CONTEMPT, OR IN THE ALTERNATIVE, FOR AN ORDER TO PLAINTIFF'S COUNSEL TO SHOW WHY HE SHOULD NOT BE HELD IN CONTEMPT** with the Clerk of the Court using the CM/ECF system.  I further certify that a copy of the foregoing has been served by UPS Overnight mail, and by email, to the following non-ECF participant:

>Edith McCurry
>6239 South 13110 East Road
>Pembroke Township, IL 60958
>EMcCurry1@gmail.com

>/s/ Kimberly J. Overbaugh
>Kimberly J. Overbaugh, Esq., PA #85610
>Thomas R. Davies, Esq., PA #35260
>Harry R. Harmon, Esq., PA #25342
>HARMON & DAVIES, P.C.
>2306 Columbia Ave.
>Lancaster, PA 17603
>Tel. (717) 291-2236
>Fax (717) 291-5739
>koverbaugh@h-dlaw.com
>tdavies@h-dlaw.com
>rharmon@h-dlaw.com
>Attorneys for Defendant
>Mars, Incorporated