UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EDITH MCCURRY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16-CV-2273 |
| ) | |
| KENCO LOGISTICS SERVICES, MARS ) | |
| INC., KELVIN WALSH, MIKE ) | |
| MANZELLO, DAVID JABALEY, TAMMI ) | |
| FOWLER, LORI VARVEL, and ) | |
| MARIO LOPEZ, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On December 3, 2019, the Seventh Circuit Court of Appeals issued a Mandate affirming this court's judgment granting summary judgment in favor of Defendants. The Seventh Circuit further explained that Plaintiff's "appeal represents a shameful waste of judicial resources." The Seventh Circuit found that Plaintiff's lawyer, Jordan Hoffman, signed and submitted "a bizarre appellate brief laden with assertions that have no basis in the record and arguments that have no basis in the law" in violation of Federal Rule of Appellate Procedure 28. The Court ordered Hoffman to show cause why he should not be sanctioned or otherwise disciplined under Rules 28 and 38 of the Federal Rules of Appellate Procedure (#133).[1]

---

[1] The Court also directed the clerk to send a copy of its opinion to the Illinois Attorney Registration and Disciplinary Commissioner for any action it deemed appropriate.

On December 16, 2019, the Seventh Circuit explained that in his response, Hoffman admitted that "he allowed [Plaintiff] to submit an appellate brief that she prepared herself, authorizing her to use his name, electronic signature, and CM/ECF electronic-filing credentials" (#136). The Court ordered Hoffman to pay Defendants a reasonable attorney's fee incurred in defending the appeal plus double costs, with Defendants to submit a statement of their fees and costs by January 3, 2020 (#136).

In a January 22, 2020 Order (#137) ("Sanctions Order"), the Seventh Circuit ordered Hoffman to pay attorney's fees to Defendant Kenco in the amount of $30,764 and Defendant Mars, Incorporated in the amount of $41,226.10.

The Bill of Costs incorporated into the Seventh Circuit Court of Appeal's Mandate (#133) identified $370.50 in costs, with $228 of that amount in costs recoverable by Mars.

On June 30, 2020, Defendant Mars filed a Motion for Contempt, or in the Alternative, for an Order to Plaintiff's Counsel to Show Cause Why He Should Not Be Held in Contempt (#138) for his failure to comply with the Seventh Circuit's Sanctions Order (#137). Neither Plaintiff nor Hoffman responded to the Motion.

In its Motion (#138), Defendant Mars asks the court for an order holding Plaintiff's counsel, Hoffman, in contempt for failing to comply with the Sanctions Order. Five months elapsed after the Sanctions Order entered before Mars filed the Motion (#138). In that time, Hoffman did not pay any portion of the amount due to Mars, correspond with Mars in any way, or seek a stay of the Sanctions Order. Mars

argues that Hoffman should be held in contempt for failing to comply with the Sanctions Order, or, alternatively, that the court should issue an order requiring Hoffman to show cause why he should not be held in contempt for his failure to timely comply with the Sanctions Order by paying the stated amounts. Mars asks the court to impose civil contempt sanctions to secure compliance with the Sanctions Order.

> "Before holding a person in civil contempt, a district court 'must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated.'" *Trade Well Intern. v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015) (quoting *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 591 (7th Cir. 2008)). A finding of contempt must be supported "by clear and convincing evidence that (1) the district court's order set forth an unambiguous command; (2) [the alleged contemnor] violated that command; (3) the violation was significant, meaning that [the alleged contemnor] did not substantially comply with the court order; and (4) [the alleged contemnor] failed to make a reasonable and diligent effort to comply." *Ohr ex rel. NLRB v. Latino Exp., Inc.*, 776 F.3d 469, 474 (7th Cir. 2015). "'The district court does not ... ordinarily have to find that the violation was "willful" and may find a party in civil contempt if that party has not been reasonably diligent and energetic in attempting to accomplish what was ordered.'" *F.T.C. v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009) (quoting *Goluba v. School Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995)).

*Walton v. First Merchants Bank*, 2019 WL 1589701, at *4 (S.D. Ind. Apr. 12, 2019).

*Walton* is instructive. In *Walton*, a magistrate judge ordered a plaintiff to pay attorneys' fees as a sanction under Federal Rule of Civil Procedure 37. *Id.* at *2. The magistrate judge did not set forth a deadline for her to pay the specified amount in the sanctions order, which cautioned: "continuing disregard of a Court order can lead to further sanctions." *Id.* at *2.

The defendant later filed a motion asking the court to hold the plaintiff in contempt for failing to pay, but the district judge declined to hold the plaintiff in contempt at that time because the sanctions order did not set forth a date by which the plaintiff was required to make payment. The district judge then set a date by which the plaintiff was required to make the payment, and warned that failure to pay the fees by that deadline could warrant a finding of contempt. *Id.* at *5. Because the sanctions order did not include a payment deadline, the district judge declined to award attorneys' fees in connection with the defendant's motion for contempt. *Id.* at *5, n.2.

In this case, the Sanctions Order (#137) stated:

> **IT IS ORDERED** that defendants-appellees Kenco Logistics Services, LLC, et al., shall recover from Hoffman attorney's fees in the amount of $30,764. Defendant-appellee Mars, Incorporated, shall recover from Hoffman attorney's fees in the amount of $41,226.10. Finally, all defendants-appellees shall recover double the amount of the costs taxed by the clerk of court.

However, the Sanctions Order did not specify a payment deadline.

Mars argues: "Although the Seventh Circuit Court of Appeals did not specify a deadline for Hoffman to tender the stated amounts, over five months has passed since the Sanctions Order was issued, rendering any further delay in payment of the stated amounts untimely, unreasonable, and therefore, in violation of the Sanctions Order."

The court agrees with Mars that Hoffman appears to have no interest in complying with the Sanctions Order, having made no efforts to do so or communicate with Mars about doing so over the course of many months. However, to ensure that the

4

command of the court is entirely unambiguous as to unequivocally support a finding of contempt, the court will now set a payment deadline for the attorneys' fees and costs amounts set forth in the Sanctions Order. See *Walton*, 2019 WL 1589701, at *5.

Hoffman is ordered to pay, in full, the attorneys' fees and costs ordered by the Seventh Circuit in its Order (#137) by November 9, 2020. After paying the ordered sanctions in full, he shall file an affidavit stating that he has done so. The affidavit shall be filed by the close of business on November 9, 2020. Failure to pay the fees and costs and to file the affidavit by the November 9, 2020 deadline will result in a contempt finding and associated sanctions.

Because the Sanctions Order (#137) did not include a payment deadline, the court declines to award attorneys' fees in connection with Defendant Mars bringing its Motion for Contempt (#138). See *Walton*, 2019 WL 1589701, at *5, n.2.

The court declines the alternative request to issue an order to show cause at this time. *Walton* is again instructive. There, the district judge declined to order the plaintiff to show cause why she should not be held in contempt for her failure to pay the attorneys' fees, because she was on notice of the "arguments in support of such a finding and had an opportunity in her response to address those arguments." Here, Hoffman chose not to respond to Mars' Motion for Contempt, or in the Alternative, for an Order to Plaintiff's Counsel to Show Cause Why He Should Not Be Held in Contempt (#138). He had an opportunity to address Mars' argument in response to Mars' Motion, but he did not avail himself of that opportunity.

IT IS THEREFORE ORDERED THAT:

The court DENIES IN PART Mars' Motion (#138) to the extent that it declines to order Mr. Hoffman to show cause why he should not be held in contempt and declines to hold him in contempt at this time, but GRANTS IN PART Mars' Motion for Order to Show Cause to the extent that it ORDERS Mr. Hoffman to pay the amounts specified in the Seventh Circuit's Sanctions Order (#137) by a deadline of November 9, 2020. After paying the amounts in full, he shall file an affidavit stating that he has done so. The affidavit shall be filed by the close of business on November 9, 2020. Failure to pay the sanctions in full and to file the affidavit by the November 9, 2020 deadline will result in a contempt finding and associated sanctions.

ENTERED this 23rd day of October, 2020.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE