IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Edith McCurry, <br><br> Plaintiff, <br><br> v. <br><br> Kenco Logistic Services, LLC, Mars, Incorporated, Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Lori Varvel, and Mario Lopez, <br><br> Defendants. | Case No.: 2:16-cv-02273-CSB-EIL <br><br> Judge Colin Stirling Bruce <br><br> Magistrate Judge Eric I. Long |

**DEFENDANT MARS, INCORPORATED'S MEMORANDUM IN SUPPORT OF ITS SECOND MOTION FOR CONTEMPT AND CIVIL CONTEMPT SANCTIONS**

I.   INTRODUCTION

Defendant Mars, Incorporated ("Mars"), by and through its undersigned counsel, move this Court for an order holding Plaintiff Edith McCurry's ("McCurry") counsel, Jordan T. Hoffman ("Hoffman"), in civil contempt for failure to comply with this Court's Order issued December 11, 2020 (ECF #141), and imposing associated civil contempt sanctions against him. Pursuant to this Court's Order, Hoffman was ordered to pay the sanction amounts identified in the January 22, 2020 Order of the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit Court of Appeals"), made part of this Court's record at ECF #137 ("Sanctions Order"), and to file an affidavit stating that he had done so by the close of business on January 8, 2021.  The Sanctions Order clearly and unequivocally stated, "Defendant-appellee Mars, Incorporated, shall recover from Hoffman attorney's fees in the amount of $41,226.10." (ECF #137)  The Sanctions Order also stated "all defendants-appellees shall recover double the amount of the costs taxed by the clerk of court." (Id.)  Hoffman did not pay the sanction amounts or file

1

an affidavit stating that he had done so by close of business on January 8, 2021, and as of the date of this filing, still has not. After more than one year since the Seventh Circuit Court of Appeals issued the Sanctions Order (ECF #137), nine months since Defendant Mars filed its initial Motion for Contempt (ECF #138), and four months since this Court issued its Order (ECF #141), it is clear that Hoffman's noncompliance is willful. Therefore, because Hoffman has failed to comply with this Court's Order, the Court should hold Hoffman in civil contempt of court and impose civil contempt sanctions upon him.

II.     Background

On August 29, 2016, Plaintiff Edith McCurry ("McCurry" or "Plaintiff") filed this action *pro se* against Defendants Mars, Kenco Logistic Services, LLC ("Kenco"), Kelvin Walsh, Michael Manzello, David Jabaley, Tammi Fowler, and Mario Lopez. (ECF #1) Plaintiff alleged that Defendants discriminated against her because of her: age under the Age Discrimination in Employment Act ("ADEA"); race under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"); sex/gender under Title VII and the Equal Pay Act, 29 U.S.C. § 206; and also raised other claims including a federal claim for conspiracy under 42 U.S.C. § 1985(3) ("Section 1985") and Illinois state law claims for conspiracy, intentional and willful interference, intentional infliction of emotional distress, and aiding and abetting. (Id.)

On September 6, 2016, Plaintiff filed another action *pro se* in the United States District Court for the Central District of Illinois (2:16-cv-02277-CSB-EIL, ECF #1) against the same Defendants, with the substitution of Defendant Lori Varvel for Defendant Michael Manzello. (Id., ¶ 3) Additionally, Plaintiff added a claim for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). (Id., ¶ 7) By order of the Court, the two

2

cases were consolidated, and going forward, all filings were filed under this case number. (Text Order, Jan. 3, 2017) Defendants Kenco, Kelvin Walsh, Michael Manzello, David Jabaley, Tammi Fowler, Lori Varvel, and Mario Lopez (collectively "Kenco Defendants") filed their Partial Motion to Dismiss on November 14, 2016 (ECF #16), and Defendant Mars filed its Partial Motion to Dismiss on December 30, 2016. (ECF #30) On February 7, 2017, the Court entered an Order granting both motions. (ECF #39) Following the Court's Order, the only claims remaining as to Defendant Mars were Plaintiff's Section 1981 and Section 1985 claims. (Id.) As to Defendant Kenco, only Plaintiff's Title VII, Section 1981, Section 1985, ADEA, and ADA claims remained. (Id.) As to the individual Defendants, only the Section 1981 and Section 1985 claims remained. (Id.) Mars filed its Motion for Summary Judgment on June 20, 2018 (ECF #109), and the Kenco Defendants filed their Motion for Summary Judgment on June 21, 2018. (ECF #112) The Court granted both motions in full and judgment was entered in favor of Defendants and against Plaintiff. (ECF #125) McCurry retained Hoffman as counsel and appealed the decision. (ECF #132)

      The matter went before the Seventh Circuit Court of Appeals, Case No. 18-3206. Plaintiff-Appellant McCurry's Opening Brief was filed on January 23, 2019 (Doc. 15), and Defendant-Appellee Mars' (Doc. 25) and Kenco Defendants-Appellees' (Doc. 21) Briefs were both filed on February 22, 2019. McCurry then filed her Reply Brief on March 20, 2019. (Doc. 32) On April 11, 2019, the case was argued before the Seventh Circuit Court of Appeals. (Doc. 38) On November 7, 2019, the Seventh Circuit Court of Appeals affirmed this Court's decision and ordered Hoffman to show cause why he should not be sanctioned or otherwise disciplined under Federal Rules of Appellate Procedure Rules 28 and 38. (Doc. 39) Hoffman filed his Response to Order to Show Cause on November 21, 2019. (Doc. 43) Pursuant to Federal Rules

of Appellate Procedure Rule 38, the Seventh Circuit Court of Appeals held that sanctions were warranted and ordered Hoffman to pay Defendants-Appellees reasonable attorney's fees incurred in defending the appeal, as well as double costs. (Doc. 45) Defendant-Appellee Mars filed its Statement of Fees and Costs, which identified $41,226.10 in attorney's fees incurred in the appeal, on January 2, 2020. (Doc. 46-1) On January 22, 2020, the Seventh Circuit Court of Appeals issued the Sanctions Order and ordered that "Defendant-appellee Mars, Incorporated, shall recover from Hoffman attorney's fees in the amount of $41,226.10." (Doc. 48) The Seventh Circuit Court of Appeals also ordered that "all defendants-appellees shall recover double the amount of the costs taxed by the clerk of court." (Id.) The Sanctions Order was made part of this Court's record at ECF #137. Included with the Seventh Circuit Court of Appeal's Notice of Issuance of Mandate to this Court was the Bill of Costs in amount of $228 to Defendant-Appellee Mars. (ECF #133)

After more than five months of Hoffman failing to comply with the Sanctions Order, Defendant Mars filed its initial Motion for Contempt. (ECF #138) On October 23, 2020, the Court issued an order granting in part Defendant Mars' Motion. (ECF #140) Pursuant to the Order, Hoffman was ordered "to pay the amounts specified in the Seventh Circuit's Sanctions Order (#137) by a deadline of November 9, 2020," and "[a]fter paying the amounts in full, he shall file an affidavit stating that he has done so." (Id.) Hoffman was instructed to file the affidavit "by the close of business on November 9, 2020." (Id.) The Order also stated that if Hoffman failed to pay the sanction amounts in full and file the affidavit by the close of business on November 9, 2020, Hoffman would be held in contempt of court and the Court would impose associated sanctions. (Id.) On December 11, 2021, because Hoffman only appeared as counsel for Plaintiff McCurry before the Seventh Circuit Court of Appeals, the Court determined that

Hoffman may not have seen the October 23, 2020 Order and ordered that the November 9, 2020 deadline be extended to January 8, 2021. (#141)  Hoffman did not pay the sanction amounts or file an affidavit stating that he had done so by January 8, 2021, and to date, Hoffman still has not.

III.     Argument

**Hoffman Should be Held in Civil Contempt for Failing to Comply With the Court's December 11, 2020 Order.**

"Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders." Lightspeed Media Corp. v. Smith, No. 3:12-cv-889-DRH-SCW, 2014 U.S. Dist. LEXIS 38114, at *7 (S.D. Ill. Mar. 24, 2014) (citing International Union v. Bagwell, 512 U.S. 821, 831-833 (1994)).  "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." United States SEC v. Hyatt, 621 F.3d 687, 692 (7th Cir. 2010).  "The absence of willfulness does not relieve from civil contempt." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).  "A district court ordinarily does not have to find that the violation was 'willful' to find a party in contempt, and it may find a party in civil contempt if he has not been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'" Stotler & Co. v. Able, 870 F.2d 1158, 1163 (7th Cir. 1989) (citations omitted).

This Court's Order (ECF #141) unambiguously commanded Hoffman to pay the sanction amounts identified in the Sanctions Order in full and to file an affidavit stating that he had paid the sanction amounts by the close of business on January 8, 2021. (ECF #141)  Pursuant to the

Sanctions Order, Hoffman was required to pay to "attorney's fees in the amount of $41,226.10" and "double the amount of the costs taxed by the clerk of court." (ECF #137)  The Bill of Costs incorporated into the Seventh Circuit Court of Appeal's Mandate identified $228 in costs recoverable by Defendant Mars from Hoffman. (ECF #133)  Hoffman did not pay any amount to Defendant Mars by January 8, 2021, nor did he file an affidavit stating that he had done so.  To date, there has been no compliance, let alone substantial compliance, by Hoffman in response to this Court's December 11, 2020 Order.  Since the Court issued its Order, Hoffman has not paid any portion of the attorney's fees or costs owed, so there is no debate that Hoffman has failed to make any reasonable or diligent effort towards complying with the Court's Order.

      Additionally, the Court should impose civil contempt sanctions against Hoffman for his continued and willful disregard of this Court's Order and the Seventh Circuit Court of Appeals' Sanctions Order.  Over one year has passed since the Sanctions Order was issued, and to date, Hoffman has failed to even make contact with counsel for Defendant Mars, let alone pay any portion of the attorney's fees or costs owed.  It has also been more than nine months since Defendant Mars filed its initial Motion for Contempt (ECF #138) and more than four months since this Court issued its Order (ECF #141), and still, Hoffman has not made any attempt to comply with either.  As stated by the Court, "Failure to pay the sanctions in full and to file the affidavit by the January 8, 2021 deadline will result in a contempt finding and associated sanctions." (ECF #141)  Without the imposition of any type of penalty for his continued noncompliance with this Court's Order and the Sanctions Order, Hoffman will undeniably continue to hold off satisfying his court-ordered obligations for perpetuity.

      The Court ordered that the Clerk of Court send Hoffman a copy of the December 11, 2020 Order to the address Hoffman had provided to the Seventh Circuit Court of Appeal, which

was the same address on file with the Illinois Attorney Registration & Disciplinary Commission ("ARDC"). According to the Illinois ARDC webpage, as of the date of this filing, this address is still Hoffman's registered business. As indicated in the Joint Status Report attached hereto as Exhibit A, which was filed February 16, 2021 in the United States District Court for the Northern District of Illinois, Hoffman has continued to provide legal services and has remained active. Any attempt by Hoffman to deny receipt of this Court's Order should be rejected.

Therefore, the Court should hold Hoffman in civil contempt of court and impose civil contempt sanctions for his failure to comply with this Court's Order issued December 11, 2020.

IV. CONCLUSION

For the foregoing reasons, Defendant Mars respectfully requests that this Court grant this Motion, holding Hoffman in civil contempt of court and imposing civil contempt sanctions upon him in the form of reasonable attorney's fees incurred in seeking a finding of contempt here, as well as interest and additional daily fines for each day Hoffman fails to make payment as ordered.

Dated: April 19, 2021                    Respectfully submitted,

                                              /s/ Kimberly J. Overbaugh
                                       Kimberly J. Overbaugh, Esq., PA #85610
                                       Thomas R. Davies, Esq., PA #35260
                                       Harry R. Harmon, Esq., PA #25342
                                       HARMON & DAVIES, P.C.
                                       2306 Columbia Ave.
                                       Lancaster, PA 17603
                                       Tel. (717) 291-2236
                                       Fax (717) 291-5739
                                       koverbaugh@h-dlaw.com
                                       tdavies@h-dlaw.com
                                       rharmon@h-dlaw.com
                                       Attorneys for Defendant
                                       Mars, Incorporated

## CERTIFICATE OF SERVICE

I, Kimberly J. Overbaugh, an attorney, hereby certify that on April 19, 2021, I electronically filed a copy of the foregoing **DEFENDANT MARS, INCORPORATED'S MEMORANDUM IN SUPPORT OF ITS SECOND MOTION FOR CONTEMPT AND CIVIL CONTEMPT SANCTIONS** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by UPS Overnight mail and by email to the following non-ECF participants:

> Edith McCurry
> 6239 South 13110 East Road
> Pembroke Township, IL 60958
> EMcCurry1@gmail.com
>
> Jordan T. Hoffman, Esq.
> 2711 East New York St., Suite 205
> Aurora, IL 60502
> jthoffmanlaw@gmail.com

> /s/ Kimberly J. Overbaugh
> Kimberly J. Overbaugh, Esq., PA #85610
> Thomas R. Davies, Esq., PA #35260
> Harry R. Harmon, Esq., PA #25342
> HARMON & DAVIES, P.C.
> 2306 Columbia Ave.
> Lancaster, PA 17603
> Tel. (717) 291-2236
> Fax (717) 291-5739
> koverbaugh@h-dlaw.com
> tdavies@h-dlaw.com
> rharmon@h-dlaw.com
> Attorneys for Defendant
> Mars, Incorporated