IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Edith McCurry, | |
| Plaintiff, | Case No.: 2:16-cv-02273-CSB-EIL |
| v. | Judge Colin Stirling Bruce |
| Kenco Logistic Services, LLC, Mars, Incorporated, Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Lori Varvel, and Mario Lopez, | Magistrate Judge Eric I. Long |
| Defendants. | |

## DEFENDANT MARS, INCORPORATED'S RESPONSE TO JORDAN HOFFMAN'S MOTION FOR STAY

Defendant Mars, Incorporated ("Mars"), by and through its undersigned counsel, hereby responds to Jordan T. Hoffman's ("Hoffman") Motion for Stay, which requests that payment of the $41,226.10 in attorney's fees owed to Mars, ordered as sanctions by the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit Court of Appeals"), be stayed indefinitely. Defendant Mars responds that said Motion should be denied.

Hoffman supports his Motion by declaring that he had suffered traumatic brain and eye injuries in October 2014, which he exacerbated in April 2019 and again in December 2019. Additionally, Hoffman declares that he suffered a cardiac event during the week of January 20, 2020. The dates of Hoffman's unfortunate medical issues are remarkably close in timing to the dates of the most relevant events in Plaintiff's appeal. Oral argument on the appeal filed by Plaintiff was held before the Seventh Circuit Court of Appeals in April 2019. (18-3206, Doc. #28-1). On November 7, 2019, the Seventh Circuit Court of Appeals affirmed this Court's judgment and found Plaintiff's appeal to be frivolous. (ECF #133). The Seventh Circuit Court of

Appeals ordered that, because Hoffman's filings fell far below the reasonable standards of practice, Hoffman had to show cause why he should not be sanctioned. (Id., p. 18). Hoffman responded on November 21, 2019, and on December 16, 2019, the Seventh Circuit Court of Appeals ordered that because "judicial resources were needlessly consumed, and the defendants were put to the burden and expense of sorting through and defending against a patently frivolous appeal," sanctions were warranted. (ECF #136). On January 22, 2020, the Seventh Circuit Court of Appeals ordered that Hoffman pay attorney's fees in the amount of $41,226.10 to Mars ("Sanctions Order"). (ECF #137).

Hoffman takes the position that because he did not receive Mars' motions for contempt or this Court's Orders regarding payment of the sanctions until recently, he should be excused from having to satisfy the sanctions awarded against him. However, Hoffman's defiance of the Sanctions Order should not be excused. Mars filed its first Motion for Contempt on June 30, 2020, over five months after Hoffman was first ordered to pay Mars' attorney's fees. On October 23, 2020, the Court issued an Order commanding that Hoffman pay the sanctions identified in the Sanctions Order and file an affidavit with the Court stating as much, both by November 9, 2020. (ECF #140). Because the Court determined that Hoffman may not have received that Order or Mars' initial Motion for Contempt, the Court provided Hoffman with additional time to comply with the Sanctions Order and ordered that the Clerk mail a copy of the Orders to Hoffman at the address on file with the Illinois Attorney Registration & Disciplinary Commission. (ECF #141). Hoffman's deadline to pay the sanctions and file an affidavit was extended to January 8, 2021. (Id.) After more than three months passed with Hoffman still taking no action, Mars was forced to file a second Motion for Contempt on April 19, 2021. (ECF #142). Even if the Court takes favor with Hoffman's position that he did not become aware of

Mars' motions for contempt and this Court's Orders regarding payment of the sanctions until April 19, 2021, that does not excuse him from failing to comply with the Sanctions Order (entered on January 22, 2020) for over 15 months. Hoffman does not allege, and certainly cannot claim, that April 19, 2021 was the first time he became aware of the Sanctions Order. Therefore, even assuming *arguendo* that Hoffman did not become aware of Mars' motions for contempt and corresponding Court Orders until April 19, 2021, that does not excuse his blatant disregard of the Sanctions Order that was entered over 15 months ago. It appears that Hoffman's intended course of action was to simply ignore his court ordered obligations. Due to Hoffman's failure to comply with the Sanctions Order, Mars was forced to file motions for contempt to recover attorneys' fees it was to bear in "sorting through and defending against a patently frivolous appeal." (ECF #137).

Although sympathetic to Hoffman's health concerns, Mars has waited for over 15 months for him to comply with the Sanctions Order. With this filing, Mars continues to expend time and resources to close this matter out and recover the relief to which it is entitled. Hoffman should not be permitted to put off his obligation to comply any longer.

Therefore, for the foregoing reasons, Defendant Mars respectfully requests that this Court deny Hoffman's Motion for Stay and enforce the January 22, 2020 Sanctions Order. While we submit that Hoffman's Motion for Stay should be denied, should the Court grant the Motion, Defendant argues that enforcement of the Sanctions Order should not be stayed indefinitely and should be stayed no longer than two (2) months.

Dated: May 20, 2021                     Respectfully submitted,

                                                     /s/ Kimberly J. Overbaugh
                                                    Kimberly J. Overbaugh, Esq., PA #85610

Thomas R. Davies, Esq., PA #35260
Harry R. Harmon, Esq., PA #25342
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-5739
koverbaugh@h-dlaw.com
tdavies@h-dlaw.com
rharmon@h-dlaw.com
Attorneys for Defendant
Mars, Incorporated

## **CERTIFICATE OF SERVICE**

I, Kimberly J. Overbaugh, an attorney, hereby certify that on May 20, 2021, I electronically filed a copy of the foregoing **DEFENDANT MARS, INCORPORATED'S RESPONSE TO JORDAN HOFFMAN'S MOTION FOR STAY** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by UPS Overnight mail and by email to the following non-ECF participants:

>Edith McCurry
>6239 South 13110 East Road
>Pembroke Township, IL 60958
>EMcCurry1@gmail.com
>
>Jordan T. Hoffman, Esq.
>2711 East New York St., Suite 205
>Aurora, IL 60502
>jthoffmanlaw@gmail.com

>  /s/ Kimberly J. Overbaugh
>Kimberly J. Overbaugh, Esq., PA #85610
>Thomas R. Davies, Esq., PA #35260
>Harry R. Harmon, Esq., PA #25342
>HARMON & DAVIES, P.C.
>2306 Columbia Ave.
>Lancaster, PA 17603
>Tel. (717) 291-2236
>Fax (717) 291-5739
>koverbaugh@h-dlaw.com
>tdavies@h-dlaw.com
>rharmon@h-dlaw.com
>Attorneys for Defendant
>Mars, Incorporated