UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EDITH McCURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-2273 |
| ) | |
| KENCO LOGISTICS SERVICES, MARS ) | |
| INC., KELVIN WALSH, MIKE MANZELLO, ) | |
| DAVID JABALEY, TAMMI FOWLER, ) | |
| LORI VARVEL, and MARIO LOPEZ, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the court are a Second Motion for Contempt and Civil Contempt Sanctions (#142) filed by Defendant Mars, Incorporated, and a Motion to Stay (#144) filed by Plaintiff's appellate counsel Jordan T. Hoffman.[1]  Both motions are fully briefed and ready for ruling.  For the following reasons, Defendant's Motion (#142) is GRANTED in part and DENIED in part, and Mr. Hoffman's Motion (#144) is GRANTED.

---

[1] Plaintiff proceeded pro se before this court, but was represented by Mr. Hoffman on her appeal to the Seventh Circuit.

BACKGROUND

On December 3, 2019, the Seventh Circuit Court of Appeals issued a Mandate (#133) affirming this court's judgment granting summary judgment in favor of Defendants, and further held both that Plaintiff's appeal was frivolous, warranting sanctions under Rule 38 of the Federal Rules of Appellate Procedure, and that Plaintiff's appellate brief was incoherent and filled with baseless factual assertions in violation of Rule 28. Accordingly, in an Order (#136) entered December 16, 2019, the Seventh Circuit imposed sanctions on Plaintiff's appellate counsel Mr. Hoffman, ordering him personally to pay Defendants a reasonable attorney's fee incurred in the defense of the appeal, plus double costs.

Those sanctions were finalized in an Order (#137) entered by the Seventh Circuit on January 2, 2020, in which Mr. Hoffman was specifically ordered to pay attorney's fees in the amount of $30,764 to Defendant Kenco Logistics Services, LLC, and attorney's fees in the amount of $41,226.10 to Defendant Mars, Incorporated, in addition to double the costs taxed by the clerk of court.[2]

On June 30, 2020, Defendant Mars filed its first Motion for Contempt, or in the Alternative, for an Order to Plaintiff's Counsel to Show Why He Should not be Held in Contempt (#138). In that Motion, Defendant indicated that in the five months that had elapsed since the sanctions Order (#137) issued by the Seventh Circuit, Mr. Hoffman

---

[2] The Bill of Costs incorporated into the Seventh Circuit Mandate (#133) identified $370.50 in costs, with $228.00 of those costs recoverable by Defendant Mars.

2

had not paid any portion of the amount due to Defendant Mars nor had he corresponded with Mars in any way regarding payments or, alternatively, sought a stay of the Order. Defendant Mars asked that this court hold Mr. Hoffman in contempt for failure to comply with the Seventh Circuit's Order or, alternatively, issue an order requiring Mr. Hoffman to show cause why he should not be held in contempt for failure to timely comply with that Order.

In an Order (#140) entered October 23, 2020, this court declined to hold Mr. Hoffman in contempt, but rather noted that the Seventh Circuit sanctions Order (#137) had not set a deadline for payment, and so this court ordered Mr. Hoffman to pay the Seventh Circuit sanctions by November 9, 2020, and to likewise file an affidavit stating that he had done so.

Mr. Hoffman did not pay the sanctions by the November 9, 2020, deadline. In an Order (#141) entered on December 11, 2020, this court noted that because Mr. Hoffman had served as Plaintiff's appellate counsel only he may not have received electronic or other notice of the court's prior Order (#140) setting the November 9, 2020, deadline. Therefore, the court *sua sponte* extended Mr. Hoffman's payment deadline to January 8, 2021, and mailed the Order to his address on file with the Illinois Attorney Registration & Disciplinary Commission ("ARDC"):

> The Law Office of Jordan Hoffman
> 2711 E. New York St., Suite 205
> Aurora, IL  60502-9548

Mr. Hoffman had provided this same address to the Seventh Circuit in his representation of Plaintiff in this matter

3

On April 19, 2021, Defendant Mars filed its Second Motion for Contempt and Civil Contempt Sanctions (#142), in which it indicated that Mr. Hoffman had failed to comply with the court's payment deadline of January 8, 2021, and likewise had not made any payments in the months that followed. Attached as an exhibit to Defendant's Memorandum in Support of its Second Motion for Contempt and Civil Contempt Sanctions (#143) was a Joint Status Report filed in February 2021 in *Edith McCurry v. Mars et al.*, Case No. 19-CV-4067 in the U.S. District Court for the Northern District of Illinois, which Defendant argues is evidence that Mr. Hoffman "has continued to provide legal services and has remained active." Defendant asked that Mr. Hoffman be held in contempt of court and that civil contempt sanctions be imposed as a means of securing his compliance with the sanctions orders. Mr. Hoffman did not file a response to Defendant's Motion for Contempt by the May 3, 2021, deadline.

However, on May 6, 2021, Mr. Hoffman filed a Motion to Stay (#144) in which he indicated that he had not received any of this court's orders nor Defendant's motions until he received Defendant's Second Motion for Contempt by email on April 19, 2021. He further indicated that he "had been homebound since December 24, 2020 after suffering a concussion and January 20, 2020 after having suffered a cardiac event" and that he had "been under a doctor's care and undergoing physical therapy and speech therapy for the bulk of 2020 and was advised to self-quarantine because of the Covid-19 pandemic" during which he "had his mail brought to him." He requested a stay of the payment deadlines for the sanctions imposed against him because he does "not hav[e] any assets to liquidate or to mortgage and ha[s] already been adversely affected

4

economically from his injuries and the pandemic which have caused a financial hardship."

Attached to Mr. Hoffman's Motion to Stay were two exhibits. The first was a letter dated April 30, 2021, from Rochelle Hawkins, MD, Attending Physician at D.H. Medical Group, SC, in Chicago. In the letter, Dr. Hawkins indicates that Mr. Hoffman is her patient, that he has had "several serious incidents over a period of five years" for which his recovery has been slow, that he "continues to have difficulty" after sustaining a second concussion in January 2020, and that "[d]uring the pandemic he has remained home under my advice" and "is currently unable to work." The second was a signed Declaration by Mr. Hoffman which largely reiterates the information contained in the Motion to Stay and in Dr. Hawkins' letter regarding his health and him being homebound during the COVID-19 pandemic.

Defendant filed a Response (#145) to Mr. Hoffman's motion on May 20, 2021, arguing that the requested stay should be denied. Defendant asserts that "Hoffman does not allege, and certainly cannot claim, that April 19, 2021, was the first time he became aware of the Sanctions Order" issued by the Seventh Circuit, as sanctions were clearly imposed on Mr. Hoffman in the Order entered (#136) December 16, 2019, and therefore predate the medical incidents that he alleges arose beginning December 24, 2019. Defendant argues that "[i]t appears that Hoffman's intended course of action was to simply ignore his court ordered obligations."

ANALYSIS

I. Contempt

As acknowledged in this court's prior Order (#140):

> Before holding a person in civil contempt, a district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated. *Trade Well Intern. v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015) (quoting *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 591 (7th Cir. 2008)). A finding of contempt must be supported by clear and convincing evidence that (1) the district court's order set forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning that the alleged contemnor did not substantially comply with the court order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *Ohr ex rel. NLRB v. Latino Exp., Inc.*, 776 F.3d 469, 474 (7th Cir. 2015). The district court does not ordinarily have to find that the violation was willful and may find a party in civil contempt if that party has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *F.T.C. v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009).

*Walton v. First Merchants Bank*, 2019 WL 1589701, at *4 (S.D. Ind. Apr. 12, 2019) (cleaned up).

First, this court's prior Order (#141) set forth an unambiguous command that "Mr. Hoffman shall pay the amounts specified in the Seventh Circuit's Sanctions Order (#137) by a deadline of January 8, 2021." Second, Mr. Hoffman violated that command. Defendant Mars indicates that Mr. Hoffman has not paid any of the sanctions previously ordered, and Mr. Hoffman does not dispute this claim. Relatedly, the violation was significant. Mr. Hoffman did not substantially comply with the court's order; in fact, he did not comply in any manner whatsoever.

Finally, the court finds that Mr. Hoffman failed to make a reasonable and diligent effort to comply. Although he claims that he did not receive any of this court's

orders, Mr. Hoffman was given effective notice of this court's Order (#141) when it was mailed to his address on file with the ARDC. Upon this court's review prior to issuing that Order (#141) on December 11, 2020, and again in preparing this Order, Mr. Hoffman's status as reported by the ARDC, was "Active and authorized to practice law" through 2021 at that registered address.[3]

Mr. Hoffman alleges various health restrictions have rendered him homebound since late December 2019 or early January 2020. But, having maintained active status with the ARDC even through 2021, his failure to obtain and/or read this court's Order (#141) mailed to him at his address registered with the ARDC reflects neither reasonable nor diligent efforts to comply with this court's orders. The information regarding Mr. Hoffman's medical conditions and treatment contained in his Motion to Stay (#144) and attached exhibits does not suggest that he was physically or mentally incapable of reading and comprehending this court's orders. In fact, in his Motion he acknowledges that he read and received an email from an assistant to Defendant Mars' legal counsel and thereafter reviewed the docket in this matter through the court's ECF website.

Moreover, this court agrees with Defendant Mars that, more generally, Mr. Hoffman was aware of the Seventh Circuit's imposition of sanctions in its Order (#136) issued December 16, 2019 (and from which this court's Order (#141) arises), because

---

[3] See Lawyer Search, ARDC of the Supreme Court of Illinois, https://www.iardc.org/Lawyer/Search (last visited Dec. 14, 2021) (search by Last Name "Hoffman" and First Name "Jordan").

that predated any of the relevant medical incidents he cites as a basis for his lack of compliance.[4]

Therefore, this court finds that there is clear and convincing evidence in support of each of the four elements sufficient to find Mr. Hoffman in civil contempt.

II. Sanctions

Defendant Mars asks that this court now impose civil contempt sanctions on Mr. Hoffman as a means of securing his compliance. The court has "inherent and statutory authority to punish for contempt and to coerce compliance with [its] orders." *Lightspeed Media Corp. v. Smith*, 2014 WL 1244079, at *2 (S.D. Ill. Mar. 24, 2014), citing *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-33 (1994). However, this court also acknowledges the Supreme Court's admonition that this inherent authority "must be exercised with restraint and discretion" and that "[a] primary aspect of that discretion is the ability to fashion an *appropriate* sanction[.]" *Chambers v. NASCO*, 501 U.S. 32, 44 (1991) (emphasis added).

"A district court can assess a civil fine against a party for contemptuous conduct in an amount sufficient to coerce that party to comply with the court's order." *Powers v. Chicago Transit Authority*, 890 F.2d 1355, 1362 (7th Cir. 1989). When imposing a coercive

---

[4] In this court's prior Order (#140), the court declined to hold Mr. Hoffman in contempt for failure to comply with the Seventh Circuit Orders (#136-137) because those Orders did not include a payment deadline. However, the court notes here that an attorney who is on notice that they have been personally sanctioned by the Seventh Circuit is acting neither reasonably nor diligently if they make no effort whatsoever to determine the amount of those sanctions or the deadline to pay those sanctions.

8

sanction, the court must consider "(1) the character and magnitude of the harm threatened by continued contumacy; (2) the probable effectiveness of the sanction in bringing about the result desired; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Powers*, 890 F.2d at 1363, citing *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947).

Simply put, coercive sanctions are not available when the contemnor "is unable to comply with the terms of the order." *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 638 n.9 (1988). This court does not discount the significance of the harm threatened by Mr. Hoffman's continued contumacy nor the seriousness of the underlying conduct that initially gave rise to the Seventh Circuit sanctions. However, given the record currently before this court, the court concludes both that any additional, coercive sanction is unlikely to bring about the result desired and that Mr. Hoffman's financial resources are such that it appears additional sanctions will be seriously burdensome.

Specifically, according to Mr. Hoffman's Motion to Stay (#144) and exhibits attached in support thereof, he has been homebound in compliance with his doctor's advice since at least December 2019-January 2020, and has been undergoing physical, occupational, and speech therapy. According to his doctor's letter dated April 30, 2021, he is "unable to work." His financial status has worsened due to the combined impact of these injuries and the COVID-19 pandemic, and he represents that he has no assets to liquidate or mortgage.

In support of Defendant Mars' contention that Mr. Hoffman has continued to provide legal services and remained active in the practice of law, Mars attaches a single

9

exhibit: a Joint Status Report filed in February 2021 in *Edith McCurry v. Mars et al.*, Case No. 19-CV-4067 in the Northern District of Illinois. But that status report demonstrates that Edith McCurry is proceeding pro se in her case in the Northern District and that Mr. Hoffman is *not* representing her in that matter. The only reference to Mr. Hoffman is a single paragraph on page 2 of the status report: "Kenco also served a subpoena for non-privileged documents related to McCurry's disability benefit claim on McCurry's former attorney, Jordan Hoffman. Mr. Hoffman responded that he is not in possession of any responsive documents." According to the plain language therein, Mr. Hoffman was Ms. McCurry's *former* attorney. His response to a subpoena is not an indication that he is actively practicing law, nor that he has any source of income or is being compensated for legal services by Ms. McCurry or anyone else.

Therefore, according to the record, the court finds that at this time Mr. Hoffman is financially unable to pay the sanctions as previously ordered by the Seventh Circuit (see #136-137) and this court (see #140-141), and that the imposition of additional sanctions would not have their intended coercive effect.

Defendant Mars is granted leave to renew its motion for sanctions, but must support any future motion with evidence that Mr. Hoffman has financial resources and/or income that suggest he is able to pay the previously-ordered sanctions.

IT IS THEREFORE ORDERED:

1) Defendant Mars' Second Motion for Contempt and Civil Contempt Sanctions (#142) is GRANTED in part and DENIED in part, as described herein. Mr. Hoffman is held in civil contempt of court. Defendant's request for contempt sanctions is denied at this time, with leave to renew.

2) Mr. Hoffman's Motion to Stay (#144) is GRANTED. The court may revisit this ruling if Defendant renews its request for sanctions.

3) The Clerk shall mail a copy of this Order to Mr. Hoffman at The Law Office of Jordan Hoffman, 2711 E. New York St., Suite 205, Aurora, IL 60502-9548.

ENTERED this 20th day of December, 2021.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE
